UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HANSEN BEVERAGE COMPANY, d/b/a    Case No.6:11-cv-329-ORL-22DAB
MONSTER BEVERAGE COMPANY,

        Plaintiff,

v.

CONSOLIDATED DISTRIBUTORS, INC.,
METTEMP, INC., JOE COOL, INC., JOE
COOL BIKE WEEK INC., DAVID BAKSHT,
MICHELLE AMAR AND YOSEF AMAR,

        Defendants.

_____

**DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS REGARDING WRONGFUL SEIZURE, WITH INCORPORATED MEMORANDUM OF LAW**

Defendants, JOE COOL, INC., JOE COOL BIKE WEEK, INC., MICHELLE AMAR AND YOSEF AMAR (collectively referred to as "Defendants"), by and through their undersigned counsel, in an abundance of caution to timely claim attorney's fees and costs, and pursuant to Rules 54(d) and 65(c) of the Federal Rules of Civil Procedure and 15 USC § 1116, hereby respectfully request this Honorable Court to enter an Order: (1) directing the seizure bond to be continued for damages for the wrongful seizure, and preserving the issue of seizure damages for trial on Defendants' Counterclaim; and (2) awarding Defendants their attorneys' fees and costs incurred in responding to the *ex parte* Temporary Restraining Order, Order to Show Cause, and Order of Seizure ("Seizure Order") [DE 7], and in support hereof, state as follows:

## INTRODUCTORY STATEMENT

1.  On March 3, 2011, Plaintiff filed its Motion for Ex Parte Seizure Order and Temporary Restraining Order and Order to Show Cause re Preliminary Injunction ("Motion for Preliminary Injunction") [DE 3].  The basis for Plaintiff's Motion was to prevent Defendant's alleged counterfeiting.

2.  Based upon Plaintiff's representations, this Court entered a Temporary Restraining Order, Order to Show Cause, and Order of Seizure on March 4, 2011 ("Seizure Order") [DE 7].  As a condition for the Seizure Order, Plaintiff was ordered to file, and in fact, filed, a $20,000.00 bond with the Clerk of Court "for the payment of such costs and damages which may be incurred or suffered by Defendants if they have been found to have been wrongfully enjoined or restrained or any of their property was wrongfully seized." [DE 7, pg. 11].

3.  In accordance with the Court's Seizure Order, seizure of Defendant's merchandise, goods, and related business records occurred on March 7, 2011.  The Court further set the Order to Show Cause hearing for March 17, 2011, which was rescheduled for March 24, 2011 at Defendants' request in order to provide Defendants with an opportunity to brief the issue.

4.  At the March 24, 2011 hearing, this Court heard argument of counsel.

5.  Based upon the record and argument of counsel, this Court issued its Order on March 30, 2011 [DE 40], denying Plaintiff's Motion for seizure of the goods and for Preliminary Injunction.  The Court held that the Temporary Restraining Order, which expired on March 24, 2011, should never have been entered, as it was based in part, on Plaintiff's misleading and less than candid statements. [*See* DE 40].

6. On April 13, 2011, this Court entered its Order denying Plaintiff's Motion for Reconsideration, again holding that "the temporary restraining order and order of ex parte seizure should never have been entered..." [DE 52, pg. 2]. In support of its ruling, the Court found that through the short course of this litigation, Plaintiff's pattern of misrepresentations to the Court has emerged, and further, that through its misrepresentations, Plaintiff has effectively abused the legal process. [*See* DE 52, pg. 2-3]. Thus, the Court held that Plaintiff was not entitled to equitable relief after having misrepresented its case. [*See* DE 52, pg. 4.]

7. As a result of the ex parte Seizure Order, Defendants have been damaged and request this Honorable Court to enter an Order: (1) directing the seizure bond to be continued for damages for the wrongful seizure, and preserving the issue of seizure damages for trial on Defendants' Counterclaim; and (2) awarding Defendants their attorneys' fees and costs incurred in responding to the *ex parte* Temporary Restraining Order, Order to Show Cause, and Order of Seizure [DE 7], as follows:

A. <u>Damage to Defendants' Business</u>. Defendants have been damaged by the seizure, including, but not limited to lost profits, damage to representation and loss of good will, and lost revenue, the exact amounts which can not be determined at this time, as said damages are still accruing. Alternatively, Defendants request that these damages be preserved for trial on Defendants' Counterclaim.

