**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("MBC"),**

        **Plaintiff,**

**vs.**                         **Case No. 6:11-CV-329-ORL-22DAB**

**CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., JOE COOL, INC., JOE COOL BIKE WEEK INC., DAVID BAKSHT, MICHELLE AMAR, AND YOSEF AMAR;**

        **Defendants.**

_____/

**PLAINTIFF MBC'S UNOPPOSED MOTION FOR**
**EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS**

Plaintiff HANSEN BEVERAGE COMPANY ("MBC"), pursuant to Federal Rule of Civil Procedure 4(m), respectfully moves for an extension of time to complete service of process on Defendants Consolidated Distributors, Inc. and Mettemp, Inc. ("Defendants").  In support thereof, MBC states the following:

**I.  Certification of Good Faith Conferral**

Pursuant to L.R. 3.01(g), counsel for Plaintiff MBC conferred in good faith with counsel for Defendants Joe Cool, Inc., Joe Cool Bike Week Inc., Michelle Amar, and Yosef Amar regarding this requested relief and is authorized to represent to the Court that these Defendants consent thereto.  Counsel for Plaintiff MBC has been unable to confer with counsel for Defendants David

Baksht, Consolidated Distributors, Inc. or Mettemp, Inc. as they have not yet appeared in this action.

## II. Background

1. MBC filed its Complaint in this case on March 3, 2011. Doc. No. 2.

2. Pursuant to Rule 4(m), the deadline for MBC to effect service of process on Defendants is July 1, 2011.

3. MBC first attempted to serve Defendants with process on March 8, 2011.

4. Specifically, on March 7, 2011, undersigned counsel's office contacted a process server in New York, Keating & Walker Attorney Services ("Keating & Walker"), and sent via Federal Express the service documents for Defendants. *See* Doc. No. 17 (Plaintiff MBC's Declaration of Counsel in Support of Motion for Preliminary Injunction) at ¶ 10.

5. On March 8, 2011, Keating & Walker received the service documents and immediately began attempting to serve Defendants. Doc. No. 17 at ¶ 11.

6. To date, Keating & Walker have made numerous unsuccessful attempts to serve Defendants due to their inaccurate and incomplete addresses registered with the New York Secretary of State. Notably, the building listed as Defendant Consolidated Distributors, Inc.'s place of business is a vacant lot, and the building listed as Defendant Mettemp, Inc.'s place of business is a residential apartment building with highly restricted access. Doc. No. 17 at ¶ 12.

7.      Keating & Walker have been unable to serve Defendants at their listed place of business as there is no security guard present, a secure access code is required to enter the courtyard of the building, and another secure access code is required to enter the building itself.  Doc. No. 17 at ¶ 13.

8.      Affidavits of Attempted Service indicating that Keating & Walker attempted to serve Defendants on March 8, 2011, March 9, 2011, March 10, 2011, March 14, 2011, and June 7, 2011, are attached hereto as Composite Exhibit "A."

9.      Additionally, MBC attempted to serve Defendants through Yosef Amar, who is listed as Vice President on several trademark applications for Consolidated Distributors, Inc. and Mettempt, Inc.  Doc. Nos. 29-30.  Yosef Amar, however, recently advised undersigned counsel that he is no longer the Vice President for Consolidated Distributors, Inc. and Mettempt, Inc.

10.     MBC is in the process of serving Defendants through the Secretary of State pursuant to Section 48.181 of the *Florida Statutes* and requests an additional ninety (90) days to complete same.

11.     No party will be prejudiced in any way by the relief sought in this motion.  Notably, Consolidated Distributors, Inc. and Mettemp, Inc. have received actual notice of this lawsuit via Defendant David Baksht, who was served on April 30, 2011.  Doc. No. 57.  Defendant David Baksht is the President of Consolidated Distributors, Inc. and Defendant David Baksht has been corresponding with undersigned counsel since March 7, 2011 regarding this

lawsuit.  *See* Doc. No. 17 at ¶¶ 3, 6-8, 15-18, 22.

