UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HANSEN BEVERAGE COMPANY, d/b/a
MONSTER BEVERAGE COMPANY,

               Plaintiff,

      v.

CONSOLIDATED DISTRIBUTORS, INC.,
METTEMP, INC., JOE COOL, INC., JOE
COOL BIKE WEEK INC., DAVID BAKSHT,
MICHELLE AMAR AND YOSEF AMAR,

               Defendants.

Case No.6:11-cv-329-ORL-22DAB

---

## DEFENDANTS, JOE COOL, INC. JOE COOL BIKE WEEK, INC., MICHELLE AMAR AND YOSEF AMAR'S, ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM FOR DAMAGES AND INJUNCTIVE RELIEF WITH DEMAND FOR JURY TRIAL

Defendants, JOE COOL, INC. JOE COOL BIKE WEEK, INC., MICHELLE AMAR AND YOSEF AMAR (collectively referred to as "Defendants") hereby answer and assert their affirmative defenses to the First Amended Complaint and assert their Counterclaim against Plaintiff as follows:

### JURISDICTION AND VENUE

1.    Defendants admit the allegations contained in Paragraph 1 of the Complaint for jurisdictional purposes only, all else is denied.

2.    Defendants admit the allegations contained in Paragraph 2 of the Complaint for jurisdictional purposes only, all else is denied.

3.      In response to the allegations contained in Paragraph 3 of the Complaint, Defendants admit that they have conducted, a business venture within the State of Florida.  Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint and demand strict proof thereof.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5.      Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, deny same and demand strict proof thereof.

6.      Paragraph 6 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 6 may be applied to these Defendants, they are deemed denied.

7.      Paragraph 7 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 7 may be applied to these Defendants, they are deemed denied.

8.      In response to the allegations contained in Paragraph 8 of the Complaint, Defendants admit that Joe Cool, Inc. is a Florida Corporation with its principle place of business at 1052 N. Beach Street, Holly Hill, Florida 32117.  Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint and demand strict proof thereof.

9.      In response to the allegations contained in Paragraph 9 of the Complaint, Defendants admit that Joe Cool Bike Week, Inc. is a Florida Corporation with its principle place of business at 1052 N. Beach Street, Holly Hill, Florida 32117.  Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint and demand strict proof thereof.

10.     Paragraph 10 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 10 may be applied to these Defendants, they are deemed denied.

11.     Paragraph 11 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 11 may be applied to these Defendants, they are deemed denied.

12.     In response to the allegations contained in Paragraph 12 of the Complaint, Defendants admit that Michell Amar resides in the Judicial District. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint and demand strict proof thereof.

13.     In response to the allegations contained in Paragraph 13 of the Complaint, Defendants admit that Yosef Amar resides in the Judicial District.  Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint and demand strict proof thereof.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A.     MBC's Trademarks

14.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and, therefore, deny same and demand strict proof thereof.

15.     In response to the allegations contained in Paragraph 15 of the Complaint, Defendants admit that Plaintiff has alleged start of sale of drink product in 2002. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint and demand strict proof thereof.

16.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 16 of the Complaint and, therefore, deny same and demand strict proof thereof.

17.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 17 of the Complaint and, therefore, deny same and demand strict proof thereof.

18.    Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, deny same and demand strict proof thereof.

19.    In response to the allegations contained in Paragraph 19 of the Complaint, Defendants admit that Plaintiff alleged it filed various marks with the USPTO. Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint and demand strict proof thereof.

20.    Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 20 of the Complaint and, therefore, deny same and demand strict proof thereof

21.    Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 21 of the Complaint and, therefore, deny same and demand strict proof thereof.

22.    Defendants deny the allegations contained in Paragraph 22 of the Complaint and demand strict proof thereof.

23.    In response to the allegations contained in Paragraph 23 of the Complaint, Defendants admit that Plaintiff has various drink products. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint and demand strict proof thereof.

