**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HANSEN BEVERAGE COMPANY,
d/b/a MONSTER BEVERAGE
COMPANY,

Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., JOE COOL,
INC., JOE COOL BIKE WEEK INC.,
MICHELLE AMAR, YOSEF AMAR,
DAVID BAKSHT (a/k/a David Lipsker
a/ka David Bakshet a/ka D Bakht a/k/a
David Bakshet a/k/a DM Schneerson
a/k/a Abraham Shneorson),

Defendants.  /

Case No. 6:11-CV-329-ORL-22DAB

**HANSEN BEVERAGE COMPANY'S ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIM FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff and Counter Defendant Hansen Beverage Company d/b/a Monster Beverage Company ("Hansen") hereby files its Answer and Affirmative Defenses to the alleged First Amended Counterclaim of Defendants Joe Cool, Inc, Joe Cool Bike Week, Inc., Michelle Amar, and Yosef Amar ("Defendants"), and as a general denial, Hansen denies all allegations, argument, contentions, characterizations, implications, facts and legal conclusions not specifically and expressly admitted herein.

127.    Responding to paragraph 127 of Defendants' First Amended Counterclaim, Hansen admits that Defendants purport to sue Plaintiff.  Hansen denies any remaining allegations in paragraph 127.

## PARTIES, JURISDICTION, AND VENUE

128. Responding to paragraph 128 of Defendants' First Amended Counterclaim, Hansen admits that Defendants purport to allege claims for wrongful seizure under 15 U.S.C. § 1116(d), reverse confusion under 15 U.S.C. § 1125(a), and unfair competition under Florida common law, but denies that any grounds exist for such claims. Hansen denies all remaining allegations in paragraph 128.

129. Responding to paragraph 129 of Defendants' First Amended Counterclaim, Hansen admits that this Court has subject matter jurisdiction over the claims asserted in the First Amended Counterclaim. Hansen denies all remaining allegations in paragraph 129.

130. Responding to paragraph 130 of Defendants' First Amended Counterclaim, Hansen admits that it is subject to the personal jurisdiction of this Court. Hansen denies all remaining allegations in paragraph 130.

131. Hansen admits the allegations in paragraph 131 of Defendant's First Amended Counterclaim.

132. Upon information and belief, Hansen admits the allegations in paragraph 132 of Defendants' First Amended Counterclaim.

133. Upon information and belief, Hansen admits the allegations in paragraph 133 of Defendants' First Amended Counterclaim.

134. Upon information and belief, Hansen admits the allegations in paragraph 134 of Defendants' First Amended Counterclaim.

135. Responding to paragraph 135 of Defendants' First Amended Counterclaim, Hansen admits that venue is proper in this Court.

## GENERAL ALLEGATIONS

136. Hansen lacks sufficient information or belief to admit or deny the allegations in paragraph 136 of the First Amended Counterclaim, and therefore denies those allegations.

137. Responding to paragraph 137 of the First Amended Counterclaim, Hansen admits that Joe Cool, Inc. makes and sells heat transfer iron-ons as well as t-shirts with a heat transfer iron-on affixed thereto. Hansen lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 137, and therefore denies those allegations.

138. Hansen lacks sufficient information or belief to admit or deny the allegations in paragraph 138 of the First Amended Counterclaim, and therefore denies them.

139. Hansen denies the allegations in paragraph 139 of the First Amended Counterclaim.

140. Hansen lacks sufficient information or belief to admit or deny the allegations in paragraph 140 of the First Amended Counterclaim, and therefore denies those allegations.

141. Hansen denies the allegations in paragraph 141 of the First Amended Counterclaim.

142. Responding to paragraph 142 or the First Amended Counterclaim, Hansen admits that Hansen first began using its M Claw mark in 2002. Hansen denies the remaining allegations in paragraph 142 of the First Amended Counterclaim

143. Hansen admits that its U.S. Trademark Registrations for the M Claw mark without the words "MONSTER ENERGY" in Exhibits A and C to the Complaint are for use in connection with beverages. Hansen denies all remaining allegations in paragraph 143 of the First Amended Counterclaim.

144. Responding to paragraph 144 of the First Amended Counterclaim, Hansen admits that its U.S. Trademark Registration No. 3,934,928 for the M Claw mark with the words "MONSTER ENERGY" appearing below the M Claw, for use in connection with clothing, is shown in Exhibit I to the Complaint. Hansen denies any and all remaining allegations in paragraph 144.

## COUNT I

145. Hansen realleges and incorporates by reference its responses to paragraphs 127-144 of the First Amended Counterclaim as set forth above.

