UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HANSEN BEVERAGE COMPANY,**
**d/b/a MONSTER BEVERAGE**     Case No. 6:11-CV-329-ORL-22DAB
**COMPANY,**

        **Plaintiff,**

vs.

**CONSOLIDATED DISTRIBUTORS,**
**INC., METTEMP, INC., JOE COOL,**
**INC., JOE COOL BIKE WEEK INC.,**
**DAVID BAKSHT, MICHELLE AMAR,**
**AND YOSEF AMAR,**

        **Defendants.**
_____/

**JOINT MOTION FOR ENTRY OF CONSENT**
**FINAL JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("Hansen") and Defendants., JOE COOL, INC., JOE COOL BIKE WEEK INC., MICHELLE AMAR, and YOSEF AMAR (collectively "Amar Defendants"), have reached a settlement of their claims and defenses in this case, and therefore respectfully request the Court to accept and render the Consent Final Judgment and Permanent Injunction attached hereto as Exhibit "A," and in support state:

    1. On March 3, 2011, Hansen filed its Complaint against defendants alleging claims for Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114 (Count One), Federal Dilution Under 15 U.S.C. § 1125(c) (Count Two), False Designation of Origin Under 15 U.S.C. § 1125(a) (Count Three), Copyright Infringement Under 17 U.S.C. § 501 (Count Four), False Attribution Under 17 U.S.C.

§ 106(a) (Count Five), Cancellation of Florida Trademarks under § 495.101, FLA. STAT. (2010) (Count Six), Florida Statutory Unfair Competition § 501.201 (Count Seven), Florida Common Law Unfair Competition (Count Eight), Statutory Dilution Under § 495.151, FLA. STAT. (2010) (Count Nine), and Cancellation of New Jersey Trademark under N.J. Stat. Ann. § 56:3-13.8 (Count Ten).

2. On March 28, 2011, Defendants JOE COOL, INC., JOE COOL BIKE WEEK INC., MICHELLE AMAR, and YOSEF AMAR (collectively the "Amar Defendants") filed their Answer to Hansen's Complaint.[1]

3. The Parties have resolved this case and the proposed Consent Final Judgment attached hereto as "Exhibit A" is presented to the Court for its consideration, without the Amar Defendants waiving or modifying their prior submitted filings except as expressly agreed in the Settlement Agreement between the Parties and the Consent Final Judgment submitted concurrently herewith.

4. The Parties further stipulate that any violation of their proposed Consent Final Judgment shall be enforceable by injunctive relief, and the Parties stipulate to a finding of irreparable injury resulting from any such violation.

5. Hansen and the Amar Defendants hereby knowingly and voluntarily waive their right to appeal the Consent Final Judgment and Permanent Injunction as entered by this Court.

---

[1] Defendants Consolidated Distributors, Inc., Mettemp, Inc., and David Baksht (a/k/a David Bakshet a/k/a David Lipsker a/k/a D M Schneerson a/k/a Abraham Shneorson) (collectively the "Consolidated Defendants") have not yet made an appearance in this action.

**WHEREFORE**, the Parties respectfully request the Court to accept and render their proposed Consent Final Judgment and Permanent Injunction attached hereto as "Exhibit A."

Respectfully submitted this 15th day of December, 2011.

/s/ RICHARD E. MITCHELL
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile

Local Counsel for Plaintiff,
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

– and –

JOHN B. SGANGA, JR., ESQ.
(Admitted Pro Hac Vice)
California Bar No.: 116211
john.sganga@kmob.com
LYNDA J. ZADRA-SYMES, ESQ.
(Admitted Pro Hac Vice)
California Bar No.: 156511
lynda.zadra-symes@kmob.com
LAUREN K. KATZENELLENBOGEN, ESQ.
(Admitted Pro Hac Vice)
California Bar No.: 223370
lauren.katzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, California 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile

Lead Trial Counsel for Plaintiff,
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

