# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HANSEN BEVERAGE COMPANY d/b/a
Monster Beverage Company,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:11-cv-329-Orl-22DAB**

**CONSOLIDATED DISTRIBUTORS,
INC.; METTEMP INC.; JOE COOL INC.;
JOE COOL BIKE WEEK INC.;
MICHELLE AMAR; YOSEF AMAR;
DAVID BAKSHT a/k/a David Lipsker,
a/k/a David Bakshet, a/k/a David Bakht,
a/k/a DM Shneerson, a/k/a David
Shneorson,**

        **Defendants.**

## ORDER

This cause comes before the Court on the parties' Joint Motion for Vacatur of Court Orders Pursuant to Settlement Agreement (Doc. No. 96), filed December 15, 2011.

On March 4, 2011, the Court, based on Plaintiff's misleading and erroneous representations, had entered a temporary restraining order against Defendants Consolidated Distributors, Inc., Mettemp, Inc., Joe Cool, Inc., Joe Cool Bike Week, Inc., David Baksht, Michelle Amar, and Yosef Amar ("Defendants").[1]  (Doc. No. 40 at p. 2).

---

[1] For purposes of this Motion, Defendants David Baksht, Mettemp Inc., and Consolidated Distributors, Inc. are not before the Court. These Defendants have failed to plead or respond to Plaintiff's Amended Complaint. (*See* Doc. No. 98 (Plaintiff's motion for entry of default pending before Magistrate Judge Baker.)).

Then, on March 30, 2011, the Court, after a show cause hearing on March 24, 2011, entered an order denying Plaintiff Hansen Beverage Company's ("Plaintiff") request for a preliminary injunction because the Court concluded that the temporary restraining order, which expired on March 24, 2011, should never have been entered. The Court reached this conclusion because the facts at the time did not show Defendants' items to be counterfeits as argued by the Plaintiff and because Plaintiff failed to present a substantial likelihood of success on the merits. (Doc. No. 40).

After the Court denied Plaintiff's request for a preliminary injunction, Plaintiff filed a Motion for Reconsideration of the Denial of Preliminary Injunction (Doc. No. 41). Upon denying this motion, the Court reiterated the Plaintiff's tendency to file documents with the Court and represent them to contain accurate representations; only for the Court to discover upon scrutinizing them that Plaintiff's representations contained a number of misrepresentations and material omissions of fact. (Doc. No. 52 at p. 2). The Court was particularly disturbed by Plaintiff's misrepresentations, considering they opened a Pandora's box of unnecessary events that included an ex parte seizure and temporary restraining order, which culminated in a raid of the Defendants' office and warehouse in Daytona Beach. (*Id.*). Additionally, the Court repeated that its previous order found that the Defendants' goods "do not appear to qualify as counterfeits" as defined by 15 U.S.C. § 1127. (*Id*. at p. 5). As well, in its second order, the Court reiterated that "[i]n any event, [it] [was] not denying Plaintiff all relief; rather the Court [was] simply denying Plaintiff injunctive relief at [that] stage, and Plaintiff's claims remain[ed] to be resolved at trial." (Doc. No. 52 at p. 9); *see also* J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:30 (4th ed. 2011) ("The granting or denial of a preliminary injunction does not

amount to an adjudication of the ultimate rights in controversy. . . . The decision on a motion for a preliminary injunction merely determines that the trial court, in balancing the respective rights of the parties, concludes that, pending a trial on the merits, defendant should or should not be restrained from exercising the rights claimed by defendant.").

Both parties now come before the Court seeking the Court to vacate these two orders, in which the Court denied the Plaintiff its request for preliminary injunction. (Doc. No. 96). As a basis for this motion, the parties cite for support, *inter alia*, Rule 60(b)(5) and (6) of the *Federal Rules of Civil Procedure*. (*Id.* at p. 2).

Rule 60(b)(5) provides that a court may relieve a party from an order when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reserved or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). In light of Eleventh Circuit precedent, the Court finds none of these factors applicable to the present case because Rule 60(b)(5) "applies only to judgments that have prospective effect 'as contrasted with those that offer a present remedy for a past wrong.'" *Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980) (citation omitted).[2] The Court's orders denying Plaintiff's request for a temporary injunction have no prospective effect. Although, theoretically, any court decision may be construed to have some form of prospective effect, the Court declines the opportunity to engage in such classroom-based philosophical exercises. *See Twelve John Does v. Dist. of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) ("That a court's action has continuing

---

[2]*See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decision of the former Fifth Circuit prior to the close of business on September 20, 1981).

consequences, however, does not necessarily mean that it has 'prospective application' for purposes of Rule 60(b)(5)."). Rather, the Court clearly stated the limited effect of its holding in its order denying reconsideration, in which the Court clarified that it was not denying Plaintiff all relief but rather denying Plaintiff injunctive relief at that stage of the proceedings. (*See* Doc. No. 52 at p. 9); *see also* McCarthy, *supra*, at § 30:30.

Additionally, the Court does not find the factors of Rule 60(b)(6) applicable to the present case. Rule 60(b)(6) is a catchall provision that permits the court to relieve a party of a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). As the Eleventh Circuit has explicated, "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant request relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam). The parties' motion fails to rise to the level of extraordinary. The parties emphasize that because they have agreed to settle the lawsuit on terms permitting equitable relief, the Court should vacate its earlier orders denying Plaintiff injunctive relief. (Doc. No. 96 at p. 2). However, the Court's earlier orders should not impact this agreement as the Court limited its holding to denying Plaintiff injunctive relief at that stage of the litigation, leaving Plaintiff's claims to be resolved at trial. (Doc. No. 52 at p. 9). Moreover, the parties concede that the relief they seek in this motion is "not a condition for settlement." (Doc. No. 96 at p. 2). Thus, the orders are not an impediment to settlement. Finally, the Court does not find the cases cited by the parties (Doc. No. 96 at p. 3) persuasive to finding that the orders will lead to consumer confusion in the marketplace.

Based on the foregoing, Plaintiff and Defendants' Joint Motion for Vacatur of Court Orders Pursuant to Settlement Agreement (Doc. No. 96), filed December 15, 2011, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 10, 2012

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge