# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HANSEN BEVERAGE COMPANY d/b/a**
**Monster Beverage Company,**

**Plaintiff,**

-vs-                                    **Case No.  6:11-cv-329-Orl-22DAB**

**CONSOLIDATED DISTRIBUTORS, INC.;**
**METTEMP INC.; JOE COOL  INC.; JOE**
**COOL BIKE WEEK INC.; MICHELLE**
**AMAR; YOSEF AMAR; DAVID BAKSHT**
**a/k/a David Lipsker, a/k/a David Bakshet,**
**a/k/a David Bakht, a/k/a DM Shneerson,**
**a/k/a David Shneorson,**

**Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF CLERK'S DEFAULT (Doc. No. 98)** |
| **FILED:** | **December 22, 2011** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff Hansen Beverage Company filed a Complaint sued several Defendants for trademark infringement and other related causes of action. Doc. 2.  Hansen previously filed a motion for entry of clerk's default (Doc. 90) against Defendants Mr. Baksht, and his companies, Consolidated, Distributors, Inc. and Mettemp, Inc., on September 29, 2011, which the Court denied without prejudice for Hansen's failure to file a memorandum of law showing that it was entitled to default

under New York Law and Florida Secretary of State based on the methods of service applied. Doc. 91. Hansen now renews its Motion for Entry of Default against David Baksht, Mettemp, Inc., and Consolidated Distributors, Inc.

*Background*

On March 3, 2011, Plaintiff Hansen filed a Complaint against Defendants Baksht, Consolidated and Mettemp[1] for trademark infringement and other related causes of action. Doc. 2. On July 8, 2011, Hansen amended its complaint to add Baksht's known aliases that Hansen discovered through its investigation in this action: David Lipsker, David Bakshet, D. Bakht, DM Schneerson and Abraham Shneorson. Doc. 82. After numerous attempts at hand-service, Baksht was properly served as of August 28, 2011 under the name Baksht and his various aliases, by posting and mailing process pursuant in accordance with New York law. Doc. 89. Defendants Mettemp and Consolidated were served on July 28, 2011 pursuant to the laws of the state of Florida. Doc. 87.

*Entry of Clerk's Default*

Federal Rule of Civil Procedure 55(a) provides that if a party fails to plead or otherwise defend as provided by the rule, the clerk shall enter default upon the appropriate showing. Fed. R. Civ. P. 55(a). Under Federal Rule of Civil Procedure 4(e)(1), service of a federal Complaint is accomplished in accordance with the procedure for service under the applicable state law:

> **(e) Service Upon Individuals Within a Judicial District of the United States.**
> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> > (2) doing any of the following:

---

[1] Hansen also sued Yosef Amar, Michelle Amar, Joe Cool, Inc. and Joe Cool Bike Week, Inc., but has since entered into Settlement Agreements with them.

> (A) delivering a copy of the summons and of the complaint to the individual personally; . . .
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. PRO. 4(e). Service on a corporation may be effected in the same way as service on an individual, *i.e.*, pursuant to the law of the state in which the organization is located, or by delivering summons to an officer, managing or general agent or one authorized by statute to receive service. *See* FED. R. CIV. PRO. 4(h)(1).

Hansen contends that Baksht was properly served pursuant to Section 308 of the New York Civil Practice Law and Rules, and Defendants Mettemp and Consolidated were properly served pursuant to Florida Statute § 48.181, and the Clerk should enter default against these Defendants.

1. *Service of Process under New York law*

Hansen contends that after diligently attempting to serve Baksht at his home and place of business, Hansen properly served him by posting and mailing in compliance with New York Civil Practice Law and Rules § 308.  Section 308 provides that where service cannot be otherwise made with due diligence, personal service on a natural person may be made by:

> [A]ffixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other.

N.Y.C.P.L.R. § 308(4).  *See Polygram Merchandising, Inc. v. New York Wholesale Co.*, No. 97 Civ. 6489 (HB), 2000 WL 23287, at *4 (S.D. N.Y. Jan. 12, 2000) ("Under New York law, service may be made by (i) affixing the summons to the door of defendant's dwelling place or usual place of abode, and (2) mailing the summons to defendant's last known residence.).   An affidavit of service constitutes prima facie evidence of effective service.  *Id.*

Hansen has filed returns of service and affidavits in support of the Motion which show that service of the original Complaint was attempted six (6) times and service of the Amended Complaint was attempted four (4) times at Baksht's most recent known home and business address, 719 Eastern Parkway, Suite 3, Brooklyn, New York.  Doc. 57; Doc. 89.  The process servers also attempted service at different times of day.  *Id.*

Hansen conducted extensive investigations to identify Baksht's current address and to confirm that it was attempting service at the correct location. An investigator hired by Hansen also confirmed that Baksht resides at the 719 Eastern Parkway address by placing a call to a telephone number associated with this address while standing in the lobby of the building. In the lobby of the building, the investigator could hear the phone ringing in an apartment on the second floor of the building, and the person who answered a call to this number identified himself as D. Baksht.  Doc. 98-2 ¶¶ 5-6.

