UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("MBC"),<br><br>Plaintiff,<br><br>vs.<br><br>CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., JOE COOL,INC., JOE COOL BIKE WEEK INC., DAVID BAKSHT, MICHELLE AMAR, AND YOSEF AMAR;<br><br>Defendants. | Case No. 6:11-CV-329-ORL-22DAB<br><br>**DEFENDANTS CONSOLIDATED DISTRIBUTORS, INC. AND DAVID BAKSHT'S, ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM FOR DAMAGES AND INJUNCTIVE RELIEF WITH DEMAND FOR JURY TRIAL** |

Defendants, CONSOLIDATED DISTRIBUTORS, INC. AND DAVID BAKSHT (collectively referred to as "Defendants") hereby answer and assert their affirmative defenses to the First Amended Complaint and assert their Counterclaim against Plaintiff as follows:

### JURISDICTION AND VENUE

1.      Defendants admit the allegations contained in Paragraph 1 of the Complaint for jurisdictional purposes only, all else is denied.

2.      Defendants admit the allegations contained in Paragraph 2 of the Complaint for jurisdictional purposes only, all else is denied.

3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint and demand strict proof thereof.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5.      Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 5 of the Complaint and,, therefore, deny same and demand strict proof thereof.

6.      In response to the allegations contained in Paragraph 6 of the Complaint, Defendants admit that Defendant Consolidated Distributors, Inc. ("CDI") is a New York corporation with its principal place of business located at 719 Eastern Parkway, Brooklyn, New York 11213. Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint and demand strict proof thereof.

7.      Paragraph 7 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 7 may be applied to these Defendants, they are deemed denied.

8.      Paragraph 8 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 8 may be applied to these Defendants, they are deemed denied.

9.      Paragraph 9 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 9 may be applied to these Defendants, they are deemed denied.

10.      In response to the allegations contained in Paragraph 10 of the Complaint, Defendants admit that Defendant David Baksht resides at 719 Eastern Parkway, Brooklyn, New York 11213. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint and demand strict proof thereof.

11.      Defendants deny the allegations contained in Paragraph 11 of the Complaint and demand strict proof thereof.

12.      Paragraph 12 is not addressed to these Defendants, however, Defendants deny that Defendant Michelle Amar resides at 719 Eastern Parkway, Brooklyn, New York 11213, and to the

extent any of the remaining allegations in Paragraph 12 may be applied to these Defendants, they are deemed denied.

13.    Paragraph 13 is not addressed to these Defendants, however, Defendants deny that Defendant Yosef Amar resides at 719 Eastern Parkway, Brooklyn, New York 11213, and to the extent any of the remaining allegations in Paragraph 13 may be applied to these Defendants, they are deemed denied.

## COMMON LAW ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A.    MBC's Trademarks

14.    Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and, therefore, deny same and demand strict proof thereof.

15.    In response to the allegations contained in Paragraph 15 of the Complaint, Defendants admit that Plaintiff has alleged start of sale of its drink product in 2002.  Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint and demand strict proof thereof.

16.    Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 16 of the Complaint and, therefore, deny same and demand strict proof thereof.

17.    Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 17 of the Complaint and, therefore, deny same and demand strict proof thereof.

18.    Defendants lack knowledge and lack information to either admit or deny the

3

allegations contained in Paragraph 18 of the Complaint and, therefore, deny same and demand strict proof thereof.

19.     In response to the allegations contained in Paragraph 19 of the Complaint, Defendants admit that Plaintiff alleged it filed various marks with the USFFO. Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint and demand strict proof thereof.

20.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 20 of the Complaint and, therefore, deny same and demand strict proof thereof

21.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 21 of the Complaint and, therefore, deny same and demand strict proof thereof.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint and demand strict proof thereof.

23.     In response to the allegations contained in Paragraph 23 of the Complaint, Defendants admit that Plaintiff has various drink products. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint and demand strict proof thereof.

24.     In response to the allegations contained in Paragraph 24 of the Complaint, Defendants admit that Plaintiff's products are sold with the mark M and the word "Monster". Defendants lack knowledge and lack information to either admit or deny the remaining allegations contained in Paragraph 24 of the Complaint and, therefore, deny same and demand strict proof thereof.

25.     Defendants lack knowledge and lack information to either admit or deny the

allegations contained in Paragraph 25 of the Complaint and, therefore, deny same and demand strict proof thereof.

26.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 26 of the Complaint and, therefore, deny same and demand strict proof thereof.

27.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 27 of the Complaint and, therefore, deny same and demand strict proof thereof.

**B.     Defendants Infringement of the Mark**

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint and demand strict proof thereof, however, Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 28 as to the other Defendants.

