UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("MBC"),<br><br>Plaintiff,<br><br>vs.<br><br>CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., JOE COOL, INC., JOE COOL BIKE WEEK INC., DAVID BAKSHT, MICHELLE AMAR, AND YOSEF AMAR;<br><br>Defendants. | Case No. 6:11-CV-329-ORL-22DAB<br><br>**DEFENDANTS' MEMORANDUM OF LEGAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT OF DEFAULT** |

Defendants Consolidated Distributors, Inc. ("CDI") and David Baksht (together the "Defendants") submit this memorandum of legal authority in opposition to Plaintiff's Motion for Entry of Final Default Judgment (Doc. 112).

**Relevant Procedural History And Facts**

On March 3, 2011, Plaintiff Hansen Beverage Company, d/b/a Monster Beverage Company, filed the Complaint against Defendants in this Court (Doc. 2).

On March 22, 2011, Plaintiff filed its Return of Service, alleging that Defendant Baksht was served on March 16, 2011 (Doc. 29).

**87** days after effecting service on Defendant Baksht, on June 17, 2011, Plaintiff moved for entry of clerk's default against Defendant Baksht (Doc. 77). No motion for entry of default was made against Defendant CDI.

On June 30, 2011, Plaintiff moved for leave to amend the Complaint (Doc. 78).

On July 8, 2011, the Court granted Plaintiff's motion to amend the Complaint and denied the motion for entry of default against Defendant Baksht as moot (Doc. 81).

On July 8, 2011, Plaintiff filed an Amended Complaint (Doc. 82).

On July 28, 2011, Plaintiff filed its Notice of Filing Affidavit of Compliance pertaining to the service of Defendant CDI, alleging that on July 14, 2011, Plaintiff served Defendant CDI via the Secretary of State (Doc. No. 87).

On August 18, 2011, Plaintiff filed Return of Service as to Defendant Baksht, alleging that Defendant Baksht was served on July 29, 2011 (Doc. 89).

On September 9, 2011, Plaintiff moved for entry of Clerk's default in connection with the Amended Complaint as to both Defendant CDI and Defendant Baksht (Doc. 90).

On October 7, 201,1 the Court denied Plaintiff's motion for entry of default as being insufficient for failure to include a memorandum of law concerning New York rules of substitute service (Doc. 91).

On December 22, 2011, Plaintiff moved again for entry of Clerk's default against Defendants. The motion was filed **76** days after the Court denied Plaintiff's first motion for entry of Clerk's default (Doc. 91), **146** days after effecting service on Defendant Baksht and **161** days after effecting service of the Amended Complaint on Defendant CDI (Doc. 98).

This time, on January 30, 2012 the Court granted Plaintiff's motion for Entry of Clerk's Default (Doc. 98). Thereafter, on January 31, 2012, the Clerk entered default as to Defendants (Doc. 105).

On March 16, 2012, Defendants filed their Answer to the Amended Complaint (Doc. 109). Also on March 16, 2012, Defendants moved to set aside the Clerk's entry of Default (Doc. 110).

Subsequent to Defendants' motion to set aside, Plaintiff moved later that same day, March 16, 2012, for entry of a final judgment of default (Doc. 112).

Plaintiff's motion for entry of final default judgment against the Defendants comes **45** day after the Clerk's entry of default and **246** days after effecting service on Defendant CDI and **231** days after effecting service on Defendant Baksht.

## Argument

### I. THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT.

Local Rule 1.07(b) sets forth a plaintiff's responsibilities should a defendant fail to respond:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed.R.Civ.P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed.R.Civ.P., and shall then ***proceed without delay to apply for a judgment*** pursuant to Rule 55(b), Fed.R.Civ.P., failing which t***he case shall be subject to dismissal sixty (60) days after such service*** without notice and without prejudice; provided, however, such time may be extended by order of the Court ***on reasonable application with good cause shown*** (Emphasis added).

M.D. Fla. R. 1.07(b). "Thus, a party must apply for an entry of default and a default judgment within sixty (60) days after the service of process." *Petillo v. World Sav. Bank, FSB,* 2009 WL 3790194 (M.D.Fla. Nov. 10, 2009). "Such time may be extended by order of

3

the Court on reasonable application with good cause shown," and excusable neglect if the deadline has passed. *Id.*; Fed.R.Civ.P. 6(b)(1)(B).

