**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY,
d/b/a MONSTER BEVERAGE
COMPANY,

        Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., JOE COOL,
INC., JOE COOL BIKE WEEK INC.,
MICHELLE AMAR, YOSEF AMAR,
DAVID BAKSHT (a/k/a David Lipsker
a/ka David Bakshet a/ka D Bakht a/k/a
David Bakshet a/k/a DM Schneerson
a/k/a Abraham Shneorson),

        Defendants.
_____/

Case No. 6:11-CV-329-ORL-22DAB

**PLAINTIFF'S ANSWER TO DEFENDANTS'**
**AMENDED COUNTERCLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff and Counter Defendant Monster Energy Company, formerly known as Hansen Beverage Company d/b/a Monster Beverage Company ("MEC"), hereby files its Answer and Affirmative Defenses to Defendants Consolidated Distributors, Inc. and David Baksht's (collectively "Defendants") Counterclaim For Damages and Injunctive Relief. MEC denies all allegations, argument, contentions, characterizations, implications, facts and legal conclusions not specifically and expressly admitted herein.

1

130. Responding to paragraph 130 of Defendants' Amended Counterclaims, MEC admits that Defendants purport to sue Plaintiff. MEC denies any remaining allegations in paragraph 130.

**PARTIES, JURISDICTION, AND VENUE**

131. Responding to paragraph 131 of Defendants' Amended Counterclaims, MEC admits that Defendants purport to allege claims for (a) damages and injunctive relief for reverse confusion under 15 U.S.C. 1125(a); (b) damages, including punitive damages, and attorney's fees and costs for wrongful seizure under 15 U.S.C. 1116(d); (c) declaratory judgment under 28 U.S.C. § 2201; and (d) damages and injunctive relief for unfair competition, abuse of process, and tortuous interference arising under Florida common law. MEC denies that any grounds exist for such claims and denies all remaining allegations in paragraph 131.

132. Responding to paragraph 132 of Defendants' Amended Counterclaims, MEC admits that this Court has subject matter jurisdiction over Defendants' claims arising under the United States Trademark Act, Title 15 of the United States Code, Defendants' declaratory judgment claims, Defendants' claim under Florida law for unfair competition, and Defendants' claim under Florida law for interference with contractual relations. MEC denies that the amount in controversy in the causes of action asserted in Defendants' Amended Counterclaims exceeds seventy-five-thousand dollars and denies all remaining allegations in paragraph 132.

133. Responding to paragraph 133 of Defendants' Amended Counterclaims, MEC admits that it is subject to the personal jurisdiction of this Court and admits that

it has conducted business in the state of Florida. MEC denies that it has committed tortious acts and denies all remaining allegations in paragraph 133.

134. MEC admits the allegations in paragraph 134 of Defendants' Amended Counterclaims.

135. MEC admits the allegations in paragraph 135 of Defendants' Amended Counterclaims.

136. MEC lacks sufficient information or belief to admit or deny the allegations in paragraph 136, and therefore denies those allegations.

137. MEC admits the allegations in paragraph 137 of Defendants' Amended Counterclaims.

138. Responding to paragraph 138 of Defendants' Amended Counterclaims, MEC admits that venue is proper in this Court.

## **GENERAL ALLEGATIONS**

139. MEC denies the allegations in paragraph 139 of Defendants' Amended Counterclaims.

140. Responding to paragraph 140 of Defendants' Amended Counterclaims, MEC admits that New Jersey Trademark Registration No. TM23557 and Florida Trademark Registrations Nos. T10000001063, T10000000884, and T10000001102 appear to be registered in the name of Consolidated Distributors, Inc. MEC denies that Defendants own any legitimate rights in the trademarks that are the subject of these registrations and denies any remaining allegations in paragraph 140.

141. Responding to paragraph 141 of Defendants' Amended Counterclaims, MEC admits that Joe Cool, Inc. sells t-shirts and heat transfers to be affixed to t-shirts.  MEC lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 141, and therefore denies those allegations.

142. Responding to paragraph 142 of Defendants' Amended Counterclaims, MEC admits that Joe Cool, Inc. sells graphic t-shirts and heat transfers in its retail shop and to other shops. MEC lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 142, and therefore denies those allegations.

