UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("MBC"),<br><br>Plaintiff,<br><br>vs.<br><br>CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., JOE COOL,INC., JOE COOL BIKE WEEK INC., DAVID BAKSHT, MICHELLE AMAR, AND YOSEF AMAR;<br><br>Defendants. | Case No. 6:11-CV-329-ORL-22DAB<br><br>**DEFENDANTS CONSOLIDATED DISTRIBUTORS, INC. AND DAVID BAKSHT'S, ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL** |

Defendants, CONSOLIDATED DISTRIBUTORS, INC. AND DAVID BAKSHT (collectively referred to as "Defendants") hereby answer and assert their affirmative defenses to the First Amended Complaint and assert their Counterclaim against Plaintiff as follows:

**JURISDICTION AND VENUE**

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint for jurisdictional purposes only, all else is denied.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint for jurisdictional purposes only, all else is denied.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint and demand strict proof thereof.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5. Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 5 of the Complaint and,, therefore, deny same and demand strict proof thereof.

6. In response to the allegations contained in Paragraph 6 of the Complaint, Defendants admit that Defendant Consolidated Distributors, Inc. ("CDI") is a New York corporation with its principal place of business located at 719 Eastern Parkway, Brooklyn, New York 11213. Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint and demand strict proof thereof.

7. Paragraph 7 is not addressed to these Defendants, however, to the extent any of the allegations in Paragraph 7 may be applied to these Defendants, they are deemed denied.

8. In response to the allegations contained in Paragraph 8 of the Complaint, Defendants admit that Defendant David Baksht resides at 719 Eastern Parkway, Brooklyn, New York 11213. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint and demand strict proof thereof.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint and demand strict proof thereof.

## COMMON LAW ALLEGATIONS FOR ALL CLAIMS OF RELIEF

**A.    MBC's Trademarks**

10. Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 10 of the Complaint and, therefore, deny same and demand strict proof thereof.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Defendants admit that Plaintiff has alleged start of sale of its drink product in 2002. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint and demand strict proof thereof.

12. Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 12 of the Complaint and, therefore, deny same and demand strict proof thereof.

13. Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 13 of the Complaint and, therefore, deny same and demand strict proof thereof.

14. Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and, therefore, deny same and demand strict proof thereof.

15. In response to the allegations contained in Paragraph 15 of the Complaint, Defendants admit that Plaintiff alleged it filed various marks with the USPTO. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint and demand strict proof thereof.

16. Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 16 of the Complaint and, therefore, deny same and demand strict proof thereof

17. Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 17 of the Complaint and, therefore, deny same and demand strict proof thereof.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint and demand strict proof thereof.

19.     In response to the allegations contained in Paragraph 19 of the Complaint, Defendants admit that Plaintiff has various drink products. Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint and demand strict proof thereof.

20.     In response to the allegations contained in Paragraph 20 of the Complaint, Defendants admit that Plaintiff's products are sold with the mark M and the word "Monster". Defendants lack knowledge and lack information to either admit or deny the remaining allegations contained in Paragraph 20 of the Complaint and, therefore, deny same and demand strict proof thereof.

21.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 21 of the Complaint and, therefore, deny same and demand strict proof thereof.

22.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 22 of the Complaint and, therefore, deny same and demand strict proof thereof.

23.     Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 23 of the Complaint and, therefore, deny same and demand strict proof thereof.

**B.     <u>Defendants Infringement of the Mark</u>**

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint and demand strict proof thereof, however, Defendants admit that Defendant Consolidated Distributors,

Inc. is engaged in the business of producing, distributing and selling heat transfers and/or clothing.

25.     Paragraph 25 is admitted.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint and demand strict proof thereof.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint and demand strict proof thereof.

28.     In response to the allegations contained in Paragraph 28 of the Complaint, Defendants admit that Consolidated filed the application to the Trademark Office.   Defendants deny the remaining allegations contained in Paragraph 28 of the Complaint and demand strict proof thereof.

