UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MONSTER ENERGY COMPANY, f/k/a HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("MBC"),<br><br>Plaintiff,<br><br>vs.<br><br>CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., JOE COOL, INC., JOE COOL BIKE WEEK INC., DAVID BAKSHT, MICHELLE AMAR, AND YOSEF AMAR;<br><br>Defendants. | Case No. 6:11-CV-329-ORL-22DAB<br><br>**MOTION TO DISMISS CLAIMS AGAINST DEFENDANT DAVID BAKSHT**<br>**(Fed. R. Civ. P. 12(c))** |

## PRELIMINARY STATEMENT

Defendant David Baksht moves the Court pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings based on failure to state a claim upon which relief can be granted.

## GOOD FAITH CERTIFICATION

Pursuant to Local Rule 3.01(g), prior to filing this motion, counsel for Defendant David Baksht conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised by this motion, and Defendant's counsel herein certifies that the parties could not agree upon the resolution of the motion.

## STATEMENT OF FACTS

Plaintiff Monster Energy Company ("Monster") in its Second Amended Complaint (Doc. 130) asserts claims of trademark infringement and counterfeiting, dilution, false designation, copyright infringement, and unfair competition against Defendants Consolidated Distributors, Inc. ("Consolidated") and David Baksht.

Although the Second Amended Complaint names Mr. Baksht as a defendant, the pleading fails to allege a single explicit act by Mr. Baksht. The only allegations in the Second Amended Complaint specifically naming Mr. Baksht are the following general and conclusory statements:

> 8. MEC is informed and believes, and on that basis alleges, that Defendant David Baksht resides at 719 Eastern Parkway, Brooklyn, New York 11213. Baksht is subject to the general and specific jurisdiction of this Court by virtue of his continuous, systematic, and substantial presence within this Judicial District including by offering for sale and selling infringing products in this Judicial District, and by committing acts of trademark infringement, false designation of origin, unfair competition, copyright infringement, and dilution in this Judicial District, which acts form a substantial part of the transactions, occurrences, events and omissions giving rise to Plaintiff's claims.
>
> 9. MEC is informed and believes, and on that basis alleges, that Defendant David Baksht uses the following aliases: David Lipsker; David Bakshet; D Bakht; David Bakshet; DM Schneerson; and Abraham Shneorson.

The infringement and related claims in the Second Amended Complaint are based on three marks registered to Defendant Consolidated. See the Second Amended Complaint, ¶¶30, 32, and 34. The Second Amended Complaint also alleges that Defendant Consolidated fraudulently filed an application to the United States Patent and Trademark Office for an infringing mark. See the Second Amended Complaint, ¶28.

Regarding the registration in Florida of a fourth allegedly infringing mark, Trademark No. T10000000884, the Second Amended Complaint fails to state in whose name the registration

was made, stating only that the application was filed by "Defendants" and was signed by Menachem Schneerson. See the Second Amended Complaint, ¶¶30 and 31.

# ARGUMENT

## I. STANDARD FOR A FED.R.CIV.P. RULE 12(c) MOTION

A motion under Rule 12(c) seeks judgment on the pleadings. In *IMX, Inc. v. E-Loan, Inc.*, 748 F.Supp.2d 1354 (S.D.Fla. 2010), the District Court noted,

> In considering a motion for judgment on the pleadings under Rule 12(c) as in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers whether the pleader has stated a claim for relief. See *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 8 (11th Cir.2002) (finding that a court's conversion of a motion to dismiss filed pursuant to Rule 12(b)(6) to a motion for judgment on the pleadings filed pursuant to Rule 12(c) was of "no moment" as the substantive analysis was the same).

In *Coach Services, Inc. v. 777 Lucky Accessories*, 752 F. Supp. 2d 1271, 1272-3 (S.D. Fla. 2010), the District Court provided the following explanation of the legal standard under Rule 12(b)(6):

> 'To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions,' instead plaintiffs must 'allege some specific factual basis for those conclusions or face dismissal of their claims.' *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir.2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiffs well-pleaded facts as true. See *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir.1986). This tenet, however, does not apply to legal conclusions. See *Ashcroft v. Iqbal*, ___ U.S. ____, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Moreover, '[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.' *Id*. at 1950. Those '[f]actual allegations 'must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In short, the

> complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. See *Iqbal*, 129 S.Ct. at 1950.

## II. THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT BAKSHT UPON WHICH RELIEF CAN BE GRANTED.

The Second Amended Complaint makes out no claim that Mr. Baksht acted for his own benefit. Thus, the pleading contains no allegations to support a claim that Mr. Baksht has any personal liability arising independent of the claims being asserted against Consolidated.

In addition, the Second Amended Complaint fails to assert any specific allegations to support a claim that Mr. Baksht has personally liability as a result of acting on behalf of Consolidated.

