UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MONSTER ENERGY COMPANY, f/k/a HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY, | Case No. 6:11-CV-329-ORL-22DAB |
| Plaintiff, | |
| vs. | |
| CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., and DAVID BAKSHT (a/k/a David Lipsker a/k/a David Bakshet a/k/a D Bakht a/k/a DM Schneerson a/k/a Abraham Shneorson), | |
| Defendants. / | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID BAKSHT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND REQUEST FOR ORAL ARGUMENT**

Plaintiff Monster Energy Company, formerly known as Hansen Beverage Company d/b/a Monster Beverage Company ("MEC"), respectfully requests the Court render an order denying Defendant David Baksht's Motion for Judgment on the Pleadings and in support states:

**I. INTRODUCTION**

Defendant Baksht's Motion completely ignores the many facts MEC alleged against Defendant Baksht in its Second Amended Complaint. The term "Defendants" as used in the Complaint includes Baksht. Thus, all of the allegations asserted against the Defendants were asserted against Baksht. These allegations,

1

which consume over 100 paragraphs and even include pictures of the infringing products and fraudulently obtained trademark registrations, plainly support claims for relief against Baksht.

Furthermore, Baksht is also personally liable for unlawful acts he performed on behalf of his corporation, co-defendant Consolidated Distributors, Inc. ("CDI"), a company Baksht operates out of his home. Doc. 130 at ¶¶ 6, 8. *See also* Doc. 110-1 ¶¶ 2, 10 (Baksht describing himself as an "officer" of CDI, and describing CDI as "my company"). Under clear Eleventh Circuit precedent, cited by Baksht himself, Baksht is personally liable for his own acts of infringement regardless of whether those acts were performed on behalf of his corporation, as long as Baksht was the knowing and active participant behind the actions of his corporation. MEC is entitled to have an opportunity to prove that Baksht was the knowing and active participant behind a corporation he operates out of his home. For this reason as well, Baksht's motion for judgment on the pleadings should be denied.

## II. <u>ARGUMENT</u>

As Baksht concedes, a motion for judgment on the pleadings under Rule 12(c), like a motion for failure to state a claim under Rule 12(b)(6), considers only whether "the pleader has stated a claim for relief." Motion at 3 (quoting *IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354, 1356 (S.D. Fla. 2010)). "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v.*

*Switzer*, 131 S. Ct. 1289, 1296 (2011) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1219, pp. 277-78 (3d ed. 2004 and Supp. 2010).

When ruling on the sufficiency of a pleading, the Court assumes the allegations in the pleading are true and views the facts in the light most favorable to the plaintiff. *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1303 (11th Cir. 2008). The claim for relief should not be simply a formulaic recitation of the elements of a cause of action, but also need not contain detailed factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Claims survive a motion to dismiss for failure to state a claim so long as they plead a claim to relief that is plausible on its face, even if the allegations taken as true are doubtful in fact. *Id.* at 555, 570.

Here, Baksht answered MEC's Second Amended Complaint two months ago. Doc. 137. At that time, Baksht chose not to file a motion to dismiss under Rule 12(b)(6), and apparently had no difficulty answering the pleading in its current state. Baksht nevertheless argues now that MEC's pleading is deficient. Baksht's argument has no merit.

**A.     The Complaint States a Claim Against Defendant Baksht**

It is well-established law that "[n]atural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act." *Chanel, Inc. v. Italian Activewear of Florida, Inc.,* 931 F.2d 1472, 1477-78 (11th Cir. 1991); *see also Cash4Gold, LLC v. C.J. Environmental, Inc.,* No. 08-61662-CIV, 2009 WL 1605354, *1 (S.D. Fla. June 8, 2009) (explaining that non-resident committing infringing acts in Florida can be found personally liable for trademark infringement). As another Court

has explained: "There can be no doubt but that a trademark… can be infringed by an individual. It is infringed when an individual performs the act or does the things that the patent or trademark law protects against." *Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1968). Thus, facts stating a claim for trademark infringement, alleged against an individual, sufficiently state a claim for personal liability against an individual.

