**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY,      Case No. 6:11-CV-329-ORL-22DAB
d/b/a MONSTER BEVERAGE
COMPANY,

              Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., and DAVID
BAKSHT (a/k/a David Lipsker a/k/a
David Bakshet a/k/a D Bakht a/k/a DM
Schneerson a/k/a Abraham
Shneorson),

              Defendants.

_____ /

## PLAINTIFF'S MOTION TO COMPEL THE DEPOSITIONS OF DAVID BAKSHT, CONSOLIDATED DISTRIBUTORS, INC., AND MENACHEM SCHNEORSON

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Monster Energy Company, formerly known as Hansen Beverage Company d/b/a Monster Beverage Company ("MEC"), respectfully moves for an order compelling Defendant David Baksht, Defendant Consolidated Distributors, Inc. ("CDI"), and witness Menachem Schneorson to appear for their depositions, for an order granting sanctions in the form of costs and fees for Mr. Baksht's failure to appear for deposition, and for an order granting evidentiary sanctions in the event that Mr. Baksht, Mr. Schneorson, and/or CDI continues to refuse to appear for deposition after being ordered to do so by this Court.

On July 11, 2012, MEC served a notice of deposition for David Baksht's deposition to take place on August 14, 2012.  Mr. Baksht's counsel cancelled the deposition two business days before it was set to occur.  After numerous requests from MEC's counsel, Mr. Baksht's counsel finally offered to let the deposition of Mr. Baksht go forward on August 24, 2012, at 8:00 a.m., in the home of Mr. Baksht.  On August 23, MEC's counsel flew to New York to take the deposition of Mr. Baksht.  While en route, Mr. Baksht's counsel notified MEC's counsel by email that the deposition had been cancelled again.   He offered no alternative date for the deposition, even though discovery is set to close on August 30.

Also on July 11, 2012, MEC served notices of deposition of CDI and Menachem Schneorson, setting their depositions for August 13 and August 15, respectively.  At CDI's request, the depositions were postponed until August 27 and 28, respectively.   On August 22, Defendants' counsel unilaterally cancelled the depositions.  Despite the August 30 discovery cutoff date, Defendants' counsel has offered no alternative dates.

The entire discovery period in this case is only four months long and has effectively been shortened to two months due to Defendants' refusal to conduct a conference of counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and refusal to commence discovery without a Rule 26(f) conference until June 26, 2012, about two months before the August 30, 2012 discovery cutoff.  Although MEC served Deposition Notices for Defendants more than a month and a half ago, the parties will be unable to conduct Defendants' depositions before the cut-off on

August 30.   This scheduling problem arose due to Mr. Baksht's alleged illness, Defendants' counsel unilaterally cancelling pre-set dates while MEC's counsel was mid-flight to attend a pre-set deposition, and Defendants' unwillingness to stipulate to an order extending the discovery cut-off.   There does not appear to be any dispute that Defendants should appear for their depositions, nor that MEC has tried diligently to depose Defendants well before the cut-off.   Nor is there any prejudice to Defendants if the depositions occur sometime in September.   Due to communication difficulties, however, MEC unfortunately needs the Court's assistance to resolve this elementary issue for the parties.

MEC has filed a separate motion to extend the date on which discovery closes.   But regardless of that date, an order compelling Mr. Baksht, CDI, and Mr. Schneorson to appear, and an order granting sanctions to cover MEC's costs incurred due to Mr. Baksht's failure to appear, is appropriate in light of their eleventh and twelfth hour cancellations of past depositions and their unwillingness to commit to firm deposition dates.   Further, an order granting evidentiary sanctions in the event that either Mr. Baksht, CDI, or Mr. Schneorson fail to appear again after issuance of an order compelling their depositions is also appropriate.

## I. <u>CERTIFICATION OF GOOD FAITH CONFERRAL</u>

Pursuant to Local Rule 3.01(g), undersigned counsel for MEC conferred in good faith with counsel for the Defendants regarding the relief requested in this motion and was unable to reach an agreement.   The conference took place via email, as described in greater detail in Section II of this Motion.   Counsel for

Defendants simply will not accept phone calls from MEC's counsel.  Pursuant to Local Rule 3.01(g), MEC will continue its efforts to reach out to Defendants' counsel after filing this motion, including continued efforts to reach Defendants' counsel by telephone to discuss the issues raised in this motion.

