**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY,                    Case No. 6:11-CV-329-ORL-22DAB
d/b/a MONSTER BEVERAGE
COMPANY,

                Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., and DAVID
BAKSHT (a/k/a David Lipsker a/k/a
David Bakshet a/k/a D Bakht a/k/a DM
Schneerson a/k/a Abraham
Shneorson),

                Defendants.

_____ /


**EXPERT REPORT OF DAVID S. HANSON, CPA**

# LIT.ECON LLP

ECONOMIC ANALYSIS ■ DAMAGES ■ FORENSIC ACCOUNTING ■ VALUATIONS

**Expert Opinion of David S. Hanson, CPA**
**Regarding Damages**
**in the matter of**

*Monster Energy Company, f/k/a Hansen Beverage Company, d/b/a Monster Beverage*
*Company*
*v.*
*Consolidated Distributors, Inc., Mettemp, Inc. and David Baksht*

Case No. 6:11-CV-329-ORL-22DAB
United States District Court
Middle District of Florida
Orlando Division

## I. Introduction

The Plaintiff and Counterclaim-Defendant in this litigation is Monster Energy Company, formerly known as Hansen Beverage Company d/b/a Monster Beverage Company ("MEC"). MEC is a nationwide leader in the business of designing and selling beverages, including energy drinks. In 2002 MEC launched its MONSTER ENERGY drink brand, bearing its famous Claw Icon trademark. MEC's successful line of MONSTER drinks has now grown to include other numerous well-known products such as Lo-Carb MONSTER, MONSTER Khaos, MONSTER Assault, MONSTER M-80, MONSTER Mixxd, Java MONSTER, Nitrous MONSTER, Rehab MONSTER products, Absolutely Zero MONSTER Energy, and the X-PRESSO MONSTER products. Since 2002 MEC also has used, and continues to use, its Claw Icon trademark in connection with clothing and specifically t-shirts. MEC has also used, and continues to use, its Claw Icon mark on hooded shirts, hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands, gloves and headgear. The Defendants in this action are engaged in the business of producing, distributing and selling heat transfers and/or clothing, including but not limited to t-shirts and shirts. Defendants operate under several trade names including Consolidated Distributors, Inc., and Mettemp, Inc. It has been alleged by MEC that the Defendants have sold

and are offering and selling heat transfers, clothing, and/or related products unlawfully bearing marks that are confusingly similar to the MEC Claw Icon trademark. In addition, it is alleged by MEC that the Defendants have infringed the MEC copyright in the fanciful Claw Icon design as well as can art including the Claw Icon design used in connection with energy drinks.[1] If these allegations are established, then MEC is entitled to some compensation.

Consolidated Distributors, Inc. has filed a counterclaim against MEC for reverse confusion, wrongful seizure, unfair competition, abuse of process, interference with contractual relations, and cancellation of the MEC Registrations.[2]

### II. Assignment

I was retained by the law firm Knobbe, Martens, Olson & Bear LLP ("Counsel"). I have been asked by Counsel to evaluate damages from the allegations as generally described above. I have also been asked by Counsel to critique the validity and prepare a rebuttal to damage opinions, arguments or assumptions put forth by Defendants' expert, if any, with respect to MEC's affirmative claims as well as to the Counterclaims of Consolidated Distributors, Inc.

In preparing this report I have assumed both the validity as well as the ownership rights of the trademarks and copyrights that have been identified in the Complaint as filed by MEC together with the infringement of those trademarks and copyrights by the actions of the Defendants.

My analysis in this case is subject to being updated and at the moment, is based upon the information listed in **Attachment 4**. To date certain detailed financial information concerning composition of unit sales activity and associated revenues and costs, as well as other detailed operating expenses and other operating and financial information of the Defendants has not been obtained. Once that detailed information is provided, it will be evaluated and my report will be updated accordingly. To the extent that additional documents, deposition testimony, reports, etc.

---

[1] See Second Amended Complaint for Damages and Injunctive Relief.
[2] See Amended Answer to the First Amended Complaint and Amended Counterclaims for Damages and Injunctive Relief.

are provided to me subsequent to the submittal of this report, I reserve the right to update and supplement this report based on any such information that may subsequently become available in this matter. Additionally, should any damage opinions, arguments or assumptions be rendered by Defendants' expert, if any, with respect to MEC's affirmative claims as well as to the Counterclaims of Consolidated Distributors, Inc., I reserve the right to respond to those opinions, arguments or assumptions in a supplemental report.

### III.   *Expert Opinions*

In trademark infringement cases, the owner of the mark or right is entitled to all damages it suffered as a result of the infringement. These damages can be defined as the profitability the owner would have enjoyed but for the defendant's infringement and can also include such amounts as losses on diverted sales, loss from the reduction in the price of goods and services, harm to the owner's reputation, and the cost of advertising to correct any public confusion or costs incurred to maintain sales.[3]

In addition to the above-described actual damages, it is my understanding that in some situations the Courts have awarded plaintiffs the profits or "gains" the defendant earned as a result of its infringement providing those profits or gains are not duplicative of those sought by the plaintiff in the recovery of its own actual damages.[4]

In copyright infringement cases, the owner of an infringed copyrighted work is entitled to all actual damages it has suffered as a result of the infringement, and damage awards should compensate the copyright owners for the loss in value of the infringed work. These actual damages can be measured by the lost sales and resulting profitability the copyright owner would have enjoyed but for the defendant's infringement, or could be represented by the lost license fees that the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work. In addition to these actual damages of lost sales and profitability, it is my understanding

---

[3] See McCarthy on Trademarks and Unfair Competition, Fourth Edition, Volume 5; See AICPA Practice Aid 06-1, Calculating Intellectual Property Damages.
[4] *Ibid.*

3

that in some situations the courts have awarded plaintiffs the profits or "gains" the defendant earned as a result of its infringement, providing those profits or gains are not duplicative of those sought by the plaintiff in the recovery of its own actual damages.[5]

See Section V below that explains in greater detail the nature of my computations and opinions.

