**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY,                 Case No. 6:11-CV-329-ORL-22DAB
d/b/a MONSTER BEVERAGE
COMPANY,

                Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., and DAVID
BAKSHT (a/k/a David Lipsker a/k/a
David Bakshet a/k/a D Bakht a/k/a DM
Schneerson a/k/a Abraham
Shneorson),

                Defendants.

_____ /

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO**
**PLAINTIFF'S REQUESTS FOR PRODUCTION AND INTERROGATORIES**

      This is a simple motion.  The Defendants have utterly failed to respond or

even object to discovery requests for which responses were due weeks ago.  They

should be compelled to respond.   In addition, the Defendants have lodged an

untimely work product objection to communications between Defendant David

Baksht and former Defendant Josef Amar, even though neither Baksht nor Amar is

an attorney.   Similarly, the Defendants have lodged an untimely work product

objection to communications between Baksht and Robert Pershes, **Yosef Amar's**

former attorney, even though Mr. Pershes has sworn under oath that he never

represented Baksht.  Once again, the Defendants clearly should be compelled to respond.

Specifically, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 3.04(a), Plaintiff Monster Energy Company ("MEC") respectfully moves for entry of an order (1) compelling Defendants to produce withheld email communications between David Baksht and Robert Pershes and between David Baksht and Yosef Amar which are responsive to Plaintiff's Requests for Production; (2) compelling Defendants to respond to MEC's Interrogatories Nos. 20-23 and produce all documents responsive to MEC's Requests for Production of Documents Nos. 66-77 within one week of the Court's order; (3) compelling Defendant Consolidated Distributors, Inc. ("CDI") to produce all documents responsive to MEC's Requests for Production Nos. 78-84 within one week of the Court's order; and (4) compelling Mr. Baksht to produce all documents responsive to MEC's Requests for Production Nos. 78-79 within one week of the Court's order.

## I. CERTIFICATION OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 3.01(g), undersigned counsel for MEC conferred in good faith with counsel for the Defendants regarding the relief requested in this motion and was unable to reach an agreement.  The conference took place via email.  Counsel for Defendants has been communicating with MEC's counsel only by email.  Pursuant to Local Rule 3.01(g), MEC will continue these efforts after filing this Motion, including continued efforts to reach defendants' counsel by telephone to discuss the issues raised in this Motion.

## II. <u>BACKGROUND AND INTRODUCTION</u>

More than a year ago, MEC brought this lawsuit against Defendants David Baksht and Consolidated Distributors, Inc. ("Defendants") and prior defendants Yosef Amar, Michelle Amar, Joe Cool, Inc. and Joe Cool Bike Week, Inc. (collectively "Joe Cool Defendants") for trademark and copyright infringement for selling heat transfers and t-shirts bearing Defendants' 3DL trademark.  *See* Doc. 2 (Complaint).   Defendants' 3DL trademark is virtually identical to MEC's Federally Registered M Claw trademark as shown below:



MEC'S   TRADEMARK   (U.S.
Trademark Reg. No. 4051650)



DEFENDANTS'
TRADEMARK (U.S.
Trademark Application
Serial No. 85/080,820)

Defendants did not make an appearance in this lawsuit until more than a year after it was filed.   At that time, MEC had already settled its claims against the Joe Cool Defendants and dismissed them from this lawsuit.   The Court had also entered default against Defendants, but set aside the entry of default and allowed Defendants to belatedly file an answer.  *See* Doc. 120.

In their counterclaims and affirmative defenses, Defendants assert that they have prior rights in the 3DL mark based on alleged use of the mark by the Joe Cool Defendants prior to MEC's first use of its M Claw mark.  *See* Doc. 130 (Second Amended Complaint), Doc. 122 (Def's Amended Answer and Counterclaim). Defendants allege that they entered into a joint venture with the Joe Cool Defendants and obtained rights in the 3DL mark from the Joe Cool Defendants. Defendants further allege counterclaims for wrongful seizure seeking $20 million in damages including alleged damages to Defendants' reputation resulting from MEC's seizure of the accused products from Joe Cool, Inc.'s place of business at the commencement of this lawsuit before Defendants made an appearance.  *Id.*

MEC served document requests on Defendants seeking documents relating to communications with the Joe Cool Defendants regarding (1) Defendants' alleged 3DL mark, (2) MEC, (3) MEC's Claw Icon, (4) Defendants' alleged joint venture, (5) MEC's officers or employees, and (6) this lawsuit.  Exs. 1-2 [First Set of Requests for Production to CDI and Baksht].  Defendants belatedly served their responses to MEC's requests more than 10 days after they were due.  Exs. 3-4 [Defendants' Responses to First Set of Requests for Production].  In response to a number of MEC's document requests, Defendants refused to produce email communications between David Baksht and Yosef Amar and between Mr. Baksht and Robert Pershes on the grounds that these documents are allegedly attorney work product protected from disclosure.  *Id.*  Yet neither Mr. Baksht nor Mr. Amar is an attorney, and although Attorney Pershes previously represented Joe Cool Defendants, he has

never represented Defendants.   Ex. 5 [April 2, 2012 Declaration of Attorney Pershes].   These documents are highly relevant to Defendants' allegations of prior use and counterclaim for wrongful seizure and cannot be attorney work product as they were not created by or in connection with any attorney representing Defendants in this lawsuit.   Further, Defendants have failed to provide a privilege log identifying the withheld documents as required by Fed. R. Civ. P. 26(b)(5).

