UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HANSEN BEVERAGE COMPANY,**

**Plaintiff,**

v.   Case No: 6:11-cv-329-Orl-22DAB

**CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC. and DAVID BAKSHT,**

**Defendants.**

_____/

**ORDER**

This cause comes before the Court on Defendant David Baksht's ("Baksht") "Motion to Dismiss Claims against Defendant David Baksht (Fed. R. Civ. P. 12(c))" (Doc. No. 141), filed on July 26, 2012, and Plaintiff Hansen Beverage Company's ("Plaintiff") response thereto (Doc. No. 142), filed on August 13, 2012.

In his very conclusory motion, Baksht argues that the Court should dismiss him from the case because Plaintiff's Second Amended Complaint fails to allege a single explicit act by Baksht. (Doc. No. 141 at p. 2). For support, Baksht relies on cases that provide that an individual may be held liable for trademark infringement by a corporation under the Lanham Act if the individual actively and knowingly causes the infringement as a moving conscious force. (*Id.* at pp. 4-5 (citing *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477-78 (11th Cir. 1991)).

The Eleventh Circuit has explained, "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232-33 (11th Cir. 2005) (citation omitted). When evaluating such a motion, the Court accepts all the facts alleged in the Second Amended Complaint as true and

construes the allegations in the light most favorable to the Plaintiff. *Hart v. Hodges*, 587 F.3d 1288, 1290 n.1 (11th Cir. 2009) (per curiam) (citation omitted).

Reviewing the Second Amended Complaint, the Court finds that Plaintiff has stated a plausible claim for relief and does allege acts by Baksht because the Plaintiff alleges various actions by the "Defendants," plausibly referring to all Defendants. *Cf. Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) ("Whether the court examined [the complaint] under Rule 12(b)(6) or Rule 12(c), the question was the same: whether the count stated a claim for relief.")[1] Baksht's argument is more appropriate at a summary judgment stage.

Based on the foregoing, it is **ORDERED** that Baksht's "Motion to Dismiss Claims against Defendant David Baksht (Fed. R. Civ. P. 12(c))" (Doc. No. 141), filed on July 26, 2012, is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 31, 2012.

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge

---

[1] According to Federal Rule of Civil Procedure 8(a)(2), to state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). In other words, the allegations in the complaint need to be sufficient "to 'raise a right to relief above the speculative level' on the assumption that all the allegations in the complaint are true." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citing Twombly, 127 S.Ct. at 1965). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

3

Copies furnished to:

Counsel of Record
Unrepresented Parties