UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY, d/b/a
MONSTER BEVERAGE COMPANY
("MBC"),

    Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., JOE COOL, INC.,
JOE COOL BIKE WEEK INC., DAVID
BAKSHT, MICHELLE AMAR, AND
YOSEF AMAR;

    Defendants.

Case No. 6:11-CV-329-ORL-22DAB

**DEFENDANTS CONSOLDIATED DISTRIBUTORS, INC. AND DAVID BAKSHT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION**

Defendants Consolidated Distributors, Inc. and David Baksht submit this response to Plaintiff's motion to compel (Doc 160). Defendants are electing to not oppose Plaintiff's motion.

Defendants took the position that communications between the co-defendants in this action, after the action was commenced and regarding their defense was protected under the Work Product Doctrine. Additionally, Defendants believe that an attorney-client privilege existed between Defendants and Attorney Robert Pershes and that 3-way communications between the Defendants herein and The Joe Cool Defendants and Mr. Pershes were protected by the common interest privilege.

However, Plaintiff has argued in its motion filed on August 30, 2012, that the 11th Circuit has given a narrow interpretation to the Work Product Doctrine, so that it does not apply to documents and tangible things that are prepared in anticipation of litigation or for trial *by a party*.

Rather, Plaintiff contends that in this Circuit the privilege only extends to documents prepared by an attorney. Plaintiff also contends that no attorney-client privilege existed between Robert Pershes and Defendants. Defendants believe the record reflects otherwise. Indeed, Defendants executed a retainer agreement with Mr. Pershes, and Mr. Pershes held privileged conversations with Defendants herein regarding the defense of this action. Albeit Mr. Pershes never made an appearance on behalf of Defendants because Defendants contended that they had not been properly served.

Nevertheless, to avoid burdening the Court unnecessarily and to allow discovery to be completed rapidly, in accordance with the Court's desire, Defendants will produce the documents being sought by this motion. Defendants reserve their rights to object to the admission of these documents as evidence at trial.

As regards that portion of Plaintiff's motion that requests responses to outstanding discovery requests, Defendant's counsel is advised that there are no responsive documents. However, Defendants will provide formal responses and the sought after interrogatory answers to the Plaintiff.

Respectfully submitted this 14th day of September, 2012.

_____
MOSHE MORTNER, ESQ.
New York Bar No.: 2085801
mm@mortnerlaw.com
The Mortner Law Offices
40 Wall Street, 28th Floor
New York, NY 10005
646-820-8770 Telephone
646-304-3169 Facsimile
Lead Counsel *pro hac vice* for Defendant
CONSOLIDATED DISTRIBUTORS, INC.

/s/   Peter J. Mackey
Peter J. Mackey
Florida Bar No.: 0629138
Kristina Hager Snyderman
Florida Bar No.: 0089327
MACKEY LAW GROUP, P.A.
1402 Third Avenue West
Bradenton, FL 34205
(941) 746-6225 Telephone
(941) 748-6584 Facsimile
Local Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
MOSHE MORTNER, ESQ.
New York Bar No.: 2085801
mm@mortnerlaw.com
The Mortner Law Offices
40 Wall Street, 28th Floor
New York, NY 10005
646-820-8770 Telephone
646-304-3169 Facsimile
Lead Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC. and
DAVID BAKSHT