**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY, d/b/a
MONSTER BEVERAGE COMPANY,

Case No. 6:11-CV-329-ORL-22DAB

Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., and DAVID
BAKSHT (a/k/a David Lipsker a/k/a David
Bakshet a/k/a D Bakht a/k/a DM
Schneerson a/k/a Abraham Shneorson),

Defendants.

_____ /

**DECLARATION OF LAUREN KELLER KATZENELLENBOGEN IN SUPPORT OF
PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT ON PRIORITY AND
DEFENDANT'S COUNTERCLAIMS AND TO EXCLUDE TESTIMONY OF
DEFENDANTS' EXPERT DR. KENNETH EUGENE LEHRER**

I, Lauren Keller Katzenellenbogen, declare as follows:

1.      My name is Lauren Keller Katzenellenbogen.  I am over the age of eighteen

(18) and competent to execute this Declaration, and the following statements are true and

correct based on my personal knowledge or information transmitted to me from records made

at or near the time of the transactions referenced therein by person(s) with personal

knowledge thereof.

1

2.      I am a partner with the law firm Knobbe Martens Olson & Bear LLP.  I serve as counsel in this case for Plaintiff Monster Energy Company, f/k/a Hansen Beverage Company d/b/a Monster Beverage Company ("MEC").

3.      Attached hereto as **Exhibit 1** is a true and correct copy of various media showing images of Plaintiff's sponsored athletes wearing clothing and gear with the M Claw Trademark.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of the Declaration and Rule 26 Report of Dr. Gerald L. Ford (excluding the referenced attachments), dated August 1, 2012.  Red boxes have been added to Exhibit 2 and several of the exhibits attached hereto to identify the cited paragraphs and/or testimony.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of U.S. Trademark Registration No. 2,903,214.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of U.S. Trademark Registration No. 3,434,821.

7.      Attached hereto as **Exhibit 5** is a true and correct copy of U.S. Trademark Registration No. 3,434,822.

8.      Attached hereto as **Exhibit 6** is a true and correct copy of U.S. Trademark Registration No. 3,963,668.

9.      Attached hereto as **Exhibit 7** is a true and correct copy of U.S. Trademark Registration No. 4,011,301.

10.      Attached hereto as **Exhibit 8** is a true and correct copy of U.S. Trademark Registration No. 4,051,650.

11.     Attached hereto as **Exhibit 9** is a true and correct copy of the transcript of the deposition of Menachem Schneorson, the Fed. R. Civ. P 30(b)(6) corporate designee of Defendant Consolidated Distributors, Inc., taken September 12, 2012.

12.     Attached hereto as **Exhibit 10** is a true and correct copy of the transcript of the deposition of David Baksht, taken September 24, 2012.

13.     Attached hereto as **Exhibit 11** is a true and correct copy of a status report from the United States Patent and Trademark Office ("USPTO") website, for an application to register the mark "Mont Blanc," U.S. Serial No. 74/301059, and listing "D. Baksht" as the Attorney of Record.

14.     Attached hereto as **Exhibit 12** is a true and correct copy of a status report from the USPTO website, for an application to register the mark "Cadillac Club," U.S. Serial No. 74/055056, and listing "D. Baksht" as the Attorney of Record.

15.     Attached hereto as **Exhibit 13** is a true and correct copy of the certified file from the Florida Department of State, for an application to register the mark "MONTBLANC," and listing David Baksht as the correspondent.

16.     Attached hereto as **Exhibit 14** is a true and correct copy of a status report from the USPTO website, for an application to register the mark "Cadillac-Beer," U.S. Serial No. 74/035748, and listing "D. Baksht" as the Attorney of Record.

17.     Attached hereto as **Exhibit 15** is a true and correct copy of a status report from the USPTO website, for an application to register the mark "Pink Cadillac," U.S. Serial No. 73/820111, and listing "D. BAKSHT" as the Attorney of Record.

18.     Attached hereto as **Exhibit 16** is a true and correct copy of the certified file from the Florida Department of State, for an application to register the mark "PINK CADILLAC," and listing David Baksht as the correspondent.

19.     Attached hereto as **Exhibit 17** is a true and correct copy of the certified file from the Florida Department of State, for an application to register the mark "PORSCHE MARINE," and listing David Baksht as the correspondent.

20.     Attached hereto as **Exhibit 18** is a true and correct copy of the certified Articles of Incorporation and Annual Reports from the Florida Department of State, regarding American Enterprises Institute, Inc.

21.     Attached hereto as **Exhibit 19** is a true and correct copy of the certified Articles of Incorporation from the Florida Department of State, regarding Lemon Coke Corp.

