UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY, d/b/a
MONSTER BEVERAGE COMPANY
("MBC"),

        Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., JOE COOL,
INC., JOE COOL BIKE WEEK INC.,
DAVID BAKSHT, MICHELLE AMAR,
AND YOSEF AMAR;

        Defendants.

Case No. 6:11-CV-329-ORL-22DAB

**MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT
THREE DAYS AFTER THE DEADLINE FOR DISPOSITIVE MOTIONS
BY DEFENDANT DAVID BAKSHT
(Fed. R. Civ. P. 6(b)(1)(B))**

        Defendant David Baksht moves the Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) for leave to file a motion for summary judgment three days after the deadline for dispositive motions set forth in the Case Management and Scheduling Order [DE 121]. Defendant Baksht's motion for summary judgment (filed as Attachment 1 herewith) seeks an order dismissing the claims against him for lack of personal jurisdiction and on the grounds that he was not the moving and active force behind the infringement alleged in this action against defendant Consolidated Distributors, Inc.

        Fed.R.Civ.P. 6(b)(1)(B) provides, "When an act may or must be done within a

specified time, the court may, for good cause, extend the time:… (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

The Case Management and Scheduling Order [DE 121] established the last day for the filing of dispositive motion as October 1, 2012.  Defendant seeks leave to file his motion on October 4 for the following reasons:

Because of the Jewish Holidays of Rosh Hashana, Yom Kippur and Succoth and the Jewish Sabbath, Defendant Baksht's counsel was able to perform work according to Jewish law on only 8 of the 15 days from September 17 to October 1.  In addition, on three of these days 8 on which counsel was permitted to work, there were depositions scheduled in this action, leaving counsel only five work days.  (See the calendar below)

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| **September** | 17 *Rosh Hashana* | 18 *Rosh Hashana* | 19 Travel | 20 Deposition Rodney Sacks | 21 Deposition Tom Kelly | 22 *Sabbath* |
| 23 Travel | 24 Deposition David Baksht | 25 *Yom Kippur Eve* | 26 *Yom Kippur* | 27 | 28 | 29 *Sabbath* |
| 30 | 1 *Succoth*; Dispositive Motions Deadline | 2 *Succoth* | 3 | 4 | | |

Counsel used two of the remaining 5 work days available to him to prepare for the depositions during this period.  The remaining three days were used to prepare a motion for summary judgment on behalf of defendant Consolidated Distributors, Inc., which was timely filed on September 30 [DE 170], one day before the dispositive motion deadline.  The reason that motion was filed one day early is because October 1, 2012 was the holiday of Succoth, on which according to Jewish law counsel was not permitted to work on or file the motion.  The holiday of

2

Succoth continued through October 2, 2012. Therefore, counsel was unable to complete the motion for summary judgment for David Baksht until the evening of October 3, 2012.

Defendant and his counsel are aware that the Court has stated in the Case Management and Scheduling Order, "Motions to extend the dispositive motions deadline or to continue the trial are generally denied. See Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice." Therefore, it is not without chagrin that counsel and defendant file this request for an extension of time.

WHEREFORE, in the interest of justice, defendant Baksht respectfully requests that the Court grant the request for a three day extension of the dispositive motion deadline, and for such other and further relief as this Court deems just and proper.

## GOOD FAITH CERTIFICATION

Pursuant to Local Rule 3.01(g), prior to filing this motion, counsel for the Mr. Baksht conferred with counsel for the Plaintiff in a good faith effort to resolve the issues raised by this motion, and Defendant's counsel herein certifies that the parties could not agree upon the resolution of the motion.

Respectfully submitted this 4th day of October, 2012.

MOSHE MORTNER, ESQ.
New York Bar No.: 2085801
mm@mortnerlaw.com
The Mortner Law Offices
40 Wall Street, 28th Floor
New York, NY 10005
646-820-8770 Telephone
646-304-3169 Facsimile
Lead Counsel *pro hac vice* for Defendant
CONSOLIDATED DISTRIBUTORS, INC.

/s/ Peter J. Mackey
Peter J. Mackey

3

Florida Bar No.: 0629138
Kristina Hager Snyderman
Florida Bar No.: 0089327
MACKEY LAW GROUP, P.A.
1402 Third Avenue West
Bradenton, FL 34205
(941) 746-6225 Telephone
(941) 748-6584 Facsimile
Local Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

MOSHE MORTNER, ESQ.
New York Bar No.: 2085801
mm@mortnerlaw.com
The Mortner Law Offices
40 Wall Street, 28th Floor
New York, NY 10005
646-820-8770 Telephone
646-304-3169 Facsimile
Lead Counsel for Defendants,
CONSOLIDATED DISTRIBUTORS, INC. and
DAVID BAKSHT