**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| MONSTER ENERGY COMPANY, f/k/a HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., and DAVID BAKSHT (a/k/a David Lipsker a/k/a David Bakshet a/k/a D Bakht a/k/a DM Schneerson a/k/a Abraham Shneorson),<br><br>        Defendants.<br>_____ / | Case No. 6:11-CV-329-ORL-22DAB |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID BAKSHT'S MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT THREE DAYS AFTER THE DEADLINE FOR DISPOSITIVE MOTIONS**

Plaintiff Monster Energy Company ("MEC") hereby submits this opposition to Defendant David Baksht's Motion for Leave to file an untimely summary judgment motion.

**I. INTRODUCTION**

On April 25, 2012, this Court issued its Case Management and Scheduling Order setting an October 1, 2012 deadline for filing dispositive motions. Defendant David Baksht thus has known about this deadline for more than five months. Baksht has also known about the Jewish holidays immediately preceding the dispositive motion deadline for considerably longer than that. Nevertheless, Baksht did not

1

even *request* an extension of time to file a dispositive motion until after the October 1st deadline had expired. Under the law, Baksht is required to present a compelling excuse for his failure even to *request* an extension of time before the motion deadline. Yet, Baksht has not even attempted to offer an excuse for this failing. Surely, the Jewish holidays did not prevent Baksht from filing his three-page Motion for Leave.

Baksht has also failed to present a compelling excuse for his failure to timely file his summary judgment motion on the merits. Baksht argues that his counsel had only five work days between September 17 and October 1 to prepare the motion. But Baksht offers no reason why his counsel could not begin preparing a summary judgment motion *before September 17*. With both the dispositive motion deadline and the Jewish holidays well known months in advance, the prudent course of action would be to begin preparation of a summary judgment motion well in advance of the deadline, rather than waiting until the last minute to even begin preparation of the motion. For these reasons, Baksht's request to file an untimely summary judgment motion should be denied.

## II. BAKSHT HAS FAILED TO MAKE A COMPELLING SHOWING THAT HE COULD NOT EVEN *REQUEST* AN EXTENSION OF TIME BEFORE THE OCTOBER 1ST DEADLINE EXPIRED

Under Rule 6(b) of the Federal Rules of Civil Procedure, any party seeking an extension of time must make a showing of "good cause." Fed. R. Civ. P. 6(b)(1). In addition, if the request for an extension of time is sought "after the time has expired," then the party must show that his failure to act was due to "excusable neglect." Fed.

2

R. Civ. P. 6(b)(1)(B). Under this standard, a party must show that its failure to *request* leave before the existing deadline was due to excusable neglect. *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984).

Here, Baksht offers no reason why he could not even request leave to file a belated summary judgment motion before the October 1st dispositive motion deadline. Nor could he. Baksht knew since April that the dispositive motion deadline fell shortly after the Jewish holidays. He could have requested an extension of time at any time between April 25 and October 1. Nothing prevented him from doing so. Yet, he did not. Indeed, Baksht did not even approach MEC with any concerns about meeting the October 1st deadline until after that deadline had passed. This is not excusable neglect.

Moreover, the parties appeared before this Court on September 4, 2012, on MEC's motion to extend *inter alia* the October 1st dispositive motion deadline. *See* D.I. Nos. 145, 165. This provided Baksht with every opportunity to raise with this Court — before the October 1st deadline — the issue he is now raising for the first time after that deadline has passed. But he did not. Baksht said nothing at the hearing about the need for more time because of the Jewish holidays or for any reason at all. The Court then denied MEC's motion. *See* D.I. No. 166 at 2. Again, Baksht does not even offer an excuse for this failure because there is none.

### III. BAKSHT HAS FAILED TO SHOW THAT DENIAL OF LEAVE WILL RESULT IN "MANIFEST INJUSTICE"

**A. This Court Requires A Showing Of Manifest Injustice Before Extending The Dispositive Motion Deadline**

Even if Baksht had moved for leave before expiration of the October 1st deadline, his motion still would fail to meet the stringent standard set by this Court for extending the dispositive motion deadline. As Baksht concedes, this Court's Case Management and Scheduling Order unequivocally declares:

> Motions to extend the dispositive motions deadline or to continue trial are generally denied. See Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice.

