UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MONSTER ENERGY COMPANY,**

**Plaintiff,**

**v.**                                                              **Case No:  6:11-cv-329-Orl-22DAB**

**CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC. and DAVID
BAKSHT,**

**Defendants.**

_____/

## ORDER

This cause comes before the Court on the "Motion for Leave to File a Motion for Summary Judgment Three Days After the Deadline for Dispositive Motions by Defendant David Baksht ("Defendant")" (Doc. No. 179), filed on October 4, 2012, and Plaintiff's response thereto (Doc. No. 181), filed on October 8, 2012.

The Court's April 25, 2012 Case Management and Scheduling Order sets October 1, 2012 as the deadline for all dispositive motions (Doc. No. 121).  At that time, the Court forewarned, "Motions to extend the dispositive motions deadline or to continue the trial are generally denied.  *See* Local Rule 3.05(c)(2)(E).  The Court will grant an exception only when necessary to prevent manifest injustice." (Doc. No. 121 at p. 4).

In the present motion, Defendant, three days after the deadline for dispositive motions, requests pursuant to *Federal Rule of Civil Procedure* 6(b)(1)(B) an extension to file his motion for summary judgment.  Under Rule 6(b)(1)(B), the Court may, for good cause, extend the time for filing a dispositive motion when a party files a motion requesting such leave after the time

has expired if the party shows that he failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).  In an unpublished opinion, the Eleventh Circuit clarified that to determine whether excusable neglect has occurred, the Court may consider four factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith.  *Staley v. Owens*, 367 F. App'x 102, 105 (11th Cir. 2010) (per curiam) (citations omitted).  The appellate court additionally noted the importance of efficient judicial administration and judicial economy.  *Id.* (citations omitted).

In the present motion, Defendant's counsel argues that because of the Jewish Holidays of Rosh Hashanah, Yom Kippur, and Succoth and the Jewish Sabbath, he was only able to work, according to Jewish law, on eight of the fifteen days from September 17, 2012 to October 1, 2012.  (Doc. No. 179 at p. 2).  As well, on three of these eight days, counsel was involved in depositions for this case.  (*Id.*).

Although the length of delay is brief, the Court finds that Defendant fails to offer sufficient reason for this delay therefore Defendant's motion is not made in good faith.  Additionally, the danger of prejudice is present because the thrust of Defendant's proposed motion for summary judgment is without merit due to his waiver of the personal jurisdiction affirmative defense.  As well, judicial economy and judicial administration dictate denial of the present motion. The Court comes to this conclusion based on the following:

First, Defense counsel offers no explanation or reason why co-counsel, Kristina H. Snyderman and Peter J. Mackey, or any other counsel with the Mortmer Law Offices or the Mackey Law Group, PA were unable to work during this time frame.

2

Second, Defense counsel failed to raise this need for additional time until after the October 1, 2012 deadline.  In fact, Defendant originally objected to Plaintiff's August 20, 2012 motion for extension of time for dispositive motions.  (Doc. No. 145 at p. 5).  On August 30, 2012, when Defendant changed his position with respect to Plaintiff's motion, Defendant's counsel did not offer religious holidays as a reason.  (Doc. No. 158 at p. 2).  In fact, the Jewish Holidays of Rosh Hashanah, Yom Kippur, and Succoth are always during the month of Tishrei on the Jewish Calendar.  Rosh Hashanah, the Jewish New Year, is on the first and second of Tishrei.  Yom Kippur is on the tenth of Tishrei.  Finally, Succot is on the fifteenth of Tishrei.  *See* Tishrei, Hillel: Foundation for Jewish Campus Life, http://www.hillel.org/jewish/rituals/roshchodesh/tishrei.htm (last visited Oct. 9, 2012).  Tishrei is usually during the American months of September or October.  As these Jewish Holidays were on the calendar when the Court entered its Case Management and Scheduling Order and when the Plaintiff's motion for extension of time was pending, the Court does not find Defendant's argument to constitute excusable neglect.

Third, Defendant waited until after the deadline to file this present motion despite being well aware of this deadline.

Finally, even if the Court were to grant this motion, Defendant may not seek summary judgment based on a lack of personal jurisdiction, the thrust of his motion for summary judgment.  (*See* Doc. No. 179-1 at pp. 5-10).  Defendant waived this affirmative defense by failing to raise it in his first answer and his amended answer.  (Doc. No. 109 & 122).  Under *Federal Rule of Civil Procedure* 12(h)(1)(B), "[a] party waives any defense listed in Rule 12(b)(2)-(5)" by failing to "make it by motion under this rule; or include it in a responsive

pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Therefore, no manifest injustice results from the denial of the present motion.

Although Defendant raised the affirmative defense of personal jurisdiction in his answer to Plaintiff's Second Amended Complaint (Doc. No. 137 at ¶ 118), Defendant had already waived the affirmative defense. The Eleventh Circuit has held, "Although, under the Federal Rules of Civil Procedure, 'an amended complaint supersedes the initial complaint and becomes the operative pleading in the case,' the filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint." *Krinsk v. Suntrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (citations omitted); *see also Brohan v. Volkswagen Mfg. Corp. of Am.*, 97 F.R.D. 46, 48 (E.D.N.Y. 1983) (finding that the fact that a plaintiff filed an amended complaint did not revive the right to assert a defense previously waived when the defendant did not raise in in a Rule 12 motion or its answer to the original complaint). As well, Plaintiff's Second Amended Complaint did not change the theory or scope of the case in such a way that it revived the personal jurisdiction issue. *Krinsk*, 654 F.3d at 1202; 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d §1388 (3d ed. 2004) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleadings; conversely, a Rule 12 defense that becomes available because of new mater in the amended complaint may be asserted by the motion.").

As to Defendant's other basis for summary judgment relief, the issue of whether he was the moving or active force behind the alleged infringement, it is an issue that Defendant may

argue at trial, assuming the Court does not address it beforehand based on another party's motion for summary judgment.[1]

Therefore, based on the foregoing, it is **ORDERED** that the "Motion for Leave to File a Motion for Summary Judgment Three Days After the Deadline for Dispositive Motions by Defendant" (Doc. No. 179), filed on October 4, 2012, is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 9, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] In his proposed motion for summary judgment, Defendant fails to offer any citations to depositions or other proof to support his factual contentions. (*See* Doc. No. 179-1 at p. 11).

5