UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MONSTER ENERGY COMPANY, f/k/a HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("MBC"),<br><br>Plaintiff,<br><br>vs.<br><br>CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., JOE COOL, INC., JOE COOL BIKE WEEK INC., DAVID BAKSHT, MICHELLE AMAR, AND YOSEF AMAR;<br><br>Defendants. | Case No. 6:11-CV-329-ORL-22DAB<br><br>**DECLARATION OF KENNETH E. LEHRER IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY** |

I, Kenneth E. Lehrer, declare as follows:

1. I am over the age of majority, and legally competent to testify to the facts stated herein.

2. I submit this declaration in opposition to Plaintiff's motion to exclude the Expert Report authored by me in this action.

3. From an analytical point of view, I am qualified, based upon my experience, background, education and licenses, to determine the appropriateness of the amount and level of public disclosure in documentation such as 10-Ks. A copy of my Curriculum Vitae is annexed hereto.

4. I hold holds four (4) degrees from New York University in the areas of Finance, Commercial Banking, Business Administration and Economics.

5. I have been involved in the analysis and preparation of 10-Ks throughout my career. I am a Director of Aztec Oil and Gas, Inc. ("Aztec"), a publicly traded company, and for

a period of approximately two years, 2005-2006, I served as Aztec's Chief Financial Officer. As an officer and director of Aztec I have participated in the creation and preparation of the firm's publicly available documentation as filed with the Securities Exchange Commission, including 10-Ks.

6. As a professor of Finance at the University of Houston and as a professor of Economics at the University of Phoenix, I have taught my students for over 20 years on the duties of corporate public disclosure and the analysis of public disclosure documents.

7. Plaintiff mischaracterizes my Expert Report, stating, "Dr. Lehrer theorizes that MEC did not, in fact, use it M Claw mark in connection with clothing between 2004 and 2011 based solely on MEC's 10-K reports." In fact, I offered no opinion as to whether Plaintiff used it M Claw mark in connection with clothing. Rather, my report intended to opine that the sale of clothing and other associated athletic and sporting items, which, Plaintiff's CEO Rodney Sacks denotes as <u>important to the company</u>, was not disclosed in the company's public documents, and hence there was a material omission of an important and integral part of the organization's financial operations on an ongoing basis over several consecutive years.

8. Plaintiff's statement that my review of Plaintiff's 10-Ks is insufficient to support my opinion, without the review of Plaintiff's financial statements disclosed in this action, is incorrect, because Plaintiff's 10-Ks all **include** the certified financial statements of the company.

9. Moreover, my opinion regarding material omissions is based upon the central importance placed upon the M Claw mark to Plaintiff's overall business, as described in the Declaration of CEO Rodney Sacks and in the 10-Ks themselves. Hence, I opined in my report,

> Any significant income producing business of the company that involves the use of their valuable trademarks, such as on clothing and associated items for sale into the overall stream of business and commerce on a sustained basis, as opposed to SOLELY the use of their trademark only in relation to their core beverage business must be disclosed in documentation supplied to the general investing public.

10. Finally, Plaintiff's motion incorrectly states that other courts have previously excluded my testimony. Specifically, Plaintiff refers to *Equitable Mortgage Corp. v. Mortgage Guaranty Ins. Corp.*, 719 F. Supp. 620, 626 (S.D. Miss. 1990) and *Marobie-FL, Inc. v. National Assoc. of Fire Equipment Dist. et al.*, No. 96 C 2966, 2001 U.S. Dist. LEXIS 10292 (N.D. Ill. July 9, 2001). In fact, my testimony was admitted in both of these cases, however, the courts declined to rely on my testimony.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of October at Houston, Texas.

_____
Kenneth E. Lehrer