UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MONSTER ENERGY COMPANY,**

    **Plaintiff,**

v.                                                                       Case No:  6:11-cv-329-Orl-22DAB

**CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC. and DAVID
BAKSHT,**

    **Defendants.**
_____/

**ORDER**

This cause comes before the Court on Plaintiff Monster Energy Company's ("MEC") Motion to Exclude Testimony of Defendant's Expert Dr. Kenneth Eugene Lehrer (Doc. No. 174), and Defendant Consolidated Distributors, Inc.'s ("CDI") response thereto (Doc. No. 184). On December 14, 2012, the Court held a *Daubert* hearing.

**I.    BACKGROUND**

In his brief and conclusory report, Dr. Kenneth Eugene Lehrer ("Lehrer") reviews MEC's 10-K filings with the Securities and Exchange Commission ("SEC") for the 2004 to 2011 fiscal years and opines that the filings "clearly fail[] to disclose in any of these years that the organization is engaged in or earns any income from the sale of clothing, t-shirts, hooded shirts, hooded sweatshirts, sweatshirts, jackets, pants, bandanas, sweat bands, gloves, headgear and other associated clothing wear since 2002." (Doc. No. 184-3 at p. 8).

Lehrer further concludes because MEC alleges that its clothing constitutes a significant income producing business, "[MEC's CEO] Mr. Sacks and the Monster Beverage Corporation [sic] have **<u>EITHER</u>** failed to make full, proper and adequate disclosure[s] to the investing public via documentation filed with the SEC in omitting any reference to their corporate enterprises

[sic] sale of clothing since 2002 **OR** have filed inaccurate pleadings and an inaccurate declaration in [the present action]." (*Id.* at pp. 10-11 (emphasis in the original)).

MEC argues that Lehrer is not qualified to serve as an expert, that his opinion lacks reliability and relevance, and that he merely offers impermissible legal conclusions.

## II. LEGAL STANDARD AND ANALYSIS

When determining whether to admit expert testimony, the *Federal Rule of Evidence* 702 governs. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court clarified this rule when it abandoned the previous *Frye* Test. *Daubert*, 509 U.S. 579 (1993). Explaining how a court should approach the admissibility of an expert's testimony, the Court held that a trial judge "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. In determining reliability, a court focuses not on the expert's conclusions but rather on his principles and methodology. *Id.* at 594-95; *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 154 (Stevens, J., concurring in part and dissenting in part) ("*Daubert* quite clearly forbids trial judges to assess the validity or strength of an expert's scientific conclusions, which is a matter for the jury." (footnote omitted)).

When applying *Daubert*, the Eleventh Circuit has held that a court may admit into evidence expert testimony if the proponent of the expert testimony, when challenged, proves by a preponderance of the evidence that:

> (1) the expert is qualified to testify competently regarding matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa v. Harcos Chems. Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citations omitted); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999).

As fully set forth in MEC's present motion, Lehrer's expert opinion clearly does not satisfy the *Daubert* standard. (*See* Doc. No. 183).

Moreover, CDI argues that Lehrer's opinion is helpful to determining whether MEC had actual sales in any given year, particularly in the early years, and will help the jury determine the disputed issue of the first use of trademark M-Claw in the ordinary course of trade. (*See* Doc. No. 184 at pp. 7-8). This argument contradicts CDI's representations two pages earlier in its response. In the very same filing, CDI represents that Lehrer offered no opinion "as to whether [MEC] used its M Claw mark in connection with clothing" during the 2004 to 2011 time frame and only offered an opinion that the clothing sales were not disclosed on MEC's 10-K filings and that this was a material omission in violation of securities laws. (*Id.* at p. 5).

Finally, Lehrer's opinion lacks relevance to the issues in this case. *See Allison*, 184 F.3d at 1309 (explaining that "any proffer of scientific evidence is also subject to other rules of evidence," such as Rules 401, 402, 403, 702 and 703).

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** that MEC's Motion to Exclude Testimony of Defendant's Expert Dr. Kenneth Eugene Lehrer (Doc. No. 174) is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties