# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY,
d/b/a MONSTER BEVERAGE
COMPANY,

    Case No. 6:11-CV-329-ORL-22DAB

   Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., and DAVID
BAKSHT (a/k/a David Lipsker a/k/a
David Bakshet a/k/a D Bakht a/k/a DM
Schneerson a/k/a Abraham
Shneorson),

   Defendants.
_____/

**PROPOSED JURY INSTRUCTIONS**

1

## Plaintiff Monster Energy's Jury Instructions on Its Affirmative Defenses to CDI's Counterclaims

**Oral Assignment of Trademark Rights**

Monster Energy contends that the assignment of trademark rights from Joe Cool to CDI was ineffective because it was made orally and was never memorialized in a written contract. If you find that the assignment of trademark rights from Joe Cool to CDI was only made orally, you must find in favor of Monster Energy and against CDI on CDI's counterclaims for trademark infringement, cancellation of trademarks, and common law unfair competition.[1]

**Assignment of Trademark Rights "In Gross"**

Under the trademark laws, an assignment of trademark rights is valid only if the trademark is assigned along with the underlying goodwill or business assets represented by the trademark. "Goodwill" is that part of the value of a business that reflects the propensity of buyers to continue doing business with that seller because the buyers like or need what the seller is selling. An assignment of a trademark without the underlying goodwill or business assets is known as an "assignment in gross" and is invalid. If you find that Joe Cool assigned its trademark rights in the 3DL mark to CDI without assigning the goodwill or business assets represented by the 3DL mark, you must find in favor of Monster Energy and against CDI on CDI's counterclaims for trademark infringement, cancellation of trademarks, and common law unfair competition.[2]

**Laches**

CDI is not entitled to recover on its trademark infringement and unfair competition counterclaims if CDI unreasonably and inexcusably delayed in bringing its claims, and this delay caused prejudice to Monster Energy.[3] This is known as "laches." Monster Energy can show it was prejudiced if, during a period of unreasonable delay, Monster Energy spent money developing and promoting its M Claw Trademark or clothing bearing its M Claw Trademark that it would not have spent had CDI filed its lawsuit sooner. A delay of more than four years in bringing a claim is presumptively unreasonable.[4] If you find that CDI unreasonably and inexcusably delayed in bringing

---

[1] 15 U.S.C. § 1060(a)(3); *Gaia Tech., Inc. v. Reconversion Tech., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996)

[2] *Mister Donut of Am., Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 842 (9th Cir. 1969); 3 J.T. McCarthy, McCarthy on Trademarks & Unfair Competition §§ 18:2-18:3 (4th ed. 2012).

[3] *Ford Motor Co. v. O.E. Wheel Distributors, LLC*, 868 F.Supp.2d 1350, 1366 (M.D. Fla. 2012).

[4] *Shottland v. Harrison*, No. 11 20140 Civ., 2012 WL 2814350, at *5 (S.D.Fla. July 10, 2012) (quoting *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1546 (11th Cir.1986)).

its trademark infringement and unfair competition claims, and Monster Energy was prejudiced by the delay, you should find for Monster Energy on CDI's counterclaims for trademark infringement and unfair competition.

**Cancellation of Plaintiff Monster Energy's Federal Trademark Registrations**

If CDI is entitled to a cancellation of Monster Energy's federal trademark registrations on clothing, such cancellation is limited to the specific geographic areas in which CDI used the 3DL design prior to Monster Energy's first use of the M Claw trademark. Accordingly, if you find that CDI has established the elements for its cancellation claim, you must identify the specific geographic areas in which CDI used its 3DL trademark before Monster Energy used its M Claw trademark.[5]

**Wrongful Seizure and Abuse of Process - Standing**

A party may sue only for injuries to itself, and not for injuries to others. This is known as "standing." Under this principle, an individual partner or individual joint venturer may not sue for injury to the partnership or joint venture. Only the partnership or joint venture may bring such a claim. Monster Energy contends that CDI lacks standing to bring its counterclaims for wrongful seizure and abuse of process because any injury was not to CDI, but was to another person or entity, such as Yosef Amar, Joe Cool, or the alleged joint venture between CDI and Joe Cool. You may find in favor of CDI on its wrongful seizure and abuse of process counterclaims only if you find that CDI itself was directly harmed by the seizure.[6]

**Wrongful Seizure and Abuse of Process - Release**

A party or its agent may voluntarily give up or "release" a claim that it has against another by signing an agreement giving up or releasing that claim. Monster Energy contends that the settlement agreement between Yosef Amar, Joe Cool, and Monster Energy contained a release of liability, and CDI is bound by that release because of the alleged joint venture between Joe Cool and CDI. Under the law, one party to a joint venture may contractually bind the others.[7] If you find that CDI was bound by the settlement agreement between Yosef Amar, Joe Cool, and Monster Energy, and that the release of liability within that settlement agreement covers CDI's counterclaims for

---

[5] 15 U.S.C. § 1119; *Weiner King, Inc. v. Wiener King Corp.*, 615 F.2d 512 (C.C.P.A. 1980); 5 J.T. McCarthy, *McCarthy on Trademarks & Unfair Competition* § 26:53 (4th ed. 2012); 3 J.T. McCarthy, *McCarthy on Trademarks & Unfair Competition* § 20.84 (4th ed. 2012).

[6] *Toto v. McMahan, Brafman, Morgan & Co.*, 93 Civ. 5894 (JFK), 1997 U.S. Dist. LEXIS 11943, at *15-16 (S.D.N.Y. Aug. 11, 1997) ("individual partners cannot sue on a partnership claim in their individual capacity"); *Kleban v. S.Y.S. Restaurant Mgmt.*, 929 F. Supp. 294, 304 (N.D. Ill. 1996) ("an individual partner does not have standing to sue a third party to recover property belonging to the partnership").

[7] *Slep-Tone Entm't Corp. v. Snappers Bar & Grill, Inc.*, 2012 U.S. Dist. LEXIS 133719 *3 (M.D. Fla. Sept. 19, 2012).

wrongful seizure and abuse of process, then you must find for Monster Energy and against CDI on CDI's wrongful seizure and abuse of process counterclaims.

**Wrongful Seizure – Limitation on Damages**

If you find for CDI on its counterclaim for wrongful seizure, you may award no more than $20,000 in actual and punitive damages.[8]

**Abuse of Process and Interference with Contractual Relations – Litigation Privilege**

The litigation privilege provides a party complete immunity from any liability for any act occurring during the course of a judicial proceeding so long as the act has some relation to the proceeding. If you find that the acts of Monster Energy that allegedly constitute abuse of process and interference with contractual relations occurred during the course of and were related to a judicial proceeding, then the litigation privilege applies and you must find for Monster Energy and against CDI on CDI's counterclaims for abuse of process and interference with contractual relations.[9]

**Limitation on Punitive Damages**

Unless you find that Monster Energy had a specific intent to harm CDI, the maximum amount you can award in punitive damages to CDI is $500,000 or three times CDI's actual damages, whichever is greater.[10]

14500248
121212

---

[8] *Blau v. YMI Jeanswear, Inc.*, 2004 WL 5313967, at *8-9 (C.D. Cal. Jan. 2, 2004).

[9] *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A.*, 639 So. 2d 606, 608 (Fla. 1994).

[10] Fla. Stat. § 768.73.

4