**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MONSTER ENERGY COMPANY f/k/a HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("MEC"),**

        **Plaintiff,**

**vs.**                    **Case No. 6:11-CV-329-ORL-22DAB**

**CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., and DAVID BAKSHT (a/k/a David Lipsker a/k/a David Bakshet a/k/a D Bakht a/k/a DM Schneerson a/k/a Abraham Shneorson),**

        **Defendants.**

_____/

### PLAINTIFF MEC'S NOTICE OF SERVICE OF COURT'S ORDER TO SHOW CAUSE DATED JANUARY 8, 2013 ON ATTORNEY NEUHAUS

Plaintiff MEC respectfully notifies the Court that on January 9, 2013, MEC's Local Counsel served the Court's Order to Show Cause dated January 8, 2013 (Doc. 233) on Attorney Abraham Neuhaus via e-mail and facsimile, true and correct copies of which are attached hereto as Exhibits "A" and "B."

Respectfully submitted this 9th day of January, 2013.

**/s/  RICHARD E. MITCHELL**
CHARLES T. WELLS, ESQ.
Florida Bar No.: 0086265
charles.wells@gray-robinson.com
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com

GRAYROBINSON, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880  Telephone
(407) 244-5690  Facsimile
*Local Counsel for Plaintiff Monster Energy
Company, f/k/a Hansen Beverage Company
d/b/a Monster Beverage Company*

– and –

PAUL A. STEWART, ESQ.
(Admitted *Pro Hac Vice*)
paul.stewart@kmob.com
JOHN B. SGANGA, JR. ESQ.
(Admitted *Pro Hac Vice*)
john.sganga@kmob.com
LYNDA J. ZADRA-SYMES, ESQ.
(Admitted *Pro Hac Vice*)
lynda.zadra-symes@kmob.com
LAUREN K. KATZENELLENBOGEN, ESQ.
(Admitted *Pro Hac Vice*)
lauren.katzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, California  92614
(949) 760-0404  Telephone
(949) 760-9502  Facsimile
*Lead Trial Counsel for Plaintiff, Monster
Energy Company f/k/a Hansen Beverage
Company d/b/a Monster Beverage Company*

## CERTIFICATE OF SERVICE

I hereby certify that on 9th day of January, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

**/s/  RICHARD E. MITCHELL**
RICHARD E. MITCHELL, ESQ.

# Exhibit "A"

**Jacquelyn S. Denton**

| | |
|---|---|
| **From:** | Jacquelyn S. Denton |
| **Sent:** | Wednesday, January 09, 2013 2:49 PM |
| **To:** | 'an@neuyac.com' |
| **Cc:** | Richard ("Rick") E. Mitchell, Esq.; Paul Stewart (Paul.Stewart@knobbe.com) |
| **Subject:** | Monster Energy Company v. Consolidated Distributors et al. |
| **Attachments:** | Hansen.CDI - Doc. 233 - 2013-01-08 - Order to Show Cause.PDF |

Mr. Neuhaus:  Good afternoon and please see the attached Order.

Thank you and should you have any questions, please do not hesitate to call.

Respectfully yours,
~Jacque~

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MONSTER ENERGY COMPANY**
*d/b/a* **Monster Beverage Company**
*f/k/a* **Hansen Beverage Company**


                                    **Plaintiff,**

**-vs-**                                         **Case No.  6:11-cv-329-Orl-22DAB**

**CONSOLIDATED DISTRIBUTORS, INC.;**
**METTEMP INC.; DAVID BAKSHT a/k/a**
**David Lipsker, a/k/a David Bakshet, a/k/a**
**David Bakht, a/k/a DM Shneerson, a/k/a**
**David Shneorson,**

                                    **Defendants.**
_____

# ORDER TO SHOW CAUSE

This cause comes before the Court following a hearing on the status of Moshe Mortner Esq.'s

Representation of Defendants Consolidated Distributors, Inc.("CDI")  and David Baksht.  *See* Doc.

