**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY,
d/b/a MONSTER BEVERAGE
COMPANY,

Case No. 6:11-CV-329-ORL-22DAB

          Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., and DAVID
BAKSHT (a/k/a David Lipsker a/k/a
David Beksht a/k/a D Bakht a/k/a DM
Schneerson a/k/a Abraham
Shneorson),

          Defendants.
_____/

## ATTORNEY PARADIS' RESPONSE TO

## ORDER TO SHOW CAUSE (DOC 233)

COMES Now, undersigned counsel, and under penalty of perjury informs this Court of his representation in this matter, and says:

1. Prior to undertaking this representation of Consolidated Distributors, Inc. (CDI), this attorney reviewed the docket for this matter, the Court's Pre-trial case management and scheduling order, the amended complaint and answer plus other filings, performed a brief survey of the law, and a check with the New York Bar regarding Mr. Mortner's status to practice.

2. Mr. Mortner was candid regarding the stability, or lack thereof, of CDI President, Mr. Beksht. Mr. Mortner provided assurance that Mr. Schneoroson, a CDI shareholder and officer stood by Mr. Mortner's position as lead counsel.

3. There being no indicia to suggest any lack of authority by Mr. Mortner as lead counsel of record for CDI this attorney was retained as local counsel in this matter on December 13, 2012 by Mr. Mortner.

4. This attorney did not undertake to, and will not represent, Mr. Beksht individually.

5. This attorney, in concert with lead counsel of record as indicated by this Court's official records for the defendant CDI filed a Notice of Appearance and Consent under this Court's rules for local counsel on December 13, 2012.

6. On December 14, 2012, prior to the scheduled *Daubert* hearing, plaintiff's attorney presented emails purportedly from Defendant CDI's CEO David Beksht.

7. At the December 14, 2012 hearing, the validity of these emails could not be verified. Neither could the validity of Mr. Lefkowitz's assertion be ascertained.

8. On December 14, 2012 in the early afternoon, this attorney received emails from David Beksht specifically and without equivocation terminating his authority to act in this matter.

9. On December 14, 2012 at approximately 4.00PM this attorney's office received a telephone call from David Beksht denying this attorney authority to act in this matter, and threatening legal and or ethics action.

10. Throughout December 15 and 16, 2012 this attorney worked to complete the joint trial statement. This was done with the input, communication and assistance of Mr. Beksht, who was withholding formal approval for this attorney's representation until some indeterminate event.

11. From late afternoon of December 14, 2012 through the hearing of January 8, 2013, this attorney acted on behalf of CDI with the implicit consent of Mr. Beksht, and as of Monday, December 17, 2012 explicit consent of Mr. Schneoroson.

12. Throughout the time of December 14, 2012 (late evening) through January 8, 2013 this attorney worked in concert with Mr. Beksht, but under a constant threat of termination by Mr. Beksht.

13. As stated at the January 8, 2013 hearing, Mr. Beksht requested changes to proposed filings on behalf of CDI, most of the requested changes by Mr. Beksht were either legally inappropriate, frivolous, or without merit.

14. In agreement with Mr. Mortner throughout this time frame, this attorney undertook responsibility to contain, control, redirect, and educate Mr. Beksht regarding rules and laws of litigation.

15. As stated in paragraph 11, the implicit consent for CDI from Mr. Beksht was his ongoing, continuous and rarely helpful communication and input for moving the case forward.

16. As stated in paragraph 11, the explicit consent of Mr. Scheoroson was a clean, clear statement, (by email dated December 17, 2012 time 4:06PM) as an officer of CDI that Mr. Mortner was NOT terminated as counsel for CDI, and further ratified the agreement between Mortner as lead counsel, and Paradis as local counsel.

17. After numerous conversations and emails in excess of 90, this attorney obtained written confirmation of an attorney client relationship for this matter from Mr. Beksht. Though the agreement was unusual in that Mr. Beksht wanted a "last right" of review before filing any documents. This point was agreed to by Paradis to the extent it did not interfere with, delay, or in any other manner violate procedural rules, laws, or attorney ethics.

18. As of filing this statement, Mr. Beksht has made no effort to conform his behavior, or implement proper corporate governance documents in accord with the Court Order (doc 233). Thus, the finding of the Court that CDI is not properly involved may not be avoidable.

19. Efforts to co-ordinate proper governance documents through the office of Mr. Neuhaus have yielded no results.

20. Neither, Mr. Neuhaus, nor any person from his office has contacted this attorney regarding their position or relation to CDI or Mr. Beksht in this matter.

21. Mr. Lefkowiz has made no other appearance beyond the un-authenticated email provided by plaintiff attorney, and is unlikely to be able to clarify the situation. Though this Court may wish to enquire of him regarding the matter, and his position.

22. This attorney believes he has acted at all times properly on behalf of CDI, through the admittedly confusing authority of Mr. Beksht, Mr. Schneoroson and Mr. Mortner.

Under penalty of perjury, and sanctions, this statement is a true understanding of this attorney's authority to act in this matter.

/s/John M. Paradis

JOHN M. PARADIS, ESQ.

P. O. Box 536202
Orlando, FL  32801
Telephone: (407) 442-0301
Primary Email:  jparadislaw@gmail.com
Secondary Email:  jmpdocket@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of January, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ John M. Paradis