**EXHIBIT "G"**

John Sherriff
Incline Texas, LLC
774 Mays Blvd, Suite #10
Incline Village, NV  89451

email: infoLTF@gmail.com
tel: 530-409-8207

---

December 5, 2012

Departmental Disciplinary Committee for the First Department
61 Broadway, 2nd Floor
New York, NY 10006

**RE: Grievance Complaint against attorney Moshe Mortner**
    **NY Bar Registration Number:   2085801**

Dear Sir or Madame:

This letter and supporting documentation are provided to your offices as a formal grievance against attorney Moshe Mortner. Mr. Mortner maintains that he has an office located at 40 Wall Street, New York, New York, 10005.

Upon information and belief, attorney Mortner has violated Rules 1.13, 1.15 and 4.1 of the New York Rules of Professional Conduct as follows:

I. **By participating in a conspiracy to defraud my company in the amount of $165,000.00 for monies which were advanced but not properly escrowed or used for the intended costs of litigation;**

II. **By misappropriating funds in the amount of $150,000.00 which were wired to his attorney trust account specifically to be used for litigation costs (not attorney fees) and which he took for his own personal use.**

The facts on which I base this grievance are outline below:

1. I am the Owner/Manager of Incline Texas, LLC, a Texas limited liability company which is

New York Bar Grievance
Re: Attorney Moshe Mortner

in the business of litigation funding and is wholly owned by Incline Energy LLC, a Nevada limited liability company. I am the managing member of both of these LLCs.

2. On May 21, 2012 I was contacted by a business associate of mine, Jim Walsh who informed me that attorney Moshe Mortner requested a $150,000 advance to pay for litigation funding for a federal trademark lawsuit[1] in which he represented one of the parties, Consolidated Distributors, Inc. See copies of email correspondence dated May 21, 2012 attached hereto as **Exhibit 1**.

3. Based on information provided to me by Mortner, I decided to provide litigation funding for the case in the amount of $165,000. Menachem Schneorson signed the agreement on behalf of Consolidated Distributors, Inc. as well as in his individual capacity. A copy of the Purchase Agreement dated May 31, 2012 between my company and Consolidated Distributors, Inc. is attached as **Exhibit 2**.

4. Based upon the representations by Mortner and Schneorson, I entered into an Attorney Agreement with Moshe Mortner to fund his escrow account in the amount of $150,000. A copy of the Attorney Agreement is attached as **Exhibit 3**.

5. On June 1, 2012 I sent to a bank wire to attorney Moshe Mortner's client trust account in the amount of $150,000 and a wire transfer of $15,000 to the broker that introduced the parties. A copy of the account statement that shows the two wires is attached as **Exhibit 4**.

6. Based on representations made by attorney Moshe Mortner, I was led to believe that Menachem Schneorson was a person authorized to act on behalf of Consolidated Distributors, Inc. It was not until October 2012 that I learned that Menachem Schneorson *was not* authorized by Consolidated to enter into a litigation funding agreement with my company and Mortner even admitted the same as evidenced by an email from Mortner (which was forwarded to me by Consolidated Distributors' president, David Baksht). A copy of Mortner's email to Baksht is attached as **Exhibit 5**.

7. Further, recent correspondence from Consolidated Distributor's new attorney clearly states that Mortner knew that Schneorson was not authorized to enter into the funding agreement, yet Mortner accepted the $165,000 then misappropriated some of the funds for his personal use. See letter dated December 3, 2012 from attorney Jon Ari Lefkowitz attached as **Exhibit 6**.

8. David Baksht is listed as CEO of Consolidated Distributors, Inc. according to the New York State Division of Corporation records. **See Exhibit 7**.

9. David Baksht now states that:

   a. Schneorson was never authorized to enter into a funding agreement on behalf of Consolidated Distributors, Inc. See email correspondence with Baksht attached as **Exhibit 8**.

---

[1] The style of the case is: *Monster Energy Company v. Consolidated Distributors, Inc.*, Case No. 6:11-CV-329-ORL-22DAB, United States District Court Middle District of Florida, Orland Division.

New York Bar Grievance
Re: Attorney Moshe Mortner

    b. Mortner has misappropriated the $150,000 which my company provided for costs of litigation and has used the money for his own personal expenses. See email correspondence from Baksht attached as **Exhibit 8.**

10. In my review of pleadings and depositions filed in the federal trademark case it is clear that Mortner was the attorney of record and participated in pleadings, depositions and hearings. In fact, he attended a deposition with Schneorson where it was represented that Schneorson was an officer of Consolidated Distributors. A copy of that deposition transcript is attached here to **Exhibit 9.**

11. Mortner now claims he had no knowledge as to Schneorson's lack of authority to enter into contracts on behalf of Consolidated. This directly contradicts his other email attached as **Exhibit 5**. This is further evidence of the "shell game" tactics that Mortner and Schneorson have employed in their efforts to obfuscate the true nature of their dealings with my company. A copy of the email correspondence with Mortner is attached as **Exhibit 10.**

12. Based upon my own independent investigation, I believe that Mortner and Schneorson colluded and conspired to commit a fraud to induce my company to provide costs for litigation then misappropriated the funds for personal use.

13. Also attached are the following supporting documents:

    a. Attorney Retainer Agreement (executed by Mortner and David Baksht)
    b. Modification of Attorney Retainer Agreement (executed by Mortner and Schneorson)
    c. Email dated May 22, 2012 from Mortner re: Consolidated case schedule
    d. Email dated May 30, 2012 from Mortner re: history of company and case
    e. Email dated May 30, 2012 from Mortner re: case valuation
    f. Email dated May 31, 2012 from Mortner re: Consolidated Distributors officer
    g. Email to Moshe Mortner dated November 8, 2012
    h. Email exchange with Moshe Mortner dated November 15, 2012
    i. Letter from Mortner to John Sherriff (Incline Texas, LLC) dated November 15, 2012

As per your request, copies of this letter and supporting documents are being provided to the District Attorney's office for their investigation. I can be reached at the phone number and email indicated on my letter head above should you need more information for your investigation.

Very Truly Yours,

John Sherriff