**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MONSTER ENERGY COMPANY**
*d/b/a* **Monster Beverage Company**
*f/k/a* **Hansen Beverage Company**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-329-Orl-22DAB**

**CONSOLIDATED DISTRIBUTORS, INC.;**
**METTEMP INC.; DAVID BAKSHT a/k/a**
**David Lipsker, a/k/a David Bakshet, a/k/a**
**David Bakht, a/k/a DM Shneerson, a/k/a**
**David Shneorson,**

        **Defendants.**
_____

## ORDER

This cause comes before the Court following a hearing on the status of Moshe Mortner Esq.'s representation of Defendants Consolidated Distributors, Inc.("CDI") and David Baksht, as well as the Responses of various counsel who appeared at the Court's January 8, 2013 hearing and purport to represent Defendants. *See* Docs. 235, 237, 240; *see also* Doc. 218 (setting forth issues identified in parties' filings). The basis of the Court's concerns with respective counsel's representation of Defendants is set forth in detail in the Court's January 8, 2013 Order to Show Cause; familiarity with the Order is presumed. *See* Doc. 233.

Defendant Consolidated Distributors, Inc., Defendant David Baksht, Attorney Mortner, Attorney Paradis, and Attorney Neuhaus, were ordered to show cause stating their positions as to their representation of the Defendants, and respective counsel's authority to represent the corporation Consolidated Distributors, Inc. Doc. 233. The Court further ordered Mr. Baksht to state under penalties for perjury his position unequivocally and to "endeavor to explain the apparent

inconsistencies in the various positions previously attributed to him in this record." Doc. 233. In addition, "any attorney purporting to represent the corporate defendant shall provide evidence under penalties for perjury that he has been authorized (and remains authorized) by properly documented corporate authority to act on its behalf. *In the absence of clear and proper corporate documentation, the Court may conclude that no one is authorized to proceed in this Court on its behalf.*" Doc. 233 (emphasis added). As the Court warned Defendants and counsel in the January 8 Order to Show Cause, "[b]ased on the content of the respective responses, the Court is prepared to strike the appearances of counsel and entertain a motion by Plaintiff for default against each of the Defendants." Doc. 233.

Based on the Responses as filed, *both* counsel who purport to represent Defendants concede that corporate formalities for CDI have not been followed. Mr. Mortner continues to represent that CDI's putative principals, Baksht and Schneorson, "did not undertake the formalities o[f] creating corporate documentation." Doc. 240 ¶ 2. Baksht and/or Schneorson did not execute a shareholders' agreement formally appointing a board of directors, and, as conceded by Mr. Mortner, "there are no resolutions of a board of directors appointing officers of the corporation or formally resolving the question . . . as to who has the authority to represent this company before this Court." Doc. 240 ¶ 2. CDI's putative local counsel, Mr. Paradis, who filed an appearance in the case on December 13, 2012 (Doc. 210), also concedes that Mr. Baksht has "made no effort to conform his behavior, or implement proper corporate governance documents in accord with the Court Order [and] the finding of the Court that CDI is not properly involved may not be avoidable." Doc. 235 ¶ 18.

The other purported counsel for Defendants CDI and Baksht, Mr. Neuhaus, filed a Notice of Limited Appearance in contravention of Local Rule 2.03(a) which requires that a notice of appearance filed on behalf of a party constitutes a general – not limited – appearance. Local Rule 2.03(a). As such, Mr. Neuhaus' Notice of Limited Appearance will be **STRICKEN**. In his Response to the Order to Show Cause, Mr. Neuhaus represents that Baksht sent emails to Mr. Mortner and Mr. Paradis

advising them that they had been terminated by Baksht as his personal counsel and reiterating that they had been previously discharged as CDI's counsel. *See* Docs. 237 at 2, 237-1, Ex. I. Mr. Neuhaus also concedes that "CDI is a New York corporation that has never been completely formalized. . . .[and] this lack of corporate formality has created uncertainty as to who has the authority to speak on behalf of CDI in the hiring and discharge of counsel in this litigation." Doc. 237 at 2.

