**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MONSTER ENERGY COMPANY, f/k/a HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., and DAVID BAKSHT (a/k/a David Lipsker a/k/a David Bakshet a/k/a D Bakht a/k/a DM Schneerson a/k/a Abraham Shneorson),<br><br>Defendants.<br>_____/ | Case No. 6:11-CV-329-ORL-22DAB |

**PLAINTIFF MONSTER ENERGY COMPANY'S MOTION FOR LEAVE TO FILE A MOTION TO STRIKE THE PLEADINGS OF DEFENDANT CONSOLIDATED DISTRIBUTORS, INC. IN LIGHT OF MAGISTRATE JUDGE BAKER'S JANUARY 11, 2013 ORDER [NO. 243]**

Plaintiff Monster Energy Corporation ("MEC") hereby moves for leave to file a motion to strike all pleadings of Defendant Consolidated Distributors, Inc. ("CDI"), including its Counterclaims. This motion is made in light of Magistrate Judge Baker's January 11, 2013 Order. As explained in that Order, until at least January 9, 2013, CDI had no Board of Directors and no Officers. *See* D.I. No. 243 at 2-3. Accordingly, no one had authority to retain attorney Moshe Mortner or any other attorney as counsel for CDI. *Id.* at 4.

1

These facts were not previously known to MEC despite MEC's diligence in attempting to uncover these facts. MEC asked Mr. Baksht and Mr. Schnoerson under oath in their depositions to identify the Board of Directors and Officers of CDI. They both testified falsely that the Board consisted of Mr. Baksht and Mr. Schnoerson. Ex. 1 (Baksht Depo. at 21:5-12); Ex. 2 (Schneorson Depo. at 26:3-8). And Mr. Baksht falsely testified that he is the Chief Executive Officer of CDI. Ex. 1 (Baksht Depo. at 17:6-8). All of this proved to be false testimony as CDI had no Board of Directors and had no Officers.

It follows as a matter of law from the newly discovered true facts that the pleadings filed by Mr. Mortner, purportedly on behalf of CDI, must be stricken. When a New York corporation is formed but fails to appoint Directors or Officers, no one has authority to retain counsel on behalf of the corporation, and any claims purportedly filed by counsel on behalf of the corporation must be stricken. *Concrete Construction Systems v. Jensen*, 65 A.D.2d 918, 919, 410 N.Y.S.2d 460, 462 (N.Y. App. 1978).

Indeed, *Concrete Construction* is on all fours with this case. There, the plaintiff was a New York corporation incorporated by Darrell Parks. *Id.* at 918, 410 N.Y.S.2d at 461. After incorporation, "no action was taken to comply with the corporate form as prescribed by the Business Corporation Law." *Id.* In particular, "No organizational meeting was held, no directors were elected, no officers were named and no shares were issued." *Id.* Nevertheless, Mr. Parks described himself as "president" of the corporation and conducted business through the corporation.

*Id.* Mr. Parks and the defendant, Donald Jensen, signed a document indicating that each owned 50% of the corporation. *Id.* A dispute subsequently arose between the corporate plaintiff and Mr. Jensen, leading to the lawsuit.

The appellate court held that the corporate plaintiff's lawsuit must be dismissed. *Id.* at 919, 410 N.Y.S.2d at 462. "Officers," the court explained, "are appointed or elected by the board of directors unless the certificate of incorporation provides that officers shall be elected by the shareholders." *Id.* Here, "neither body came into existence." *Id.* Thus, Mr. Parks was not an officer and "lacked authority to direct the commencement of this action." *Id.* As a result, the corporate plaintiff's claims were dismissed. *Id.*

In light of Magistrate Judge Baker's findings and Order, *Concrete Construction* is directly applicable here and compels the dismissal of at least CDI's Counterclaims, and likely all of CDI's pleadings. Accordingly, MEC requests leave to file a short five-page motion fully addressing the *Concrete Construction* case and explaining why CDI's pleadings should be stricken. The motion is already prepared and is ready for filing as soon as leave is granted by the Court.

Respectfully submitted,

Dated: January 16, 2013          By: /s/ *Paul A. Stewart*
                                   JOHN B. SGANGA, JR. ESQ.
                                   (Admitted *Pro Hac Vice*)
                                   john.sganga@kmob.com
                                   PAUL A. STEWART, ESQ.
                                   paul.stewart@kmob.com
                                   (Admitted *Pro Hac Vice*)
                                   LAUREN K. KATZENELLENBOGEN, ESQ.
                                   (Admitted *Pro Hac Vice*)
                                   lauren.katzenellenbogen@kmob.com

3

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, California  92614
(949) 760-0404  Telephone
(949) 760-9502  Facsimile

Lead Trial Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

– and –

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida  32801
(407) 843-8880  Telephone
(407) 244-5690  Facsimile

Local Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

## **CERTIFICATION OF GOOD FAITH CONFERRAL**

The Defendants in this action currently have no counsel.  *See* D.I. No. 243.  Accordingly, pursuant to Local Rule 3.01(g), undersigned counsel for MEC attempted to confer directly with David Baksht.  Mr. Baksht is an individual Defendant in this case and claims to be the sole Director and Officer of Defendant Consolidated Distributors, Inc. ("CDI").  MEC has an email address for Mr. Baksht, but no telephone number.  On January 15, 2013, undersigned counsel sent an email to Mr. Baksht requesting a conference by telephone under Local Rule 3.01(g).  *See* Ex. 3.  Undersigned counsel also sent a copy of the email by fax to Mark Friedlander, an attorney who has stated that he represents CDI solely for purposes of settling this action.  Mr. Baksht sent an email in response, but did not directly

address the issue of a telephonic conference of counsel. *See* Ex. 4. Mr. Friedlander did not respond. On January 16, 2013, undersigned counsel sent a second email to Mr. Baksht requesting a conference of counsel. *See* Ex. 5. Mr. Baksht did not respond. Pursuant to Local Rule 3.01(g), MEC will continue its efforts to meet and confer with Mr. Baksht or any counsel retained by him or by CDI.

                                                  *s/ Paul A. Stewart*
                                                    Paul A. Stewart

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that foregoing document and the notice of electronic filing were mailed by first-class, certified mail to the following non-CM/ECF participants:

Defendants David Baksht and Consolidated Distributors, Inc.
719 Eastern Parkway, Apt. #3
Brooklyn, New York 11213

I further certify that the foregoing document and the notice of electronic filing were transmitted electronically to Defendants David Baksht and Consolidated Distributors, Inc., to the following email address:

davidlipsker@gmail.com

                                        /s/ *Paul A. Stewart*
                                        Paul A. Stewart

14674471