**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MONSTER ENERGY COMPANY**
*d/b/a* **Monster Beverage Company**
*f/k/a* **Hansen Beverage Company**

                **Plaintiff,**

**-vs-**                                                                              **Case No.  6:11-cv-329-Orl-22DAB**

**CONSOLIDATED DISTRIBUTORS, INC.;**
**METTEMP INC.; DAVID BAKSHT a/k/a**
**David Lipsker, a/k/a David Bakshet, a/k/a**
**David Bakht, a/k/a DM Shneerson, a/k/a**
**David Shneorson,**

                **Defendants.**
_____

## ORDER TO SHOW CAUSE

This cause comes before the Court on the filing of two separate Notices of Appearance by individual counsel purporting to simultaneously represent Defendants David Baksht and Consolidated Distributors Inc. ("CDI"). Docs. 248, 250. Attorney Lawrence A. Farese, admitted in the Middle District of Florida and practicing in Naples, has not previously made an appearance in the case. Attorney Moshe Mortner, previously terminated from the case (*see* Doc. 243), has had a turbulent relationship with Defendant Baksht. Despite CDI previously being ordered to retain counsel to file a general appearance by January 22, 2013 for trial set for trial on Chief Judge Conway's February 2013 trial calendar, it remains unclear that either Attorney Farese or Attorney Mortner is acting with the authority of CDI, when the corporation previously has not followed the formalities required for corporate governance.

The Court has already conducted a hearing on the status of Moshe Mortner Esq.'s representation of Defendants Consolidated Distributors, Inc.("CDI") and David Baksht. *See* Docs.

235, 237, 240; *see also* Doc. 218 (setting forth issues identified in parties' filings). At the time, the Court was concerned with respective counsel's representation of Defendants, which was set forth in detail in the Court's January 8, 2013 Order to Show Cause. *See* Doc. 233.

Defendant Consolidated Distributors, Inc., Defendant David Baksht, Attorney Mortner, Attorney Paradis, and Attorney Neuhaus, were ordered to show cause stating their positions as to their representation of the Defendants, and respective counsel's authority to represent the corporation Consolidated Distributors, Inc. Doc. 233. The Court further ordered Mr. Baksht to state under penalties for perjury his position unequivocally and to "endeavor to explain the apparent inconsistencies in the various positions previously attributed to him in this record." Doc. 233. In addition, "any attorney purporting to represent the corporate defendant shall provide evidence under penalties for perjury that he has been authorized (and remains authorized) by properly documented corporate authority to act on its behalf. *In the absence of clear and proper corporate documentation, the Court may conclude that no one is authorized to proceed in this Court on its behalf*." Doc. 233 (emphasis added). As the Court warned Defendants and counsel in the January 8 Order to Show Cause, "[b]ased on the content of the respective responses, the Court is prepared to strike the appearances of counsel and entertain a motion by Plaintiff for default against each of the Defendants." Doc. 233.

Based on the Responses (Docs. 237, 240), the Court found that *both* counsel who purported to represent Defendants concede that corporate formalities for CDI have not been followed. Doc. 243. Mr. Mortner previously represented that CDI's putative principals, Baksht and Schneorson, "did not undertake the formalities o[f] creating corporate documentation." Doc. 240 ¶ 2. Baksht and/or Schneorson did not execute a shareholders' agreement formally appointing a board of directors, and, as conceded by Mr. Mortner, "there are no resolutions of a board of directors appointing officers of the corporation or formally resolving the question . . . as to who has the authority to represent this company before this Court." Doc. 240 ¶ 2.

The other attorney previously purporting to represent Defendants, Mr. Neuhaus[1], represented that Baksht sent emails to Mr. Mortner advising him that he had been terminated by Baksht as his personal counsel and reiterating that he had been previously discharged as CDI's counsel. *See* Docs. 237 at 2, 237-1, Ex. I. Mr. Neuhaus also conceded that "CDI is a New York corporation that has never been completely formalized. . . .[and] this lack of corporate formality has created uncertainty as to who has the authority to speak on behalf of CDI in the hiring and discharge of counsel in this litigation." Doc. 237 at 2.