B. <u>Attorneys' Fees Incurred By Defendants In Responding To Seizure Order</u>. Defendants have incurred attorneys' fees and costs in the amount of $37,349.60 in responding to the Seizure Order, as set forth more fully in the Affidavit of Robert E. Pershes, a true and correct copy of which is attached hereto as **Exhibit 1**, and for which an award of Judgment is requested at this time.

## MEMORANDUM OF LAW

Section 1116(d)(11) of the United States Code, Title 15 provides that:

A person who suffers damage by reason of a wrongful seizure under this subsection has a cause of action against the applicant for the order under which such seizure was made, and shall be entitled to recover such relief as may be appropriate, including damages for lost profits, cost of materials, loss of good will, and punitive damages in instances where the seizure was sought in bad faith, and, unless the court finds extenuating circumstances, to recover a reasonable attorney's fee. The court in its discretion may award prejudgment interest on relief recovered under this paragraph, at an annual interest rate established under section 6621(a)(2) of the Internal Revenue Code of 1986 [26 USCS § 6621(a)(2)], commencing on the date of service of the claimant's pleading setting forth the claim under this paragraph and ending on the date such recovery is granted, or for such shorter time as the court deems appropriate.

A seizure is wrongful where, "(1) the applicant for the seizure order acted in 'bad faith' in seeking the order, or (2) that the goods seized are predominantly legitimate merchandise, even if the plaintiff acted in good faith." *Hidalgo Corp. v. J. Kugel Designs, Inc.*, 509 F. Supp. 2d 1247, 1263 (S.D. Fla. 2007); *citing, Waco Int'l v. KHK Scaffolding,* 278 F.3d 523, 531 (5th Cir. 2002).

Plaintiff may not in good faith assert that the Seizure Order was anything but wrongful and in bad faith. This Court has previously determined that the Seizure Order should never have been entered, and would never have been entered, but for the misrepresentations of Plaintiff in seeking the equitable relief. [*See* DE 40 and DE 52, which are incorporated herein by reference]. Thus, Plaintiff's pattern of making misrepresentations in an effort to induce to the Court to enter its Seizure Order awarding equitable relief was clearly done in bad faith. Moreover, the goods seized were legitimate, non-counterfeit and non-infringing merchandise.

Additionally, there is no extenuating circumstances such as to deny an award of attorneys' fees and costs under the statute, and in fact, the extenuating circumstances here

concern the misrepresentations of Plaintiff, which justify such an award being granted in favor of Defendants for responding to the ex parte Seizure Order.

WHEREFORE, Defendants, JOE COOL, INC.. JOE COOL BIKE WEEK, INC., MICHELLE AMAR AND YOSEF AMAR, respectfully request this Honorable Court to enter an enter an Order: (1) directing the seizure bond to be continued for damages for the wrongful seizure, and preserving the issue of seizure damages for trial on Defendants' Counterclaim; and (2) awarding Defendants their attorneys' fees and costs incurred in responding to the *ex parte* Temporary Restraining Order, Order to Show Cause, and Order of Seizure ("Seizure Order") [DE 7], and such further relief that this Court deems just and proper.

Dated: April 13, 2011

Respectfully submitted,

s/ ROBERT E. PERSHES
Robert E. Pershes, Esq.
Florida Bar No. 0301906
Attorney for Defendants
Joe Cool, Inc., Joe Cool Bike Week, Inc.,
Michelle Amar and Yosef Amar
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
5355 Town Center Road, Suite 900
Boca Raton, Florida 33486
Telephone: 561 241-0414
Facsimile: 561 241-9766
Email: rpershes@bdblaw.com

## LOCAL RULE 3.01(g) CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant, has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues herein, and the issues remain unresolved.

Respectfully submitted,

s/ Robert E. Pershes
Robert E. Pershes, Esq.
Florida Bar No. 301906

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    s/ ROBERT E. PERSHES
                                                    Robert E. Pershes, Esq.
                                                    Florida Bar No. 0301906

## **SERVICE LIST**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.6:11-cv-329-ORL-22DAB

Richard E. Mitchell, Esq.
Rick.mitchell@gray-robinson.com
Michael D. Porter, Esq.
Michael.porter@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, FL 32801
Tel. (407) 843-8880
Fax. (407) 244-5690
Local Counsel for Plaintiff
Notification of electronic filing generated by CM/ECF

Lynda J. Zadra-Symes, Esq.
Lynda.zandra-symes@kmob.com
Lauren K. Katzenellenbogen, Esq.
Lauren.katzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Tel. (949) 760-0404
Fax. (949) 760-9502
Lead Counsel for Plaintiff

«BOCA:259786_v1/73792-0001»