### III.  <u>Memorandum of Law</u>

The time period allotted for a party to effect proper service of process is set forth in Rule 4(m), which provides, in relevant part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows <u>good cause</u> for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

As the Court has made plain, "[t]he 120 day mandate imposed by Rule 4([m]) was not meant to be enforced harshly or inflexibly."  *Gambino v. Village of Oakbrook,* 164 F.R.D. 271, 274 (M.D. Fla. 1995).  Simply put, "[t]he rule was intended to be 'a useful tool for docket management, not as an instrument of oppression.'"  *Id.* (quoting *Floyd v. United States,* 900 F.2d 1045, 1049 (7th Cir. 1990)).  Indeed, the Court even has discretion to extend the 120 days even in the absence of good cause when justice so requires.  *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  "Where plaintiff has made a reasonable effort to serve defendant, Congress intended that the 120 day deadline be extended."  *Gambino,* 164 F.R.D. at 275.

Here, Plaintiff respectfully submits good cause exists for its inability to serve Defendants within the 120 days mandated by Rule 4(m); indeed, MBC has diligently made multiple attempts to serve Defendants with process in this matter but despite its best efforts has been unable to do so.  MBC is in the process of

serving Defendants through the Secretary of State pursuant to Section 48.181, *Florida Statutes*, and respectfully requests an additional ninety (90) days to complete same.

WHEREFORE, MBC respectfully requests the Court to render an Order granting a ninety (90) day enlargement of time to effect service on Defendants Consolidated Distributors, Inc. and Mettemp, Inc. until September 29, 2011.

Respectfully submitted, this 1st day of July, 2011.

/s/  RICHARD E. MITCHELL
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
MICHAEL D. PORTER, ESQ.
Florida Bar No.: 0031149
michael.porter@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida  32801
(407) 843-8880  Telephone
(407) 244-5690  Facsimile

Local Counsel for Plaintiff,
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

– and –

JOHN B. SGANGA, JR., ESQ.
California Bar No.: 116211
John.Sganga@kmob.com
LYNDA J. ZADRA-SYMES, ESQ.
California Bar No.: 156511
lynda.zadra-symes@kmob.com
LAUREN K. KATZENELLENBOGEN, ESQ.
California Bar No.: 223370
lauren.katzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor

Irvine, California  92614
(949) 760-0404  Telephone
(949) 760-9502  Facsimile

Lead Trial Counsel for Plaintiff,
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

**/s/  RICHARD E. MITCHELL**
RICHARD E. MITCHELL, ESQ.

# Exhibit "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-------------------------------------------------------X
HANSEN BEVERAGE COMPANY, d/b/a
MONSTER BEVERAGE COMPANY,

Civil Action No. 6:11-CV-329-
ORL-22 DAB

                Plaintiff(s),


     -against-


CONSOLIDATED DISTRIBUTORS, INC.;
ET AL,

**AFFIDAVIT OF
ATTEMPTED SERVICE**

              Defendant(s).
-------------------------------------------------------X
STATE OF NEW YORK    )
                s.s :
COUNTY OF NEW YORK  )

     JOSEPH SANCHEZ, being duly sworn, deposes and says that he is an employee of KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of eighteen years and is not a party to the action. My office received the documents for service on March 08, 2011.

     That on the 8th day of March, 2011, at approximately 12:55 p.m., deponent attempted to serve a true copy of the **Summons and Complaint for Damages and Injunctive Relief; Civil Cover Sheet; Memo of Law; Declaration of Sacks; Declaration of Maconachy; Plaintiff's Motion to Seal; Declaration of Mitchell; Plaintiff's Notice of Posting Bond; and Temporary Restraining Order** upon Consolidated Distributors, Inc. (Attn: D.M. Schneerson) at 483 Kingston Avenue (incorrectly listed as Kinfston Avenue), Brooklyn, New York 11231. I went to the 400 block of Kingston Avenue but there is no number 483 on Kingston Avenue. Kingston Avenue intersects with East New York Avenue at the 600 block. There is a large, residential, apartment building at 605 East New York Avenue. I checked the listings but there is no Schneerson listed in the building.