24.    In response to the allegations contained in Paragraph 24 of the Complaint, Defendants admit that Plaintiff's products are sold with the mark M and the word "Monster". Defendants lack knowledge and lack information to either admit or deny the remaining allegations contained in Paragraph 24 of the Complaint and, therefore, deny same and demand strict proof thereof.

25.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 25 of the Complaint and, therefore, deny same and demand strict proof thereof.

26.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 26 of the Complaint and, therefore, deny same and demand strict proof thereof.

27.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 27 of the Complaint and, therefore, deny same and demand strict proof thereof.

**B.      Defendants Infringement of the Mark**

28.     In response to the allegations contained in Paragraph 28, Defendants admit that they are engaged in the business of selling clothing, primarily t-shirts and tank-tops.  By way of further response, Defendants admit that Yosef Amar is the president and owner of Joe Cool, Inc., and Joe Cool Bike Week, Inc..  Defendants deny the remaining allegations contained in Paragraph 28 of the Complaint and demand strict proof thereof.

29.     Paragraph 29 is admitted as to these Defendants, however, Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 29 as to the other Defendants.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint and demand strict proof thereof.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint and demand strict proof thereof.

32.     Paragraph 32 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 32 may be applied to these Defendants, they are deemed denied.

33.     In response to the allegations contained in Paragraph 33 of the Complaint, Defendants admit that Yosef Amar signed the application to the Trademark Office.  Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint and demand strict proof thereof.

34.     Paragraph 34 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 34 may be applied to these Defendants, they are deemed denied.

35.     In response to the allegations contained in Paragraph 35 of the Complaint, Defendants admit that Yosef Amar signed the application to the Florida Department of State Division of Corporations.  Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint and demand strict proof thereof.

36.     Paragraph 36 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 36 may be applied to these Defendants, they are deemed denied.

37.     In response to the allegations contained in Paragraph 37 of the Complaint, Defendants admit that Yosef Amar signed the application to the Florida Department of State Division of Corporations.  Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint and demand strict proof thereof.

38.     Paragraph 38 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 38 may be applied to these Defendants, they are deemed denied.

39.     In response to the allegations contained in Paragraph 39 of the Complaint, Defendants admit that Yosef Amar signed the application to the Florida Department of State

Division of Corporations.  Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint and demand strict proof thereof.

40.     In response to the allegations contained in Paragraph 40 of the Complaint, Defendants admit that Yosef Amar signed the application to the Florida Department of State Division of Corporations.  Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint and demand strict proof thereof.

41.     In response to the allegations contained in Paragraph 41 of the Complaint, Defendants admit that Yosef Amar signed the application to the Florida Department of State Division of Corporations.  Defendants deny the remaining allegations contained in Paragraph 41 of the Complaint and demand strict proof thereof.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint and demand strict proof thereof.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint and demand strict proof thereof.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint and demand strict proof thereof.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint and demand strict proof thereof.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint and demand strict proof thereof.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint and demand strict proof thereof.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint and demand strict proof thereof.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint and demand strict proof thereof.

## COUNT ONE

### (Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114)

50.    As to Paragraph 50 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-49 above, in their entirety, as if fully recited herein.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint and demand strict proof thereof.

52.    Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 52 of the Complaint and, therefore, deny same and demand strict proof thereof.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint and demand strict proof thereof.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint and demand strict proof thereof.

55.    Defendants deny the allegations contained in Paragraph 55 of the Complaint and demand strict proof thereof.

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint and demand strict proof thereof.

57.    Defendants deny the allegations contained in Paragraph 57 of the Complaint and demand strict proof thereof.

58.   Defendants deny the allegations contained in Paragraph 58 of the Complaint and demand strict proof thereof.

## COUNT TWO

### (Federal Dilution of the ® Mark Under 15 U.S.C. § 1125(C))

59.   As to Paragraph 59 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-58 above, in their entirety, as if fully recited herein.