146. Hansen admits the allegations of paragraph 146 of the First Amended Counterclaim.

147. Responding to paragraph 147 of the First Amended Counterclaim, Hansen admits that based on the record evidence, on March 4, 2011, the Court rendered a Temporary Restraining Order, Order to Show Cause, and Order of Seizure. Hansen denies any and all remaining allegations in paragraph 147.

148. Hansen admits the allegations of paragraph 148 of the First Amended Counterclaim.

149. Hansen admits the allegations of paragraph 149 of the First Amended Counterclaim.

150. Responding to paragraph 150 of the First Amended Counterclaim, Hansen admits that pursuant to the Court's Order of March 4, 2011, for a limited period of twenty (20) days running from March 4, 2011 until March 24, 2011, Defendants were temporarily enjoined by the Court from selling or advertising heat transfer iron-ons and apparel that

infringes Hansen's M Claw mark. Hansen denies the remaining allegations in Paragraph 150.

151. Responding to paragraph 151 of the First Amended Counterclaim, Hansen admits that its counsel sent cease and desist letters to stores selling infringing t-shirts, including many that were passing off these t-shirts as "Monster" products, and insisted that they stop selling clothing items bearing counterfeits of Hansen's marks. Hansen further admits that the letters referenced this lawsuit and Defendants' manufacturing and sale of similar counterfeit products. Hansen denies any remaining allegations in paragraph 151.

152. Hansen denies the allegations in paragraph 152 of the First Amended Counterclaim.

153. Hansen admits the allegations of paragraph 153 of the First Amended Counterclaim.

154. Hansen admits the allegations in paragraph 154 of the First Amended Counterclaim.

155. Responding to paragraph 155 of the First Amended Counterclaim, Hansen admits that the Court rendered an Order on March 30, 2011 denying Hansen's motion for preliminary injunction which is currently on appeal to the Circuit Court of Appeals for the Eleventh Circuit. Hansen denies all remaining allegations in paragraph 155.

156. Responding to paragraph 156 of the First Amended Counterclaim, Hansen admits that the Court rendered an Order on April 13, 2011 denying Hansen's Motion for Reconsideration of the Denial of Preliminary Injunction which is currently on appeal to the

Circuit Court of Appeals for the Eleventh Circuit. Hansen denies all remaining allegations in paragraph 156.

157. Hansen denies the allegations in paragraph 157 of the First Amended Counterclaim.

158. Hansen denies the allegations in paragraph 158 of the First Amended Counterclaim.

159. Hansen denies the allegations in paragraph 159 of the First Amended Counterclaim.

160. Hansen denies the allegations in paragraph 160 of the First Amended Counterclaim.

161. Hansen denies the allegations in paragraph 161 of the First Amended Counterclaim.

## COUNT II

162. Hansen realleges and incorporates by reference its responses to paragraphs 127-161 of the First Amended Counterclaim as set forth above.

163. Responding to paragraph 163 of the First Amended Counterclaim, Hansen admits that Defendants purport to assert in the alternative a claim for damages and relief from reverse confusion arising under 15 U.S.C. § 1125. Hansen denies that any grounds exist for such claim and denies all remaining allegations in paragraph 163.

164. Hansen denies the allegations in paragraph 164 of the First Amended Counterclaim.

165. Hansen denies the allegations in paragraph 165 of the First Amended Counterclaim.

166. Hansen denies the allegations in paragraph 166 of the First Amended Counterclaim.

167. Hansen denies the allegations in paragraph 167 of the First Amended Counterclaim.

168. Hansen denies the allegations in paragraph 168 of the First Amended Counterclaim.

169. Hansen denies the allegations in paragraph 169 of the First Amended Counterclaim.

170. Hansen denies the allegations in paragraph 170 of the First Amended Counterclaim.

171. Hansen denies the allegations in paragraph 171 of the First Amended Counterclaim.

## COUNT III

172. Hansen realleges and incorporates by reference its responses to paragraphs 127-171 of the First Amended Counterclaim as set forth above.

173. Responding to paragraph 173 of the First Amended Counterclaim, Hansen admits that Defendants purport to allege in the alternative a claim for unfair competition under Florida common law, but denies that any grounds exist for such claim. Hansen denies all remaining allegations in paragraph 173 of the First Amended Counterclaim.

174. Hansen denies the allegations in paragraph 174 of the First Amended Counterclaim.

175. Hansen denies the allegations in paragraph 175 of the First Amended Counterclaim.

176. Hansen denies the allegations in paragraph 176 of the First Amended Counterclaim.

177. Hansen denies the allegations in paragraph 177 of the First Amended Counterclaim.

## COUNT IV

178. Hansen realleges and incorporates by reference its responses to paragraphs 127-177 of the First Amended Counterclaim as set forth above.