/s/ ROBERT E. PERSHES
ROBERT E. PERSHES, ESQ.
Florida Bar No.: 0301906
rpershes@ralaw.com
ROETZEL & ANDRESS
350 East Las Olas Boulevard
Las Olas Centre II, Suite 1150
P.O. Box 30310
Fort Lauderdale, FL 33303-0310
(954) 462-4150 Telephone
(954) 462-4260 Facsimile

Counsel for Defendants,
JOE COOL, INC., JOE COOL BIKE WEEK INC., MICHELLE AMAR, AND YOSEF AMAR

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of December, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

      **/s/ RICHARD E. MITCHELL**
      RICHARD E. MITCHELL, ESQ.

11885316
090811

# 4537718 v1

# Exhibit "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HANSEN BEVERAGE COMPANY,
d/b/a MONSTER BEVERAGE
COMPANY,

Case No. 6:11-cv-_____-ORL-\_\_\_\_\_

            Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., JOE COOL,
INC., JOE COOL BIKE WEEK INC.,
DAVID BAKSHT, MICHELLE AMAR,
AND YOSEF AMAR,

            Defendants.
                                      /

## (PROPOSED) CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

      This Action came before the Court on the Joint Motion for Entry of Consent Final Judgment filed by Plaintiff HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("Hansen") and Defendants JOE COOL, INC., JOE COOL BIKE WEEK INC., MICHELLE AMAR, and YOSEF AMAR (collectively "Amar Defendants"), and the Court, having considered the parties' motion and being fully advised in the premises, hereby Orders and Adjudges that:

      1.    This Court has jurisdiction over the parties and over the causes of action asserted in this action. Venue is proper in this judicial district. Service was properly made against the Amar Defendants, and they do not contest service or jurisdiction.

1

2. The Amar Defendants do not and will not oppose, challenge, or contest that Hansen is the owner of all rights, title, and interest, including common law rights, in the marks [logo], [logo], M MONSTER ENERGY, MONSTER ENERGY, and MONSTER used in connection with a wide variety of goods, including energy drinks, clothing, and stickers.

3. The Amar Defendants do not and will not oppose, challenge, or contest that the following federal trademark registrations owned by Hansen are valid and enforceable (hereinafter "Monster Marks"):

Registration No. 2,903,214 for the mark [logo] for use in connection with beverages;

Registration No. 3,044,314 for the mark M MONSTER ENERGY for use in connection with nutritional supplements;

Registration No. 3,044,315 for the mark MONSTER ENERGY for use in connection with nutritional supplements;

Registration No. 3,057,061 for the mark MONSTER ENERGY for use in connection with beverages;

Registration No. 3,134,841 for the mark [logo] for use in connection with beverages;

Registration No. 3,134,842 for the mark M MONSTER ENERGY for use in connection with beverages;

Registration No. 3,434,821 for the mark [Monster claw logo] for use in connection with nutritional supplements;

Registration No. 3,434,822 for the mark [Monster claw logo] for use in connection with beverages;

Registration No. 3,908,600 for the mark [Monster Energy logo] for use in connection with stickers;

Registration No. 3,908,601 for the mark [Monster Energy logo] for use in connection with clothing;

4. The Amar Defendants do not and will not oppose, challenge, or contest that Hansen is also the owner of U.S. Copyright Registration No. VA 1-727-577 in its beverage packaging design which includes the prominent design [Monster claw logo].

5. The Amar Defendants do not and will not oppose, challenge, or contest that Hansen's U.S. Copyright Registration No. VA 1-727-577 is valid and enforceable.

6. The Amar Defendants will not oppose, contest, or challenge or assist others in opposing, contesting, or challenging Hansen's use and/or registration of its above-referenced marks and copyrighted beverage packaging design.