When the process server received no response to the attempts to serve the documents personally on Baksht, Hansen's process server affixed the summons and First Amended Complaint to the door of Baksht's residence at 719 Eastern Parkway, Suite 3, Brooklyn, New York 11213.  Doc. 89.  On July 29, 2011, the process server mailed the same to that address in a securely sealed wrapper with the words "PERSONAL and CONFIDENTIAL" written on it and not indicating on the outside that it is from an attorney or concerns a legal matter.  Doc. 89.  Pursuant to Section 308,  Baksht was properly served with the First Amended Complaint as of August 28, 2011, 10 days after the affidavit of service was filed with the Court. Baksht was required to file an Answer by September 19, 2011, which he has not done[2].  Service on Baksht complied with the applicable New York statute and Hansen is entitled to entry of default against Baksht.

---

[2]Hansen also contends that Baksht's numerous emails to Hansen's counsel regarding the lawsuit since March 10, 2011 confirm that Baksht is, in fact, aware of the lawsuit and that Hansen has been trying to serve him with the Complaint and Summons. Doc. 58 ¶ 11, Ex. 5.

*2. Service of Process under Florida law*

After Hansen's unsuccessful attempts to serve Consolidated and Mettemp at their place of business, Hansen served these Defendants through the Florida Secretary of State pursuant to Florida Statute § 48.181. Under Florida's substitute service statute, § 48.181, the Florida Secretary of State is automatically appointed as an agent for service of process to out-of-state corporations operating, conducting, engaging in, or carrying on a business or business venture in Florida. Fla. Stat. § 48.181. The statute states in pertinent part:

> The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

Fla. Stat. § 48.181.  Section 48.181 applies to service on nonresident individuals or businesses who conduct business in the state.  Fla. Stat. § 48.181. To perfect substitute service, the complaint must allege the jurisdictional requirements prescribed by the statute.  *See Labbee v. Harrington*, 913 So. 2d 679, 682 (Fla. Dist. Ct. App. 3d Dist. 2005).  Defendants Consolidated and Mettemp  are New York corporations that engage in substantial business activities within the State of Florida, thus, they may be served through the Secretary of State.  Doc. 82, ¶¶ 3, 6-7.

Section 48.161 requires substituted service be evidenced by registered or certified mailing to the nonresident of the notice of such substituted service and  a copy of the process, which must be evidenced by the filing of the nonresident's return receipt and an affidavit of compliance by plaintiff or his or her attorney; or an appropriate officer's return showing service on the nonresident within or without the state of Florida.  Fla. Stat. § 48.161.  "Despite the requirement of strict compliance with

the statutory requirements, the courts have created an exception to the requirement that the plaintiff file the defendant's return receipt for those situations in which the defendant is actively refusing or rejecting the substituted service of process." *Verizon Trademark Servs., LLC v. Producers*, Inc., No. 8:10-cv-665-T-33EAJ, 2011 WL 3296812, at *4 (M.D. Fla. Aug. 2, 2011) (citation omitted). "Plaintiffs who use substituted service but fail to obtain a return receipt . . . must allege that the defendant is concealing his whereabouts, or that they had exercised due diligence in attempting to locate him." *Id.*

Hansen complied with the requirements of § 48.161 by sending by registered mail to the two nonresident Defendants copies of the notice of substituted service from the Florida Secretary of State, the Summons, and the First Amended Complaint with exhibits.  Dkt. 87 ¶¶ 9-10 (Aff. of compliance from Hansen's attorney Rick Mitchell, Doc. 87).  Hansen did not file a return receipt from the Defendants; but Hansen explains in Mr. Mitchell's Affidavit, along with the declarations of the process servers who attempted to serve Consolidated and Mettemp, that Consolidated and Mettemp have been actively rejecting, and avoiding service. Doc. 17, 58, 87.  *See Verizon Trademark Servs.*, 2011 WL 3296812, at *6 ("With knowledge of this action, Solares cannot be allowed to avoid personal and substitute service of process by failing to retrieve his own mail, by voluntarily remaining outside the jurisdiction of this Court and by failing to provide relevant information about his whereabouts to Plaintiffs in order to permit personal service of the Amended Complaint.")  Because Mettemp and Consolidated were properly served on July 28, 2011, in accordance with § 48.161, their deadline to respond to the First Amended Complaint was August 18, 2011.  These Defendants have not responded and Hansen is entitled to have default entered against them.

Hansen's Motion for Entry of Clerk's Default (Doc. No. 98) against Defendants David Baksht, Consolidated, Distributors, Inc. and Mettemp, Inc., is **GRANTED.**  The Clerk is **DIRECTED** to enter default against these three Defendants.

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record