29.     Paragraph 29 is admitted as to these Defendants, however, Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 29 as to the other Defendants.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint and demand strict proof thereof.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint and demand strict proof thereof.

32.     In response to the allegations contained in Paragraph 32 of the Complaint, Defendants admit that Consolidated filed the application to the Trademark Office. Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint and demand strict

proof thereof.

33.     In response to the allegations contained in Paragraph 33 of the Complaint, Defendants admit that Yosef Amar signed the application to the Trademark Office. Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint, refer to the application for a full and complete statement of its terms and demand strict proof thereof.

34.     In response to the allegations contained in Paragraph 34 of the Complaint, Defendants admit that Consolidated filed the application to the Florida Department of State Division of Corporations. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint and demand strict proof thereof.

35.     In response to the allegations contained in Paragraph 35 of the Complaint, Defendants admit that Yosef Amar signed the application to the Florida Department of State Division of Corporations. Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint, refer to the application for a full and complete statement of its terms and demand strict proof thereof.

36.     In response to the allegations contained in Paragraph 36 of the Complaint, Defendants admit that Consolidated filed the application to the Florida Department of State Division of Corporations. Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint and demand strict proof thereof.

37.     In response to the allegations contained in Paragraph 37 of the Complaint, Defendants admit that Yosef Amar signed the application to the Florida Department of State Division of Corporations. Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint, refer to the application for a full and complete statement of its terms and demand strict proof thereof.

38.     In response to the allegations contained in Paragraph 38 of the Complaint, Defendants admit that Consolidated filed the application to the Florida Department of State Division of Corporations.   Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint and demand strict proof thereof.

39.     In response to the allegations contained in Paragraph 39 of the Complaint, Defendants admit that Yosef Amar signed the application to the Florida Department of State Division of Corporations. Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint, refer to the application for a full and complete statement of its terms and demand strict proof thereof.

40.     In response to the allegations contained in Paragraph 38 of the Complaint, Defendants admit that Consolidated filed the application to the New Jersey Division of Revenue. Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint and demand strict proof thereof.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint and demand strict proof thereof, except refer to the application for a full and complete statement of its terms.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint and demand strict proof thereof.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint and demand strict proof thereof.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint and demand strict proof thereof.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint and

demand strict proof thereof.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint and demand strict proof thereof.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint and demand strict proof thereof.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint and demand strict proof thereof.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint and demand strict proof thereof.

## COUNT ONE

(Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114)

50.    As to Paragraph 50 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-49 above, in their entirety, as if fully recited herein.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint and demand strict proof thereof.

52.    Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 52 of the Complaint and, therefore, deny same and demand strict proof thereof.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint and demand strict proof thereof.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint and demand strict proof thereof.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint and demand strict proof thereof.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint and demand strict proof thereof.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint and demand strict proof thereof.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint and demand strict proof thereof.

## COUNT TWO

(Federal Dilution of the Trademark Under 15 U.S.C. § 1125(C))

59.     As to Paragraph 59 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-58 above, in their entirety, as if fully recited herein.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint and demand strict proof thereof.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint and demand strict proof thereof.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint and demand strict proof thereof.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint and demand strict proof thereof.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint and demand strict proof thereof.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint and demand strict proof thereof.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint and demand strict proof thereof.

## COUNT THREE

(False Designation of Original Under 15 U.S.C. § 1125(A))

67.     As to Paragraph 67 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-66 above, in their entirety, as if fully recited herein.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint and demand strict proof thereof.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint and demand strict proof thereof.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint and demand strict proof thereof.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint and demand strict proof thereof.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint and demand strict proof thereof.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint and demand strict proof thereof.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint and demand strict proof thereof.

## COUNT FOUR

(Copyright Infringement Under 17 U.S.C. § 501)

75.     As to Paragraph 75 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-74 above, in their entirety, as if fully recited herein.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint and demand strict proof thereof.

77.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 77 of the Complaint and, therefore, deny same and demand strict proof thereof

78.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 78 of the Complaint and, therefore, deny same and demand strict proof thereof.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint and demand strict proof thereof.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint and demand strict proof thereof.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint and demand strict proof thereof.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint and demand strict proof thereof.

## COUNT FIVE

(False Attribution Under 17 U.S.C. § 106(A))

83.     As to Paragraph 83 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-82 above, in their entirety, as if fully recited herein.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint and demand strict proof thereof.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint and demand strict proof thereof.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint and demand strict proof thereof.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint and demand strict proof thereof.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint and demand strict proof thereof.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint and demand strict proof thereof.