Plaintiff has disregarded the duties imposed by Local Rule 1.07(b). Both the Application for Clerk's entry default and the Motion for default judgment were filed **more than sixty days** after the date of service of the Amended Complaint, **161** days and **246** days respectively. The instant Motion for default judgment was filed over half of a year (186 days) after the sixty-day deadline had passed.

Furthermore, after Plaintiff's first Application for Clerk's entry of default was rejected by the Court for lacking a memorandum of law, Plaintiff waited **76** days to re-file the Application. Then after the Clerk entered default, Plaintiff waited another **45** days to bring the instant motion (in reaction to Defendants' motion to set aside the Clerk's entry of default). Waiting **45** days to move for judgment fails to comply with Local Rule 1.07(b), wherein it states that after the Clerk's entry of default plaintiff must *"proceed without delay to apply for a judgment."*

Plaintiff has also failed to comply with Local Rule 1.07(b) because neither the Application nor the instant Motion asserts allegations of good cause or excusable neglect for the late filings.

Based on the foregoing, Plaintiff's case should have previously been dismissed without prejudice pursuant to Local Rule 1.07(b).

In *J. Christopher's Restaurants, LLC v. Kranich*, 2010 WL 4007666 (M.D.Fla. Oct. 13, 2010) this Court considered similar facts. Plaintiff in that case moved for Summary Judgment in a trademark infringement case, and the Court held,

> Plaintiffs plausibly argue that Defendants' failure to timely answer the Amended Complaint constitutes an admission of these allegations. *(Citations omitted.)* However, the proper response to that failure would have been to promptly move for entry of default and a default judgment pursuant to Fed.R.Civ.P. 55. *See* Local Rule 1.07(b). In the circumstances, the Court will provide Defendants a final opportunity to defend this action on the merits. Further disregard of deadlines and court orders will result in sanctions.

Based on the foregoing, it is requested the Court deny Plaintiff's motion for entry of final default judgment.

## II. THE COURT SHOULD CONSIDER FURTHER ACTION AS A RESULT OF PLAINTIFF'S CONDUCT.

Beyond denial of the instant motion, the Court has broad discretion to take further steps. As noted above, in *J. Christopher's Restaurants, LLC, supra*, the Court denied the plaintiff's motion and ordered that defendant may file an answer to the complaint. Alternatively, in *Petillo, supra*, the Court denied the plaintiff's motion for default, and then on its own motion the Court dismissed the complaint without prejudice.

Finally, in *Willis v. Ryan Inc. Eastern*, 2006 WL 5085245 (M.D.Fla. July 5, 2006), on consideration of a motion for default judgment the Magistrate recommended that the motion be denied and that the plaintiff's case be dismissed *with* prejudice pursuant to Fed.R.Civ.P. 41(b) and Local Rule 1.07(b). The Court in *Willis* noted that in that case there had been repeated delays by the plaintiff in prosecuting the case, and the plaintiff had repeatedly failed to act in a timely manner.

Plaintiff's history of disregard for the Court's rules, as described above, coupled with Plaintiff's misrepresentations to the Court in its initial *ex parte* seizure motion, demonstrate a

lack of respect for this Court and warrants that the Court's decision on the instant motion impact forcefully upon Plaintiff.

WHEREFORE, the Defendants respectfully request that the Court deny Plaintiff's motion for entry of final default judgment and request such further relief as the Court deems just and proper.

Respectfully submitted this 30th day of March, 2012.

MOSHE MORTNER, ESQ.
New York Bar No.: 2085801
mm@mortnerlaw.com
The Mortner Law Offices
40 Wall Street, 28th Floor
New York, NY 10005
646-820-8770 Telephone
646-304-3169 Facsimile
Lead Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC. and
DAVID BAKSHT

Peter J. Mackey
Florida Bar No.: 0629138
Kristina Hager Snyderman
Florida Bar No.: 0089327
MACKEY LAW GROUP, P.A.
1402 Third Avenue West
Bradenton, FL 34205
(941) 746-6225 Telephone
(941) 748-6584 Facsimile
Local Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC. and
DAVID BAKSHT

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Peter J. Mackey
Peter J. Mackey
Florida Bar No.: 0629138
Kristina Hager Snyderman
Florida Bar No.: 0089327
MACKEY LAW GROUP, P.A.
1402 Third Avenue West
Bradenton, FL 34205
(941) 746-6225 Telephone
(941) 748-6584 Facsimile
Local Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC. and
DAVID BAKSHT