143. MEC lacks sufficient information or belief to admit or deny the allegations in paragraph 143 of Defendants' Amended Counterclaims, and therefore denies them.

144. MEC denies the allegations in paragraph 144 of Defendants' Amended Counterclaims.

145. MEC denies the allegations in paragraph 145 of Defendants' Amended Counterclaims.

146. MEC denies the allegations in paragraph 146 of Defendants' Amended Counterclaims.

147. MEC denies the allegations in paragraph 147 of Defendants' Amended Counterclaims.

148. MEC lacks sufficient information or belief to admit or deny the allegations in paragraph 148 of Defendants' Amended Counterclaims, and therefore denies those allegations.

149. MEC denies the allegations in paragraph 149 of Defendants' Amended Counterclaims.

150. MEC lacks sufficient information or belief to admit or deny the allegations in paragraph 150 of Defendants' Amended Counterclaims, and therefore denies those allegations.

151. Responding to paragraph 151 or Defendants' Amended Counterclaims, MEC admits that MEC first began using its M Claw mark in 2002. MEC denies the remaining allegations in paragraph 151 of Defendants' Amended Counterclaims.

152. MEC denies the allegations in paragraph 152 of Defendants' Amended Counterclaims.

153. MEC denies the allegations in paragraph 153 of Defendants' Amended Counterclaims.

## COUNT I

### (Cancellations of Registrations)

154. MEC realleges and incorporates by reference its responses to paragraphs 130-153 of Defendants' Amended Counterclaims as set forth above.

155. Responding to paragraph 155 of Defendants' Amended Counterclaims, MEC admits that its U.S. Trademark Registration No. 3,908,601 for the M Claw mark with the words "MONSTER ENERGY" appearing below the M Claw, for use in connection with clothing, registered January 18, 2011, is shown in Exhibit I to the Complaint. MEC further admits that Application No. 85094632 for its M Claw mark

for use in connection with clothing was filed July 28, 2010 and registered on November 8, 2011 as Trademark Registration No. 4,051,650. MEC denies that Application No. 85094632 is currently pending.

156. MEC denies the allegations in paragraph 156 of Defendants' Amended Counterclaims.

157. MEC denies the allegations in paragraph 157 of Defendants' Amended Counterclaims.

## COUNT II

### (Reverse Confusion Under 15 U.S.C. § 1125(A))

158. MEC realleges and incorporates by reference its responses to paragraphs 129-157 of Defendants' Amended Counterclaims as set forth above.

159. Responding to paragraph 159 of Defendants' Amended Counterclaims, MEC admits that Defendants purport to assert a claim for damages and relief from reverse confusion arising under 15 U.S.C. § 1125. MEC denies that any grounds exist for such claim and denies all remaining allegations in paragraph 159.

160. MEC denies the allegations in paragraph 160 of Defendants' Amended Counterclaims.

161. MEC denies the allegations in paragraph 161 of Defendants' Amended Counterclaims.

162. MEC denies the allegations in paragraph 162 of Defendants' Amended Counterclaims.

163. Responding to paragraph 163 of Defendants' Amended Counterclaims, MEC admits that its marketing includes marketing to motor-sport participants. MEC denies all remaining allegations in paragraph 163 of Defendants' Amended Counterclaims.

164. MEC denies the allegations in paragraph 164 of Defendants' Amended Counterclaims.

165. MEC denies the allegations in paragraph 165 of Defendants' Amended Counterclaims.

166. MEC denies the allegations in paragraph 165 of Defendants' Amended Counterclaims.

167. MEC denies the allegations in paragraph 167 of Defendants' Amended Counterclaims.

## COUNT III

### (Florida Common Law Unfair Competition)

168. MEC realleges and incorporates by reference its responses to paragraphs 130-167 of Defendants' Amended Counterclaims as set forth above.

169. Responding to paragraph 169 of Defendants' Amended Counterclaims, MEC admits that Defendants purport to allege a claim for unfair competition under Florida common law, but denies that any grounds exist for such claim.