29.     In response to the allegations contained in Paragraph 29 of the Complaint, Defendants admit that Yosef Amar signed the application to the Trademark Office.   Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint, refer to the application for a full and complete statement of its terms and demand strict proof thereof.

30.     In response to the allegations contained in Paragraph 30 of the Complaint, Defendants admit that Consolidated filed the application to the Florida Department of State Division of Corporations.   Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint and demand strict proof thereof.

31.     In response to the allegations contained in Paragraph 31 of the Complaint, Defendants admit that Menachem Schneorson signed the application to the Florida Department of State Division of Corporations. Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint, refer to the application for a full and complete statement of its terms and demand strict proof thereof.

32. In response to the allegations contained in Paragraph 32 of the Complaint, Defendants admit that Consolidated filed the application to the Florida Department of State Division of Corporations. Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint and demand strict proof thereof.

33. In response to the allegations contained in Paragraph 33 of the Complaint, Defendants admit that Yosef Amar signed the application to the Florida Department of State Division of Corporations on behalf of Consolidated. Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint, refer to the application for a full and complete statement of its terms and demand strict proof thereof.

34. In response to the allegations contained in Paragraph 34 of the Complaint, Defendants admit that Consolidated filed the application to the Florida Department of State Division of Corporations. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint and demand strict proof thereof.

35. In response to the allegations contained in Paragraph 35 of the Complaint, Defendants admit that Yosef Amar signed the application to the Florida Department of State Division of Corporations. Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint, refer to the application for a full and complete statement of its terms and demand strict proof thereof.

36. In response to the allegations contained in Paragraph 36 of the Complaint, Defendants admit that Consolidated filed the application to the New Jersey Division of Revenue. Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint and demand strict proof thereof.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint and

demand strict proof thereof, except refer to the application for a full and complete statement of its terms.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint and demand strict proof thereof.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint and demand strict proof thereof.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint and demand strict proof thereof.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint and demand strict proof thereof.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint and demand strict proof thereof.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint and demand strict proof thereof.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint and demand strict proof thereof.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint and demand strict proof thereof.

## **COUNT ONE**

(Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114)

46. As to Paragraph 46 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-45 above, in their entirety, as if fully recited herein.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint and demand strict proof thereof.

48.    Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 48 of the Complaint and, therefore, deny same and demand strict proof thereof.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint and demand strict proof thereof.

50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint and demand strict proof thereof.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint and demand strict proof thereof.

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint and demand strict proof thereof.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint and demand strict proof thereof.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint and demand strict proof thereof.

## **COUNT TWO**

(Federal Dilution of the Trademark Under 15 U.S.C. § 1125(C))

55.    As to Paragraph 55 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-54 above, in their entirety, as if fully recited herein.

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint and

demand strict proof thereof.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint and demand strict proof thereof.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint and demand strict proof thereof.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint and demand strict proof thereof.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint and demand strict proof thereof.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint and demand strict proof thereof.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint and demand strict proof thereof.

## COUNT THREE

(False Designation of Original Under 15 U.S.C. § 1125(A))

63. As to Paragraph 63 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-62 above, in their entirety, as if fully recited herein.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint and demand strict proof thereof.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint and demand strict proof thereof.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint and

demand strict proof thereof.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint and demand strict proof thereof.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint and demand strict proof thereof.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint and demand strict proof thereof.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint and demand strict proof thereof.

## **COUNT FOUR**

(Copyright Infringement Under 17 U.S.C. § 501)

71. As to Paragraph 71 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-70 above, in their entirety, as if fully recited herein.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint and demand strict proof thereof.

73. Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 73 of the Complaint and, therefore, deny same and demand strict proof thereof

74. Defendants lack knowledge and lack information to either admit or deny the allegations contained in Paragraph 74 of the Complaint and, therefore, deny same and demand strict proof thereof.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint and

demand strict proof thereof.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint and demand strict proof thereof.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint and demand strict proof thereof.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint and demand strict proof thereof.