In *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F. 2d 1472 (11th Cir. 1991), the Court of Appeals held that officers or employees of an infringing corporation may be personally liable for trademark infringement under the Lanham Act, but only "[i]f an individual actively and knowingly caused the infringement" such that he was a "moving, active, conscious force." *Chanel, Inc. v. Italian Activewear of Florida, Inc., supra,* 931 F.2d at 1477–78 See also *Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19 (5th Cir.1968).

In *Chanel* the Court of Appeals reviewed a summary judgment decision against corporation and two individuals. The court affirmed summary judgment against the corporation and one of the individuals, holding that sufficient links existed for personal liability, because it was found that the defendant was the president and chief executive officer of the corporate defendant, and "[i]t was he who purchased the counterfeit goods…; he who advertised the goods as Chanel products in local publications; and he who operated the showroom from which the goods were sold." *Id*., at 1478. However, as to the second individual defendant, the Court of

Appeals held that there was no basis for personal liability because, "[n]o evidence connects him to the purchase or promotion of the counterfeit goods." *Id*.

Here, the findings that the court in *Chanel* held were sufficient to confer personal liability are lacking in the Second Amended Complaint. No allegations explicitly link Mr. Baksht to the production, purchase, promotion or sale of the allegedly infringing or counterfeit goods in Florida or elsewhere.

Similarly, in *D.J. Miller Music Distributors, Inc. v. Strauser*, 2009 WL 3048686, 92 U.S.P.Q.2d 1285, (M.D.Fla. 2009) (NO. 8:09-CV-897-T-33TBM), individual defendants moved to dismiss trademark infringement claims under Rule 12(b)(6), arguing that the plaintiff failed to state a claim against them that could subject them to individual liability. Citing *Chanel*, the District Court denied the defendant's motion to dismiss. The court's decision was based on the following findings about the Plaintiff's complaint:

> Plaintiff's complaint allegations are sufficient to survive Defendants' Motion to Dismiss. Plaintiff alleges that Jean Strauser is an owner or principal of J.S. Karaoke (Doc. # 1 at ¶ 5), that she "directed" Mahoney to transfer registration of ProSing's domain names ( *Id.* at ¶ 25), and that she participated in the demand for payment for return of the domain names ( *Id.* at ¶ 28). Further, Plaintiff alleges that Mahoney played an active role in transferring registration of Plaintiff's domain names without authorization and in bad faith. ( *Id.* at ¶ 5).

Here, the Second Amended Complaint makes no allegations that Mr. Baksht directed the alleged infringing activities of Consolidated, such as the allegations that the court referred to in *D.J. Miller Music Distributors*. The Second Amended Complaint does not allege that Mr. Baksht had a role in Consolidated's trademark registrations. The Second Amended Complaint does not even allege that Mr. Baksht is an officer or employee of Consolidated, nor does it allege that he is a moving, active, conscious force behind the company's alleged infringement.

5

The allegations against Defendant Baksht in the Second Amended Complaint lack any specificity. They are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." *Iqbal*, 129 S.Ct. at 1949-50. Therefore, the Second Amended Complaint fails to state a claim against Mr. Baksht resulting either from conduct on his own behalf, or resulting from conduct on behalf of Consolidated. Based on the foregoing, Defendant Baksht is entitled to judgment based on the substance of the pleadings. See *Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F. 3d 1227, 1232-3 (11th Cir. 2005).

WHEREFORE, Defendant David Baksht moves this Honorable Court, pursuant to Fed.R.Civ.Pro. 12(c), for judgment on the pleadings in his favor and against Plaintiff, on the Second Amended Complaint, for failure to state a claim upon which relief can be granted, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of July, 2012.

_____
MOSHE MORTNER, ESQ.
New York Bar No.: 2085801
mm@mortnerlaw.com
The Mortner Law Offices
40 Wall Street, 28th Floor
New York, NY 10005
646-820-8770 Telephone
646-304-3169 Facsimile
Lead Counsel *pro hac vice* for Defendant
CONSOLIDATED DISTRIBUTORS, INC.

/s/  Peter J. Mackey
Peter J. Mackey
Florida Bar No.: 0629138
Kristina Hager Snyderman
Florida Bar No.: 0089327

                                     MACKEY LAW GROUP, P.A.  
                                     1402 Third Avenue West  
                                     Bradenton, FL 34205  
                                     (941) 746-6225 Telephone  
                                     (941) 748-6584 Facsimile  
                                     Local Counsel for Defendants,  
                                     CONSOLIDATED DISTRIBUTORS, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      MOSHE MORTNER, ESQ.
New York Bar No.: 2085801
mm@mortnerlaw.com
The Mortner Law Offices
40 Wall Street, 28th Floor
New York, NY 10005
646-820-8770 Telephone
646-304-3169 Facsimile
Lead Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC. and
DAVID BAKSHT