MEC's Second Amended Complaint states a claim against Defendant Baksht individually. The complaint uses the term "Defendants" throughout to refer to all of the Defendants in the action, including David Baksht. *See* Doc. 130 at ¶¶ 3, 24-27, 29-31, 33, 35, 37-109. Only rarely does the complaint limit its allegations to one specific defendant, and each time it does so, it identifies the specific Defendant by name. *Id.* ¶¶ 6-9, 28, 32, 34, 36.

The allegations leveled against all of the Defendants, including Baksht, clearly state claims upon which relief can be granted. Indeed, even Baksht does not argue that these very detailed allegations fail to state claims against **Consolidated**. These very same allegations thus also state claims for relief against Baksht.

This is confirmed by reviewing the specific allegations made against Baksht. MEC's Complaint asserts claims against each of the Defendants for trademark infringement, counterfeiting, dilution, cancellation of fraudulently obtained trademarks, false designation of origin, and copyright infringement. MEC's Complaint begins by alleging that MEC holds valid and protectable trademarks and copyrights *Id.* ¶¶ 15-17. The Complaint then backs up this allegation by identifying

4

the period of time the trademarks have been used in commerce, identifying the types of goods the trademarks and copyrights are used on, including specific examples of the use of the marks and copyrights in commerce, and identifying the relevant federal registrations for both its copyrights and trademarks. *See, e.g., id.* ¶¶ 10-23.

MEC also alleges specific facts regarding Baksht's acts of trademark and copyright infringement. For example, MEC alleges that the "Defendants are engaged in the business of producing, distributing and selling heat transfers and/or clothing, including but not limited to t-shirts, shirts, caps, and visors." *Id.* ¶ 24. MEC also alleges that the heat transfers, clothing, and related products sold by Defendants bear trademarks that are substantially indistinguishable from MEC's [M claw logo] mark. *Id.* ¶ 26. MEC's Complaint further states that "Defendants have directly copied MEC's M Claw Design as shown in Copyright Registration Nos. VA-1-789-900 and VA-1-727-577." *Id.* ¶ 42. MEC's allegations even include specific examples of some of the infringing clothing sold by Baksht:



*Id.* ¶ 26.

Baksht's own answer to MEC's complaint even admits that Baksht claims ownership over the infringing mark and uses it on clothing.  The Answer defines "Defendants" as including both CDI and Baksht and later states that "***Defendants' use*** of ***their*** 3DL mark is limited to apparel, including t-shirts and tank-tops…."  Doc. 137 at ¶ 115 (emphasis added).  The Complaint thus unquestionably states claims for trademark and copyright infringement against Defendant Baksht.  These same allegations against Defendant Baksht also support MEC's claims for false

designation of origin, dilution, and unfair competition against Baksht. Doc. 130 at ¶¶ 55-70, 85-104.

Finally, MEC's Complaint states a claim against Baksht for cancellation of the Defendants' fraudulent trademark registrations. MEC alleges that the "**Defendants** fraudulently filed Trademark no. T10000000884 M DESIGN AND FLORIDA with the Florida Department of State Division of Corporations for an M claw design that is substantially indistinguishable from and/or confusingly similar to MEC's M Claw Trademark." *Id.* ¶ 30. MEC then alleges that "**Defendants'** aforementioned acts resulted in an improper and fraudulently obtained Florida trademark, which so similarly represents MEC's M Claw Trademark that it is likely to cause confusion, mistake, and to deceive consumers as to the source of the mark." *Id.* ¶ 81. *See also id.* ¶ 107 (analogous allegation for fraudulent New Jersey registration).

These facts are not merely legal conclusions or recitation of legal elements, but instead state concrete and plausible facts. Since each of these allegations are alleged against Baksht, MEC has stated claims for relief against Baksht.

B. **Baksht Has Personal Liability for Infringing Acts Done As An Officer of CDI**

On this motion, Baksht appears to allege that all of his actions were undertaken solely for the benefit of his co-defendant, CDI. *See Motion* at 4. Based upon this, Baksht appears to argue that he is personally insulated from liability. *Id.* This argument is baseless for numerous reasons.

First, as just discussed, the Complaint contains allegations directed against Baksht individually. Thus, Baksht may be held liable individually by this Court.

Second, Baksht's apparent allegation that he acted solely on behalf of CDI is found nowhere in the Complaint. Thus, this allegation cannot be considered on this motion for judgment on the pleadings. Indeed, Baksht's allegation has no support in a declaration or anywhere else in the record, and thus could not even be considered on a motion for summary judgment.