## II. <u>BACKGROUND</u>

### A.    <u>The Deposition of David Baksht</u>

On July 11, 2012, MEC served a Notice of Deposition of Defendant David Baksht on Defendants' counsel.  (Katzenellenbogen Decl., Ex. 1 [Notice of Dep.].) The deposition was scheduled for August 14, 2012, and provided more than a month of advance notice—far more than the fourteen days required under Local Rule 3.02. (*Id.*)  Two weeks later, on July 24, 2012, Defendants' counsel, Moshe Mortner, sent a letter to MEC's counsel indicating that Mr. Baksht had been "incapacitated by an acute cellulitis infection" for the previous two weeks.  (*Id.* Ex. 2 [July 24, 2012 Letter from M. Mortner to P. Stewart].)  Mr. Mortner was "unable to say whether he will be well enough to sit for a deposition on August 14, 2012" but committed to keep MEC's counsel advised of improvements in his condition.  (*Id.*)

Over the following weeks, MEC's counsel repeatedly requested updates from Mr. Mortner regarding Mr. Baksht's health and availability for deposition on August 14.  (Katzenellenbogen Decl., Exs. 3-5 [Aug. 2, 2012 email from P. Stewart to M. Mortner; Aug. 3, 2012 email from P. Stewart to M. Mortner; Aug. 6, 2012 email from P. Stewart to M. Mortner].)

In an email dated August 7, 2012, Mr. Mortner stated that he "hope[d] to have information later today regarding David Baksht's health condition. . . .  Mr. Baksht has a doctor's appointment today and will be raising these issues with his physician. I will let you know as soon as I have some more information."  (*Id.* Ex. 6 [Aug. 7, 2012 email from M. Mortner to P. Stewart].)  Later that day, MEC's counsel followed up with a further request for information on Mr. Baksht's health.  (*Id.* Ex. 7 [Aug. 7, 2012 email from P. Stewart to M. Mortner].)   In view of the fast approaching discovery cut off deadline, MEC's counsel also offered to stipulate to an order continuing the discovery cut off date, in part to accommodate Mr. Baksht's health and his availability for a deposition.  (*Id.* Ex. 8 [Aug. 7, 2012 email from J. Sganga to M. Mortner].)

In an email dated August 8, 2012, Mr. Mortner stated that he was "still waiting to get a report from Mr. Baksht's doctor.  However, I can tell you that when I saw him a couple of days ago he did not appear well."  (Katzenellenbogen Decl., Ex. 9 [Aug. 8, 2012 email from M. Mortner to J. Sganga].)   Finally, on August 10, 2012—two business days before the scheduled date of deposition—Mr. Mortner notified MEC's counsel that the deposition was cancelled.  (*Id.* Ex. 10 [Aug. 10, 2012 email from M. Mortner to P. Stewart].)

On August 20, Mr. Mortner informed MEC's counsel by email that Mr. Baksht's "health has improved so that he can now sit for his deposition."  (*Id.* Ex. 11 [Aug. 20, 2012 email from M. Mortner to P. Stewart]).  Mr. Mortner stated that Mr. Baksht was available "any day that we can work out between us that is before the

Discovery Deadline." (*Id.*)  MEC selected August 24, and Mr. Mortner agreed.  (*Id.* Ex. 12 [Aug. 21, 2012 email from P. Stewart to M. Mortner]; Ex. 13 [Aug. 22, 2012 email from M. Mortner to P. Stewart]).

Mr. Mortner required that the deposition be in Mr. Baksht's home.  (*Id.*)  MEC reluctantly accepted this condition because Defendants have refused MEC's requests to take the depositions of MEC's party witnesses in Irvine, California instead of Orlando.  Even though Mr. Mortner already had scheduled other depositions for this case in Irvine, and MEC's request would thus save both parties travel time and money, Mr. Mortner insisted that the depositions of MEC's witnesses be conducted in Florida.  Mr. Mortner also insisted that Mr. Baksht's deposition end by 3 p.m. "because of the onset of the Jewish Sabbath," even though the Sabbath does not begin until after 7 p.m.  (*Id.*)

On August 23, 2012, counsel for MEC boarded a plane for a transcontinental flight from California to New York for Mr. Baksht's deposition.  After the plane departed, Mr. Mortner sent a brief email message stating that the deposition of Mr. Baksht had been cancelled "for medical reasons."  (Katzenellenbogen Decl., Ex. 14 [Aug. 23, 2012 email from M. Mortner to P. Stewart]).  MEC's counsel thus was forced to fly to New York and back for no reason at all.