### IV.    *Work Performed*

I conferred with Counsel and read the Complaint in order to understand the background of this dispute as well as the issues I was asked to evaluate and analyze. To date, no formal financial data of the Defendants has been presented to me with regard to this matter. For MEC financial related information, I obtained and reviewed several license agreements whereby MEC licensed the trademarks at issue in this case to third parties. In addition, I also had an opportunity to discuss with management representatives of MEC these license agreements as well as MEC policy regarding licensing its marks.

### V.    *Basis for Opinions*

#### *Damages - Trademark Infringement*

Calculation of MEC Lost Profits

The Defendants have not yet disclosed any information regarding the infringing unit sales or related revenues derived from selling their infringing goods. Consequently, at the present time I am unable to render any conclusion regarding the appropriateness of or the amount of any lost profits suffered by MEC with respect to the infringing products sold by the Defendants.[6] Once I have had the opportunity to review and analyze the sales information of the Defendants, my report will updated as needed.

Another way to determine lost profitability of MEC is to look at the possible royalty revenues

---

[5] See Nimmer on Copyright § 14.02 and §14.03. See AICPA Practice Aid 06-1, Calculating Intellectual Property Damages.
[6] I understand that MEC achieves a gross profit margin, before special discounts, on the sales of its clothing related products, ranging between approximately 50 percent and 70 percent.

lost due to the Defendant's unauthorized use of the MEC trademarks. In **Schedule 1**, I have prepared a summary of other license agreements entered into by MEC. Based on data in this schedule, MEC has licensed its trademarks in the past at rates primarily ranging between 5 percent and 10 percent of sales.[7] In licensing its marks, MEC will only do so if it has strategic purpose and a connection with an athlete with a tie-in to the Monster brand. The MEC strategy in licensing its marks is based entirely on its interest in promoting and supporting and stressing the value of MEC's own brand, and any licensed product must be of high quality and at fixed or limited quantities. Consequently, it is unlikely that MEC would ever have considered a licensing arrangement with the Defendants and certainly not at the rates that have been summarized in the attached schedule. Based on my discussions with MEC management personnel, it is unlikely that MEC would have accepted a royalty rate from Defendants at anything less than three times the rates MEC has received from its strategic license arrangements. This would be equivalent to a royalty rate ranging between approximately 15 percent and 30 percent of sales.[8]

The Defendants have not disclosed any financial information regarding the infringing unit sales or related revenues derived from selling its infringing goods so it is not presently possible to calculate losses using a reasonable royalty as the measurement of actual damages. Once that financial information is disclosed, I will evaluate it and apply the indicated MEC royalty rates to those sales to arrive at MEC lost profits damages measured by royalties.

Disgorgement of Infringer's Profits

Another potential damage remedy available to MEC is the disgorgement of Defendants' wrongfully earned profits. As I have not been provided with detailed sales and financial information of Defendants, at the present time I am unable to calculate the profits earned by Defendants in selling goods bearing the infringed marks. Once I have had an opportunity to

---

[7] These royalty rates were based primarily on gross sales of clothing items and technical gear. Some of the infringing products sold by Defendants were heat transfers which I understand have much lower sales prices in comparison to clothing and technical gear. As such, MEC would likely request a higher royalty rate on the infringing heat transfers than is indicated by the MEC license agreements as summarized in **Schedule 1**.

[8] Discussions held with Greg Hall, In House Counsel and Neil Calvesbert, Vice President Marketing, Lifestyle and Licensing. Given the fact that MEC achieves a gross profit margin, before special discounts, on sales of its clothing

review and analyze the financial information of the Defendants' my report will be updated as needed.

Corrective Advertising

Under claims of trademark infringement, corrective advertising is a damage remedy that is available to MEC associated with any costs that may have to be expended to correct and settle any confusion that may exist in the marketplace.  At the present time, I have not had an opportunity to evaluate and analyze advertising costs incurred by both the Plaintiff and the Defendants.  Once I have had an opportunity to perform such an analysis, my report will be updated as needed.

Unjust Enrichment

As previously stated, it is my understanding that the courts have also awarded damages on the theory of unjust enrichment.  As such, consideration should be given to other gains which have been realized by Defendants as a result of their infringement of the MEC Claw Icon trademark. To date, no financial data has been produced concerning the sales and profits earned by Defendants on any of their products for any analysis to be completed to determine the effect of MEC Claw Icon trademark on other non-infringing sales and profits of the Defendants.  Once additional financial data is provided concerning Defendants' sales and profits, I will evaluate that data and determine the amount of unjust enrichment.

*Damages – Copyright Infringement*

Actual Damages - Profitability of MEC

In copyright infringement cases, actual damages refer to an amount of money adequate to compensate the copyright owner for the reduction in the fair market value of the copyrighted work caused by the infringement.  This can be measured by either the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer.[9]  At the present

---

related products, ranging between approximately 50 percent and 70 percent, a royalty rate of 30 percent is not unreasonable and may be conservative.
[9] See Nimmer on Copyright § 14.02. See AICPA Practice Aid 06-1, Calculating Intellectual Property Damages.

time, the Defendants have not disclosed any information regarding the infringing unit sales or related revenues derived from selling their infringing goods. Consequently, I am unable to render any conclusion regarding the appropriateness of or the amount of any lost profits suffered by MEC with respect to the infringing products sold by the Defendants.[10]   Once I have had the opportunity to review and analyze the sales information of the Defendants my report will updated as needed.

As an alternative to lost profits, one can also look to the value of use of the copyrighted works to the infringer to determine actual damages in copyright infringement actions.   As previously addressed in the above discussions regarding trademark infringement damages, MEC would have demanded a royalty rate of at least 15 to 30 percent on sales from the Defendants for use of the Claw Icon mark.   Given that previous discussion and the copyrights at issue in this case (stylized claw with jagged edges and Monster Energy can art), a similar royalty rate would be sought for any copyright infringement damages measured by lost royalties.