Moreover, Defendants waived any objection to MEC's First Set of Requests for Production by failing to serve their responses and/or objections within 30 days of service as required by Fed. R. Civ. P. 34(b)(2)(A).  *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 U.S. Dist. LEXIS 53337, *6 (M.D. Fla. June 10, 2008); *Pitts v. Francis*, No. 5:07cv169/RS/EMT, 2008 U.S. Dist. LEXIS 41894, *6 (N.D. Fla. May 28, 2008) ("as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."); *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685 (S.D. Fla. 2012) ("[T]he Advisory Committee notes to the 1970 Amendment [to Rule 34] state that this subdivision 'is essentially the same as that in Rule 33....' Thus as a general rule, when a party fails to timely object to...production requests...the objections are deemed waived.").   Accordingly, MEC respectfully requests that this Court issue an order compelling Defendants to produce the withheld email communications within three days of the Court's order.

Additionally, Defendants have failed to respond or object to a number of MEC's discovery requests although the deadline for Defendants to serve responses passed at least a week ago and, in some cases, three weeks ago.  These requests seek highly relevant documents and information including documents and information relating to (1) Defendants' reputation, which Defendants claim was severely damaged as a result of MEC's seizure in this action; (2) Defendants' customers and retailers who have purchased items bearing Defendants' alleged 3DL mark; (3) Defendants' efforts to enforce their alleged trademark rights in the 3DL mark; (4) Defendants' alleged use of the 3DL mark prior to MEC's use of its famous M Claw mark; (5) prior lawsuits and allegations made against Defendants for trademark infringement and counterfeiting; and (6) Defendants' revenues and profits from their sales of their products bearing the 3DL marks.  Defendants have also waived any objection to these interrogatories and requests by failing to serve any responses or objections within 30 days of service.  *See In re United States*, 864 F.2d at 1156; *Reliance Ins. Co.*, 2008 U.S. Dist. LEXIS 53337 at *6; *Pitts*, 2008 U.S. Dist. LEXIS 41894 at *6; *Wynmoor Cmty. Council, Inc.*, 280 F.R.D. at 685.  Accordingly, MEC respectfully requests that this Court compel Defendants to serve responses to these interrogatories and produce all documents responsive to these requests within one week of the Court's order.

## III.  UNDERLINE ARGUMENT

**A.      Defendants Should be Compelled to Produce Communications
        Improperly Withheld Pursuant to the Work Product Doctrine**

1.      Requests and Defendants' Responses

**REQUEST FOR PRODUCTION NO. 1:**
        All documents referring or relating to communications, between and amongst
Defendants and/or the Joe Cool Defendants relating to the 3DL mark.
CDI's Response to Request for Production No. 1:
        Defendant objects to Requests For Production No. 1, to the extent it seeks
documents prepared in anticipation of litigation which are protected the [sic] work
product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and
communications not produced or disclosed pursuant to this objection are email
communications between David Baksht and Robert Pershes, and email
communications between David Baksht and Yosef Amar, dated subsequent to the
commencement of this action. Subject to the foregoing objections, any documents
responsive to this request in Defendant's possession are being produced herewith.
Baksht's Response to Request for Production No. 1:
        Defendant objects to Requests for Production Nos. 1, 3, 4, 5, 18, 19, 45 and
48, to the extent they seeks documents prepared in anticipation of litigation which
are protected by the work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3).  The
nature of the documents and communications not produced or disclosed pursuant to
this objection are email communications between David Baksht and Robert Pershes,
and email communications between David Baksht and Yosef Amar, dated
subsequent to the commencement of this action.

**REQUEST FOR PRODUCTION NO. 2:**
        All documents referring or relating to communications, between and amongst
Defendants and/or the Joe Cool Defendants relating to this action.
CDI's Response to Request for Production No. 2:
        Defendant objects to Request For Production No. 2, because it seeks
documents prepared in anticipation of litigation which are protected the [sic] work
product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and
communications not produced or disclosed pursuant to this objection are email
communications between David Baksht and Robert Pershes, and email
communications between David Baksht and Yosef Amar, dated subsequent to the
commencement of this action.
Baksht's Response to Request for Production No. 2
        Defendant objects to Request For Production No. 2, because it seeks
documents prepared in anticipation of litigation which are protected the work product
doctrine and Fed.R.Civ.Pro Rule 26(b)(3).   The nature of the documents and
communications not produced or disclosed pursuant to this objection are email

communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

## REQUEST FOR PRODUCTION NO. 3:

All documents referring or relating to communications, between and amongst Defendants and/or the Joe Cool Defendants relating to MEC.