22.     Attached hereto as **Exhibit 20** is a true and correct copy of the certified Articles of Incorporation and Annual Reports from the Florida Department of State, regarding Rolls Royce Industries Corp.

23.     Attached hereto as **Exhibit 21** is a true and correct of the complaint filed on February 11, 2011, in the United States District Court for the Middle District of Florida, in the case titled *Good Sports Daytona, Inc. v. Consolidated Distributors, Inc.*, Case No. 6:11-cv-233-ORL-35DAB.

24.     Attached hereto as **Exhibit 22** is a true and correct of the Order issued on December 19, 2011, in the United States District Court for the Middle District of Florida, in the case titled *Good Sports Daytona, Inc. v. Consolidated Distributors, Inc.*, Case No. 6:11-cv-233-ORL-35DAB (D.I. 42).

25.     Attached hereto as **Exhibit 23** is a true and correct of the Stipulated Motion for Entry of Final Judgment Against Defendant Joe Cool, Inc. filed on November 22, 2011, in the United States District Court for the Middle District of Florida, in the case titled *Good Sports Daytona, Inc. v. Consolidated Distributors, Inc.*, Case No. 6:11-cv-233-ORL-35DAB (D.I. 38).

26.     Attached hereto as **Exhibit 24** is a true and correct of the Stipulated Judgment and Final Order for Permanent Injunction against Defendant Joe Cool, Inc., a Florida Corporation, filed December 15, 2011 in the United States District Court for the Middle District of Florida, in the case titled *Good Sports Daytona, Inc. v. Consolidated Distributors, Inc.*, Case No. 6:11-cv-233-ORL-35DAB (D.I. 40).

27.     Attached hereto as **Exhibit 25** is a true and correct of the Judgment in a Civil Case filed December 20, 2011 in the United States District Court for the Middle District of Florida, in the case titled *Good Sports Daytona, Inc. v. Consolidated Distributors, Inc.*, Case No. 6:11-cv-233-ORL-35DAB (D.I. 43).

28.     Attached hereto as **Exhibit 26** is a true and correct copy of the transcript of the deposition of Nancy Ridenbaugh, taken September 19, 2012.

29.     Attached hereto as **Exhibit 27** is a true and correct copy of the transcript of the deposition of Rodney Sacks, the Fed. R. Civ. P 30(b)(6) corporate designee of Plaintiff Monster Energy Company, taken September 20, 2012.

30.     Attached hereto as **Exhibit 28** is a true and correct copy of Defendant Consolidated Distributors, Inc.'s Response to Plaintiff's First Set of Interrogatories (Nos. 1-19), dated August 6, 2012.

31.     Attached hereto as **Exhibit 29** is a true and correct copy of Defendant David Baksht's Response to Plaintiff's First Set of Interrogatories (Nos. 1-19), dated August 6, 2012.

32.     Attached hereto as **Exhibit 30** is a true and correct copy of the transcript of the deposition of Yosef Amar, taken August 29, 2012.

33.     Attached hereto as **Exhibit 31** is a true and correct copy of the transcript of the deposition of Cezary Pavel Kakol, taken August 20, 2012.

34.     Attached hereto as **Exhibit 32** is a true and correct copy of the transcript of the deposition of Carie Sadler, taken August 9, 2012.

35.     Attached hereto as **Exhibit 33** is a true and correct copy of the 1997 Joe Cool Inc. product catalog produced by Mr. Amar and marked as Exhibit 54 to the Deposition of Yosef Amar, taken August 29, 2012.

36.     Attached hereto as **Exhibit 34** is a true and correct copy of the 2000 Joe Cool Inc. product catalog produced by Mr. Amar and marked as Exhibit 57 to the Deposition of Yosef Amar, taken August 29, 2012.  As with each exhibit produced by Mr. Amar that contains notes or notations, the notes and notations thereon are part of the document as produced, and were created at the direction of Mr. Amar. *See, e.g.*, Ex. 30 (Amar Dep. Tr.) at 34:9-19.

37.     Attached hereto as **Exhibit 35** is a true and correct copy of the 2004 Joe Cool Inc. product catalog produced by Mr. Amar and marked as Exhibit 58 to the Deposition of Yosef Amar, taken August 29, 2012.

38.     Attached hereto as **Exhibit 36** is a true and correct copy of the 2005 Joe Cool Inc. product catalog produced by Mr. Amar and marked as Exhibit 59 to the Deposition of Yosef Amar, taken August 29, 2012.