D.I. No. 121 at 4 § II.B.1. "A Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Moyer v. Walt Disney World Co.,* 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) (quoting *Payne v. Ryder Sys. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997)). Thus, Baksht must show, as set forth explicitly in the Scheduling Order, that the grant of his motion is necessary to prevent "manifest injustice."

**B. Baksht Has Not Shown Manifest Injustice Because He Has Not Shown Diligence**

Baksht has not come close to meeting the manifest injustice standard. At best, all Baksht has done is to show that scheduling conflicts made it difficult for one of his attorneys, Moshe Mortner, to prepare a summary judgment motion during the window between September 17 and October 1. Baksht has not shown why he and his counsel could not plan ahead and prepare his summary judgment motion before

September 17.  Baksht's failure to plan ahead plainly shows a lack of diligence on his part.  This lack of diligence would bar modification of a court-ordered deadline even under the more forgiving standard of "good cause" that governs timely motions that are filed in the absence of a more stringent Scheduling Order.  *See Moyer*, 146 F. Supp. 2d at 1252.[1]  Even this lesser standard "precludes modification [of a Scheduling Order deadline] unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Id.* (quoting *Sosa v. Airprint Systems*, 133 F.3d 1417, 1418 (11th Cir. 1998)).  Baksht could have begun and even completed preparation of his summary judgment motion before September 17.  His failure to do so is the result of a lack of diligence that precludes relief.

In addition, despite his protestations to the contrary, Baksht has retained counsel who could have worked on and completed his summary judgment motion after September 17, during the Jewish holidays.  Baksht is represented in this case by Peter Mackey and Kristina Snyderman of the Mackey Law Group of Bradenton, Florida.  There is no evidence that these attorneys were precluded by the Jewish holidays from completing Baksht's summary judgment motion in a timely fashion.

**C.     It Would Not Be Manifestly Unjust To Require Baksht To Go To Trial**

Equally important, Baksht has not explained why it would be manifestly unjust for him to go to trial on the issues raised by his proposed summary judgment motion. Denying leave to file a belated summary judgment motion will merely ensure that the

---

[1] *See also* Fed. R. Civ. P. 6(b) (establishing the "good cause" standard for timely motions for an extension of time); Fed. R. Civ. P. 16(b)(4) (establishing the "good cause" standard for modifying a deadline in a Scheduling Order).

issue of Baksht's liability will be decided on a full trial record, rather than on the basis of Baksht's two-page declaration. *See* D.I. No. 179-2. Baksht will lose no substantive rights. He will be entitled to present his defenses to infringement on the merits at trial. Baksht offers no reason why this would be manifestly unjust.

Indeed, on the unique facts of this case, Baksht will not even suffer any substantial inconvenience, let alone manifest injustice, if required to go to trial. Baksht's proposed summary judgment motion seeks only to eliminate his personal liability for the acts of trademark infringement of his company, Defendant Consolidated Distributors, Inc. ("CDI"). The issue of the liability of CDI, a company Baksht runs out of his apartment, Ex. 1[2] at 20:5-10; Ex. 2 at 19:15-17, will remain to be tried. Baksht undoubtedly will be present at that trial regardless of whether he remains exposed to personal liability. Baksht is a founder and 50% owner of CDI. Ex. 1 at 19:4-20:4; Ex. 2 at 17:7-14. And he has been in charge of running this case for CDI. *See* D.I. No. 179-1 at 12 (conceding that Baksht has been responsible for "selecting and guiding counsel in the defense of this case."). Baksht is also listed as CDI's very first witness in CDI's initial disclosures. Ex. 3. Consequently, an order denying leave to file a belated summary judgment motion will not in any real sense force Baksht to go to trial. He is going to trial anyhow on behalf of his company CDI.

---

[2] All exhibits cited herein are attached to the Declaration of Paul A. Stewart, filed concurrently herewith.