218 (setting forth issues identified in parties' filings).  On December 18, 2012, the Court noticed for

hearing issues with Mr. Mortner's representation of Defendants based on the following:

> Immediately before the *Daubert* hearing on December 14, 2012, Plaintiff Monster
> Energy filed a notice with emails attached apparently reporting that Defendants had
> terminated Moshe Mortner, Esq., as their counsel as of November 8, 2012. Doc. 213.
> However, Mr. Mortner has continued to appear and make filings in this case, including
> the Joint Final Pretrial Statement (Doc. 217) and a Written Designation and Consent
> to Act for Local Counsel. Doc. 212. New local counsel, John M. Paradis, Esq.,
> informed Judge Conway that he has only spoken to Mr. Mortner on the phone and
> email, and he has never communicated with Defendants; he was unaware of Mr.
> Mortner's termination by Defendants.

Doc. 218. Mr. Mortner was ordered to appear in person, and he was ordered to serve the notice of

hearing[1] on Defendants and on Jon A. Lefkowitz, Esq., who purported to represent CDI at some point.

_____

[1]Certification that the notices were served was filed in the docket.

On January 2, 2013, Attorney Moshe Mortner filed a Motion to Enforce the Local Rules to Confirm

His Representation of Consolidated Distributors, Inc., providing his own declaration and one from

Menachem Schneorson  Docs. 224, 225, 226.  Consistent with the statements in the declarations, Mr.

Mortner argues that Schneorson is an officer of CDI;  Defendant Baksht and Schneorson are each 50%

shareholders of CDI; and Defendant Baksht and Schneorson constitute CDI's Board of Directors.  Mr.

Mortner states:

> In November 2012, a dispute developed between Mr. Baksht and Mr. Schneorson. As
> a result, Mr. Baksht threatened to undertake actions in conflict with the litigating
> position of CDI in this Action. Therefore, on November 5, 2012, Attorney Mortner
> wrote a letter to Mr. Baksht stating that he was withdrawing as Mr. Baksht's personal
> attorney in this action. That same day, Mr. Baksht responded by email, rejecting the
> notice of withdrawal and demanding that Attorney Mortner continue as his personal
> attorney. Mr. Baksht's email stated,
>
> > i did not ask you nor permitted you to withdraw from representing me
> > individually in the monster energy vs consolidated dist et al case in fla
> > and in fact demand that you continue representing me and not with -
> > draw at this late stage in the case
> >
> > david baksht, defendant

Doc. 224 at 2-3 Doc. 226, Ex. 1.  Mr. Mortner represents in his Declaration that "Mr. Baksht has

never wavered from this position since."  Docs. 224, 226.  However, on November 8, 2012, Mr.

Baksht sent an email to Attorney Mortner's former local counsel in this action, Peter Mackey, Esq.,

and contained in the email was the text of an unsigned letter from Jon A. Lefkowitz, Esq. to Attorney

Mortner. Attorney Lefkowitz's letter stated:

> This office has been retained by Consolidated Distributors, INC. with respect to the
> pending case in the Middle District of Florida. Accordingly, please find enclosed a
> Notice of Discharge, signed by your erstwhile client.  Your clients are very displeased
> that you have taken out a litigation loan on the case without Mr. Baksht's knowledge,
> and that you have misappropriated the monies from the trust account, and converted
> the monies to your own use, rather than for legitimate expenses.
>
> What is more, you have caused a rift and machlokot between Menachem and Baksht,
> who were business associates, and which is contrary to halacha and Jewish law.
>
> Additionally, you are not a partner in this case; you are only entitled to a share of the
> settlement, if any. It is Consolidated, which is the sole owner of the case.

You have also not communicated with Mr. Baksht, and this has motivated him to sever the relationship. Specifically, you did not forward to him each filing by Monster, nor show him every one of his filings before you filed them. Further, you have filed motions late, and were reprimanded by the judge.

There is one document that Menachem apparently stole from the office of Mr. Baksht, while he was asleep, and signed. Of course this is illegal, and your true client never did ratify this loan and that you have pressured him to steal from my office.

As a member of the bar, we hope you can and will account for the $150,000.00 you misappropriated, so that Mr. Baksht need not hold you responsible for malpractice, as well as pursue other remedies.

Sincerely,
Jon A. Lefkowitz [typed, no signature]

Doc. 230-1.