Mr. Neuhaus points to CDI's Certificate of Incorporation and the biennial certificate as "objective indicia of who has assumed control over CDI to give it direction in the administration of its affairs." Doc. 237 at 2. Based on these documents, Mr. Neuhaus argues, Baksht has "taken up the role of incorporator, president, chairman of the board and chief executive officer for CDI." Doc. 237 at 2. He argues that Mr. Schneorson has "falsely held himself out as CDI's president." Doc. 237 at 2. However, it is undisputed that "no elections were held for a Board of Directors or corporate officer, no stock was issued and no by-laws adopted." Doc. 237 at 3.

Baksht has also apparently discerned the inconsistency of retaining Mr. Mortner for the claims against him individually while terminating his representation for CDI, and has since discharged him. Doc. 237-1. Baksht states in his declaration that "due to lack of financial resources" he "felt compelled to keep Attorney Mortner as his counsel"; however, he represents that he has subsequently discharged Mr. Mortner as his counsel. Doc. 237-1 ¶ 24. Baksht and purportedly CDI apparently filed suit against Mr. Mortner in New York state court alleging breach of his fiduciary duty and other claims[1]. Mr. Neuhaus urges the Court, upon a finding that Mr. Mortner was properly discharged, to allow Defendants time to retain "new" counsel. Doc. 237 at 3.

Based on counsel's admissions in the Responses, as well as the exhibits attached to the Responses, it is clear that Defendant Baksht has terminated the representation of Mr. Mortner (and

---

[1] The various submissions include accusations of misrepresentations, misconduct, and even potentially criminal behavior. *See* Docs. 237; 237-1 (Baksht Declaration); 237-7 (lawsuit), 237-8 (bar grievance against Mortner). Resolution of those issues is outside the scope of this case, but their presence further supports the conclusion that the corporation has not properly authorized appearance by counsel.

any local counsel) from representing him. Baksht and/or Schneorson have – admittedly – failed to implement for CDI the requirements of corporate governance which would require an election of board of directors, appointment of officers to manage the corporation, issuance of stock, and adoption of by-laws. Neither Baksht nor Schneorson, having failed to follow the "formalities" of corporate governance, had the authority to bind the corporation to a retainer agreement with Mr. Mortner during the litigation.

In fact, on January 9, 2013, the day *after* this Court's hearing where Baksht's lack of authority was raised, and the day *after* suit was filed on behalf of the corporation in New York state court (on January 8, 2013), Baksht created several purported corporate documents: "statement of sole incorporator in lieu of organization meeting"; a "resolution" appointing himself president of CDI; and a "resolution" terminating Mr. Mortner and Mr. Paradis as counsel for CDI. Doc. 237-13. Baksht belatedly attempts to create his authority to make decisions for the corporation, when he lacked that authority at the time he attempted to hire and fire counsel for CDI. Moreover, even if he had the corporate authority of CDI to hire Mr. Neuhaus, the "limited appearance" of Mr. Neuhaus in this Court is **STRICKEN** for failure to comply with the Local Rules.

Trial in this case is set for trial on Chief Judge Conway's February 2013 trial calendar. Defendant CDI is **ORDERED** to retain counsel who must file a *general* appearance by January 22, 2013 at 5:00 p.m. or be subject to having **default** entered against it for failure to retain counsel to represent the corporation at trial.

Defendant Baksht is currently proceeding *pro se*, having terminated any representation by Mr. Mortner (or to the extent applicable, Mr. Paradis). **Defendant Baksht is admonished that the granting of the Motion means that he is proceeding without counsel in this case unless he retains new counsel. That will mean he is personally responsible for the presentation of the case,**

**including meeting all deadlines.** The Clerk is directed to terminate all counsel for the defendants after entry of this Order and to mail a copy of the Order to Mr. Baksht.

**DONE** and **ORDERED** in Orlando, Florida on this 11th day of January, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record