Mr. Neuhaus points to CDI's Certificate of Incorporation and the biennial certificate as "objective indicia of who has assumed control over CDI to give it direction in the administration of its affairs." Doc. 237 at 2. Based on these documents, Mr. Neuhaus argues, Baksht has "taken up the role of incorporator, president, chairman of the board and chief executive officer for CDI." Doc. 237 at 2. He argues that Mr. Schneorson has "falsely held himself out as CDI's president." Doc. 237 at 2. However, it is undisputed that "no elections were held for a Board of Directors or corporate officer, no stock was issued and no by-laws adopted." Doc. 237 at 3.

Baksht has also discharged Mortner as his counsel. Doc. 237-1 ¶ 24. Baksht and purportedly CDI apparently filed suit against Mr. Mortner in New York state court alleging breach of his fiduciary duty and other claims[2]. Baksht and/or Schneorson have – admittedly – failed to implement for CDI the requirements of corporate governance which would require an election of board of directors, appointment of officers to manage the corporation, issuance of stock, and adoption of by-laws. Neither Baksht nor Schneorson, having failed to follow the "formalities" of corporate governance,

---

[1] The other purported counsel for Defendants CDI and Baksht, Mr. Neuhaus, filed a Notice of Limited Appearance in contravention of Local Rule 2.03(a) which requires that a notice of appearance filed on behalf of a party constitutes a general – not limited – appearance. Local Rule 2.03(a). Mr. Neuhaus' Notice of Limited Appearance was stricken. Doc. 243.

[2] The various submissions include accusations of misrepresentations, misconduct, and even potentially criminal behavior. *See* Docs. 237; 237-1 (Baksht Declaration); 237-7 (lawsuit), 237-8 (bar grievance against Mortner). Resolution of those issues is outside the scope of this case, but their presence further supports the conclusion that the corporation has not properly authorized appearance by counsel.

had the authority to bind the corporation to a retainer agreement with Mr. Mortner or any other attorney during the litigation.

Documents Baksht created on January 9, 2013[3] – "a statement of sole incorporator in lieu of organization meeting"; a "resolution" appointing himself president of CDI – belatedly attempt to create Baksht's authority to make decisions for CDI, when it is undisputed that he lacked that the authority previously to hire and fire counsel for CDI. Doc. 237-13.

In summary, the Court is now presented with appearances by two separate attorneys (one of whom had been previously terminated in the case) with no explanation as to their authority to act, no explanation as to whether they are working together or who is supposed to be lead counsel, and no indication that the previously demonstrated conflicts between Mr. Baksht and Mr. Mortner have been resolved. Under these circumstances, the Court cannot and does not accept the Notices of Appearance at face value.

Attorney Farese is **ORDERED** to show cause by **January 28, 2013 at 5:00 p.m.** as to the authority of the corporation Consolidated Distributors Inc. to hire him to represent the corporation in this case. He should also clarify his relationship (if any) to Attorney Mortner in this case and provide documentary support as to his retention by Mr. Baksht.

Attorney Mortner is **ORDERED** to show cause by **January 28, 2013 at 5:00 p.m.** as to the authority of the corporation Consolidated Distributors Inc. to hire him to represent the corporation at trial. He should also clarify his relationship (if any) to Attorney Farese in this case and provide documentary support as to his retention by Mr. Baksht (including a detailed explanation of the status of the litigation and other disputes between himself and Mr. Baksht). In addition, if Attorney Mortner

---

[3]The day *after* this Court's hearing when Baksht's lack of authority was raised, and the day *after* suit was filed on behalf of the corporation in New York state court (on January 8, 2013).

wishes to appear again in this case, he must seek reinstatement of pro hac vice status, including compliance with the requirement that he have local counsel.

**DONE** and **ORDERED** in Orlando, Florida on this 23rd day of January, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Any Unrepresented Parties