Sworn to before me this
15th day of March, 2011

                                   JOSEPH SANCHEZ #1155200

MICHAEL J. KEATING
**NOTARY PUBLIC, STATE OF NEW YORK**
**Reg. No. 01-KE-4851559**
**Qualified in New York County**
**Commission expires February 3, 2014**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-------------------------------------------------------X
HANSEN BEVERAGE COMPANY, d/b/a
MONSTER BEVERAGE COMPANY,                          Civil Action No. 6:11-CV-329-
                                                   ORL-22 DAB

                          Plaintiff(s),

        -against-

CONSOLIDATED DISTRIBUTORS, INC.;
ET AL,                                             **AFFIDAVIT OF**
                                                   **ATTEMPTED SERVICE**
                          Defendant(s).
-------------------------------------------------------X
STATE OF NEW YORK      )
                               s.s :
COUNTY OF NEW YORK   )

        JOSEPH SANCHEZ, being duly sworn, deposes and says that he is an employee
of KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of eighteen
years and is not a party to the action. My office received the documents for service on
March 08, 2011.

        That on the 8th day of March, 2011, at approximately 1:15 p.m., deponent
attempted to serve a true copy of the **Summons and Complaint for Damages and
Injunctive Relief; Civil Cover Sheet; Memo of Law; Declaration of Sacks;
Declaration of Maconachy; Plaintiff's Motion to Seal; Declaration of Mitchell;
Plaintiff's Notice of Posting Bond; and Temporary Restraining Order** upon
Mettemp, Inc. c/o D. Bakshet at 719 Eastern Parkway, (Suite 3) Brooklyn, New York
11231. This is a small, four-story building. There is a locked gate around the entrance to
the premises. I had no access to the apartments/suites or to the tenants' doorbells.

(1)

That on the 10th day of March, 2011, from approximately 1:30 p.m. to 3:00 p.m., deponent attempted to serve a true copy of the **Summons and Complaint for Damages and Injunctive Relief; Civil Cover Sheet; Memo of Law; Declaration of Sacks; Declaration of Maconachy; Plaintiff's Motion to Seal; Declaration of Mitchell; Plaintiff's Notice of Posting Bond; and Temporary Restraining Order** upon Mettemp, Inc. c/o D. Bakshet at 719 Eastern Parkway, (Suite 3) Brooklyn, New York 11231. The gate was locked gate. I called the defendant's telephone number, i.e., (718) 363-9505, and was told that "David" was not in but might be in soon. I waited outside the premises for over an hour but did not see anyone enter or leave the building during that time. I again called defendant but only received an answering machine message. On at least two occasions when I called there was no answer at all.

That on the 10th day of March, 2011, at approximately 6:15 p.m., deponent attempted to serve a true copy of the **Summons and Complaint for Damages and Injunctive Relief; Civil Cover Sheet; Memo of Law; Declaration of Sacks; Declaration of Maconachy; Plaintiff's Motion to Seal; Declaration of Mitchell; Plaintiff's Notice of Posting Bond; and Temporary Restraining Order** upon Mettemp, Inc. c/o D. Bakshet at 719 Eastern Parkway, (Suite 3) Brooklyn, New York 11231. I had no access to the apartments/suites or to the tenants' doorbells.

That on the 14th day of March, 2011, from approximately 1:30 p.m. to 2:35 p.m., deponent attempted to serve a true copy of the **Summons and Complaint for Damages and Injunctive Relief; Civil Cover Sheet; Memo of Law; Declaration of Sacks; Declaration of Maconachy; Plaintiff's Motion to Seal; Declaration of Mitchell; Plaintiff's Notice of Posting Bond; and Temporary Restraining Order** upon Mettemp, Inc. c/o D. Bakshet at 719 Eastern Parkway, (Suite 3) Brooklyn, New York 11231. The gate was locked gate, but for the first time there was a car parked in the driveway of the premises. There were lights on in the second floor of the premises. I honked the horn of my car and banged on the gate but did not receive an answer. I called the defendant's telephone number, i.e., (718) 363-9505, but did not receive an answer.