60.   Defendants deny the allegations contained in Paragraph 60 of the Complaint and demand strict proof thereof.

61.   Defendants deny the allegations contained in Paragraph 61 of the Complaint and demand strict proof thereof.

62.   Defendants deny the allegations contained in Paragraph 62 of the Complaint and demand strict proof thereof.

63.   Defendants deny the allegations contained in Paragraph 63 of the Complaint and demand strict proof thereof.

64.   Defendants deny the allegations contained in Paragraph 64 of the Complaint and demand strict proof thereof.

65.   Defendants deny the allegations contained in Paragraph 65 of the Complaint and demand strict proof thereof.

66.   Defendants deny the allegations contained in Paragraph 66 of the Complaint and demand strict proof thereof.

## COUNT THREE

### (False Designation of Original Under 15 U.S.C. § 1125(A))

67.     As to Paragraph 67 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-66 above, in their entirety, as if fully recited herein.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint and demand strict proof thereof.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint and demand strict proof thereof.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint and demand strict proof thereof.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint and demand strict proof thereof.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint and demand strict proof thereof.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint and demand strict proof thereof.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint and demand strict proof thereof.

## COUNT FOUR

### (Copyright Infringement Under 17 U.S.C. § 501)

75.     As to Paragraph 75 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-74 above, in their entirety, as if fully recited herein.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint and demand strict proof thereof.

77.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 77 of the Complaint and, therefore, deny same and demand strict proof thereof

78.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 78 of the Complaint and, therefore, deny same and demand strict proof thereof.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint and demand strict proof thereof.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint and demand strict proof thereof.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint and demand strict proof thereof.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint and demand strict proof thereof.

## COUNT FIVE

### (False Attribution Under 17 U.S.C. § 106(A))

83.     As to Paragraph 83 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-82 above, in their entirety, as if fully recited herein.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint and demand strict proof thereof.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint and demand strict proof thereof.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint and demand strict proof thereof.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint and demand strict proof thereof.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint and demand strict proof thereof.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint and demand strict proof thereof.

## COUNT SIX

### (Cancellation of Florida Trademarks under § 495.101, FLA. STAT. (2010))

90.     As to Paragraph 90 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-89 above, in their entirety, as if fully recited herein.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint and demand strict proof thereof.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint and demand strict proof thereof.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint and demand strict proof thereof.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint and demand strict proof thereof.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint and demand strict proof thereof.

## COUNT SEVEN

### (Florida Statutory Unfair Competition)

96. As to Paragraph 96 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-95 above, in their entirety, as if fully recited herein.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint and demand strict proof thereof.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint and demand strict proof thereof.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint and demand strict proof thereof.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint and demand strict proof thereof.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint and demand strict proof thereof.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint and demand strict proof thereof.

## COUNT EIGHT

### (Florida Common Law Unfair Competition)

103. As to Paragraph 103 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-102 above, in their entirety, as if fully recited herein.

104.   Defendants deny the allegations contained in Paragraph 104 of the Complaint and demand strict proof thereof.

105.   Defendants deny the allegations contained in Paragraph 105 of the Complaint and demand strict proof thereof.

106.   Defendants deny the allegations contained in Paragraph 106 of the Complaint and demand strict proof thereof.

107.   Defendants deny the allegations contained in Paragraph 107 of the Complaint and demand strict proof thereof.

108.   Defendants deny the allegations contained in Paragraph 108 of the Complaint and demand strict proof thereof.

## COUNT NINE

### (Statutory Dilution Under § 495.151, Fla. Stat. (2010))

109.   As to Paragraph 109 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-108 above, in their entirety, as if fully recited herein.

110.   Defendants deny the allegations contained in Paragraph 110 of the Complaint and demand strict proof thereof.

111.   Defendants deny the allegations contained in Paragraph 111 of the Complaint and demand strict proof thereof.

112.   Defendants deny the allegations contained in Paragraph 112 of the Complaint and demand strict proof thereof.

113.   Defendants deny the allegations contained in Paragraph 113 of the Complaint and demand strict proof thereof.

114.   Defendants deny the allegations contained in Paragraph 114 of the Complaint and demand strict proof thereof.

115.   Defendants deny the allegations contained in Paragraph 115 of the Complaint and demand strict proof thereof.

## COUNT TEN

**(Cancellation of New Jersey Trademark under N.J. Stat. Ann. § 56:3-13.8)**

116.   As to Paragraph 116 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-115 above, in their entirety, as if fully recited herein.