179. Hansen denies the allegations in paragraph 179 of the First Amended Counterclaim.

180. Hansen lacks sufficient information or belief to admit or deny the allegations in paragraph 180 of the First Amended Counterclaim and therefore denies those allegations.

181. Hansen denies the allegations in paragraph 181 of the First Amended Counterclaim.

182. Hansen admits the allegations in paragraph 182 of the First Amended Counterclaim.

183. Hansen denies the allegations in paragraph 183 of the First Amended Counterclaim.

## AFFIRMATIVE DEFENSES

Hansen hereby asserts the following defenses against Defendants' alleged Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

1. Defendants' alleged counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendants' alleged claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants' alleged claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants' alleged claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants' alleged claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants' alleged claims are barred by the doctrine of acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendants' alleged "3 Drooping Lines" ("3DL") symbol is not a valid trademark of Defendants because of Hansen's senior and valid M Claw Mark and use in commerce thereof, because Defendants have not used their alleged 3DL symbol in commerce as a source identifier for their products, and because Defendants' alleged 3DL symbol has no secondary meaning in relation to Defendants or their products.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendants abandoned their alleged 3DL symbol by and through their failure to control use thereof, by assignment in gross, and/or lack of continued use.

### NINTH AFFIRMATIVE DEFENSE

9. Defendants' claims are barred, in whole or in part, because Defendants cannot prove with substantial, competent evidence that they incurred damages as a result of the Court Ordered seizure. In the alternative, Hansen's alleged liability for the seizure is limited to the amount of the bond posted by Hansen.

### TENTH AFFIRMATIVE DEFENSE

10. Defendants Joe Cool, Inc., Joe Cool Bike Week, Inc., Michelle Amar, and Yosef Amar lack standing to bring claims for Reverse Confusion and Unfair Competition alleged in Count II and Count III of the First Amended counterclaim.

### RESERVATION OF ADDITIONAL DEFENSES

11. There may be additional affirmative defenses to the claims alleged by Defendants that are currently unknown to Hansen. Therefore, Hansen reserves the right to amend its Answer to First Amended Counterclaims to allege additional affirmative defenses in the event that Hansen's discovery of additional information indicates that they are appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Hansen demands a trial by jury of all issues raised in Defendants' First Amended Counterclaim which are triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Hansen respectfully requests that the Court render a Final Judgment:

a) Dismissing with prejudice Defendants' alleged Counterclaims;

b) Denying Defendants' request for relief in its entirety;

c) Awarding Hansen the full relief requested in its Complaint; and

d) Awarding Hansen such other relief as the Court deems just and proper.

Respectfully submitted,

Dated:  August 8, 2011               By: /s/ *Lynda J. Zadra-Symes*
                                     JOHN B. SGANGA, JR. ESQ.
                                     (Admitted *Pro Hac Vice*)
                                     john.sganga@kmob.com
                                     LYNDA J. ZADRA-SYMES, ESQ.
                                     (Admitted *Pro Hac Vice*)
                                     lynda.zadra-symes@kmob.com
                                     LAUREN K. KATZENELLENBOGEN, ESQ.
                                     (Admitted *Pro Hac Vice*)
                                     lauren.katzenellenbogen@kmob.com
                                     KNOBBE, MARTENS, OLSON & BEAR, LLP
                                     2040 Main Street, Fourteenth Floor
                                     Irvine, California  92614
                                     (949) 760-0404  Telephone
                                     (949) 760-9502  Facsimile

                                     Lead Trial Counsel for Plaintiff,
                                     HANSEN BEVERAGE COMPANY d/b/a
                                     MONSTER BEVERAGE COMPANY

                                     – and –

                                     RICHARD E. MITCHELL, ESQ.
                                     Florida Bar No.: 0168092
                                     rick.mitchell@gray-robinson.com
                                     MICHAEL D. PORTER, ESQ.
                                     Florida Bar No.: 0031149
                                     michael.porter@gray-robinson.com
                                     GRAYROBINSON, P.A.
                                     301 East Pine Street, Suite 1400

        Orlando, Florida  32801
        (407) 843-8880  Telephone
        (407) 244-5690  Facsimile

        Local Counsel for Plaintiff,
        HANSEN BEVERAGE COMPANY d/b/a
        MONSTER BEVERAGE COMPANY

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

    /s/ *Lynda J. Zadra-Symes*
LYNDA J. ZADRA-SYMES

11700907