3

7. The Amar Defendants have sold and distributed stickers, heat transfer iron-ons, clothing and related products bearing designs that may have a likelihood to be found to be confusingly similar to Hansen's mark. Examples of such clothing products are shown below:



4

8. Amar Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them, including parents, subsidiaries, affiliates, and officers of Joe Cool, Inc. and Joe Cool Bike Week, Inc., who receive actual notice of this Order are hereby enjoined from:

    a) Using Hansen's Monster Marks or any marks confusingly similar thereto, or Hansen's copyrighted beverage packaging design or any design substantially similar thereto, in connection with any goods/products of Amar Defendants, in advertising or promoting Amar Defendants' goods/products, and/or in any manner that is likely to create the impression that Amar Defendants' goods/products originate from Hansen, are endorsed by Hansen, or are connected in any way with Hansen;

    b) Manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing Hansen's Monster Marks and/or any confusingly similar marks (including but not limited to the clothing items shown in paragraph 7 above);

    c) Manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing Hansen's copyrighted

        beverage packaging design or any design substantially similar thereto;

d) Claiming ownership in any trademarks, trade dress, copyrighted works, or designs confusingly similar to Hansen's Monster Marks or substantially similar to Hansen's copyrighted beverage packaging design;

e) Filing any applications for registration of any trademarks, trade dress, copyrighted works, or designs confusingly similar to Hansen's Monster Marks or substantially similar to Hansen's copyrighted beverage packaging design;

f) Injuring the commercial reputation, renown, or goodwill of Hansen or any of Hansen's Monster Marks by using in any way a confusingly similar mark or design to the Hansen Monster Marks and/or designs;

g) Using or reproducing any word, term, name, symbol or device, or any combination thereof, which confers or falsely represents or misleads that the activities of Amar Defendants, or which confers or falsely represents or misleads that the activities of any other Defendant, are in some way connected with Hansen, or are sponsored, approved or licensed by Hansen.

9    Within 15 business days of the date of this Consent Final Judgment, Consenting Defendants shall deliver to Counsel for Hansen for destruction all

existing inventory of products and promotional materials, including catalogs, brochures, labels, and hangtags, bearing Hansen's ᴍ mark or design or any mark confusingly similar thereto (including the design referenced in Defendants' pleadings as the "3DL" design).

10. The Court acknowledges that as part of the parties' agreement to settle this lawsuit, but not a condition thereof, the parties have jointly moved to vacate the Court's Order of March 30, 2011 denying Hansen's motion for preliminary injunction (Doc. No. 40) and the Court's Order of April 13, 2011 denying Hansen's motion for reconsideration of the denial of preliminary injunction (Doc. No. 52), and for that purpose, it is Ordered that the Court's Orders of March 30, 2011 and April 13, 2011 are hereby VACATED.

11. This is a final judgment as to the Amar Defendants, and all claims and defenses asserted by and between Hansen and the Amar Defendants are hereby dismissed with prejudice as to Hansen and the Amar Defendants, but for the injunctive relief provided herein. This stipulated Consent Final Judgment has no effect on Hansen's claims against the other Defendants who are not parties to this stipulation.

12. The parties shall bear their own costs and attorneys' fees, and no other or further relief is granted to any party.

13. The Court shall retain jurisdiction over the parties to enforce this Consent Final Judgment.

14. The parties waive appeal of this Stipulated Judgment and Stipulated Permanent Injunction, as entered or modified by the Court.

15. Hansen's surety bond (Doc. 8) is hereby DISCHARGED and the Clerk of Court is directed to release and deliver the original bond to Local Counsel for Hansen.

**DONE AND ORDERED** at Orlando, Florida this ___ day of August, 2011.

_____
Honorable Anne C. Conway
Chief United States District Court Judge

Copies to:

All Counsel of Record

**APPROVED AS TO FORM AND CONTENT:**

<u>**DEFENDANT JOE COOL, INC.**</u>

_[signature]_      Date: 10/25/11
YOSEF AMAR, as President and authorized signatory of Joe Cool, Inc.

<u>**DEFENDANT JOE COOL BIKE WEEK, INC.**</u>

_[signature]_      Date: 10/25/11
YOSEF AMAR, as President and authorized signatory of Joe Cool Bike Week, Inc.

**DEFENDANT YOSEF AMAR**

_____ Date: 10/25/11
YOSEF AMAR, Individually

**DEFENDANT MICHELLE AMAR**

_____ Date: 10/25/11
MICHELLE AMAR, Individually

**PLAINTIFF HANSEN BEVERAGE COMPANY**

_____ Date: 10/27/11
By RODNEY SACKS, CEO       Its

11985335
090811

9