## COUNT SIX

(Cancellation of Florida Trademarks under § 495.101, FLA. STAT. (2010))

90.     As to paragraph 90 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-89 above, in their entirety, as if fully recited herein.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint and demand strict proof thereof.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint and

demand strict proof thereof.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint and demand strict proof thereof.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint and demand strict proof thereof.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint and demand strict proof thereof.

## COUNT SEVEN

### (Florida Statutory Unfair Competition)

96.     As to Paragraph 96 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-95 above, in their entirety, as if fully recited herein.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint and demand strict proof thereof.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint and demand strict proof thereof.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint and demand strict proof thereof.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint and demand strict proof thereof.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint and demand strict proof thereof.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint and

demand strict proof thereof.

## COUNT EIGHT

(Florida Common Law Unfair Competition)

103.    As to Paragraph 103 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-102 above, in their entirety, as if fully recited herein.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint and demand strict proof thereof.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint and demand strict proof thereof.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint and demand strict proof thereof.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint and demand strict proof thereof.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint and demand strict proof thereof.

## COUNT NINE

(Statutory Dilution Under § 495.151, Fla. Stat. (2010))

109.    As to Paragraph 109 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-108 above, in their entirety, as if fully recited herein.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint and demand strict proof thereof.

14

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint and demand strict proof thereof.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint and demand strict proof thereof.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint and demand strict proof thereof.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint and demand strict proof thereof.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint and demand strict proof thereof.

## COUNT TEN

(Cancellation of New Jersey Trademark under N.J. Stat. Ann. § 56:3-13.8)

116.    As to Paragraph 116 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-115 above, in their entirety, as if fully recited herein.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint and demand strict proof thereof.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint and demand strict proof thereof.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint and demand strict proof thereof.

120.    Defendants deny the allegations contained in Paragraph 120 of the Complaint and demand strict proof thereof.

121.    As to any allegations in the Amended Complaint not specifically admitted, it should be deemed denied.

## AFFIRMATIVE DEFENSES

122.    As and for their First Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state that Plaintiff's claims are barred by the doctrine of unclean hands. Specifically, Plaintiff seeks to improperly extend marks for use on its beverage to apparel, mismarking and misusing registration markings on apparel associated with Monster Energy Drink.

123.    As and for their Second Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Plaintiffs mark lacks secondary meaning.   In particular, Defendants state that Plaintiff's mark, *i.e.,* the letter "M," is generic, or descriptive at best, and has not become distinctive as purchasers do not associate the letter "M" with Plaintiff in connection with clothing.

124.    As and for their Third Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Plaintiffs mark in the context of t-shirts and apparel is generic.   In particular, while, arguably, Plaintiff's claw mark that appears to be ripped through an aluminum can may be a fanciful trademark for a beverage, a claw marks are a generic symbol in connection with t-shirts and apparel, and has not become distinctive as purchasers do not associate a claw mark with Plaintiff in connection with clothing.

125.    As and for their Fourth Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state their denial that there is a likelihood of confusion. Specifically, Defendants state that no likelihood of confusion is created because the marks

themselves are not confusingly similar, as Plaintiffs registered use of the "M" Clawmark alone, as set forth in the trademark registrations under Exhibits A to I and K to the Complaint, is limited to beverages and stickers. Plaintiff's registered trademark for use on apparel is not limited to the "M" mark alone, but instead, the entire mark consists of Plaintiffs "M" mark plus the words "Monster Energy," as set forth in the trademark registration under Exhibit J to the Complaint. In direct contrast, Defendants' use of their 3DL mark is limited to apparel, including t-shirts and tank-tops and is not an "M" but three drooping lines that form the image of a claw mark.

126. As and for their Fifth Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state in the alternative, that in the event any likelihood of confusion is found, Plaintiff is not the senior user of the mark. Specifically, Defendants state they have priority of usage of the mark over Plaintiff, as the mark was used by Defendant's assignor of the mark, Defendant Joe Cool, Inc., for clothing prior to any use by Plaintiff.

127. As and for their Sixth Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state that Defendant David Baksht is not a proper party to this action and Plaintiff has failed to state a cause of action against Defendant Baksht for personal liability.

128. Defendants reserve the right to amend and/or supplement their affirmative defenses to the Complaint as additional information is learned through discovery.

WHEREFORE, Defendants respectfully request this Court to dismiss each and every one of Plaintiffs claims upon the merits with prejudice, enter judgment against Plaintiff, awarding Defendants their taxable costs and attorney's fees as permitted by law, together with such other and further relief as the Court deems just and proper.