170. MEC denies the allegations in paragraph 170 of Defendants' Amended Counterclaims.

171. MEC denies the allegations in paragraph 171 of Defendants' Amended Counterclaims.

172. MEC denies the allegations in paragraph 172 of Defendants' Amended Counterclaims.

173. MEC denies the allegations in paragraph 173 of Defendants' Amended Counterclaims.

## COUNT IV

### (Wrongful Seizure, 15 U.S.C. 1116(d)(11))

174. MEC realleges and incorporates by reference its responses to paragraphs 130-173 of Defendants' Amended Counterclaims as set forth above.

175. Responding to paragraph 175 of Defendants' Amended Counterclaims, MEC admits that it filed a Motion for an Ex Parte Seizure Order and Temporary Restraining Order and Order to Show Cause for Preliminary Injunction and supporting documents on March 3, 2011.

176. Responding to paragraph 176 of Defendants' Amended Counterclaims, MEC admits that the Court entered a Temporary Restraining Order, Order to Show Cause, and Order of Seizure on March 4, 2011. MEC denies all remaining allegations in paragraph 176.

177. Responding to paragraph 177 of Defendants' Amended Counterclaims, MEC admits that the TRO and Seizure Order authorized federal marshals to seize and impound merchandise and business records at Joe Cool, Inc.'s business offices and warehouse, located at 1052 N. Beach Street, Holly Hill, Florida 32117, and at

other locations or vehicles that the Defendants disclosed to the federal marshals. MEC denies all remaining allegations in paragraph 177 of Defendants' Amended Counterclaims.

178.   Responding to paragraph 178 of Defendants' Amended Counterclaims, MEC admits that federal marshals seized and impounded merchandise and business records located at Joe Cool, Inc. and/or Joe Cool Bike Week, Inc.'s place of business at 1052 North Beach Street, Holly Hill, Florida on March 7, 2011.  MEC denies all remaining allegations in paragraph 178 of Defendants' Amended Counterclaims.

179.   MEC denies the allegations in paragraph 179 of Defendants' Amended Counterclaims.

180.   Responding to paragraph 180 of Defendants' Amended Counterclaims, MEC admits that the Court issued an Order on March 30, 2011 denying MEC's motion for preliminary injunction.  MEC denies all remaining allegations in paragraph 180 of Defendants' Amended Counterclaims.

181.   MEC admits that the Court entered an ordering denying MEC's motion for reconsideration on April 13, 2011.

182.   Responding to paragraph 182 of Defendants' Amended Counterclaims, MEC admits the Court's order contains the language alleged. MEC denies that it obtained the TRO and Seizure Order in bad faith and denies all remaining allegations in paragraph 182 of Defendants' Amended Counterclaims.

183. MEC denies the allegations in paragraph 183 of Defendants' Amended Counterclaims.

184. MEC denies the allegations in paragraph 184 of Defendants' Amended Counterclaims.

185. Responding to paragraph 185 of Defendants' Amended Counterclaims, MEC admits that the Court stated in its ruling that Joe Cool, Inc., Joe Cool Bike Week, Inc., Yosef Amar, and Michelle Amar "are not the typical 'fly by night' counterfeiters." MEC denies the remaining allegations in paragraph 185 of Defendants' Amended Counterclaims.

186. MEC denies the allegations in paragraph 186 of Defendants' Amended Counterclaims.

187. Responding to paragraph 187 of Defendants' Amended Counterclaims, MEC admits the Court's order contains the language alleged. MEC denies all remaining allegations in paragraph 187 of Defendants' Amended Counterclaims.

188. Responding to paragraph 188 of Defendants' Amended Counterclaims, MEC admits the Court's order contains the language alleged. MEC denies all remaining allegations in paragraph 188 of Defendants' Amended Counterclaims.

189. MEC denies the allegations in paragraph 189 of Defendants' Amended Counterclaims.

190. MEC denies the allegations in paragraph 190 of Defendants' Amended Counterclaims.

191. MEC denies the allegations in paragraph 191 of Defendants' Amended Counterclaims.

192. MEC denies the allegations in paragraph 192 of Defendants' Amended Counterclaims.

193. MEC denies the allegations in paragraph 193 of Defendants' Amended Counterclaims.

194. MEC denies the allegations in paragraph 194 of Defendants' Amended Counterclaims.

195. MEC denies the allegations in paragraph 195 of Defendants' Amended Counterclaims.

196. MEC denies the allegations in paragraph 196 of Defendants' Amended Counterclaims.

197. MEC denies the allegations in paragraph 197 of Defendants' Amended Counterclaims.

## COUNT V

### (Florida Common Law Tort of Abuse of Process)

198. MEC realleges and incorporates by reference its responses to paragraphs 130-197 of Defendants' Amended Counterclaims as set forth above.