## COUNT FIVE

(Cancellation of Florida Trademarks under § 495.101, FLA. STAT. (2010))

79. As to paragraph 79 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-78 above, in their entirety, as if fully recited herein.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint and demand strict proof thereof.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint and demand strict proof thereof.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint and demand strict proof thereof.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint and demand strict proof thereof.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint and demand strict proof thereof.

## COUNT SIX

(Florida Statutory Unfair Competition)

85. As to Paragraph 85 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-84 above, in their entirety, as if fully recited herein.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint and demand strict proof thereof.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint and demand strict proof thereof.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint and demand strict proof thereof.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint and demand strict proof thereof.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint and demand strict proof thereof.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint and demand strict proof thereof.


## COUNT SEVEN

(Florida Common Law Unfair Competition)

92. As to Paragraph 92 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-91 above, in their entirety, as if fully recited herein.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint and demand strict proof thereof.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint and demand strict proof thereof.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint and demand strict proof thereof.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint and demand strict proof thereof.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint and demand strict proof thereof.

## COUNT EIGHT

(Statutory Dilution Under § 495.151, Fin. Stat. (2010))

98. As to Paragraph 98 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-97 above, in their entirety, as if fully recited herein.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint and demand strict proof thereof.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint and demand strict proof thereof.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint and demand strict proof thereof.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint and demand strict proof thereof.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint and demand strict proof thereof.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint and demand strict proof thereof.

## COUNT NINE

(Cancellation of New Jersey Trademark under N.J. Stat. Ann. § 56:3-13.8)

105. As to Paragraph 105 of the Complaint, Defendants repeat, reallege and incorporate by reference their responses to Paragraphs 1-104 above, in their entirety, as if fully recited herein.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint and demand strict proof thereof.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint and demand strict proof thereof.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint and demand strict proof thereof.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint and demand strict proof thereof.

110. As to any allegations in the Seconded Amended Complaint not specifically admitted, it should be deemed denied.

## AFFIRMATIVE DEFENSES

111. As and for their First Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state that Plaintiff's claims are barred by the doctrine of unclean hands. Specifically, Plaintiff has mismarked and misused registration markings on apparel associated with Monster Energy.

112. As and for their Second Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state that Plaintiff's claims are barred by the doctrine of unclean hands. Specifically, based upon Plaintiff's misrepresentations, this Court entered a Temporary Restraining Order, Order to Show Cause, and Order of Seizure on March 4, 2011 ("TRO and Seizure Order") [DE 7], which authorized federal marshals to essentially raid Defendant Joe Cool's office and warehouse in Daytona Beach and seize property in which Defendant Consolidated Distributors had a proprietary interest.   The seizure occurred on March 7, 2011. The order permitted the US Marshals not only to search, seize, and impound the merchandise that Plaintiff had misrepresented was counterfeit; it also authorized them to seize and impound Defendant Consolidated Distributors' pertinent business records. Based on what was later revealed, the Court realized that Plaintiff, through its misrepresentations, effectively abused this legal process. Accordingly, Plaintiff is not entitled to further equitable relief after having misrepresented its case to the Court.

113. As and for their Third Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Plaintiff's mark lacks secondary meaning.   In particular, Defendants state that Plaintiff's mark, *i.e.*, the letter "M," is generic, or descriptive at best, and has not become distinctive as purchasers do not associate the letter "M" with Plaintiff in connection with clothing.

114. As and for their Fourth Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Plaintiff's mark in the context of t-shirts and apparel is generic.   In particular, Plaintiff's claw mark is a generic symbol in connection with t-shirts and apparel, and has not become distinctive as purchasers do not associate a claw mark with Plaintiff in connection with clothing.