Third, Baksht is wrong on the law. Baksht *is* liable for the acts he performed on behalf of his corporation, CDI, as long as he "actively and knowingly" caused the infringement. See *Chanel, Inc.,* 931 F.2d at 1477-78. See also *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 149 (4th Cir. 1987); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985). The *Chanel* Court explained: "Because of its very nature a corporation can act only through individuals." *Chanel*, 931 F.2d at 1477. "Obviously … if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done." *Id.* (quoting *Mead Johnson,* 402 F.2d at 23).

MEC's Complaint contains numerous allegations that Baksht actively and knowingly caused the infringement. As discussed above, MEC's complaint alleges that each act underlying the allegations of infringement was performed by Baksht himself. In addition, the Complaint repeatedly alleges that all of Baksht's actions were "willful and deliberate," Doc. 130 at ¶¶ 53, 60, 68, 76, 82, 89, 95, 103, 108, a

standard far stronger than the legal requirement that Baksht engaged in his actions "actively and knowingly."

Baksht asserts that that *Chanel* is distinguishable because "[n]o allegations explicitly link Mr. Baksht to the production, purchase, promotion or sale of the allegedly infringing or counterfeit goods in Florida or elsewhere." Motion at 5. However, Baksht again is simply wrong. As already discussed, **every** allegation in the Complaint relating to the production, purchase, promotion and sale of the allegedly infringing goods specifically links Baksht to those acts.

Finally, if the Court concludes the Complaint's current allegations are insufficient, the Court should permit MEC to amend its pleading to explicitly state that Baksht has liability for the actions he performed on behalf of CDI under the standard set forth in *Chanel.* When a motion for judgment on the pleadings is granted because of a procedural defect, such as the failure to plead certain facts, leave to amend should be granted. 2 *Moore's Federal Practice* § 12.38 at 12-139 – 12-140 (3d ed. 2012); *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1282 (D. Kan. 1997). Here, the record already shows that Baksht is an officer of CDI, Doc. 110-1 ¶ 2, that Baksht describes CDI as "my company," *id.* ¶ 10, and that Baksht operates CDI out of his home. Doc. 130 at ¶¶ 6, 8. This provides MEC with sufficient information to plead that the actions of Consolidated were actively and knowingly undertaken by Baksht.[1] Accordingly, if the Court is inclined to grant

---

[1] The depositions of Baksht and Consolidated are both noticed for the month of August and will likely reveal further information supporting such an allegation.

Baksht's motion, the Court should also grant MEC leave to amend its Complaint to explicitly allege that Baksht has liability for all actions performed on behalf of CDI.

### III. CONCLUSION

MEC's Complaint clearly alleges that Baksht, like CDI, has engaged in trademark and copyright infringement and otherwise damaged the intellectual property interests of MEC. These allegations against Baksht must be accepted as true on this motion and unquestionably state claims for relief. In addition, MEC will prove that Baksht is personally liable for any actions he undertook on behalf of his corporation, CDI. Accordingly, MEC respectfully requests this Court enter an order denying Defendant's motion for judgment on the pleadings. Pursuant to L.R. 3.01(j), MEC respectfully requests oral argument and estimates one hour would be sufficient for such a hearing.

Respectfully submitted,

Dated:  August 13, 2012         By:  /s/ Paul A. Stewart
JOHN B. SGANGA, JR. ESQ.
(Admitted *Pro Hac Vice*)
john.sganga@kmob.com
LYNDA J. ZADRA-SYMES, ESQ.
(Admitted *Pro Hac Vice*)
lynda.zadra-symes@kmob.com
PAUL A. STEWART, ESQ.
paul.stewart@kmob.com
LAUREN K. KATZENELLENBOGEN, ESQ.
(Admitted *Pro Hac Vice*)
lauren.katzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, California  92614
(949) 760-0404  Telephone
(949) 760-9502  Facsimile

Lead Trial Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

– and –

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida  32801
(407) 843-8880  Telephone
(407) 244-5690  Facsimile

Local Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                                  /s/ *Paul A. Stewart*
                                                  Paul A. Stewart

13741667