In the meantime, in spite of his professed "incapacitat[ion]" (*Id.* Ex. 2 [July 24, 2012 Letter from M. Mortner to P. Stewart]), Mr. Baksht somehow found the energy and wherewithal to prepare a declaration totaling over 100 pages with exhibits,

6

which was filed in this Court on August 16, 2012.[1]   (Baksht Decl. re Mot. to Disqualify, Dkt. No. 143-1.)   Mr. Baksht's declaration provides detailed comments regarding his analysis of the content of a 30-page expert report that was served on August 1, 2012.  (*Id.*)

## B.      The Depositions of CDI and Menachem Schneorson

The history behind the cancelled depositions of CDI and Mr. Schneorson is more brief, but no less frustrating.   On July 11, 2012, MEC served notices of deposition of CDI and Menachem Schneorson, setting their depositions for August 13 and August 15, respectively (Katzenellenbogen Decl., Exs. 15 & 16 [Notices of Deposition]).   Again, MEC provided more than a month's notice for the two depositions.  Two weeks later, Mr. Mortner informed MEC's counsel for the first time that Mr. Schneorson was out of the country and requested that his deposition be postponed until the final week of August.  (Katzenellenbogen Decl., Ex. 2 [July 24, 2012 letter from M. Mortner to P. Stewart]).   Another week passed, and Mr. Mortner finally designated Mr. Schneorson as CDI's Rule 30(b)(6) designee.  (*Id.* Ex. 17 (Aug. 3, 2012 letter from M. Mortner to P. Stewart]).   Consequently, on August 8, 2012, MEC served amended deposition notices for both CDI and Mr. Schneorson, setting their depositions for August 27 and 28, respectively.  (*Id.* Exs. 18 & 19 [Amended Deposition Notices]).

---

[1] In prior litigation, *M & B Beverage Corporation v. New York New York Hotel & Casino, LLC*, Case No. 96-2481-CIV-MORENO (S.D. Fla.), Mr. Baksht previously claimed that he could not be deposed due to mental illness forcing the plaintiff to file a motion to compel his deposition. (Katzenellenbogen Decl., Ex. 22.)

At the same time, the parties were attempting to schedule the deposition of MEC, through its corporate representatives Rodney Sacks and Tom Kelly.  On August 20, MEC offered to sit for its deposition on August 27, 28, or 29.  (*Id.* Ex. 20 [Aug. 20, 2012 email from J. Sganga to M. Mortner]).  Mr. Mortner responded by scheduling the deposition of MEC for August 27 and 28, and unilaterally cancelling the depositions of CDI and Mr. Schneorson that had been scheduled for the same days.  (*Id.* Ex. 21 [Aug. 22, 2012 letter from M. Mortner to P. Stewart]).  Mr. Mortner claimed he did not understand that MEC intended for the depositions of MEC and CDI to proceed in parallel.  Of course, if Mr. Mortner had only picked up the phone and called MEC's counsel, he would not have made this mistake.  However, his communication with MEC's counsel, as always, was in writing.  As of the filing of this motion, Mr. Mortner still has not offered alternative dates for the depositions of CDI and Mr. Schneorson, either by phone, in writing, or by any other means.

### III.  <u>THIS COURT SHOULD COMPEL MR. BAKSHT, CDI, AND MR. SCHNEORSON TO APPEAR FOR THEIR DEPOSITIONS</u>

Rule 37(a) provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a).  Courts in the Eleventh Circuit applying this standard grant motions to compel depositions when the party to be deposed fails to cooperate in setting a date for a deposition.  *See, e.g.*, *In re Noble*, No. 07-10268-WHD, 2009 WL 6499213, at *3 (Bkrtcy. N.D. Ga. Aug. 21, 2009); *Allianz Global Risks U.S. Ins. Co. v. Singlesource Roofing Corp.*, No. 2:05-cv-603-FTM-29SPC, 2006 WL 5112608, at *1 (M.D. Fla. Nov. 14, 2006).

MEC noticed the depositions of Mr. Baksht, CDI, and Mr. Schneorson six weeks ago.  Nevertheless, these parties and witnesses still have not provided any date on which they will appear for their depositions.  With the discovery deadline less than one week away, MEC cannot wait any longer.  In view of the impending discovery cut off, the repeated cancellation of these depositions is nothing less than an effort to deprive MEC of the discovery to which it is entitled.  This Court recently observed that "[a]s a discovery deadline or trial date draws near, discovery conduct that might have been considered 'merely' discourteous at an earlier point in the litigation may well breach a party's duties to its opponent and to the court. . . ."  *In re Seroquel Products Liability Litigation*, 244 F.R.D. 650, 665 (M.D. Fla. 2007); *see also Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (affirming discovery sanctions and finding that last-minute cancellations of a deposition constitute failure to appear).  That is clearly the case here.