Profits Earned by the Infringer

As previously stated, in addition to the above described actual damages of lost MEC profitability, it is my understanding that in some situations the Courts have awarded plaintiffs the profits or "gains" the defendant earned as a result of its infringement providing those profits or gains are not duplicative of those sought by the plaintiff in the recovery of its own actual damages. As I have not been provided with detailed sales and financial information of Defendants, at the present time I am unable to calculate the profits earned by them in selling goods bearing the infringed copyrighted material. Once I have had an opportunity to review and analyze the financial information of Defendants, my report will be updated as needed.

Statutory Damages

The copyright owner may also elect to recover, instead of actual damages and profits, an award

---

[10]As previously stated, I understand that MEC achieves a gross profit margin, before special discounts, on the sales of its clothing related products ranging between approximately 50 percent and 70 percent.

of statutory damages for all infringements to any one work, in a sum of not less than $750 or more than $30,000 as the court considers just. In situation in which it is determined that infringement was committed willfully, the court may increase the award of statutory damages to a sum of not more than $150,000.[11]

### Damages – Counterclaim of Consolidated Distributors, Inc.

As previously mentioned, Consolidated Distributors, Inc. has filed a counterclaim against MEC for reverse confusion, wrongful seizure, unfair competition, abuse of process, interference with contractual relations, and cancellation of the MEC Registrations. Consolidated Distributors, Inc has the burden of proof with respect to its counterclaim and, to my knowledge it has not yet provided support for its claims. If such support is provided, I will review and evaluate that support and provide my rebuttal in a supplemental report.

### VI.    Qualifications, Remuneration and Information Considered

I am a founding partner in Lit.Econ LLP, a consulting firm specializing in providing litigation and dispute consulting services in the areas of economic consulting, damage assessment, forensic accounting, valuations and expert testimony. Previously, I was a partner at a Big Five accounting firm in charge of their litigation support services for their Orange County, California office and served as director in another Big Five accounting firm responsible for establishing their dispute consulting practice in Orange County, California.

I am a Certified Public Accountant, licensed by the State of California. I have devoted much of the last twenty-five years of my professional life to the analysis of business issues in commercial litigation and have performed numerous determinations of economic damages during these eleven years. A copy of my current resume as well as a description of Lit.Econ LLP is contained in **Attachments 1 and 2**. In addition, a listing of cases in which I provided trial and deposition testimony is contained in **Attachment 3**.

---

[11] http://www.law.cornell.edu/uscode/text/17/504

Lit.Econ LLP is compensated at the rate of $375 per hour for the work I perform. To the extent that other Lit.Econ LLP professionals perform work under my direction, their hourly rates range from $125 - $425 per hour. Additional fees and expenses may be billed between now and trial. The fees paid to my firm are not contingent on the outcome of this litigation.

Work contemplated but not yet completed includes the following:

- Analysis of any expert reports of the Defendants'.
- Analysis of Defendants' sales and costing records.
- Completion of MEC damage computations.
- Evaluation of corrective advertising, if any.
- Preparation of possible demonstrative exhibits for trial.
- Preparation to testify.
- Attendance at depositions and trial.

Signed and dated this 1st day of August, 2012 by:

David S. Hanson, CPA

Partner Lit.Econ LLP

Schedule 1

Hansen Beverage Company, et al.
v.
Consolidated Distributors, Inc., et al.
Summary of Royalty Rate Data (1)

| Licensor | Licensee | Territory | Scope | Date | Trademarks | Royalty Rate | Licensed Products | Period | Up-Front Fees |
|---|---|---|---|---|---|---|---|---|---|
| Hansen Beverage Company | One Industries | Unknown | Non-exclusive Non-transferable | 01/16/06 | Monster Energy Claw Icon | None | "Kombat" Helmet | 01/16/06-12/31/06 First right of refusal for Year 2 | None |
| Hansen Beverage Company | Slednecks | Unknown | Non-exclusive Non-transferable | 06/30/07 | M Monster Energy Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! | 5% Gross Sales | Motorcross apparel - t-shirts, hoodies, beanies & caps | 06/30/07-05/31/08 | None |
| Hansen Beverage Company | Slednecks | Unknown | Non-exclusive Non-transferable | 04/01/08 | M Monster Energy Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! | 5%-10% Gross Sales | Motorcross apparel - t-shirts, hoodies, beanies, caps, jackets & pants | 04/01/08-12/31/09 | None |
| Hansen Beverage Company | One Industries | North America Europe Australia South Africa Brazil New Zealand Japan | Non-exclusive Non-transferable Non-assignable Revocable | 08/04/09 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 10% Gross Sales  $5 per unit  $4 per unit | Apparel - caps, beanies, t-shirts, hoodies, sweatshirts & race wear.  Replica sticker kits, sticker sheets, pitboards motorcycle bar pads, & umbrellas.  Trooper Helmet  Kombat Helmet | 07/01/09-06/30/11 | $252,015.00 |
| Hansen Beverage Company | Fox Head, Inc. | Worldwide in which Fox Head distributes its "Fox" branded motocross products | Non-exclusive Non-transferable Revocable | 08/17/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 6%-7% Gross Sales | Apparel - t-shirts, baseball tanks, zip front & chop fleece V3 Helmet & Helmet visor | 04/01/09-12/31/11 | $32,300.43 |
| Hansen Beverage Company | La Jolla Sport USA, Inc. | US US territories | Non-exclusive Non-transferable Revocable | 06/18/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 8% Gross Sales | Board Shorts | 04/01/10-03/31/11 Auto Renew for One Year Term | None |
| Hansen Beverage Company | Slednecks, Inc. | US Norway Sweden Finland Canada Japan | Non-exclusive Non-transferable Revocable | 10/15/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 5% 2010 8% 2011 Gross Sales | Motorcross apparel - t-shirts, hoodies, beanies, hats, jackets, pants, & thermals | 06/01/10-12/31/11 | None |
| Hansen Beverage Company | Digital Ink Design | Unknown | Non-exclusive Non-transferable Non-assignable | 01/01/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! | 8% Net Sales | Tucker Hibbert Replica Snowmobile Racing Graphics | Sold Out or 9/30/10 | None |