CDI's Response to Request for Production No. 3:

Defendant objects to Requests For Production No. 3, to the extent it seeks documents prepared in anticipation of litigation which are protected the [sic] work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

Subject to the foregoing objections, defendant has no responsive documents.

Baksht's Response to Request for Production No. 3:

Defendant objects to Requests for Production Nos. 1, 3, 4, 5, 18, 19, 45 and 48, to the extent they seeks documents prepared in anticipation of litigation which are protected by the work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3).  The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

## REQUEST FOR PRODUCTION NO. 4:

All documents referring or relating to communications, between and amongst Defendants and/or the Joe Cool Defendants relating to any version of MEC's Claw Icon.

CDI's Response to Request for Production No. 4:

Defendant objects to Requests For Production No. 4, to the extent it seeks documents prepared in anticipation of litigation which are protected the [sic] work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

Subject to the foregoing objections, defendant has no responsive documents.

Baksht's Response to Request for Production No. 4:

Defendant objects to Requests for Production Nos. 1, 3, 4, 5, 18, 19, 45 and 48, to the extent they seeks documents prepared in anticipation of litigation which are protected by the work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3).  The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes,

and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

**REQUEST FOR PRODUCTION NO. 5:**

All documents referring or relating to communications, between and amongst Defendants and/or the Joe Cool Defendants relating to any joint venture or collaboration.

CDI's Response to Request for Production No. 5:

Defendant objects to Requests For Production No. 5, to the extent it seeks documents prepared in anticipation of litigation which are protected the [sic] work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

Subject to the foregoing objections, any documents responsive to this request in Defendant's possession are being produced herewith.

Baksht's Response to Request for Production No. 5:

Defendant objects to Requests for Production Nos. 1, 3, 4, 5, 18, 19, 45 and 48, to the extent they seeks documents prepared in anticipation of litigation which are protected by the work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

**REQUEST FOR PRODUCTION NO. 18:**

All documents that refer or relate to MEC.

CDI's Response to Request for Production No. 18:

Defendant objects to Requests For Production No. 18, to the extent it seeks documents prepared in anticipation of litigation which are protected the [sic] work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

Subject to the foregoing objections, any documents responsive to this request in Defendant's possession are being produced herewith.

Baksht's Response to Request for Production No. 18:

Defendant objects to Requests for Production Nos. 1, 3, 4, 5, 18, 19, 45 and 48, to the extent they seeks documents prepared in anticipation of litigation which are protected by the work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes,

and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

## REQUEST FOR PRODUCTION NO. 19:

All documents that refer or relate to any of MEC's officers or employees.

CDI's Response to Request for Production No. 19:

Defendant objects to Requests For Production No. 19, to the extent it seeks documents prepared in anticipation of litigation which are protected the [sic] work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

Subject to the foregoing objections, any documents responsive to this request in Defendant's possession are being produced herewith.

Baksht's Response to Request for Production No. 19:

Defendant objects to Requests for Production Nos. 1, 3, 4, 5, 18, 19, 45 and 48, to the extent they seeks documents prepared in anticipation of litigation which are protected by the work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

## REQUEST FOR PRODUCTION NO. 45:

All communications, and documents referring or relating to communications, between Defendants and/or any of the Joe Cool Defendants and any third party regarding MEC, MEC's products, MEC's Claw Icon marks, and/or this lawsuit.

CDI's Response to Request for Production No. 45:

Defendant objects to Requests For Production No. 45, to the extent it seeks documents prepared in anticipation of litigation which are protected the [sic] work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

Baksht's Response to Request for Production No. 45:

Defendant objects to Requests for Production Nos. 1, 3, 4, 5, 18, 19, 45 and 48, to the extent they seeks documents prepared in anticipation of litigation which are protected by the work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

**REQUEST FOR PRODUCTION NO. 48:**

All documents referring or relating to communications regarding the 3DL marks and/or products bearing the 3DL marks.

CDI's Response to Request for Production No. 48:

Defendant objects to Requests For Production No. 48, to the extent it seeks documents prepared in anticipation of litigation which are protected the [sic] work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

Subject to the foregoing objections, any documents responsive to this request in Defendant's possession are being produced herewith.

Baksht's Response to Request for Production No. 48:

Defendant objects to Requests for Production Nos. 1, 3, 4, 5, 18, 19, 45 and 48, to the extent they seeks documents prepared in anticipation of litigation which are protected by the work product doctrine and Fed.R.Civ.Pro. Rule 26(b)(3). The nature of the documents and communications not produced or disclosed pursuant to this objection are email communications between David Baksht and Robert Pershes, and email communications between David Baksht and Yosef Amar, dated subsequent to the commencement of this action.