39.     Attached hereto as **Exhibit 37** is a true and correct copy of Yosef Amar's response to Plaintiff's Subpoena to Produce Documents, marked as Exhibit 23 to the Deposition of Yosef Amar, taken August 29, 2012.

40.     Attached hereto as **Exhibit 38** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 27 to the Deposition of Yosef Amar, taken August 29, 2012.

41.     Attached hereto as **Exhibit 39** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 35 to the Deposition of Yosef Amar, taken August 29, 2012.

42.     Attached hereto as **Exhibit 40** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 36 to the Deposition of Yosef Amar, taken August 29, 2012.

43.     Attached hereto as **Exhibit 41** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 38 to the Deposition of Yosef Amar, taken August 29, 2012.

44.     Attached hereto as **Exhibit 42** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 39 to the Deposition of Yosef Amar, taken August 29, 2012.

45.     Attached hereto as **Exhibit 43** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 41 to the Deposition of Yosef Amar, taken August 29, 2012.

46.     Attached hereto as **Exhibit 44** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 43 to the Deposition of Yosef Amar, taken August 29, 2012.

47.     Attached hereto as **Exhibit 45** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 44 to the Deposition of Yosef Amar, taken August 29, 2012.

48.     Attached hereto as **Exhibit 46** is a true and correct copy of a photograph taken of a t-shirt produced by Mr. Amar, marked as Exhibit 47 to the Deposition of Yosef Amar, taken August 29, 2012.

49.     Attached hereto as **Exhibit 47** is a true and correct copy of a photograph taken of a t-shirt produced by Mr. Amar, marked as Exhibit 48 to the Deposition of Yosef Amar, taken August 29, 2012.

50.     Attached hereto as **Exhibit 48** is a true and correct copy of a photograph taken of a t-shirt produced by Mr. Amar, marked as Exhibit 49 to the Deposition of Yosef Amar, taken August 29, 2012.

51.     Attached hereto as **Exhibit 49** is a true and correct copy of a photograph taken of a t-shirt produced by Mr. Amar, marked as Exhibit 51 to the Deposition of Yosef Amar, taken August 29, 2012.

52.     Attached hereto as **Exhibit 50** is a true and correct copy of a photograph taken of a t-shirt produced by Mr. Amar, marked as Exhibit 52 to the Deposition of Yosef Amar, taken August 29, 2012.

53.     Attached hereto as **Exhibit 51** is a true and correct copy of a photograph taken of a t-shirt produced by Mr. Amar, marked as Exhibit 53 to the Deposition of Yosef Amar, taken August 29, 2012.

54.     Attached hereto as **Exhibit 52** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 26 to the Deposition of Yosef Amar, taken August 29, 2012.

55.     Attached hereto as **Exhibit 53** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 30 to the Deposition of Yosef Amar, taken August 29, 2012.

56.     Attached hereto as **Exhibit 54** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 31 to the Deposition of Yosef Amar, taken August 29, 2012.  As with each exhibit produced by Mr. Amar that contains notes or notations, the notes and notations thereon are part of the document as produced, and were created at the direction of Mr. Amar.  *See, e.g.*, Ex. 30 (Amar Dep. Tr.) at 34:9-19.

57.     Attached hereto as **Exhibit 55** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 40 to the Deposition of Yosef Amar, taken August 29, 2012.

58.     Attached hereto as **Exhibit 56** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 28 to the Deposition of Yosef Amar, taken August 29, 2012.

59.     Attached hereto as **Exhibit 57** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 29 to the Deposition of Yosef Amar, taken August 29, 2012.

60.     Attached hereto as **Exhibit 58** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 32 to the Deposition of Yosef Amar, taken August 29, 2012.

61.     Attached hereto as **Exhibit 59** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 33 to the Deposition of Yosef Amar, taken August 29, 2012.

62.     Attached hereto as **Exhibit 60** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 34 to the Deposition of Yosef Amar, taken August 29, 2012.

63.     Attached hereto as **Exhibit 61** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 37 to the Deposition of Yosef Amar, taken August 29, 2012.

64.     Attached hereto as **Exhibit 62** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 42 to the Deposition of Yosef Amar, taken August 29, 2012.

65.     Attached hereto as **Exhibit 63** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 45 to the Deposition of Yosef Amar, taken August 29, 2012.

66.     Attached hereto as **Exhibit 64** is a true and correct copy of a document produced by Mr. Amar, marked as Exhibit 46 to the Deposition of Yosef Amar, taken August 29, 2012.

67.     Attached hereto as **Exhibit 65** is a true and correct copy of a photograph taken of a t-shirt produced by Mr. Amar, marked as Exhibit 50 to the Deposition of Yosef Amar, taken August 29, 2012.