**D.     It Would Not Be Manifestly Unjust To Deny Baksht Leave To File A Meritless Summary Judgment Motion**

Finally, there would be no manifest injustice in refusing to consider Baksht's untimely summary judgment motion because that motion is meritless.  Baksht first argues in his proposed summary judgment motion that this Court lacks personal jurisdiction over him.  D.I. No. 179-1 at 5-10.  That argument, however, has been clearly waived by Baksht on multiple occasions.

Under Rule 12(h) of the Federal Rules of Civil Procedure, the defense of personal jurisdiction is waived if not raised in a defendant's initial Rule 12 motion or the defendant's initial responsive pleading.  Fed. R. Civ. P. 12(h)(1).  As Professor Moore has explained:

> When read together, the consolidation and waiver provisions [of Rule 12] make clear that to avoid waiving most available Rule 12 defenses or objections, a party must raise them in one initial motion or, if none is filed, in the first responsive pleading.

2 James Wm. Moore et al., *Moore's Federal Practice* § 12.20 (3d ed. 2012).  *Accord Vax-D Med. Techs. v. Texas Spine Med. Ctr.*, 485 F.3d 593, 597 (11th Cir. 2007); *Lipofsky v. New York State Workers' Compensation Bd.*, 861 F.2d 1257, 1258-59 (11th Cir. 1988).

Baksht waived any personal jurisdiction defense when he filed his original Answer in this case on March 16, 2012.  *See* D.I. No. 109.  In that document, Baksht did not plead lack of personal jurisdiction as an affirmative defense.  *Id.*  Similarly, Baksht failed to plead lack of personal jurisdiction in his Amended Answer, filed April

27, 2012. *See* D.I. No. 122. Thus, Baksht twice waived the defense of lack of personal jurisdiction. *See Vax-D*, 485 F.3d at 597. Baksht did finally plead lack of personal jurisdiction in his third Answer, filed June 6, 2012, *see* D.I. No. 137 ¶ 118, but by then the defense had already been waived. Rule 12(h) permits a previously unpled defense to be pled in an amended Answer only if the amendment is one permitted as a matter of right under Rule 15(a)(1). Fed. R. Civ. P. 12(h)(1). Rule 15(a)(1) permits only a **single** amendment as a matter of course. Fed. R. Civ. P. 15(a)(1). Thus, Baksht could not, in his third Answer, resurrect a previously waived defense.

Baksht waived any personal jurisdiction defense yet again when he moved to set aside the Clerk's default that had been entered against him. *See* D.I. No. 110. The Eleventh Circuit has squarely held that a party seeking relief from default has an obligation to raise objections to personal jurisdiction in its initial motion to set aside the default.[3] *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299-1301 (11th Cir. 2003). Otherwise, the defense is waived. *Id.* This is simply an application of the more general rule that a party must challenge personal jurisdiction in its first responsive pleading. *Id.* Here, the same day he filed his original Answer, Baksht filed a motion to set aside the Clerk's default. D.I. No. 110. Baksht, however, failed to raise the defense of lack of personal jurisdiction in that motion. Accordingly, he

---

[3] *Worldwide Web* involved a motion to set aside a default judgment under Rule 60, rather than a motion to set aside a Clerk's entry of default under Rule 55. However, no reason exists to treat these two types of default differently. In both instances, the defaulting party has the opportunity and therefore the obligation to raise the defense of personal jurisdiction in its initial motion.

8

again waived any challenge to personal jurisdiction. *Worldwide Web*, 328 F.3d at 1299-1301.

Baksht next argues in his proposed summary judgment motion that there is insufficient evidence to hold him responsible for the acts of infringement committed by CDI, a company he runs out of his apartment. Ex. 1 at 20:5-10; Ex. 2 at 19:15-17. However, as Baksht concedes, an officer of an infringing corporation may be held personally liable if he "actively and knowingly caused the infringement." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). This is "a question of fact for the factfinder after trial." *Id.* at 1478.

Here, there is plenty of evidence from which a reasonable jury could conclude that Baksht "actively and knowingly" caused CDI's infringement. First, it is clear as a matter of law that either Baksht or his partner, Menachem Schneorson, or both, actively and knowingly caused CDI's acts of trademark infringement. As *Chanel* makes clear, "a corporation can act only through individuals. 'Obviously . . . if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done.'" *Chanel*, 931 F.2d at 1477 (quoting *Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1968)). In this case, CDI is a closely held corporation with just two officers – Baksht and Schneorson – and no employees. Ex. 2 at 17:7-14, 26:12-14. Thus, either Baksht or Schneorson or both caused the infringement by CDI.