Another email that Baksht sent to Plaintiff's counsel state:

The undersigned Defendant hereby discharges Moshe Mortner, Esq., as of this date as attorney for defendant-counterclaimant Consolidated Distributors, Inc. It is hereby consented that Jon Lefkowitz will be substituted as attorney of record for the undersigned party in th

Doc. 230-1.  The communication purports to emanate from Jon Lefkowitz, Esq. of Brooklyn, N.Y.

*Id.*

When Attorney Mortner contacted Mr. Lefkowitz, Mr. Lefkowitz told Attorney Mortner that although he had written the letter, he had not been retained by Mr. Baksht or CDI.  Doc. 226.  Mr. Schneorson told Attorney Mortner that CDI was not discharging Attorney Mortner as counsel for CDI and that he would not consent to Attorney Mortner's withdrawal. Doc. 226.

Another attorney, Abraham Neuhaus, Esq.[2] of the New York bar, appeared at the Hearing on Mr. Mortner's status as counsel to Defendants, putatively on behalf of CDI at the behest of David Baksht, who was not present at the hearing.  No explanation was provided for Mr. Baksht's decision not to appear at the hearing.  His absence speaks volumes about the convoluted nature of the representation of the Defendants, occurring just one month before trial.  Mr. Neuhaus represented to

---

[2]Mr. Newhouse purportedly represents CDI, but has not filed an appearance in this case, and he is not admitted pro hac vice or assisted by local counsel.

the Court that Mr. Mortner had been discharged by CDI, CDI would be filing a lawsuit in New York against Attorney Mortner today or tomorrow, and CDI would be seeking a restraining order to keep Mr. Mortner from representing CDI in any capacity. Mr. Neuhaus also contends that Baksht signed the retainer agreement with Mr. Mortner and there are documents showing that Baksht is president of the company; however, Mr. Schneorson is not on the Board of Directors and he is not a shareholder in the corporation.

Plaintiff Monster Energy Company, for its part, is concerned that Defendants be adequately represented at the trial such that any potential judgment against Defendants be enforceable. Plaintiff filed a Response to Mr. Mortner's Motion, arguing David Baksht had the authority on behalf of CDI to fire Mr. Mortner, and that he has effectively done so. Plaintiff also argues that the situation leading to Attorney Mortner's previous conflict between Baksht and the litigating position of CDI, which was severe enough to lead Mortner to attempt to withdraw in the case, has not changed and Mortner should not be representing Baksht.

Although issues of corporate governance are beyond the scoop of this case, the Court has serious concerns about the appropriate representation of the corporate Defendant CDI, and who is authorized to act on behalf of the corporate entity. When questioned about these concerns, Mr. Mortner represented that CDI did not "undertake formalities" to properly constitute a Board of Directors, and no corporate records exist. Mr. Neuhaus contends that David Baksht is the only director, but Mr. Neuhaus had "no idea" when Baksht was elected. Plaintiff provided a copy of the CDI's articles of incorporation which state that 200 shares of stock were issued with no par value. Doc. 230-7.

Defendant Consolidated Distributors, Inc., Defendant David Baksht, Attorney Mortner, Attorney Paradis, and Attorney Neuhaus, shall show cause in writing by **January 10, 2013 at 12:00 noon** via **electronic** filing stating each of their positions as to their representation of the Defendants and respective counsel's authority to represent the corporation Consolidated Distributors, Inc.

Mr.Baksht shall state under penalties for perjury his position unequivocally and shall endeavor to explain the apparent inconsistencies in the various positions previously attributed to him in this record. Any attorney purporting to represent the corporate defendant shall provide evidence under penalties for perjury that he has been authorized (and remains authorized) by properly documented corporate authority to act on its behalf. In the absence of clear and proper corporate documentation, the Court may conclude that no one is authorized to proceed in this Court on its behalf.