Sworn to before me this
15th day of March, 2011

JOSEPH SANCHEZ #1155200

MICHAEL J. KEATING
NOTARY PUBLIC, STATE OF NEW YORK
Reg. No. 01-KE-4851559
Qualified in New York County
Commission expires February 3, 2014

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
------------------------------------------------------X
HANSEN BEVERAGE COMPANY, d/b/a
MONSTER BEVERAGE COMPANY,                          Civil Action No. 6:11-CV-329-
                                                   ORL-22 DAB

                         Plaintiff(s),

        -against-

CONSOLIDATED DISTRIBUTORS, INC.;
ET AL,                                             **AFFIDAVIT OF
                                                   ATTEMPTED SERVICE**

                         Defendant(s).
------------------------------------------------------X
STATE OF NEW YORK        )
                              s.s :
COUNTY OF NEW YORK   )


        ANDREW HAYLES, being duly sworn, deposes and says that he is an employee
of KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of eighteen
years and is not a party to the action.  My office received the documents for service on
March 08, 2011.
        That on the 9th day of March, 2011, at approximately 3:25 p.m., deponent
attempted to serve a true copy of the **Summons and Complaint for Damages and
Injunctive Relief; Civil Cover Sheet; Memo of Law; Declaration of Sacks;
Declaration of Maconachy; Plaintiff's Motion to Seal; Declaration of Mitchell;
Plaintiff's Notice of Posting Bond; and Temporary Restraining Order** upon
Mettemp, Inc. c/o D. Bakshet at 719 Eastern Parkway, (Suite 3) Brooklyn, New York
11231. This is a small, four-story building. There is a locked gate around the entrance to
the premises. I had no access to the apartments/suites or to the tenants' doorbells.



Sworn to before me this                            _____
15th day of March, 2011                            ANDREW HAYLES #870418



MICHAEL J. KEATING
**NOTARY PUBLIC, STATE OF NEW YORK**
**Reg. No. 01-KE-4851559**
**Qualified in New York County**
**Commission expires February 3, 2014**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
----------------------------------------------------------X

HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY,

                        Plaintiff(s),

    -against-

CONSOLIDATED DISTRIBUTORS, INC.,
ET AL.,

                    Defendant(s).
----------------------------------------------------------X

Civil Action No. 6:11-CV-329-
ORL22 DAB

**<u>AFFIDAVIT OF
ATTEMPTED SERVICE</u>**

STATE OF NEW YORK    )
                        s.s :
COUNTY OF NEW YORK  )

    ANDREW HAYLES, being duly sworn, deposes and says that he is an employee of KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of eighteen years and is not a party to the action.

    That on the 7th day of June, 2011, at approximately 12:50 p.m., deponent attempted to serve a true copy of the **<u>ALIAS SUMMONS IN A CIVIL ACTION; COMPLAINT; RELATED CASE ORDER, INTERESTED PERSONS ORDER, TRACK TWO NOTICE AND ORDER REQUIRING ELECTRONIC FILING together with EXHIBITS</u>** upon 1) Consolidated Distributors, Inc. and 2) Mettemp, Inc. c/o DM Schneerson at 383 Kingston Avenue, Brooklyn, New York. This is a Stationary store with private postal boxes. I was told that no one named Schneerson or Baksht, either works at, or has a postal box, at the store. I was also told that neither "Consolidated" nor "Mettemp" has a postal box here either.

Sworn to before me this
9th day of June, 2011

_____
ANDREW HAYLES #870418

MICHAEL J. KEATING
NOTARY PUBLIC, STATE OF NEW YORK
Reg. No. 01-KE-4851559
Qualified in New York County
Commission expires February 3, 2014