117.   Defendants deny the allegations contained in Paragraph 117 of the Complaint and demand strict proof thereof.

118.   Defendants deny the allegations contained in Paragraph 118 of the Complaint and demand strict proof thereof.

119.   Defendants deny the allegations contained in Paragraph 119 of the Complaint and demand strict proof thereof.

120.   Defendants deny the allegations contained in Paragraph 120 of the Complaint and demand strict proof thereof.

121.   As to any allegations in the Amended Complaint not specifically admitted, it should be deemed denied.

## AFFIRMATIVE DEFENSES

122.   As and for their First Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state that Plaintiff's claims are barred by the doctrine of unclean hands.  Specifically, Plaintiff has mismarked and misused registration markings on apparel associated with Monster Energy, as well as misrepresented facts in this matter.

123.   As and for their Second Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Plaintiff's mark lacks secondary meaning.   In particular, Defendants state that Plaintiff's mark, i.e. the letter "M," is generic, or descriptive at best, and has not become distinctive as purchasers do not associate the letter "M" with Plaintiff in connection with clothing.

124.   As and for their Third Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state their denial that there is a likelihood of confusion.  Specifically, Defendants state that no likelihood of confusion is created because the marks themselves are not confusingly similar, as Plaintiff's registered use of the "M" Clawmark alone, as set forth in the trademark registrations under Exhibits A to I and K to the Complaint, is limited to beverages and stickers.  Plaintiff's registered trademark for use on apparel is not limited to the "M" mark alone, but instead, the entire mark consists of Plaintiff's "M" mark plus the words "Monster Energy," as set forth in the trademark registration under Exhibit J to the Complaint.  In direct contrast, Defendants' use of their 3DL mark is limited to apparel, including t-shirts and tank-tops and is not an "M" but three drooping lines.

125.   As and for their Fourth Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state in the alternative, that in the event any likelihood of confusion is found, Plaintiff is not the senior user of the mark. Specifically, Defendants state they have priority of usage of the mark over Plaintiff, as the mark was used by Defendants for clothing prior to any use by Plaintiff.

126.   Defendants reserve the right to amend and/or supplement their affirmative defenses to the Complaint as additional information is learned through discovery.

WHEREFORE, Defendants respectfully requests this Court to dismiss each and every one of Plaintiff's claims upon the merits with prejudice, enter judgment against Plaintiff, awarding Defendants their taxable costs and attorney's fees as permitted by law, together with such other and further relief as the Court deems just and proper.

## COUNTERCLAIM FOR DAMAGES AND INJUNCTIVE RELIEF WITH DEMAND FOR JURY TRIAL

127.   Defendants/Counterclaimants, JOE COOL, INC. JOE COOL BIKE WEEK, INC., MICHELLE AMAR AND YOSEF AMAR (collectively, "Defendants") by and through their undersigned counsel, hereby sue Plaintiff/Counter-defendant, HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("Plaintiff") and allege as follows:

## PARTIES, JURISDICTION AND VENUE

128.   This is an action for: (a) damages, including punitives, and attorney's fees and costs for wrongful seizure under 15 U.S.C. 1116(d), and in the alternative (b) damages and injunctive relief for reverse confusion under 15 U.S.C. 1125(a); and (c) damages and injunctive relief for unfair competition arising under Florida common law.

129.   Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338 because Defendants' claims for violations of the United States Trademark Act, Title 15 of the United States Code, arises under federal law.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claim because that claim is so related to the federal claim that they form part of the same case or controversy.  In addition, jurisdiction over all claims is proper under 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds seventy-five-thousand dollars.

130.   Plaintiff is subject to the personal jurisdiction of this Court pursuant to Fla. Stat. § 48.193(1)(a) because Plaintiff has conducted, engaged in and carried out a business venture within the State of Florida; pursuant to Fla. Stat. § 48.193(b) because Plaintiff has committed torious acts within the State of Florida; and pursuant to Fla. Stat. §48.193(2) because Plaintiff has engaged in substantial and not isolated business activities within the State of Florida.