## COUNTERCLAIM FOR DAMAGES AND INJUNCTWE RELIEF WITH DEMAND FOR JURY TRIAL

129.     Defendant/Counterclaimant, CONSOLIDATED DISTRIBUTORS, INC.

("Defendant") by and through its undersigned counsel, hereby sues Plaintiff/Counter-Defendant,

HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ('Plaintiff')

and alleges as follows:

## PARTIES. JURISDICTION AND VENUE

130.     This is an action for: (a) damages, including punitive damages, and attorney's fees

and costs for wrongful seizure under 15 U.S.C. 1116(d), and in the alternative (b) damages and

injunctive relief for reverse confusion under 15 U.S.C. 1125(a); and (c) damages and injunctive

relief for unfair competition arising under Florida common law.

131.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338 because

Defendant's claims for violations of the United States Trademark Act, Title 15 of the United States

Code, arises under federal law. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §

1367 over Plaintiffs state law claim because that claim is so related to the federal claim that they

form part of the same case or controversy. In addition, jurisdiction over all claims is proper under

28 U.S.C. § 1332 because there is a complete diversity of citizenship between the Plaintiff and the

Defendants, and the amount in controversy exceeds seventy-five-thousand dollars.

132.     Plaintiff is subject to the personal jurisdiction of this Court pursuant to Fla. Stat. §

48.193(1)(a) because Plaintiff has conducted, engaged in and carried out a business venture within

the State of Florida; pursuant to Fla. Stat. § 48.193(b) because Plaintiff has committed tortious acts

within the State of Florida; and pursuant to Fla. Stat. §48.193(2) because Plaintiff has engaged in

substantial and not isolated business activities within the State of Florida.

133. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 550 Monica Circle, Suite 201, Corona, California 92880.

134. Defendant/Counterclaimant Consolidated Distributors, Inc. is ("CDI") is a New York corporation with its principal place of business located at 719 Eastern Parkway, Brooklyn, New York 11213. CDI is in the business of trademark licensing.

135. Defendant, Joe Cool, Inc. is a Florida corporation with its principle place of business at 1052 N. Beach St., Holly Hill, Florida 32117.

136. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this Judicial District.

## GENERAL ALLEGATIONS

137. Joe Cool, Inc. is in the business of sale of clothing, primarily t-shirts with a heat transfer iron-on affixed to the shirt, as well as other various goods for the beach crowd, including such items as suntan lotion, towels and associated products.

138. Joe Cool, Inc. is well known as one of the best and most varied t-shirt shops in the area, and for providing customers with a good product.

139. Joe Cool Inc., began using the 3DL mark in the mid 1990's.

140. Prior to the events alleged herein Joe Cool Inc. sold and assigned the 3DL mark to CDI, and has licensed the 3DL mark back to Joe Cool Inc.

141. CDI's 3DL mark (three drooping lines) has been utilized for numerous years by a multitude of clothing and heat transfer users.

142. All of the uses of the 3DL mark are limited to apparel, including t-shirts and tank-tops.

19

143. Plaintiffs use of the M Claw Trademark did not start until 2002, and such use is still not well known within the general population.

144. Plaintiff's registered use of the "M" Clawmark alone, as set forth in the trademark registrations under Exhibits A to I and K to the Complaint, is limited to beverages and stickers.

145. Plaintiffs registered trademark for use on apparel is not limited to the "M" Clawmark alone, but instead, the entire mark consists of Plaintiffs "M" Clawmark plus the words "Monster Energy," as set forth in the trademark registration under Exhibit J to the Complaint.

### COUNT I

(In The Alternative, Reverse Confusion Under 15 U.S.C. § 1125(A))

146. Defendant realleges Paragraphs 128-145, as if fully set forth herein.

147. In the alternative, in the event Defendant's 3DL mark is found to be confusingly similar to Plaintiffs M Claw Trademark, this is a claim for damages and relief from reverse confusion arising under 15 U.S.C. § 1125.

148. Plaintiff has created a false designation of origin or symbol, or device, or combination thereof, likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of their product with Defendant's 3DL mark in connection with the advertisement, offering for sale of apparel by Plaintiff.

149. Plaintiff as the junior user has saturated the market with its M Claw Trademark that is similar or identical to that of Defendant's 3DL mark.

150. Plaintiffs saturation of the market with its substantially similar or identical mark has overwhelmed Defendant and its assignees as the senior users.

151.   Defendant is informed and believes, and on that basis alleges that Plaintiff did so with the intent to compete against Defendant causing confusion and mistake among customers and the public.

152.   Defendant is informed and believes, and on that basis alleges, that Plaintiff had actual knowledge and/or constructive knowledge of Defendant's prior use of their 3DL mark, and without the consent of Defendant, has willfully violated 15 U.S.C. § 1125(a).