199. MEC denies the allegations in paragraph 199 of Defendants' Amended Counterclaims.

200. MEC denies the allegations in paragraph 200 of Defendants' Amended Counterclaims.

201. MEC denies the allegations in paragraph 201 of Defendants' Amended Counterclaims.

202. MEC denies the allegations in paragraph 202 of Defendants' Amended Counterclaims.

## COUNT VI

### (Declaratory Judgment)

203. MEC realleges and incorporates by reference its responses to paragraphs 130-202 of Defendants' Amended Counterclaims as set forth above.

204. Responding to paragraph 204 of Defendants' Amended Counterclaims, MEC admits that a Joint Consent Final Judgment and Permanent Injunction was filed on January 19, 2012.

205. Responding to paragraph 205 of Defendants' Amended Counterclaims, MEC admits that on October 25, 2011, Joe Cool, Inc. and Yosef Amar signed an Assignment Agreement in which they assigned "any and all rights, title or interest [in the 3DL marks] that may be construed to be that of Yosef Amar or Joe Cool, Inc." to MEC.  MEC denies any remaining allegations in paragraph 205 of Defendants' Amended Counterclaims.

206. Responding to paragraph 206 of Defendants' Amended Counterclaims, MEC admits that the Assignment Agreement contains the language alleged in paragraph 206 of Defendants' Amended Counterclaims.

207. Responding to paragraph 207 of Defendants' Amended Counterclaims, MEC admits that the Assignment Agreement contains the language alleged in paragraph 207 of Defendants' Amended Counterclaims.

208. Responding to paragraph 208 of Defendants' Amended Counterclaims, MEC admits that Defendants Amended Counterclaims purport to contend that Defendants own all right, title and interest in the 3DL marks and purport to contend that no right, title or interest was assigned through the Assignment Agreement. MEC denies Defendants' contentions and denies any remaining allegations in paragraph 208 of Defendants' Amended Counterclaims.

209. MEC denies the allegations in paragraph 209 of Defendants' Amended Counterclaims.

210. Responding to paragraph 210 of Defendants' Amended Counterclaims, MEC admits that the Assignment Agreement contains the language alleged in paragraph 210 of Defendants' Amended Counterclaims. MEC denies any remaining allegations in paragraph 210 of Defendants' Amended Counterclaims.

211. MEC lacks sufficient information or belief to admit or deny the allegations in paragraph 211 of Defendants' Amended Counterclaims and, on that basis, denies them.

212. Responding to paragraph 212 of Defendants' Amended Counterclaims, MEC admits that Defendants' Amended Counterclaims purport to seek a declaratory judgment against MEC, but denies that any grounds exist for such claim.

213. Responding to paragraph 213 of Defendants' Amended Counterclaims, MEC admits that Defendants seek injunctive relief against MEC, but denies that any grounds exist for such claim.

## COUNT VII

**(Florida Common Law Tort of Interference with Contractual Relations)**

214. MEC realleges and incorporates by reference its responses to paragraphs 130-213 of Defendants' Amended Counterclaims as set forth above.

215. MEC lacks sufficient information or belief to admit or deny the allegations in paragraph 215 of Defendants' Amended Counterclaims, and therefore denies those allegations.