115.    As and for their Fifth Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state their denial that there is a likelihood of confusion. Specifically, Defendants state that no likelihood of confusion is created because the marks themselves are not confusingly similar, as Plaintiff's registered use of the M Claw mark alone, prior to the commencement of this action, as set forth in the trademark registrations in paragraph 15 to the Complaint, is limited to beverages and stickers.  Plaintiff's registered trademark for use on apparel, prior to the commencement of this action, is not limited to the "M" mark alone, but instead, the entire mark consists of Plaintiff's "M" mark plus the words "Monster Energy." In direct contrast, Defendants' use of their 3DL mark is limited to apparel, including t-shirts and tank-tops and is not an "M" but three drooping lines.

116.    As and for their Sixth Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state in the alternative, that in the event any likelihood of confusion is found, Plaintiff is not the senior user of the mark.  Specifically, Defendant Consolidated states that it has priority of usage of the mark over Plaintiff.

117.    As and for their Seventh Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state in the alternative, that Monster committed acts of fraud on the U.S.P.T.O. in obtaining the Registration No. 3908601, for the M Claw mark together with the words "MONSTER ENERGY" for use on clothing, thereby defeating that registration's incontestable status.

118.    As and for their Eighth Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state that David Baksht is not subject to the personal jurisdiction of this Court.

119.    As and for their Ninth Affirmative Defense and while denying any liability to or

damages suffered by Plaintiff, Defendants state that Plaintiff has failed to state a cause of action against David Baksht.

120. As and for their Tenth Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state that Plaintiff has failed to state a claim for false designation of origin (Count Three), fraudulent registration (Counts Five and Nine), and unfair competition (Counts Six and Seven), because Plaintiff does not plead with sufficient particularity to satisfy the heightened pleading standard of Fed.R.Civ.Pro. Rule 9(b); and Plaintiff's allegations of misconduct are based on information and belief but lack statements of facts on which Plaintiff's belief in the falsity of Defendants' alleged misrepresentations was founded and Plaintiff fails to plead the who, what, where and when of the alleged fraudulent conduct.

121. As and for their Eleventh Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state that Plaintiff's mark does not qualify for dilution protection because it is not "famous" within the meaning of the Lanham Act for purposes of dilution fame.

122. As and for their Twelfth Affirmative Defense and while denying any liability to or damages suffered by Plaintiff, Defendants state that Plaintiff's fail to allege any cause of action against Defendants because Plaintiff's claims do not identify Plaintiff's registered trademark or trademarks upon which the claims are based.

123. Defendants reserve the right to amend and/or supplement their affirmative defenses to the Complaint as additional information is learned through discovery.

## DEMAND FOR JURY TRIAL

124. Defendant hereby demands a jury trial as provided by Rule 38(b) of the Federal

Rules of Civil Procedure on all issues so triable.

WHEREFORE, Defendants respectfully request this Court to dismiss each and every one of Plaintiff's claims upon the merits with prejudice, enter judgment against Plaintiff, awarding Defendants their taxable costs and attorney's fees as permitted by law, together with such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of June, 2012.

MOSHE MORTNER, ESQ.
New York Bar No.: 2085801
mm@mortnerlaw.com
The Mortner Law Offices
40 Wall Street, 28th Floor
New York, NY 10005
646-820-8770 Telephone
646-304-3169 Facsimile
Lead Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC.
and
DAVID BAKSHT


/s/   Peter J. Mackey
Peter J. Mackey
Florida Bar No.: 0629138
Kristina Hager Snyderman
Florida Bar No.: 0089327
MACKEY LAW GROUP, P.A.
1402 Third Avenue West
Bradenton, FL 34205
(941) 746-6225 Telephone
(941) 748-6584 Facsimile
Local Counsel for Defendants
CONSOLIDATED DISTRIBUTORS, INC.
and
DAVID BAKSHT

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

MOSHE MORTNER, ESQ.
New York Bar No.: 2085801
mm@mortnerlaw.com
The Mortner Law Offices
40 Wall Street, 28th Floor
New York, NY 10005
646-820-8770 Telephone
646-304-3169 Facsimile
Lead Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC.
and
DAVID BAKSHT