Moreover, in view of Mr. Baksht's preparing and filing of a lengthy declaration on August 16, two days after the scheduled date for his deposition, his excuse that he has been incapacitated for the past two months strains credulity.  MEC cannot know whether Mr. Baksht truly is incapacitated until MEC has the opportunity to depose Mr. Baksht's physician.  In any event, as Mr. Baksht is now apparently sufficiently healthy to review 30-page expert reports and prepare a lengthy declaration, Mr. Baksht's continued refusal to provide any date on which he will be available for deposition is a serious breach of his discovery obligations.  Similarly, the cancellation of the depositions of CDI and Mr. Schneorson, without any excuse

at all, is likewise a breach of discovery obligations.  Accordingly, MEC requests that this Court compel Defendant David Baksht, Defendant CDI, and Menachem Schneorson to notify MEC of a date certain on which they will appear for deposition and to actually appear on those dates.

Additionally, in view of Defendants' extremely last minute cancellation of Mr. Baksht's deposition allegedly due to medical reasons, MEC requests that this Court order Defendants to identify the physician treating Mr. Baksht for his alleged medical condition and requests leave to depose the physician after the close of discovery, and that the deposition of the physician not count toward the number of depositions permitted to each party pursuant to Rule 30 of the Federal Rules of Civil Procedure. MEC requested via email that Defendants stipulate to provide physician information and a deposition, but received no response.

## IV.  THIS COURT SHOULD AWARD MEC ITS TRAVEL EXPENSES AND ATTORNEYS FEES IN CONNECTION WITH THE CANCELLED DEPOSITION OF MR. BAKSHT

Because Defendants cancelled Mr. Baksht's deposition with less than a day's notice and after MEC's counsel had already departed on his flight from California to New York, MEC incurred significant unnecessary expenses due solely to Defendants' last minute cancellation.  Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, Defendants should be required to reimburse MEC for its travel expenses and attorneys' fees incurred due to Defendants' cancellation.  Rule 37(d) of the Federal Rules of Civil Procedure provides that a court may order sanctions if "a party or a party's officer, director, or managing agent . . . fails, after being served

with proper notice, to appear for that person's deposition; . . ."  Sanctions may include requiring "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make and award of expenses unjust."  Fed. R. Civ. P. 37(d).  In determining whether sanctions are appropriate, a court may consider whether reasonable notice was given in cancelling a party's deposition.  *See Miller v. Dyadic Int'l, Inc.,* No. 07-80948-CIV, 2008 WL 2116590, at *2 (S.D. Fla. May 20, 2008) (holding email cancellation less than 36 hours before deposition warranted sanctions); *Root Bros. Farms v. Mak,* No. 05 Civ. 10863 (LBS)(HBP), 2007 WL 2789481, at *8 (S.D.N.Y. Sept. 25, 2007) (finding voicemail left on weekend before deposition scheduled for the following Monday was insufficient notice of cancellation).

Here, Mr. Baksht is both a party and an officer of a party as CEO of CDI.  As recently as Wednesday, August 22, 2012, two days before the deposition was to occur, counsel for Defendants confirmed that Mr. Baksht was available for his deposition on Friday, August 24, 2012.  (Katzenellenbogen Decl., Ex. 13 [8/22/12 Email from M. Mortner to Stewart]).  The very next day, while MEC's counsel was in-flight from California to New York, Defendants informed MEC by email that Mr. Baksht was no longer well enough to appear for his deposition.  (*Id.* Ex. 14 [Aug. 23, 2012 email from M. Mortner to P. Stewart]).  Defendants' cancellation was not only made by email, but was made less than 24 hours before the deposition was scheduled to begin.  (*Id.*)  Pursuant to Rule 37(d), Mr. Baksht's cancellation of his

deposition at the very last minute was not justified, and an award of expenses and attorneys' fees is just as Defendants should rather than MEC should bear the cost of Defendants' last minute cancellation.  Accordingly, MEC respectfully requests that this Court order Defendants to reimburse MEC for its expenses and attorneys' fees incurred due to Defendants' last minute cancellation of Mr. Baksht's deposition. [2]

## V.  THIS COURT SHOULD AWARD EVIDENTIARY SANCTIONS IN THE EVENT THAT MR. BAKSHT, MR. SCHNEORSON, OR CDI AGAIN FAILS TO APPEAR

In the event that Mr. Baksht, Mr. Schneorson, and/or CDI again fails to appear for depositions even after an order compelling them to appear, evidentiary sanctions would be appropriate.  Rule 37(b) of the Federal Rules of Civil Procedure provides that "[i]f a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders [including]" the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;

---

[2] If the Court awards MEC reimbursement of its expenses and attorneys' fees, MEC will provide documentation showing the amount of such expenses and fees incurred in connection with the last minute cancellation of Mr. Baksht's deposition.