Schedule 1

Hansen Beverage Company, et al.
v.
Consolidated Distributors, Inc., et al.
*Summary of Royalty Rate Data (1)*

| Licensor | Licensee | Territory | License Terms | Date | Marks | Royalty Rate | Product | Term | Amount |
|---|---|---|---|---|---|---|---|---|---|
| Hansen Beverage Company | Black Box Dist. | US | Non-exclusive Non-transferable Non-assignable Revocable | 08/01/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | Royalty Free | Chris Cole T-Shirt | 08/01/10-6/30/11 | None |
| Hansen Beverage Company | Bicycle Kid | US Australia New Zealand Europe South America | Non-exclusive Non-transferable Non-assignable Revocable | 01/01/11 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 5% Gross Sales | Dave Mirra Clothing, Jacket and T-Shirt | 1/1/11-12/31/11 | None |
| Hansen Beverage Company | Alpinestars, S.p.A. | Worldwide | Non-exclusive Non-transferable Non-assignable Revocable | 07/13/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 5% Gross Sales | Leather Suit, Leather Jacket, Stunt Air Jacket and Charger Backpack | 4/1/11-3/31/12 | $10,000 |
| Hansen Beverage Company | Spreez Racing | US Europe Japan Australia Qatar Malaysia | Non-exclusive Non-transferable Non-assignable Revocable | 01/01/11 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | Royalty Free | Rob Dyrdel T-Shirt | 1/1/11-12/31/12 | None |
| Hansen Beverage Company | Zumiez, Inc. | Unknown | Non-exclusive Non-transferable Non-assignable Revocable | 07/26/10 | Unknown | Unknown | Unknown | 1/1/10-12/31-10 | Unknown |
| Hansen Beverage Company | INA International | Australia China Europe Iceland Russia Japan New Zealand | Non-exclusive Non-transferable Non-assignable Revocable | 04/12/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 10% Gross Sales | Replica Skateboard and Wakeboard Helmets | 4/1/10-3/31/10 (1) | $10,500 |
| Hansen Beverage Company | Yamaha Motor Corp | US | Non-exclusive Non-transferable Non-assignable Revocable | 03/01/12 | Monster Energy Monster Claw Icon "M" Monster Energy | 10% Gross Sales | R1 Motorcycle Sticker Kit | 3/1/12-2/28/13 | None |
| Hansen Beverage Company | Robby Gordon Motor | US | Non-exclusive Non-transferable Non-assignable Revocable | 06/17/09 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | Royalty Free | Robbie Gordon co-brand T-Shirts | 1000 units | None |
| Hansen Beverage Company | Isle of Man | Worldwide | Non-exclusive Non-transferable Non-assignable | 11/01/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! | Royalty Free | Isle of Mann TT co-brand Jackets, T-Shirts, Caps, Hoodie, Sticker, Lanyard, Backpacks, Beanie. | 1/31/2012 Limited Units | None |

Schedule 1

**Hansen Beverage Company, et al.**
**Consolidated Distributors, Inc., et al.**
*Summary of Royalty Rate Data (1)*

| Licensor | Licensee | Territory | License Type | Date | Marks | Royalty Rate | Product | Term | Amount |
|---|---|---|---|---|---|---|---|---|---|
| Hansen Beverage Company | Suomy S.p.A. | Worldwide | Non-exclusive Non-transferable Revocable | 11/01/11 | Monster Energy Monster Claw Icon "M" Monster Energy | 10% Gross Sales | CLS Kawasaki Team Replica Helmet | 1/1/12-12/31/12 | $10,000 |
| Hansen Beverage Company | 43 Racing LLC | US Australia New Zealand Europe South America | Non-exclusive Non-transferable Revocable | 03/31/10 | Monster Energy Monster Claw Icon | 2%-5% Gross Sales | Ken Block co-branded Hat, T-Shirt, Jacket, Shoe and Shirt. | 3/1/10-12/31/10 | None |
| Hansen Beverage Company | Famous Stars and Straps | US Europe Australia Canada | Non-exclusive Non-transferable Revocable | 01/12/12 | Monster Energy Monster Claw Icon "M" Monster Energy | 10% Gross Sales | Family Monster T-Shirt | 1/1/12-12/31/12 | None |
| Hansen Beverage Company | Grenade, Inc. | US Australia New Zealand Canada | Non-exclusive Non-transferable Revocable | 01/06/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 8% Gross Sales | Grenade co-branded Beanie, Hat, Weight Glove and T-Shirt | 6/1/09-5/31/11 | None |
| Hansen Beverage Company | HJC America | US Europe Japan Australia Russia Mexico Canada | Non-exclusive Non-transferable Revocable | 01/01/11 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | Royalty Free | HJC co-branded Ben Spies Replica Helmet | 1/1/11-12/31/11 | None |
| Hansen Beverage Company | Factory Effex, Inc. | North America Australia Europe South Africa | Non-exclusive Non-transferable Revocable | 05/29/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | Unknown Quarterly Minimum $5,000 | Unknown | 6/1/09-5/31/10 | $10,000 |
| Hansen Beverage Company | Jim O'Neal Distrib. | North America Europe Australia South Africa Russia | Non-exclusive Non-transferable Revocable | 06/17/09 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 10% Gross Sales $20,000 Minimum | Tim Ferry Replica Helmet, Gloves, Jersey, Pants | 6/1/09-5/31/10 | $10,000 |
| Hansen Beverage Company | Jim O'Neal Distrib. | North America Europe South America Australia South Africa Russia | Non-exclusive Non-transferable Revocable | 05/03/10 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 10% Gross Sales $20,000 Minimum | Tim Ferry Replica Helmet, Gloves, Jersey, Pants | 0601/10-5/31/11 | $10,000 |
| Hansen Beverage Company | Castle Sales Co. | US Canada | Non-exclusive Non-transferable Non-assignable | 09/28/07 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! | 5% Net Sales | Tucker Hibbert X-Games Replica Jackets and Pants. | 4/31/08 or until units sold out | None |