> 2.    Mr. Baksht's Communications with Mr. Amar and Mr. Pershes are not Protected by any Privilege

Mr. Baksht's email communications with Mr. Amar and Mr. Baksht's email communications with Attorney Pershes are not subject to work product protection because they were not created by an attorney or an attorney's agent representing Defendants.   "The work-product privilege protects documents that reveal an attorney's mental impressions and legal theories and were prepared by the attorney in contemplation of litigation." *Nadler v. U.S. Dept. of Justice*, 955 F.2d 1479, 1491 (11th Cir. 1992); *See also* Moye*, O'Brien, O'Rourke, Hogan & Pickert v. National R.R. Passenger Corp.*, No. 6:02-CV-126-ORL-KRS, 2003 WL 21146674, *10 (M.D. Fla. May 13, 2003). It also includes documents prepared by an agent of the attorney

such as an investigator in connection with litigation. *U.S. v. Nobles*, 422 U.S. 225, 238-39, 95 S. Ct. 2160 (1975); *Moye,* 2003 WL 21146674 at *10.  Rule 26(b)(3) of the Federal Rules of Civil Procedure defines documents protected as work product to include "documents and tangible things … prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) . . ."  Documents which do not refer to work product prepared by an attorney or other agent of a party to aid in forthcoming litigation, and which were generated in the ordinary course of business, are discoverable.  *CSX Transp., Inc.v. Admiral Ins. Co.*, No. 93-132-Civ-J-10, 1995 U.S. Dist. LEXIS 22359, *7 (M.D. Fla. July 20, 1995).

A party withholding discovery has the burden to show that the documents should be afforded work-product immunity. *See United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, No. 6:04-CV-1838-Orl-22JGG, 2006 U.S. Dist. LEXIS 40932 at *6-7, 2006 WL 1733857 at *2 (M.D. Fla. June 20, 2006) ("the party asserting work product privilege has the burden of showing the applicability of the doctrine") (citing *Grand Jury Proceedings v. United States*, 156 F.3d 1038, 1042 (10th Cir. 1998)).  Moreover, "[t]his burden can be met only by an evidentiary showing based on competent evidence, and cannot be 'discharged by mere conclusory or *ipse dixit* assertions." *CSX Transp.,* 1995 U.S. Dist. LEXIS 22359 at *4 (citation omitted).

Defendants cannot meet this burden.   MEC has repeatedly requested in emails to Defendants' counsel that Defendants explain their basis for treating the

withheld communications as attorney work product, and Defendants have refused to provide any explanation.  Exs. 6-8 [Email Correspondence between P. Stewart and M. Mortner and J. Sganga and M. Mortner].   Further Defendants have failed to produce a privilege log identifying these withheld documents as required by Fed. R. Civ. P. 26(b)(5).

The emails between Mr. Baksht and Mr. Amar do not qualify for work product protection because neither Mr. Baksht nor Mr. Amar is an attorney or agent or consultant of an attorney representing any party in this litigation. Accordingly, the emails are very unlikely to reveal "an attorney's mental impressions and legal theories" in connection with this litigation.   Thus, Defendants have no legitimate basis for withholding these documents.  Similarly, the emails between Mr. Baksht and Attorney Pershes do not qualify for work product protection because Attorney Pershes has stated in a declaration that he never represented the current Defendants in this case.  Ex. 5 [April 2, 2012 Declaration of Robert Pershes].  For documents prepared by an attorney to qualify for work product protection, the attorney must have been representing the party who claims protection.   *See CSX Transp.*, 1995 U.S. Dist. LEXIS 22359 at *6-7.

Moreover, Defendants have waived any objections to MEC's First Set of Requests for Production because Defendants failed to serve any objections or responses within 30 days of service as required by Fed. R. Civ. P. 34(b)(2)(A).  *See In re United States*, 864 F.2d at 1156; *Reliance Ins. Co.*, 2008 U.S. Dist. LEXIS 53337 at *6; *Pitts*, 2008 U.S. Dist. LEXIS 41894 at *6; *Wynmoor Cmty. Council, Inc.*,