68.     Attached hereto as **Exhibit 66** is a true and correct copy of an email dated March 15, 2011, marked as Exhibit 55 to the Deposition of Yosef Amar, taken August 29, 2012.

69.     Attached hereto as **Exhibit 67** is a true and correct copy of an email and attachment, dated August 30, 2012, from Mr. Yosef Amar to Paul A. Stewart, counsel for Plaintiff.

70.     Attached hereto as **Exhibit 68** is a true and correct copy of a photograph taken of a t-shirt obtained by Plaintiff, marked as Exhibit 14 to the Deposition of Cezary Pavel Kakol, taken August 20, 2012.

71.     Attached hereto as **Exhibit 69** is a true and correct copy of a photograph taken of a t-shirt sold by Defendants, marked as Exhibit 4 to the Deposition of Carie Sadler, taken August 9, 2012.

72.     Attached hereto as **Exhibit 70** is a true and correct copy of the Expert Report of Philip Johnson, dated August 1, 2012.

73.     Attached hereto as **Exhibit 71** is a true and correct copy of a photograph of the hang tag on the t-shirt sold by Defendants.

74.     Attached hereto as **Exhibit 72** is a true and correct copy of a print out from the USPTO website of Defendant's trademark application for a mark consisting of "3 green diag lines," U.S. Serial No. 85/080820, filed on July 8, 2010.

75.     Attached hereto as **Exhibit 73** is a true and correct copy of the Settlement Agreement, entered into by and between Plaintiff and Joe, Cool, Inc.; Joe Cool Bike Week, Inc., Michelle Amar, and Yosef Amar.

76.     Attached hereto as **Exhibit 74** is a true and correct copy of the Assignment Agreement, entered into by and between Plaintiff and Joe Cool, Inc. and Yosef Amar.

77.     Attached hereto as **Exhibit 75** is a true and correct copy of the certified file from the Florida Department of State, for an application to register the mark "MIDAS TOOL AND LOCK," and listing David Baksht as the correspondent.

78.     Attached hereto as **Exhibit 76** is a true and correct copy of the transcript of the deposition of Menachem Goldman, taken August 16, 2012.

79.     Attached hereto as **Exhibit 77** is a true and correct copy of Defendant Consolidated Distributors, Inc.'s Response to Plaintiff's Second Set of Interrogatories (Nos. 20-23), dated September 25, 2012.

80.     Attached hereto as **Exhibit 78** is a true and correct copy of the certified file from the Florida Department of State, for an application to register the mark "OAKLEY WEAR," and listing David Baksht as the correspondent.

81.     Attached hereto as **Exhibit 79** is a true and correct copy of the Affidavit of Dr. Kenneth Eugene Lehrer, dated August 15, 2012.

82.     Attached hereto as **Exhibit 80** is a true and correct copy of MEC's Form 10-K, for the period ending December 31, 2011.

83.     Attached hereto as **Exhibit 81** is a true and correct copy of excerpts of MEC's Form 10-K, for the period ending December 31, 2004.

84.     Attached hereto as **Exhibit 82** is a true and correct copy of excerpts of MEC's Form 10-K, for the period ending December 31, 2005.

85.     Attached hereto as **Exhibit 83** is a true and correct copy of excerpts of MEC's Form 10-K, for the period ending December 31, 2006.

86.     Attached hereto as **Exhibit 84** is a true and correct copy of excerpts of MEC's Form 10-K, for the period ending December 31, 2007.

87.     Attached hereto as **Exhibit 85** is a true and correct copy of excerpts of MEC's Form 10-K, for the period ending December 31, 2008.

88.     Attached hereto as **Exhibit 86** is a true and correct copy of excerpts of MEC's Form 10-K, for the period ending December 31, 2009.

89.     Attached hereto as **Exhibit 87** is a true and correct copy of excerpts of MEC's Form 10-K, for the period ending December 31, 2010.

90.     Attached hereto as **Exhibit 88** is a true and correct copy of Anheuser-Busch's Unaudited Interim Report for the six-month period ended June 30, 2012.

91.     Attached hereto as **Exhibit 89** is a true and correct copy of The Coca-Cola Company's Form 10-K, for the period ending December 31, 2011.

92.     Attached hereto as **Exhibit 90** is a true and correct copy of a print out from the website, http://www.coca-colastore.com/category/cocacola_apparel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of October, 2012 at Irvine, California.


                                         /s/ *Lauren Keller Katzenellenbogen*
                                          Lauren Keller Katzenellenbogen

15

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of October, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ *Lauren Keller Katzenellenbogen*
Lauren Keller Katzenellenbogen

15