A jury could reasonably find that at least Baksht caused CDI's infringement. Baksht runs CDI out of his apartment. Ex. 1 at 20:5-10; Ex. 2 at 19:15-17. He is a 50% owner of CDI and is its CEO. Ex. 1 at 17:6-8; Ex. 2 at 17:7-14. The entire business of CDI is acquiring and exploiting trademarks. Ex. 1 at 19:25-20:24; Ex. 2 at 22:12-23:3, 24:25-25:19, 143:4-6. Baksht testified that he is an expert in trademarks. Ex. 1 at 33:1-3. There is no evidence that Schneorson has any expertise in trademarks. From these facts alone, a jury could reasonably infer that Baksht, rather than Schneorson (or in addition to Schneorson), actively and knowingly caused CDI's acts of infringement.

In addition, contrary to Baksht's unsupported assertions, Baksht has been involved in CDI's efforts to sell its infringing merchandise. Yosef Amar, the owner of Joe Cool, Inc., testified that Mr. Baksht was his primary contact at Consolidated throughout their relationship exploiting the 3DL design. Ex. 4 at 18:19-22. Two of CDI's customers, Menachem Goldman and Menachem Ohana, both testified that Baksht personally tried to sell them infringing merchandise on behalf of CDI. Ex. 5 at 17:6-20:21; Ex. 6 at 21:7-23:20. Furthermore, Baksht personally created the alleged joint venture with Joe Cool, Inc. Ex. 1 at 178:11-179:7. The sole business of this joint venture was to exploit the infringing 3DL trademark and other trademarks to be identified later. *Id.* at at 179:17-180:6. Thus, Baksht was personally responsible for the foundational act that led to all of the infringement by CDI and Joe Cool. Baksht also advised Mr. Amar to move forward with the exploitation of the 3DL mark despite Mr. Amar's concerns that it may infringe MEC's rights. Ex. 2 at 65:12-66:23.

Again, from this evidence, a jury could reasonably conclude that Baksht actively and knowingly caused CDI's infringement.[4]

## IV. **CONCLUSION**

Baksht has known about the October 1st dispositive motion deadline since April 25th and he has known about the Jewish holidays for even longer. Yet, Baksht did not even request leave to extend the October 1st deadline until after that deadline had passed. Baksht has not presented any compelling reason to excuse this neglect. Nor has Baksht explained why the Court must hear his untimely summary judgment motion to prevent "manifest injustice." Clearly, no manifest injustice will occur if this motion is not heard. Baksht will not even lose any substantive rights. Accordingly, Baksht's motion for leave to file an untimely summary judgment motion should be denied.

Respectfully submitted,

Dated: October 8, 2012      By: /s/ *Paul A. Stewart*
　　　　　　　　　　　　　　　　JOHN B. SGANGA, JR. ESQ.
　　　　　　　　　　　　　　　　(Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　john.sganga@kmob.com
　　　　　　　　　　　　　　　　PAUL A. STEWART, ESQ.
　　　　　　　　　　　　　　　　paul.stewart@kmob.com
　　　　　　　　　　　　　　　　(Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　LAUREN K. KATZENELLENBOGEN, ESQ.
　　　　　　　　　　　　　　　　(Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　lauren.katzenellenbogen@kmob.com
　　　　　　　　　　　　　　　　KNOBBE, MARTENS, OLSON & BEAR, LLP
　　　　　　　　　　　　　　　　2040 Main Street, Fourteenth Floor

---

[4] Baksht's proposed summary judgment motion should be denied on other grounds as well, if Baksht is permitted to file it. The foregoing discussion is not intended to be a comprehensive explanation of all reasons why the proposed summary judgment motion should be denied.

Irvine, California 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile

Lead Trial Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

– and –

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile

Local Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 8th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                     /s/ *Paul A. Stewart*
                                     PAUL A. STEWART

14101533