**Based on the content of the respective responses, the Court is prepared to strike the appearances of counsel and entertain a motion by Plaintiff for default against each of the Defendants. Failure to file a timely response by January 10, 2013 at 12:00 noon may result in default being entered against Defendants Consolidated Distributors, Inc. and Defendant David Baksht. Failure to file a timely response by January 10, 2013 at 12:00 noon may result in and sanctions against Attorney Mortner, Attorney Paradis, and Attorney Neuhaus.**

**DONE** and **ORDERED** in Orlando, Florida on this 8th day of January, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

# Exhibit "B"

```
*  *  *  Communication Result Report ( Jan. 9. 2013 10:27AM )  *  *  *
```

```
                                                    1)  GRAY ROBINSON
                                                    2)
```

Date/Time: Jan. 9. 2013 10:25AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 0584 | Memory TX | 916463491381 | P.  6 | OK | |

```
Reason for error
    E. 1)  Hang up or line fail          E. 2)  Busy
    E. 3)  No answer                     E. 4)  No facsimile connection
    E. 5)  Exceeded max. E-mail size
```

# GRAY | ROBINSON
## ATTORNEYS AT LAW

301 E. PINE STREET, SUITE 1400
ORLANDO, FLORIDA 32802
PHONE 407-843-8880  ~  FAX 407-244-5690

# FAX

**COVER**

**SHEET**

| | | | |
|---|---|---|---|
| **To:** | Attorney Abraham Neuhaus | **Fax #:** | (646) 349-1381 |
| **From:** | Richard E. Mitchell, Esq. | **Date:** | January 9, 2013 |
| **Pages:** | _6_ including this cover sheet. | **Matter #:** | 147605-5 |
| **Re:** | Monster Energy Company v. Consolidated Distributors, Inc. et al. | | |
| **Remarks:** | Please see the attached Order. | | |
| | Respectfully yours, | | |
| | Richard E. Mitchell, Esq. | | |

**CONFIDENTIALITY NOTICE**

This facsimile message contains legally privileged and confidential information intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please immediately notify us by telephone and return the original message to us at the above via the U.S. Postal Service. Thank you.

# 5611135 v1

# GRAY | ROBINSON

## ATTORNEYS AT LAW

301 E. PINE STREET, SUITE 1400
ORLANDO, FLORIDA 32802
PHONE 407-843-8880   ~   FAX 407-244-5690

# FAX

## COVER

## SHEET

| | | | |
|---|---|---|---|
| **To:** | Attorney Abraham Neuhaus | **Fax #:** | (646) 349-1381 |
| **From:** | Richard E. Mitchell, Esq. | **Date:** | January 9, 2013 |
| **Pages:** | _6_ including this cover sheet. | **Matter #:** | 147605-5 |
| **Re:** | *Monster Energy Company v. Consolidated Distributors, Inc. et al.* | | |

**Remarks:**  Please see the attached Order.
Respectfully yours,
Richard E. Mitchell, Esq.

---

### CONFIDENTIALITY NOTICE

This facsimile message contains legally privileged and confidential information intended only for the individual or entity named above. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please immediately notify us by telephone and return the original message to us at the above via the U.S. Postal Service. Thank you.

# 5611351 v1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MONSTER ENERGY COMPANY
*d/b/a* Monster Beverage Company
*f/k/a* Hansen Beverage Company

                         Plaintiff,

-vs-                                    Case No.  6:11-cv-329-Orl-22DAB

CONSOLIDATED DISTRIBUTORS, INC.;
METTEMP INC.; DAVID BAKSHT a/k/a
David Lipsker, a/k/a David Bakshet, a/k/a
David Bakht, a/k/a DM Shneerson, a/k/a
David Shneorson,

                         Defendants.

---

## ORDER TO SHOW CAUSE

This cause comes before the Court following a hearing on the status of Moshe Mortner Esq.'s

Representation of Defendants Consolidated Distributors, Inc.("CDI") and David Baksht. *See* Doc.

218 (setting forth issues identified in parties' filings).  On December 18, 2012, the Court noticed for

hearing issues with Mr. Mortner's representation of Defendants based on the following:

> Immediately before the *Daubert* hearing on December 14, 2012, Plaintiff Monster
> Energy filed a notice with emails attached apparently reporting that Defendants had
> terminated Moshe Mortner, Esq., as their counsel as of November 8, 2012. Doc. 213.
> However, Mr. Mortner has continued to appear and make filings in this case, including
> the Joint Final Pretrial Statement (Doc. 217) and a Written Designation and Consent
> to Act for Local Counsel. Doc. 212. New local counsel, John M. Paradis, Esq.,
> informed Judge Conway that he has only spoken to Mr. Mortner on the phone and
> email, and he has never communicated with Defendants; he was unaware of Mr.
> Mortner's termination by Defendants.