131.   Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 550 Monica Circle, Suite 201, Corona, California 92880.

132.   Defendant, Joe Cool, Inc. is a Florida corporation with its principle place of business at 1052 N. Beach St., Holly Hill, Florida 32117.

133.   Defendant, Joe Cool Bike Week Inc. is a Florida corporation with its principle place of business at 1052 N. Beach St., Holly Hill, Florida 32117.

134.   Defendant Yosef Amar is the owner and operator of Defendants, Joe Cool, Inc., and Joe Cool Bike Week Inc.

135.   Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this Judicial District.

**GENERAL ALLEGATIONS**

136.   In 1990, Defendant Joe Cool, Inc., was incorporated under the laws of the State of Florida.

137.   Joe Cool, Inc., is in the business of sale of clothing, primarily t-shirts with a heat transfer iron-on affixed to the shirt, as well as other various goods for the beach crowd, including such items as suntan lotion, towels and associated products.

138.   Joe Cool, Inc., is well known as one of the best and most varied t-shirt shops in the area, and for providing customers with a good product.

139.   Joe Cool, Inc.'s 3DL mark (three drooping lines) has been utilized for numerous years by a multitude of clothing and heat transfer users.

140.   Joe Cool, Inc.'s use of the 3DL mark is limited to apparel, including t-shirts and tank-tops.

141.   Joe Cool Inc., began using its' 3DL mark in the mid 1990's.

142.   Plaintiff's use of the M Claw Trademark did not start until 2002, and such use is still not well known within the general population.

143.   Plaintiff's registered use of the "M" Clawmark alone, as set forth in the trademark registrations under Exhibits A to I and K to the Complaint, is limited to beverages and stickers.

144.   Plaintiff's registered trademark for use on apparel is not limited to the "M" Clawmark alone, but instead, the entire mark consists of Plaintiff's "M" Clawmark plus the words "Monster Energy," as set forth in the trademark registration under Exhibit J to the Complaint.

## COUNT I

### (Wrongful Seizure Under 15 USC 1116(d)(11))

145.   Defendants reallege Paragraphs 127-144, as if fully set forth herein.

146.   On March 3, 2011, Plaintiff filed a Motion for Ex Parte Seizure Order and Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction; Supporting Memorandum of Law ("Motion for Preliminary Injunction") [DE 3] and Declarations in support thereof.

147.   Based upon Plaintiff's representations, this Court entered a Temporary Restraining Order, Order to Show Cause, and Order of Seizure on March 4, 2011 ("Seizure Order") [DE 7].

148.   As a condition for the Seizure Order, Plaintiff was ordered to file, and in fact, filed, a $20,000.00 bond with the Clerk of Court "for the payment of such costs and damages which may be incurred or suffered by Defendants if they have been found to have been wrongfully enjoined or restrained or any of their property was wrongfully seized." [DE 7, pg. 11].

149.   As part of the March 4, 2011 Seizure Order, seizure and impoundment of Defendants' merchandise, catalogues, heat transfers, and records located at Joe Cool, Inc.'s and Joe Cool Bike Week, Inc.'s store, located at 1052 N. Beach St., Holly Hill, Florida 32117, occurred on March 7, 2011.

150.   As part of the March 4, 2011 Seizure Order, Defendants have been temporarily restrained from selling or advertising apparel with Defendants' 3DL mark.

151.   Subsequent to the March 4, 2011 Seizure Order, Plaintiff sent cease and desist letters to Defendants' customers with notification that Defendants' merchandise consisted of counterfeit goods, and further, that unauthorized use may result in liability against such customers.

152.   As a result of the seizure and Plaintiff's actions, Defendants' customers perceive all of Defendants' merchandise as counterfeit goods, and that Yosef Amar is a counterfeiter.

153.   The Court set the Order to Show Cause hearing for March 17, 2011, which was rescheduled for March 24, 2011 at Defendants' request in order to provide Defendants with an opportunity to brief the issue.