153.   Upon information and belief, Plaintiff's conduct has been willful and deliberate.

154.   Plaintiff's aforementioned acts have injured Defendant and damaged Defendant in an amount in excess of seventy-five-thousand dollars ($75,000.00) to be determined at trial.

155.   By its actions, Plaintiff has irreparably injured Defendant. Such irreparable injury will continue until and unless Plaintiff is preliminarily and permanently enjoined by this Court from further violation of Defendant's' rights, for which Defendant has no adequate remedy at law.


## COUNT III

(In the Alternative, Florida Common Law Unfair Competition)

156.   Defendant realleges Paragraphs 128-155, as if fully set forth herein.

157.   In the alternative, this is a claim for common law unfair competition arising under Florida common law.

158.   By virtue of the acts complained of herein, Plaintiff has intentionally caused a likelihood of confusion among the public and have unfairly competed in violation of Florida common law.

159.   Upon information and belief, Plaintiff's violations of Florida unfair competition common law has been willful and deliberate.

160.    Plaintiff's acts have injured Defendant in an amount to be proven at trial.

161.    By its actions, Plaintiff has irreparably injured Defendant. Such irreparable injury will continue until and unless Plaintiff is preliminarily and permanently enjoined by the Court from further violation of Defendant's rights, for which Defendant has no adequate remedy at law.

## COUNT IV

### (Cancellations of Registrations)

162.    Defendant realleges Paragraphs 128-155, as if fully set forth herein.

163.    Joe Cool Inc., has used, promoted and advertised the 3DL Mark continuously since 1993 and has acquired substantial common law rights in the mark.

164.    Since 1993 Joe Cool Inc., has expended considerable funds in all terms of advertising, marketing and promotion to other distributors and end users during its approximate two decades history.

165.    As a result of Joe Cool Inc.'s efforts the 3DL Mark is known in biker circles and in beach shops for novelty tee-shirts, sweatshirts and like clothing, as an indicator of the source of products provided in connection with the Mark, and establishing good will in the Mark.

166.    Hansen did file registrations/applications in the United States Patent and Trademark Office for a M Claw Mark on clothing, including Registration No. 3908601, registered on January 18, 2011, and pending Application No. 85094362, filed on July 28, 2010.

167.    Although Defendant does not believe there is confusion on the likelihood of confusion, in the alternative, should it be found confusion exists, Defendant and its assignees are the senior users and the registrations of Hansen should be cancelled.

22

## DEMAND FOR JURY TRIAL

168. Defendant hereby demands a jury trial as provided by Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimants, Consolidated Distributors, Inc., respectfully requests this Court to:

A. Dismiss each and every one of Plaintiff, HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY's ("Plaintiff") claims upon the merits with prejudice.

B. Deny Plaintiff injunctive relief and damages.

C. Find no confusion between Plaintiffs mark and Defendant's mark.

D. Grant Defendant actual damages, attorneys' fees and costs, and punitive damages under 15 U.S.C. 1116(d) for wrongful seizure of goods.

E. In the alternative, if there is any likelihood of confusion found between the Plaintiff's mark and Defendant's mark, declare Defendant the senior user of the mark and vacate/cancel the trademark applications and registrations of Plaintiff as to clothing, or other goods as applicable.

F. Award Defendant actual damages and punitive damages.

G. Award Defendant pre-judgment and post-judgment interest.

H. Award Defendant injunctive relief.

I. Declare the case exceptional and award Defendant attorneys' fees and costs as permitted by law.

J.      Award Defendant such other relief as this Court deems proper and just.

Dated: March 16, 2012

Respectfully submitted,

MOSHE MORTNER, ESQ.
New York Bar No.: 2085801
mm@mortnerlaw.com
The Mortner Law Offices
40 Wall Street, 28th Floor
New York, NY 10005
646-820-8770 Telephone
646-304-3169 Facsimile
Lead Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC. and
DAVID BAKSHT

Peter J. Mackey
Florida Bar No.: 0629138
Kristina Hager Snyderman
Florida Bar No.: 0089327
MACKEY LAW GROUP, P.A.
1402 Third Avenue West
Bradenton, FL 34205
(941) 746-6225 Telephone
(941) 748-6584 Facsimile
Local Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC. and
DAVID BAKSHT

24

CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Peter J. Mackey
Florida Bar No.: 0629138
Kristina Hager Snyderman
Florida Bar No.: 0089327
MACKEY LAW GROUP, P.A.
1402 Third Avenue West
Bradenton, FL 34205
(941) 746-6225 Telephone
(941) 748-6584 Facsimile
Local Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC. and
DAVID BAKSHT