216. MEC denies the allegations in paragraph 216 of Defendants' Amended Counterclaims.

217. MEC denies the allegations in paragraph 217 of Defendants' Amended Counterclaims.

218. MEC denies the allegations in paragraph 218 of Defendants' Amended Counterclaims.

219. MEC denies the allegations in paragraph 219 of Defendants' Amended Counterclaims.

220. MEC denies the allegations in paragraph 220 of Defendants' Amended Counterclaims.

## AFFIRMATIVE DEFENSES

MEC hereby asserts the following defenses against Defendants' alleged Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

1. Defendants' alleged counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendants' alleged claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants' alleged claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants' alleged claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants' alleged claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants' alleged claims are barred by the doctrine of acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendants' alleged "3 Drooping Lines" ("3DL") symbol is not a valid trademark of Defendants because of MEC's senior and valid M Claw Mark and use in commerce thereof, because Defendants have not used their alleged 3DL symbol in commerce as a source identifier for their products, and because Defendants'

alleged 3DL symbol has no secondary meaning in relation to Defendants or their products.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendants abandoned their alleged 3DL symbol by and through their failure to control use thereof, by assignment in gross, and/or lack of continued use.

### NINTH AFFIRMATIVE DEFENSE

9. Defendants' claims are barred, in whole or in part, because Defendants cannot prove with substantial, competent evidence that they incurred damages as a result of the Court Ordered seizure. In the alternative, MEC's alleged liability for the seizure is limited to the amount of the bond posted by MEC.

### TENTH AFFIRMATIVE DEFENSE

10. Defendants lack standing to bring their alleged counterclaims, including but not limited to Defendants counterclaims for Wrongful Seizure and Abuse of Process.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants' alleged counterclaims, including but not limited to their claims for Wrongful Seizure and Abuse of Process, are barred by the doctrines of res judicata and/or collateral estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

12. Defendants are barred from asserting their alleged counterclaims, including but not limited to their claims for Wrongful Seizure and Abuse of Process, because, in a Settlement Agreement dated October 25, 2011, Yosef Amar, Michelle

Amar, Joe Cool, Inc. and Joe Cool Bike Week, Inc., (collectively "the Joe Cool Defendants"), including Defendants' alleged joint venturer Joe Cool, Inc., released all claims against MEC.  Accordingly, if there is a joint venture between Defendants and the Joe Cool Defendants, the joint venture's claims and Defendants' claims are released through the Settlement Agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendants are barred from asserting their alleged counterclaims, including but not limited to their claims for Wrongful Seizure and Abuse of Process, because in a Settlement Agreement dated October 25, 2011, the Joe Cool Defendants, including Defendants' alleged joint venturer Joe Cool, Inc., agreed to arbitrate all claims relating to the Settlement Agreement.  Accordingly, if there is a joint venture between Defendants and the Joe Cool Defendants, the joint venture's claims and Defendants' claims are subject to the arbitration provision of the Settlement Agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants' alleged counterclaim for Abuse of Process is preempted by the remedies provided by the federal wrongful seizure statute, 15 U.S.C. § 1116(d).

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants' alleged counterclaims for Abuse of Process and Interference with Contractual Relations are barred by the common law litigation privilege.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. The relief sought by Defendants is barred in whole or in part by failure to mitigate.

## RESERVATION OF ADDITIONAL DEFENSES

17. There may be additional affirmative defenses to the claims alleged by Defendants that are currently unknown to MEC. Therefore, MEC reserves the right to amend its Answer to Counterclaims to allege additional affirmative defenses in the event that MEC's discovery of additional information indicates that they are appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MEC demands a trial by jury of all issues raised in Defendants' Amended Counterclaims which are triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, MEC respectfully requests that the Court render a Final Judgment:

    a) Dismissing with prejudice Defendants' alleged Counterclaims;

    b) Denying Defendants' request for relief in its entirety;

    c) Awarding MEC the full relief requested in its Complaint;

    d) Awarding MEC its costs and attorneys' fees in connection with this matter; and

e) Awarding MEC such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 14, 2012

By: /s/ *John B. Sganga, Jr.*
JOHN B. SGANGA, JR. ESQ.
(Admitted *Pro Hac Vice*)
john.sganga@kmob.com
LYNDA J. ZADRA-SYMES, ESQ.
(Admitted *Pro Hac Vice*)
lynda.zadra-symes@kmob.com
LAUREN K. KATZENELLENBOGEN, ESQ.
(Admitted *Pro Hac Vice*)
lauren.katzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, California 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile

Lead Trial Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

– and –

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile

Local Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                                                             /s/ *John B. Sganga, Jr.*
                                                                             John B. Sganga, Jr.

11700907