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Courts have imposed such evidentiary sanctions where a party willfully fails to comply with court orders and refuses to appear for a deposition.  *See Phipps v. Blakeney*, 8 F.3d 788, 790-91 (11th Cir. Ga. 1993) (concluding that sanction of dismissal was warranted where the plaintiff disobeyed several discovery orders and refused to appear for deposition); *Shawmut Boston International Banking Corp. v. Duque-Pena*, 767 F.2d 1504, 1507 (11th Cir. Fla. 1985) (affirming entry of default judgment where defendant willfully refused to appear for deposition); *Tacori Enterprises v. Beverlly Jewellery Co. Ltd.*, 253 F.R.D. 577, 582 (C.D. Cal. 2008) (granting evidentiary sanctions after less drastic monetary sanctions and order to appear for deposition failed to remedy party's discovery abuses).

Accordingly, if Mr. Baksht, Mr. Schneorson, and/or CDI again fails to appear after an order compelling these depositions, MEC respectfully requests that this Court impose evidentiary sanctions on Defendants pursuant to Rule 37(b) including the following:

- Defendants should be barred from offering any testimony at trial from Mr. Baksht if he does not appear for deposition;

- Defendants should be barred from offering any testimony at trial from Mr. Schneorson and any other CDI party representative if he does not appear for deposition; and

- Defendants should be barred from asserting the following alleged facts at trial as MEC will not have had the opportunity to depose Defendants regarding these matters:

  - Defendants should be barred from asserting that they had prior use of the M Claw mark;

  - Defendants should be barred from asserting that they suffered harm to their reputation as a result of the seizure at Joe Cool's place of business in connection with this action; and

  - Defendants should be barred from asserting that their "Three Drooping Lines" mark at issue in this lawsuit has any secondary meaning with the public as an identifier of Defendants' goods and services.

## VI. <u>CONCLUSION</u>

Based on the foregoing, MEC respectfully requests that the Court enter an order compelling Defendant David Baksht, Defendant CDI, and Menachem Schneorson to notify MEC of a date certain on which they will appear for deposition, and compelling each of them to actually appear for their depositions on those dates. Because it is solely Defendants' delays that have prevented MEC from taking the depositions in time to meet the August 30, 2012 discovery cutoff, MEC further requests leave to take these three depositions after the August 30, 2012 discovery cutoff.  MEC also respectfully requests that this Court order Defendants to reimburse MEC for its costs and attorneys' fees incurred due to Defendants' last minute

cancellation of Mr. Baksht's deposition and order that MEC may depose the physician treating Mr. Baksht after the close of discovery and as an additional deposition not included in the number of depositions permitted to each party. Additionally, if Mr. Baksht, Mr. Schneorson, and/or CDI again fails to appear for their depositions on the pre-scheduled dates, MEC requests that this Court impose evidentiary sanctions pursuant to Rule 37(b).

Respectfully submitted,


Dated:  August 28, 2012          By:  /s/ *Lauren Keller Katzenellenbogen*
JOHN B. SGANGA, JR. ESQ.
(Admitted *Pro Hac Vice*)
john.sganga@kmob.com
LYNDA J. ZADRA-SYMES, ESQ.
(Admitted *Pro Hac Vice*)
lynda.zadra-symes@kmob.com
PAUL A. STEWART, ESQ.
paul.stewart@kmob.com
LAUREN K. KATZENELLENBOGEN, ESQ.
(Admitted *Pro Hac Vice*)
lauren.katzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, California  92614
(949) 760-0404  Telephone
(949) 760-9502  Facsimile

Lead Trial Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

– and –

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida  32801
(407) 843-8880  Telephone

(407) 244-5690  Facsimile

Local Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 28th day of August, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

 /s/ <u>*Lauren Keller Katzenellenbogen*</u>
Lauren Keller Katzenellenbogen

13741667