Hansen Beverage Company, et al.
v.
Consolidated Distributors, Inc., et al.
Summary of Royalty Rate Data (1)

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hansen Beverage Company | Castle Sales Co. | US Canada | Non-exclusive Non-transferable Non-assignable | 05/29/08 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! | 15% Net Sales | Tucker Hibbert X-Games Replica Racing Jacket and Pants, Replica 09 Coil Pullover | 4/30/09 or until units sold out | None |
| Hansen Beverage Company | Castle Sales Co. | US Canada | Non-exclusive Non-transferable Non-assignable Revocable | 07/03/09 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 10%-15% Net Sales | Tucker Hibbert X-Games Replica Racing Jacket and Pants, Replica 09 Coil Pullover | 4/30/10 or until units sold out | None |
| Hansen Beverage Company | Castle Sales Co. | US Canada Europe | Non-exclusive Non-transferable Non-assignable Revocable | 06/02/11 | Monster Energy Monster Claw Icon "M" Monster Energy Unleash The Beast! The Juice Is Loose | 10%-15% Net Sales | Tucker Hibbert X-Games Replica Racing Jacket and Pants | 4/30/12 or until units sold out | None |

**Footnote:**
(1) Source of Data: License agreement between indicated parties (No Bates Reference)

# LIT.ECON LLP

ECONOMIC ANALYSIS ■ DAMAGES ■ FORENSIC ACCOUNTING ■ VALUATIONS

**Attachment 1**

**David S. Hanson**
Certified Public Accountant
Providing Dispute Consulting and Valuation Services

## Summary of Qualifications

David S. Hanson, C.P.A. specializes in assisting attorneys and their clients in summarizing economic, financial and accounting data related to litigation matters and providing expert testimony. Mr. Hanson has practiced in the field of public accounting for thirty-five years. During that period, he has obtained a wide variety of accounting and financial experience with clients ranging from large publicly-held consolidated groups with international operations to small closely-held family businesses. His audit clients have included entities involved in residential, commercial and industrial real estate, construction, manufacturing, high technology, healthcare, retail, medical, transportation, and financial services and governmental. In the specialized practice area of dispute consulting, Mr. Hanson has provided a variety of services including expert witness testimony, forensic accounting, fraud investigations, lost profits and lost earnings analysis, damage assessment and evaluation, liability analysis and pre-trial discovery assistance. He has experience in a number of disputes including breach of contract, lost profits, intellectual property, real property, construction, business interruption, bankruptcy, environmental, trusts, accounting issues and lost earnings.

## Experience

**June 1998 to Present** – Partner and Co-Founder of Lit.Econ LLP

**May 1993 to June 1998** – Director, Dispute Consulting Services, Deloitte & Touche LLP, Costa Mesa, California

**October 1988 to May 1993** – Partner, Litigation Services, Coopers & Lybrand, Newport Beach, California

**June 1977 to October 1988** – Various managerial and staff positions in the audit group of Coopers & Lybrand, Newport Beach, California

## Education

Bachelor of Science degree, emphasis in accounting, University of Southern California, May 1977

## Professional Affiliations

Certified Public Accountant in the State of California

Member, American Institute of Certified Public Accountants

Member, California Society of Certified Public Accountants

## Volunteer Experience

Past Treasurer, Constitutional Rights Foundation of Orange County

Past Treasurer, Environmental Professionals Organization

## Selected Testimony

*Robinson v. Anderson, et al.* (Richard Schlegal – Sylvester & Oppenheim) Mr. Hanson testified as an expert witness in Superior Court (Los Angeles, California) on behalf of plaintiff in connection with a breach of contract, wrongful termination matter.

*I.M.E. v. Winsoon, Inc.* (Ken Perkins – Allen, Matkins, Leck, Gamble & Mallory) Mr. Hanson testified as an expert witness in Superior Court (Orange County, California) on behalf of defendant in a lost profits claim.

*Gajianni* (Paul Rafferty – Pettit & Martin) Mr. Hanson testified as an expert witness in Superior Court (Riverside County, California) on behalf of plaintiff concerning damages suffered as a result of a contract breach pursuant to the purchase of commercial real estate.

*Davis v. Knox and Kroner* (Joe Lovretovich – Lovretovich and Karen: Chuck Cox – Latham & Watkins) Mr. Hanson testified as an expert witness in Delaware Chancery Court on behalf of defendants concerning lost profits and goodwill in connection with a corporate dissolution.

*Fitzsimon V. S.C. Equestrian Lots Ltd.* (Steve Winton – Lorenze, Alhadeff, Cannon & Rose) Mr. Hanson testified as an expert witness in Superior Court (Orange County, California) on behalf of plaintiff pursuant to lost profits and misappropriated assets in connection with a partnership fraud.

*Lalapour v. Lincoln Emerald Partnership* (Mitch Freedman – Schell & Delamer) Mr. Hanson testified as an expert witness in Superior Court (Van Nuys, California) on behalf of defendant property owner concerning the losses suffered by plaintiff related to a theft of precious stones.

*Evans, et al. v. Pritchard, et al.* (David Carroll – Groh, Carroll & Stern) Mr. Hanson testified as an expert witness in Superior Court (Orange County, California) on behalf of plaintiff for lost profits in a contract dispute over an investment in a consumer products business.

*Lifetime Memory Products v. James Toner, et al.* (Paul George – McDermott, Will & Emery) Mr. Hanson testified as an expert witness in Superior Court (Orange County, California) on behalf of defendant concerning lost profits and the misappropriation of trade secrets.

*Mcguirck v. City of San Clemente* (David Carroll – Groh, Carroll & Stern) Mr. Hanson testified as an expert witness in Superior Court (Orange County, California) on behalf of plaintiff concerning lost profits.