280 F.R.D. at 685.    MEC served its First Set of Requests for Production to Defendants on June 22, 2012.  Exs. 1-2 [MEC's First Set of Requests for Production to Defendants].  Defendants' objections and responses were due on July 26, 2012. On July 26, 2012, counsel for Defendants sent via email a letter to counsel for MEC requesting a one week extension of time to respond to MEC's First Set of Requests for Production due to Mr. Baksht's alleged illness.  Ex. 9 [Email from M. Mortner to P. Stewart Dated July 26, 2012 and Attached Letter].  On July 27, 2012, MEC's counsel responded that if Defendants would consent to a one month extension of the discovery cut-off date to allow the parties sufficient time to complete discovery, MEC would consent to Defendants' request for a one week extension of time to respond to MEC's First Set of Requests for Production.   Ex. 10 [Email from P. Stewart to M. Mortner Dated July 27, 2012].  Defendants' counsel did not respond to that email.  On August 3, 2012, having received no response, MEC's counsel sent another email to Defendants' counsel asking whether Defendants would agree to extend the discovery period by 30 days and warning Defendants that they would waive all objections to MEC's discovery requests as a consequence of failing to respond by the deadline.  Ex. 11 [Email from P. Stewart to M. Mortner Dated August 3, 2012].  On August 3, 2012, Defendants counsel responded that Defendants would not agree to a stipulation to extend the discovery deadline.  Ex. 12 [Letter from M. Mortner to P. Stewart Dated August 3, 2012].  Defendants still had not responded to MEC's First Set of Discovery Requests and had not indicated when they intended to respond.   Accordingly, on August 3, 2012, MEC's counsel sent another email to

Defendants' counsel again requesting Defendants' responses to MEC's First Set of Requests for Production.  Ex. 13 [Email from P. Stewart to M. Mortner dated August 3, 2012].  Defendants did not serve their responses until August 6, 2012, 11 days after the responses were due.  Accordingly, Defendants were on notice that by not serving objections within the 30 days required by Fed. R. Civ. P. 34(b)(2)(A), they were waiving all objections including their objection based on the attorney work product doctrine, and yet Defendants willfully failed to respond until 11 days after the deadline.

Accordingly, because Defendants cannot meet their burden of showing that the email communications they are withholding are subject to work product protection, and because Defendants waived all objections to MEC's First Set of Requests for Production, MEC respectfully requests that this Court issue an order compelling Defendants to produce the withheld email communications within three days of the Court's order.

**B.**   **Defendants Have Entirely Failed to Respond or Object to Many of MEC's Discovery Requests**

1.   Interrogatories
   a.   Interrogatories to David Baksht

**INTERROGATORY NO. 20:**
Identify all persons knowledgeable of the reputation, if any, that you enjoyed before March 7, 2011 in connection with the business of selling t-shirts and heat transfers, and describe in detail that person's knowledge.
**INTERROGATORY NO. 21:**
Identify all persons knowledgeable of the reputation, if any, that you enjoyed after March 7, 2011 in connection with the business of selling t-shirts and heat transfers, and describe in detail that person's knowledge.

**INTERROGATORY NO. 22:**
Identify all customers of you, any of your companies, and any of your joint ventures, who have purchased t-shirts, heat transfers, or other items bearing the 3DL marks.

**INTERROGATORY NO. 23:**
Identify all retailers who have purchased or sold t-shirts, heat transfers, or other items bearing the 3DL marks.

        b.      <u>Interrogatories to Consolidated Distributors, Inc.</u>

**INTERROGATORY NO. 20:**
Identify all persons knowledgeable of the reputation, if any, that you enjoyed before March 7, 2011 in connection with the business of selling t-shirts and heat transfers, and describe in detail that person's knowledge.

**INTERROGATORY NO. 21:**
Identify all persons knowledgeable of the reputation, if any, that you enjoyed after March 7, 2011 in connection with the business of selling t-shirts and heat transfers, and describe in detail that person's knowledge.

**INTERROGATORY NO. 22:**
Identify all customers of you or of any joint venture in which you are a participant, who have purchased t-shirts, heat transfers, or other items bearing the 3DL marks.

**INTERROGATORY NO. 23:**
Identify all retailers who have purchased or sold t-shirts, heat transfers, or other items bearing the 3DL marks.

        2.      <u>Requests for Production</u>
            a.      <u>Requests to David Baksht</u>

**REQUEST FOR PRODUCTION NO. 66:**
All documents that evidence, refer, or relate to your reputation in connection with the business of selling t-shirts and heat transfers before March 7, 2011.

**REQUEST FOR PRODUCTION NO. 67:**
All documents that evidence, refer, or relate to your reputation in connection with the business of selling t-shirts and heat transfers after March 7, 2011.

**REQUEST FOR PRODUCTION NO. 68:**
All documents that support, refute, or otherwise relate to your allegation in Paragraph 189 of your Amended Counterclaims (filed April 27, 2012) that "Defendant's customers now perceive all of Defendant's merchandise as counterfeit goods and Defendant's intellectual property as infringing."

**REQUEST FOR PRODUCTION NO. 69:**

All documents that you have received from a third party accusing you or any entity owned or controlled by you of trademark infringement, trademark counterfeiting, or unfair competition.

**REQUEST FOR PRODUCTION NO. 70:**

All documents that evidence, refer, or relate to any effort by you or the Joe Cool Defendants to enforce any alleged trademark rights in the 3DL marks against any third party at any time since 1993.

**REQUEST FOR PRODUCTION NO. 71:**

All documents that evidence, refer, or relate to any use of the 3DL marks before July 1, 2002 by you, by any entity owned or controlled by you, or by any of the Joe Cool Defendants.