Doc. 218. Mr. Mortner was ordered to appear in person, and he was ordered to serve the notice of

hearing[1] on Defendants and on Jon A. Lefkowitz, Esq., who purported to represent CDI at some point.

---

[1]Certification that the notices were served was filed in the docket.

On January 2, 2013, Attorney Moshe Mortner filed a Motion to Enforce the Local Rules to Confirm

His Representation of Consolidated Distributors, Inc., providing his own declaration and one from

Menachem Schneorson  Docs. 224, 225, 226.  Consistent with the statements in the declarations, Mr.

Mortner argues that Schneorson is an officer of CDI; Defendant Baksht and Schneorson are each 50%

shareholders of CDI; and Defendant Baksht and Schneorson constitute CDI's Board of Directors.  Mr.

Mortner states:

> In November 2012, a dispute developed between Mr. Baksht and Mr. Schneorson. As
> a result, Mr. Baksht threatened to undertake actions in conflict with the litigating
> position of CDI in this Action. Therefore, on November 5, 2012, Attorney Mortner
> wrote a letter to Mr. Baksht stating that he was withdrawing as Mr. Baksht's personal
> attorney in this action. That same day, Mr. Baksht responded by email, rejecting the
> notice of withdrawal and demanding that Attorney Mortner continue as his personal
> attorney. Mr. Baksht's email stated,
>
> > i did not ask you nor permitted you to withdraw from representing me
> > individually in the monster energy vs consolidated dist et al case in fla
> > and in fact demand that you continue representing me and not with -
> > draw at this late stage in the case
> >
> > david baksht, defendant

Doc. 224 at 2-3 Doc. 226, Ex. 1.  Mr. Mortner represents in his Declaration that "Mr. Baksht has

never wavered from this position since."  Docs. 224, 226.  However, on November 8, 2012, Mr.

Baksht sent an email to Attorney Mortner's former local counsel in this action, Peter Mackey, Esq.,

and contained in the email was the text of an unsigned letter from Jon A. Lefkowitz, Esq. to Attorney

Mortner. Attorney Lefkowitz's letter stated:

> This office has been retained by Consolidated Distributors, INC. with respect to the
> pending case in the Middle District of Florida. Accordingly, please find enclosed a
> Notice of Discharge, signed by your erstwhile client. Your clients are very displeased
> that you have taken out a litigation loan on the case without Mr. Baksht's knowledge,
> and that you have misappropriated the monies from the trust account, and converted
> the monies to your own use, rather than for legitimate expenses.
>
> What is more, you have caused a rift and machlokot between Menachem and Baksht,
> who were business associates, and which is contrary to halacha and Jewish law.
>
> Additionally, you are not a partner in this case; you are only entitled to a share of the
> settlement, if any. It is Consolidated, which is the sole owner of the case.

You have also not communicated with Mr. Baksht, and this has motivated him to sever the relationship. Specifically, you did not forward to him each filing by Monster, nor show him every one of his filings before you filed them. Further, you have filed motions late, and were reprimanded by the judge.

There is one document that Menachem apparently stole from the office of Mr. Baksht, while he was asleep, and signed. Of course this is illegal, and your true client never did ratify this loan and that you have pressured him to steal from my office.

As a member of the bar, we hope you can and will account for the $150,000.00 you misappropriated, so that Mr. Baksht need not hold you responsible for malpractice, as well as pursue other remedies.

Sincerely,
Jon A. Lefkowitz [typed, no signature]

Doc. 230-1.

Another email that Baksht sent to Plaintiff's counsel state:

The undersigned Defendant hereby discharges Moshe Mortner, Esq., as of this date as attorney for defendant-counterclaimant Consolidated Distributors, Inc. It is hereby consented that Jon Lefkowitz will be substituted as attorney of record for the undersigned party in th

Doc. 230-1. The communication purports to emanate from Jon Lefkowitz, Esq. of Brooklyn, N.Y.