154.   At the March 24, 2011 hearing, this Court heard argument of counsel.

155.   Based upon the record and argument of counsel, this Court issued its Order on March 30, 2011 [DE 40], denying Plaintiff's Motion for seizure of the goods and for Preliminary

Injunction. The Court held that the Temporary Restraining Order, which expired on March 24, 2011, should never have been entered, as it was based in part, on Plaintiff's misleading and less than candid statements. [*See* DE 40].

156.   On April 13, 2011, this Court entered its Order denying Plaintiff's Motion for Reconsideration, again holding that "the temporary restraining order and order of ex parte seizure should never have been entered..." [DE 52, pg. 2]. In support of its ruling, the Court found that through the short course of this litigation, Plaintiff's pattern of misrepresentations to the Court has emerged, and further, that through its misrepresentations, Plaintiff has effectively abused the legal process. [*See* DE 52, pg. 2-3]. As a result, the Court held that Plaintiff was not entitled to equitable relief after having misrepresented its case. [*See* DE 52, pg. 4.]

157.   The March 4, 2011 Seizure Order was obtained by Plaintiff in bad faith.

158.   The March 7, 2011 seizure was wrongful.

159.   Defendants have been damaged by the seizure, including, but not limited to lost profits, damage to representation and loss of good will, and lost revenue, the exact amounts which can not be determined at this time, as said damages are still accruing.

160.   As a result of the wrongful seizure and Plaintiff's bad faith conduct in obtaining the March 4, 2011 Seizure Order, Defendants have been damaged in an amount in excess of seventy-five-thousand dollars ($75,000.00) to be determined at trial.

161.   Defendants have incurred reasonable attorneys' fees and costs in the amount of $37,349.60 in responding to the March 4, 2011 Seizure Order, and will incur additional attorney fees in presenting the full amount of damages sustained by Defendants.

## COUNT II

### (In The Alternative, Reverse Confusion Under 15 U.S.C. § 1125(A))

162. Defendants reallege Paragraphs 127-161, as if fully set forth herein.

163. In the alternative, in the event Defendants' 3DL mark is found to be confusingly similar to Plaintiff's M Claw Trademark, this is a claim for damages and relief from reverse confusion arising under 15 U.S.C. § 1125.

164. Plaintiff has created a false designation of origin or symbol, or device, or combination thereof, likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of their product with Defendants' 3DL mark in connection with the advertisement, offering for sale of apparel by Plaintiff.

165. Plaintiff as the junior user has saturated the market with its M Claw Trademark that is similar or identical to that of Defendants' 3DL mark.

166. Plaintiff's saturation of the market with its substantially similar or identical mark has overwhelmed Defendants as the senior user.

167. Defendants are informed and believe, and on that basis allege that Plaintiff did so with the intent to compete against Defendants causing confusion and mistake among customers and the public.

168. Defendants are informed and believe, and on that basis allege, that Plaintiff had actual knowledge and/or constructive knowledge of Defendants' prior use of their 3DL mark, and without the consent of Defendants, have willfully violated 15 U.S.C. § 1125(a).

169. Upon information and belief, Plaintiff's conduct has been willful and deliberate.

170. Plaintiff's aforementioned acts have injured Defendants and damaged Defendants in an amount in excess of seventy-five-thousand dollars ($75,000.00) to be determined at trial.

171.   By its actions, Plaintiff has irreparably injured Defendants.  Such irreparable injury will continue until and unless Plaintiff is preliminarily and permanently enjoined by this Court from further violation of Defendants' rights, for which Defendants have no adequate remedy at law.

## COUNT III

### (In the Alternative, Florida Common Law Unfair Competition)

172.   Defendants reallege Paragraphs 127-171, as if fully set forth herein.

173.   In the alternative, this is a claim for common law unfair competition arising under Florida common law.

174.   By virtue of the acts complained of herein, Plaintiff has intentionally caused a likelihood of confusion among the public and have unfairly competed in violation of Florida common law.