*Public Investment Corp. v. Ruh, et al.* Mr. Hanson served as an independent accounting referee and testified in arbitration in this partnership dispute over real estate related costs and expenditures.

*Norco Windows, Inc. v. John Clark* (R. Starrett – Nebben & Starrett) Mr. Hanson testified as an expert witness in Superior Court (Orange County, California) in this breach of contract matter.

*Novotny v. Stuart* (Robert Palmer – Gibson, Dunn & Crutcher) Mr. Hanson testified as an expert witness in Superior Court (Riverside County, California) concerning real estate costs in this breach of contract matter.

*Editek, Inc. v. Disease Detection International, Inc.* (Robert Palmer – Gibson, Dunn & Crutcher) Mr. Hanson testified as an expert witness in arbitration on behalf of defendant concerning certain accounting concepts and issues in this case involving trade secrets.

*Prudential Real Estate Affiliates v. EquiSource Realty Corp.* (Andrew Guilford – Sheppard, Mullin, Richter & Hampton) Mr. Hanson testified as an expert witness in arbitration on behalf of plaintiff on lost profits in this franchise contract dispute.

*Charles Hohl, et al. v. Larry Smith* (Robert Palmer – Gibson, Dunn & Crutcher) Mr. Hanson testified as an expert witness in Superior Court (Orange County, California) on behalf of plaintiff in this breach of contract case involving the operation of athletic facilities.

*Mark Carpenter v. Matco Tools* (Steve Levy – Lewis, D'Amato, Brisbois & Bisgaard) Mr. Hanson testified as an expert witness in Superior Court (Santa Clara County, California) on behalf of defendant concerning lost profits, lost opportunity and investment in this breach of contract case.

*Mark Hebard v. Matco Tools* (Steve Levy – Lewis, D'Amato, Brisbois & Bisgaard) Mr. Hanson testified as an expert witness in Superior Court (Santa Clara County, California) on behalf of defendant concerning lost profits, lost opportunity and investment in this breach of contract case.

# LIT.ECON LLP

ECONOMIC ANALYSIS ■ DAMAGES ■ FORENSIC ACCOUNTING ■ VALUATIONS

**Attachment 2**

## About The Firm

Lit.Econ LLP is a consulting firm comprised of professional economists, accountants, and financial analysts providing dispute consulting services to law firms and their clients. The Firm was founded by senior dispute consulting professionals from the "Big Five" accounting firms with experience and skills in a wide range of disciplines including economics, accounting, mathematics, finance and statistics.   The Firm specializes in providing expertise in the areas of economic analysis, forensic accounting, damage assessment, valuations and expert testimony.

# LIT.ECON LLP

ECONOMIC ANALYSIS ■ DAMAGES ■ FORENSIC ACCOUNTING ■ VALUATIONS

**Testimony Provided By David S. Hanson**　　　　　　　　　　**Attachment 3**

### *In Trial*

**Case Name:** Roger Schuster v. Barron Hilton
**Case Filed:** Superior Court, San Diego County, California **(1)**

**Case Name:** Lisle Miller, et al. v. Robert Cristiano, et al.
**Case Filed:** Superior Court, Orange County, California **(1)**

**Case Name:** Shamray v. Pace Lithographers
**Case Filed:** Superior Court, Los Angeles County, California **(1)**

**Case Name:** C.L. Trustees, et al. v. ACS State and Local Solutions, Inc.
**Case Filed:** Superior Court, San Diego County, California **(1)**

**Case Name:** Cimco Corp., et al. v. FARO Technologies, Inc.
**Case Filed:** District Court, Southern District of California **(1)**

**Case Name:** Specialized Bicycle Components v. Onsport LLC
**Case Filed:** District Court, Central District of California

**Case Name:** Sharpe v. McDonnell
**Case Filed:** Superior Court, Orange County, California **(1)**

**Case Name:** Taboo, Inc. v. Beach Bums
**Case Filed:** Superior Court, Orange County, California

**Case Name:** Sheppele, et al. v. South Coast Raquet Club, et al.
**Case Filed:** Superior Court, Orange County, California **(1)**

**Case Name:** City of La Habra v. Gammoah
**Case Filed:** Superior Court, Orange County **(1)**

**Case Name:** Draper Partners v. Garfield Logan
**Case Filed:** Superior Court, Orange County

**Case Name:** CamGuard Inc, v. Smart Systems Technologies, Inc.
**Case Filed:** District Court, Central District of California **(1)**

**Case Name:** Sycamore Canyon Townhomes v. Sycamore Canyon Homeowners Association
**Case Filed:** Superior Court, Orange County **(1)**

**Case Name:** Metler-Toledo v. B-Tek Scales, LLC
**Case Filed:** District Court, Eastern District Texas **(1)**

**Case Name:** West Coast Distribution, Inc v. Haithem El Saad
**Case Filed:** Superior Court, Orange County **(1)**

**Case Name:** I-FLOW Corporation v. Apex Medical Technologies, Inc.
**Case Filed:** United States District Court, Southern District of California **(1)**

**Case Name:** Orange County Nameplate v. Rick Counterman, et al. **(1)**
**Case Filed:**  Superior Court, Orange County

**Case Name:** Corona Summit LLC v. SPUS05 Corona Summit, L.P. **(1)**
**Case Filed:**  Superior Court, Los Angeles

**Case Name:** Superior Property of 10621 Sepulveda v. Home Depot **(1)**
**Case Filed:** Superior Court, Los Angeles County

**Case Name:** Binder & Binder v. Disability Group, Inc.
**Case Filed:** United States District Court, Central District of California

**Case Name:** Polaris Medical Academy v. Michael Allen **(1)**
**Case Filed:** Superior Court, Orange County

**Case Name:** Rita Bland v. Reproductive Fertility Center
**Case Filed:** Superior Court, Los Angeles County

**Case Name:** Kittrich Corporation v. Alkor-Venilia America, Inc., et al. **(1)**
**Case Filed:** Superior Court, Los Angeles County