**REQUEST FOR PRODUCTION NO. 72:**

All documents that evidence, refer, or relate to any use of the 3DL marks before January 1, 2008 by you, by any entity owned or controlled by you, or by any of the Joe Cool Defendants.

**REQUEST FOR PRODUCTION NO. 73:**

All documents that evidence, refer, or relate to any use of the 3DL marks before January 1, 2009 by you, by any entity owned or controlled by you, or by any of the Joe Cool Defendants.

**REQUEST FOR PRODUCTION NO. 74:**

All documents that evidence, refer, or relate to any use of the 3DL marks before January 1, 2010 by you, by any entity owned or controlled by you, or by any of the Joe Cool Defendants.

**REQUEST FOR PRODUCTION NO. 75:**

All seizure orders, temporary restraining orders, preliminary injunctions, and permanent injunctions entered against you or any entity owned or controlled by you in any action (other than the present action) for trademark infringement, trademark counterfeiting, or unfair competition.

**REQUEST FOR PRODUCTION NO. 76:**

All documents relating to all lawsuits for trademark infringement, trademark counterfeiting, or unfair competition filed against you, or against any entity owned or controlled by you, by General Motors Company, Rolls-Royce Holdings plc, Ramada Worldwide Inc., The Coca-Cola Company, or American Enterprise Institute, or any affiliate of any of these entities.

**REQUEST FOR PRODUCTION NO. 77:**

All documents relating to any allegations of trademark infringement, trademark counterfeiting, or unfair competition made against you, or any entity owned or controlled by you, by General Motors Company, Rolls-Royce Holdings plc, Ramada Worldwide Inc., The Coca-Cola Company, or American Enterprise Institute, or any affiliate of any of these entities.

**REQUEST FOR PRODUCTION NO. 78:**

All documents that evidence, refer, or relate to efforts by You, Mettemp, Inc., or the National Trademark Center to register any of the following trademarks:

Montblanc, Pink Cadillac, Cadillac Club, Cadillac-Beer, Porsche Marine, Oakley Wear, The Super-Sport Oakley Watch, New York New York, Midas Tool and Lock, and Polo Classic PC.

**REQUEST FOR PRODUCTION NO. 79:**

     All documents that evidence, refer, or relate to any efforts by anyone to have You, Mettemp, Inc., or the National Trademark Center stop using any of the following trademarks:   Montblanc, Pink Cadillac, Cadillac Club, Cadillac-Beer, Porsche Marine, Oakley Wear, The Super-Sport Oakley Watch, New York New York, Midas Tool and Lock, and Polo Classic PC.

      b.    <u>Requests to Consolidated Distributors, Inc.</u>

**REQUEST FOR PRODUCTION NO. 66:**

     All documents that evidence, refer, or relate to your reputation in connection with the business of selling t-shirts and heat transfers before March 7, 2011.

 **REQUEST FOR PRODUCTION NO. 67:**

     All documents that evidence, refer, or relate to your reputation in connection with the business of selling t-shirts and heat transfers after March 7, 2011.

**REQUEST FOR PRODUCTION NO. 68:**

     All documents that support, refute, or otherwise relate to your allegation in Paragraph 189 of your Amended Counterclaims (filed April 27, 2012) that "Defendant's customers now perceive all of Defendant's merchandise as counterfeit goods and Defendant's intellectual property as infringing."

**REQUEST FOR PRODUCTION NO. 69:**

     All documents that you have received from a third party accusing you of trademark infringement, trademark counterfeiting, or unfair competition.

 **REQUEST FOR PRODUCTION NO. 70:**

     All documents that evidence, refer, or relate to any effort by you or the Joe Cool Defendants to enforce any alleged trademark rights in the 3DL marks against any third party at any time since 1993.

 **REQUEST FOR PRODUCTION NO. 71:**

     All documents that evidence, refer, or relate to any use of the 3DL marks before July 1, 2002 by you, by any predecessor-in-interest of you, or by any of the Joe Cool Defendants.

 **REQUEST FOR PRODUCTION NO. 72:**

     All documents that evidence, refer, or relate to any use of the 3DL marks before January 1, 2008 by you, by any predecessor-in-interest of you, or by any of the Joe Cool Defendants.

**REQUEST FOR PRODUCTION NO. 73:**

     All documents that evidence, refer, or relate to any use of the 3DL marks before January 1, 2009 by you, by any predecessor-in-interest of you, or by any of the Joe Cool Defendants.

**REQUEST FOR PRODUCTION NO. 74:**
All documents that evidence, refer, or relate to any use of the 3DL marks before January 1, 2010 by you, by any predecessor-in-interest of you, or by any of the Joe Cool Defendants.

**REQUEST FOR PRODUCTION NO. 75:**
All seizure orders, temporary restraining orders, preliminary injunctions, and permanent injunctions entered against you in any action (other than the present action) for trademark infringement, trademark counterfeiting, or unfair competition.