*Id.*

When Attorney Mortner contacted Mr. Lefkowitz, Mr. Lefkowitz told Attorney Mortner that although he had written the letter, he had not been retained by Mr. Baksht or CDI. Doc. 226. Mr. Schneorson told Attorney Mortner that CDI was not discharging Attorney Mortner as counsel for CDI and that he would not consent to Attorney Mortner's withdrawal. Doc. 226.

Another attorney, Abraham Neuhaus, Esq.[2] of the New York bar, appeared at the Hearing on Mr. Mortner's status as counsel to Defendants, putatively on behalf of CDI at the behest of David Baksht, who was not present at the hearing. No explanation was provided for Mr. Baksht's decision not to appear at the hearing. His absence speaks volumes about the convoluted nature of the representation of the Defendants, occurring just one month before trial. Mr. Neuhaus represented to

---

[2] Mr. Newhouse purportedly represents CDI, but has not filed an appearance in this case, and he is not admitted pro hac vice or assisted by local counsel.

the Court that Mr. Mortner had been discharged by CDI, CDI would be filing a lawsuit in New York against Attorney Mortner today or tomorrow, and CDI would be seeking a restraining order to keep Mr. Mortner from representing CDI in any capacity. Mr. Neuhaus also contends that Baksht signed the retainer agreement with Mr. Mortner and there are documents showing that Baksht is president of the company; however, Mr. Schneorson is not on the Board of Directors and he is not a shareholder in the corporation.

Plaintiff Monster Energy Company, for its part, is concerned that Defendants be adequately represented at the trial such that any potential judgment against Defendants be enforceable. Plaintiff filed a Response to Mr. Mortner's Motion, arguing David Baksht had the authority on behalf of CDI to fire Mr. Mortner, and that he has effectively done so. Plaintiff also argues that the situation leading to Attorney Mortner's previous conflict between Baksht and the litigating position of CDI, which was severe enough to lead Mortner to attempt to withdraw in the case, has not changed and Mortner should not be representing Baksht.

Although issues of corporate governance are beyond the scoop of this case, the Court has serious concerns about the appropriate representation of the corporate Defendant CDI, and who is authorized to act on behalf of the corporate entity. When questioned about these concerns, Mr. Mortner represented that CDI did not "undertake formalities" to properly constitute a Board of Directors, and no corporate records exist. Mr. Neuhaus contends that David Baksht is the only director, but Mr. Neuhaus had "no idea" when Baksht was elected. Plaintiff provided a copy of the CDI's articles of incorporation which state that 200 shares of stock were issued with no par value. Doc. 230-7.

Defendant Consolidated Distributors, Inc., Defendant David Baksht, Attorney Mortner, Attorney Paradis, and Attorney Neuhaus, shall show cause in writing by **January 10, 2013 at 12:00 noon** via **electronic** filing stating each of their positions as to their representation of the Defendants and respective counsel's authority to represent the corporation Consolidated Distributors, Inc.

Mr.Baksht shall state under penalties for perjury his position unequivocally and shall endeavor to explain the apparent inconsistencies in the various positions previously attributed to him in this record. Any attorney purporting to represent the corporate defendant shall provide evidence under penalties for perjury that he has been authorized (and remains authorized) by properly documented corporate authority to act on its behalf. In the absence of clear and proper corporate documentation, the Court may conclude that no one is authorized to proceed in this Court on its behalf.

**Based on the content of the respective responses, the Court is prepared to strike the appearances of counsel and entertain a motion by Plaintiff for default against each of the Defendants. Failure to file a timely response by January 10, 2013 at 12:00 noon may result in default being entered against Defendants Consolidated Distributors, Inc. and Defendant David Baksht. Failure to file a timely response by January 10, 2013 at 12:00 noon may result in and sanctions against Attorney Mortner, Attorney Paradis, and Attorney Neuhaus.**

**DONE** and **ORDERED** in Orlando, Florida on this 8th day of January, 2013.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record