175.   Upon information and belief, Plaintiff's violations of Florida unfair competition common law has been willful and deliberate.

176.   Plaintiff's acts have injured Defendants in an amount to be proven at trial.

177.   By its actions, Plaintiff has irreparably injured Defendants.  Such irreparable injury will continue until and unless Plaintiff is preliminarily and permanently enjoined by the Court from further violation of Defendants' rights, for which Defendants have no adequate remedy at law.

## COUNT IV

### (Cancellations of Registrations)

178.   Defendants reallege Paragraphs 127-177, as if fully set forth herein.

179.   Joe Cool Inc., has used, promoted and advertised the 3DL Mark continuously since 1993 and has acquired substantial common law rights in the mark.

180.   Since 1993 Joe Cool Inc.,  has expended considerable funds in all terms of advertising, marketing and promotion to other distributors and end users during its approximate two decades history.

181.   As a result of Joe Cool Inc.'s efforts the 3DL Mark is known in biker circles and in beach shops for novelty tee-shirts, sweatshirts and like clothing, as an indicator of the source of products provided in connection with the Mark, and establishing good will in the Mark.

182.   Hansen did file registrations/applications in the United States Patent and Trademark Office for a M Claw Mark on clothing, including Registration No. 3908601, registered on January 18, 2011, and pending Application No. 85094362, filed on July 28, 2010.

183.   Although Defendants do not believe there is confusion on the likelihood of confusion, in the alternative, should it be found confusion exists, Defendants are the senior user and the registrations of Hansen should be cancelled.

## DEMAND FOR JURY TRIAL

184.   Defendants hereby demand a jury trial as provided by Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counterclaimants, JOE COOL, INC.. JOE COOL BIKE WEEK, INC., MICHELLE AMAR AND YOSEF AMAR, respectfully request this Court to:

A.   Dismiss each and every one of Plaintiff, HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY's ("Plaintiff") claims upon the merits with prejudice.

B.   Deny Plaintiff injunctive relief and damages.

C.   Find no confusion between Plaintiff's mark and Defendants' mark.

D.   Grant Defendants actual damages, attorneys' fees and costs, and punitive damages under 15 U.S.C. 1116(d) for wrongful seizure of goods.

E.   In the alternative, if there is any likelihood of confusion found between the Plaintiff's mark and Defendants' mark, declare Defendants the senior user of the mark and vacate/cancel the trademark applications and registrations of Plaintiff as to clothing, or other goods as applicable.

F.   Award Defendants actual damages and punitive damages.

G.   Award Defendants pre-judgment and post-judgment interest.

H.   Award Defendants injunctive relief.

I.   Declare the case exceptional and award Defendants attorneys' fees and costs as permitted by law.

J.   Award Defendants such other relief as this Court deems proper and just.

Dated: July 22, 2011

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
Attorneys for Defendants
Joe Cool, Inc., Joe Cool Bike Week, Inc.,
Michelle Amar and Yosef Amar
5355 Town Center Road, Suite 900
Boca Raton, Florida 33486
Telephone: 561 241-0414
Facsimile:  561 241-9766

By:____s/ Robert E. Pershes_____
        Robert E. Pershes, Esq.
        Florida Bar No. 0301906

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Robert E. Pershes
Robert E. Pershes, Esq.
Fla. Bar No. 301906

## SERVICE LIST

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.6:11-cv-329-ORL-22DAB

Richard E. Mitchell, Esq.
Rick.mitchell@gray-robinson.com
Michael D. Porter, Esq.
Michael.porter@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, FL 32801
Tel. (407) 843-8880
Fax. (407) 244-5690
Local Counsel for Plaintiff
Notification of electronic filing generated by CM/ECF

Lynda J. Zadra-Symes, Esq.
Lynda.zandra-symes@kmob.com
Lauren K. Katzenellenbogen, Esq.
Lauren.katzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, California 92614
Tel. (949) 760-0404
Fax. (949) 760-9502
Lead Counsel for Plaintiff

«BOCA:267230_v1/73792-0001»