**Case Name:** ATL Corporation v. City of Seattle
**Case Filed:** United States District Court, Western District of Washington


### *In Arbitration*

**Case Name:** Bekirk Development v. Heights Partners, LLC
**Case Filed:** AAA Orange County

**Case Name:**  Joval v. Thrifty/RiteAid
**Case Filed:**  AAA Los Angeles **(1)**

**Case Name:** TopWare v. Mattel, et al.
**Case Filed:**  AAA Los Angeles **(1)**

**Case Name:** Rogers v. Rogers
**Case Filed:**  AAA Orange County **(1)**

**Case Name:** Mofid v. Powers Acquisition Corp
**Case Filed:**  AAA San Bernardino County **(1)**

**Case Name:** Conrad Asher v. Rhinox, Inc.
**Case Filed:**  AAA Los Angeles County **(1)**


### *In Deposition*

**Case Name:** Applera Corp. v. Beckman Coulter, Inc.
**Case Filed:** Superior Court, San Francisco, California

**Case Name:** ASF, Inc. v. City of Seattle
**Case Filed:** District Court, Western District of Washington

**Case Name:** Americon v. Deccofelt Corp.
**Case Filed:** Superior Court, Orange County

**Case Name:** Express, LLC v. Fetish Group, Inc.
**Case Filed :** District Court, Western District of California

**Case Name:** City of La Habra v. Gammoah
**Case Filed:** Superior Court, Orange County

**Case Name:** Garcia v. Kao
**Case Filed:** Superior Court, Orange County

**Case Name:** CLD Holdings v. Makar Properties LLC
**Case Filed:** Superior Court, Orange County

**Case Name:** National Tax Data, Inc. v. Alliant Disclosure Services, Inc.
**Case Filed:** Superior Court, Orange County

**Case Name:** Lindaur, et al. v. JAC Even Resources, Inc., et al.
**Case Filed:** Superior Court, Orange County

**Case Name:** Tehrani v. Polar Electric, et al.
**Case Filed:** District Court, Central District of California

**Case Name:** Hansen Beverage Company v. National Beverage Corporation
**Case Filed:** United States District Court, Central District of California

**Case Name:** Fielding v. Friwat
**Case Filed:** Superior Court, Orange County

**Case Name:** Eliminator v. Donzi
**Case Filed:** United States District Court, Central District of California

**Case Name:** Thermo-Ply, Inc. v. The Ohio Willow Wood Company
**Case Filed:** United States District Court, Middle District of Florida, Tampa Division

**Case Name:** Roger Wang M.D. v. The Staywell Company
**Case Filed:** United States District Court, Central District of California

**Case Name:** Barone, et al. v. Cesareo
**Case Filed:** Superior Court, Orange County

**Case Name:** Aarsvold, v. Infocrossing West, Inc. et al.
**Case Filed:** AAA

**Case Name:** Stuhlbarg International Sales Co., et al. v. John D. Brush & Co.
**Case Filed:** United States District Court, Central District of California

**Case Name:** Cabana v. Peoples Home Loan, Inc.
**Case Filed:** Superior Court, Orange County

**Case Name:** Randall May International, Inc. v. DEG Music Products, Inc.
**Case Filed:** United States District Court, Central District of California

**Case Name:** YTY Industries v. Dow Chemical
**Case Filed:** United States District Court, Central District of California

**Case Name:** Fortune Fashions Industries v. Sunrise Technologies, Inc. et al.
**Case Filed:** United States District Court, Central District of California – Western Division

**Case Name:** Nobel Biocare USA LLC v. Blue Sky Bio, LLC
**Case Filed:** United States District Court, Central District of California – Western Division

**Case Name:** Luther Lindauer, et al v. Joel Burnstein, et al.
**Case Filed:** Superior Court, Orange County

**Case Name:** Bigfoot Ventures LLC v. Mexican Airlines
**Case Filed:** United States District Court, Southern District of California

**Case Name:** Hansen Beverage Company v. CytoSport, Inc.
**Case Filed:** United States District Court, Central District of California

**Case Name:** Accuride International, Inc. v. SSW Holding Company, Inc.
**Case Filed:** United States District Court, Central District of California

**Case Name:** Kevin Lin, et al. v. Hiram Kwan, et al.
**Case Filed:** Superior Court, Orange County

**Case Name:** Warren Firey v. Larry Boydstun
**Case Filed:** Superior Court, Orange County

**Case Name:** Key Electric, Inc. v. Henrik Babakhani, et al.
**Case Filed:** Superior Court, County of Los Angeles

**Case Name:** Lake Hills Riverside, L.P. v. Jennings Pierce, Jr., et al.
**Case Filed:** Superior Court, Orange County

**Case Name:** Family Nissan v. Nissan Motors
**Case Filed:** Superior Court, Orange County

**Case Name:** Seirus v. Ross Gloves, et al.
**Case Filed:** United States District Court, Southern District of California

**Case Name:** Red Mountain v. Adir International
**Case Filed:** Superior Court, Los Angeles County

**Case Name:** Cheng v. AIM Sports, Inc., et al.
**Case Filed:** United States District Court, Central District of California

**Case Name:** Transit Air Cargo v. M. Perratta, et al.
**Case Filed:** Superior Court, Orange County

**Case Name:** Bamboo Buddy v. Linda Wang
**Case Filed:** Superior Court, San Diego County

(1) Also provided deposition testimony in these matters

**Hansen Beverage Company, et al.**

v.