**REQUEST FOR PRODUCTION NO. 76:**
All documents relating to all lawsuits for trademark infringement, trademark counterfeiting, or unfair competition filed against you by General Motors Company, Rolls-Royce Holdings plc, Ramada Worldwide Inc., The Coca-Cola Company, or American Enterprise Institute, or any affiliate of any of these entities.

**REQUEST FOR PRODUCTION NO. 77:**
All documents relating to any allegations of trademark infringement, trademark counterfeiting, or unfair competition made against you by General Motors Company, Rolls-Royce Holdings plc, Ramada Worldwide Inc., The Coca-Cola Company, or American Enterprise Institute, or any affiliate of any of these entities.

**REQUEST FOR PRODUCTION NO. 78:**
Documents sufficient to show Your overall revenues and overall profits for the three years preceding March 7, 2011.

**REQUEST FOR PRODUCTION NO. 79:**
Documents sufficient to show Your overall revenues and overall profits since March 7, 2011.

**REQUEST FOR PRODUCTION NO. 80:**
Documents sufficient to show Your overall revenues and overall profits on sales of t-shirts for the three years preceding March 7, 2011.

**REQUEST FOR PRODUCTION NO. 81:**
Documents sufficient to show Your overall revenues and overall profits on sales of t-shirts since March 7, 2011.

**REQUEST FOR PRODUCTION NO. 82:**
Your financial statements, profit and loss statements, and balance sheets from 2008 to the present.

**REQUEST FOR PRODUCTION NO. 83:**
All documents that evidence, refer, or relate to efforts by You, Mettemp, Inc., or the National Trademark Center to register any of the following trademarks: Montblanc, Pink Cadillac, Cadillac Club, Cadillac-Beer, Porsche Marine, Oakley Wear, The Super-Sport Oakley Watch, New York New York, Midas Tool and Lock, and Polo Classic PC.

**REQUEST FOR PRODUCTION NO. 84:**
All documents that evidence, refer, or relate to any efforts by anyone to have You, Mettemp, Inc., or the National Trademark Center stop using any of the following trademarks:  Montblanc, Pink Cadillac, Cadillac Club, Cadillac-Beer,

Porsche Marine, Oakley Wear, The Super-Sport Oakley Watch, New York New York, Midas Tool and Lock, and Polo Classic PC.

    3.    <u>Defendants Should be Compelled to Respond to MEC's Requests</u>

Defendants' responses to MEC's Interrogatories Nos. 20-23 and MEC's Requests for Production of Documents Nos. 66-77 were due more than three weeks ago, on August 6, 2012.  Exs. 14-17 [MEC's Second Set of Requests for Production to CDI and to Baksht, MEC's Second Set of Interrogatories to CDI and to Baksht]. Additionally, Defendant CDI's responses to MEC's Requests for Production Nos. 78-82 were due on August 9, 2012, and CDI's responses to MEC's Requests for Production Nos. 83-84 and Baksht's responses to Requests for Production Nos. 78-79 were due on August 20, 2012.  Exs. 18-20  [MEC's Third and Fourth Set of Requests for Production to CDI, MEC's Third Set of Requests for Production to Baksht].  Despite emails from MEC's counsel inquiring as to when Defendants will respond to these discovery requests, Defendants have not served any responses or objections and have not provided any date when they intend to do so.  Exs. 21-23 [Email Correspondence between P. Stewart and M. Mortner and J. Sganga and M. Mortner].

Pursuant to Fed. R. Civ. P. 33(b)(4), Defendants have waived any objection to MEC's interrogatories to which they have failed to provide any response.  Rule 33(b)(4) provides:

> The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Defendants have also waived their objections to MEC's document requests to which they have failed to provide any response or objection. *See In re United States*, 864 F.2d at 1156; *Reliance Ins. Co.*, 2008 U.S. Dist. LEXIS 53337 at *6; *Pitts*, 2008 U.S. Dist. LEXIS 41894 at *6; *Wynmoor Cmty. Council, Inc.*, 280 F.R.D. at 685. Defendants cannot show good cause for failing to provide any response to these interrogatories.   Defendants never requested an extension and have refused to provide any date when then intend to respond.

Moreover, these document requests and interrogatories seek highly relevant documents and information including documents and information relating to (1) Defendants' reputation, which Defendants claim was severely damaged as a result of MEC's seizure in this action; (2) Defendants' customers and retailers who have purchased items bearing Defendants' alleged 3DL mark; (3) Defendants' efforts to enforce their alleged trademark rights in the 3DL mark; (4) Defendants' alleged use of the 3DL mark prior to MEC's use of its famous M Claw mark; (5) prior lawsuits and allegations made against Defendants for trademark infringement and counterfeiting; and (6) Defendants' revenues and profits from their sales of their products bearing the 3DL marks.   Rule 26 of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things." Fed. R. Civ. P. 26(b)(1).  Courts have construed relevancy broadly to "encompass any matter that bears on, or that reasonably could lead to another matter that could

bear on, any issue that is or may be in the case." *Donahay v. Palm Beach Tours &*
*Transp. Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007).