**Consolidated Distributors, Inc., et al.**

*Information Obtained or Considered*

| Document Description | Bates Reference |
|---|---|
| Hansen Beverage Company v. Consolidated Distributors, Inc., Defendants Consolidated Distributors, Inc. and David Baksht's Amended Answer and Affirmative Defenses to the First Amended Complaint and Amended Counterclaims for Damages and Injuctive Relief with Demand for Jury Trial, Dated 4/27/12 | |
| Hansen Beverage Company v. Consolidated Distributors, Inc., Second Amended Complaint for Damages and Injunctive Relief, and Demand for Jury Trial, Dated 5/14/12 | |
| Hansen Beverage Company v. Consolidated Distributors, Inc., Plaintiff's Answer to Defendants' Amended Counterclaims for Damages and Injuctive Relief, Dated 5/14/12 | |
| Hansen Beverage Company v. Consolidated Distributors, Inc., Defendants Consolidated Distributors, Inc. and David Baksht's, Answer and Affirmative Defenses to the Second Amended Complaint with Demand for Jury Trial, Dated 6/6/12 | |
| Trademark License Agreement between Hansen Beverage Company & One Industries, Dated 1/16/06 | |
| License Agreement between Hansen Beverage Company & Slednecks, Dated 6/30/07 | |
| License Agreement between Hansen Beverage Company & Slednecks, Dated 4/1/08 | |
| Trademark License, Design & Manufacture Agreement between Hansen Beverage Company & JMJE, Dated 7/9/09 | |
| Trademark License Agreement between Hansen Beverage Company & One Industries, Dated 8/4/09 | |
| Trademark License Agreement between Hansen Beverage Company & Fox Head, Dated 8/17/10, Effective 1/1/10 | |
| Trademark License Agreement between Hansen Beverage Company & La Jolla Sport USA, Dated 6/18/10 | |
| Trademark License Agreement between Hansen Beverage Company & Slednecks, Dated 10/15/10 | |
| AICPA Practice Aid 06-1 Calculating Intellectual Propert Damages. | |
| Cornell University Law School, 15 USC § 1117 Recovery for Violation of Rights. | |
| McCarthy on Trademarks and Unfair Competition, Fourth Edition, Volume 5. | |
| Jack L. Aronowitz, et al. v. Healt-Chem Corporation, U.S. Court of Appeals for the Eleventh Circuit, January 2008. | |
| Ramada Inns, Inc. v. Gadsden Motel Company, U.S. Court of Appeals for the Eleventh Circuit, December 1986. | |
| Cornell University Law School, 17 USC § 504 Remedies for Infringement: Damages and Profits. | |
| Nimmer on Copyrights §14.02, §14.03 and §14.04 | |
| www.monsterarmy.com | |
| Trademark License Agreement between Hansen Beverage Company & Digital Ink Design, Dated 1/1/10 | |
| Trademark License Agreement between Hansen Beverage Company & Black Box Distribution LLC, Dated 8/1/10 | |
| Trademark License Agreement between Hansen Beverage Company & Bicycle Kid, Inc., Dated 1/1/11 | |
| Trademark License Agreement between Hansen Beverage Company & Alpinestars, Dated 7/13/11 | |
| Trademark License Agreement between Hansen Beverage Company & Speez Racing LLC, Dated 1/1/11 | |
| Trademark License Agreement between Hansen Beverage Company & Zumiez, Inc., Dated 7/26/10 | |
| Trademark License Agreement between Hansen Beverage Company & INA International, LTD, Dated 4/12/10 | |
| Trademark License Agreement between Hansen Beverage Company & Yamaha Motor Corp., Dated 3/1/12 | |
| Limited Trademark License Agmt between Hansen Beverage Company & Robbie Gordon Motorsports, Dated 6/17/09 | |
| Trademark License Agreement between Hansen Beverage Company & Isle of Man Government, Dated 11/1/10 | |
| Trademark License Agreement between Hansen Beverage Company & Suomy S.p.A., Dated 11/1/11 | |
| Trademark License Agreement between Hansen Beverage Company & 43 Racing, LLC, Dated 3/11/10 | |
| Trademark License Agreement between Hansen Beverage Company & Famous Stars & Straps, Inc., Dated 1/12/12 | |
| Trademark License Agreement between Hansen Beverage Company & Grenade, Inc., Dated 1/6/10 | |
| Trademark License Agreement between Hansen Beverage Company & HJC America, Inc., Dated 1/1/11 | |
| Trademark License Agreement between Hansen Beverage Company & Factory Effex, Inc., Dated 5/29/09 | |
| Trademark License Agreement between Hansen Beverage Company & Jim O'Neal Distributing, Inc., Dated 6/17/09 | |
| Trademark License Agreement between Hansen Beverage Company & Jim O'Neal Distributing, Inc., Dated 5/3/10 | |
| License Agreement between Hansen Beverage Company & Castle Sales Co., Inc. Dated 9/28/07 | |
| License Agreement between Hansen Beverage Company & Castle Sales Co., Inc. Dated 6/2/11 | |
| License Agreement between Hansen Beverage Company & Castle Sales Co., Inc. Dated 7/9/09 | |
| License Agreement between Hansen Beverage Company & Castle Sales Co., Inc. Dated 5/29/08 | |

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am a citizen of the United States. I am over the age of 18 and not a party to the above-entitled case. I am employed in Irvine, California, in the office of a member of the bar of this Court at whose direction this service was made. My business address is 2040 Main Street, Fourteenth Floor, Irvine, California. I am readily familiar with the firm's practices for the collection and processing of mail, and that mail so processed is deposited the same day during the ordinary course of business.

On August 1, 2012, I caused to be served a true copy of the foregoing document, **EXPERT REPORT OF DAVID S. HANSON, CPA,** on the parties or their counsel shown below, via email and First Class U.S. Mail, by placing it in a sealed envelope, addressed as follows:

**Attorneys for Defendants Consolidated Distributors, Inc. and David Baksht:**

Peter J. Mackey, Esq.
Kristina H. Snyderman, Esq.
MACKEY LAW GROUP, P.A.
1402 Third Avenue West
Bradenton, Florida 34205
pmackey@mackeylaw.com
ksnyderman@mackeylaw.com

Moshe Mortner, Esq.
THE MORTNER LAW OFFICES
40 Wall Street, 28th Floor
New York, New York 10005
mm@mortnerlaw.com

Executed on August 1, 2012, at Irvine, California.

Consuelo Gutierrez