Thus, the documents and information sought by MEC's interrogatories and
documents requests are well within the scope of discovery pursuant to Fed. R. Civ.
P. 26.   Moreover, Defendants have not objected to any of these requests.
Accordingly, MEC respectfully requests that this Court issue an order (1) compelling
Defendants to respond to MEC's Interrogatories Nos. 20-23 and produce all
documents responsive to MEC's Requests for Production of Documents Nos. 66-77
within one week of the Court's order, (2) compelling Defendant Consolidated
Distributors, Inc. to produce all documents responsive to MEC's Requests for
Production Nos. 78-84 within one week of the Court's order, and (3) compelling Mr.
Baksht to produce all documents responsive to MEC's Requests for Production Nos.
78-79 within one week of the Court's order.

**C.**     **Defendants Should be Sanctioned for Failing to Respond to MEC's**
          **Requests**

Defendants had no reasonable justification for failing to respond to MEC's
discovery requests.  Nor did Defendants have any reasonable basis for attempting to
withhold clearly non-protected email communications between Mr. Baksht and Mr.
Amar or between Attorney Pershes and Mr. Baksht, who was never his client.
Accordingly, Defendants should be required to pay MEC's costs and attorneys' fees
in connection with this motion.  The Federal Rules provide that, when a motion to
compel is granted, "the court must, after giving an opportunity to be heard, require
the party or deponent whose conduct necessitated the motion, the party or attorney

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Sanctions in favor of the prevailing part are not appropriate only if: (1) the party bringing the motion did not first attempt in good faith to obtain the discovery without court action, (2) the opposing party's nondisclosure, objection, or response was substantially justified, or (3) other circumstances make the award of fees unjust. *Id.* None of these exceptions applies here.

As set forth above, MEC repeatedly attempted to obtain the discovery sought in this motion from Defendants without involving the Court. Defendants have repeatedly failed to respond to MEC and repeatedly refused to communicate with MEC regarding discovery issues – resulting in numerous motions that never should have been necessary. Defendants have no justification for failing to respond to MEC's discovery requests, and Defendants have no legitimate basis for their claim of work product protection. Moreover, there is no other reason that would make the aware of fees unjust. To the contrary, the circumstances discussed above confirm that sanctions are particularly appropriate here. Accordingly, this Court should require Defendants to reimburse MEC for its costs and attorneys' fees in connection with this motion.

## IV. CONCLUSION

Defendants cannot meet their burden of showing that the work product protection applies to emails between Mr. Baksht and Mr. Amar and emails between Mr. Baksht and Attorney Pershes that Defendants are withholding because neither

Mr. Baksht nor Mr. Amar is an attorney and Attorney Pershes never represented Defendants.   Accordingly, this Court should compel Defendants to produce these withheld documents within three days of the Court's order.   Further, Defendants have no justification for their failure to respond or object to many of MEC's interrogatories and requests for production.   Accordingly, this Court should order Defendants to respond to these interrogatories and produce all documents responsive to these requests within one week of the Court's order.   Additionally, MEC respectfully requests that this Court order Defendants to reimburse MEC for its costs and attorneys' fees in connection with this motion.

                              Respectfully submitted,


Dated:  August 30, 2012            By: /s/ Lauren Keller Katzenellenbogen
                                    JOHN B. SGANGA, JR. ESQ.
                                    (Admitted Pro Hac Vice)
                                    john.sganga@kmob.com
                                    LYNDA J. ZADRA-SYMES, ESQ.
                                    (Admitted Pro Hac Vice)
                                    lynda.zadra-symes@kmob.com
                                    PAUL A. STEWART, ESQ.
                                    paul.stewart@kmob.com
                                    LAUREN K. KATZENELLENBOGEN, ESQ.
                                    (Admitted Pro Hac Vice)
                                    lauren.katzenellenbogen@kmob.com
                                    KNOBBE, MARTENS, OLSON & BEAR, LLP
                                    2040 Main Street, Fourteenth Floor
                                    Irvine, California  92614
                                    (949) 760-0404  Telephone
                                    (949) 760-9502  Facsimile

                                    Lead Trial Counsel for Plaintiff,
                                    MONSTER ENERGY COMPANY f/k/a
                                    HANSEN BEVERAGE COMPANY d/b/a
                                    MONSTER BEVERAGE COMPANY

                                    – and –

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida  32801
(407) 843-8880  Telephone
(407) 244-5690  Facsimile

Local Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 30th day of August, 2012, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system.


    _/s/ *Lauren Keller Katzenellenbogen*_
    Lauren Keller Katzenellenbogen