UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| MONSTER ENERGY COMPANY, f/k/a HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY ("MBC"),<br><br>Plaintiff,<br><br>vs.<br><br>CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., JOE COOL, INC., JOE COOL BIKE WEEK INC., DAVID BAKSHT, MICHELLE AMAR, AND YOSEF AMAR;<br><br>Defendants. | Case No. 6:11-CV-329-ORL-22DAB |

**RESPONSE OF MOSHE MORTNER, ESQ. TO ORDER TO SHOW CAUSE (Doc 252)**

I, Moshe Mortner, declare as follows:

1. On January 21, 2013, at the request of Mr. Baksht, I attended a three hour meeting with four other individuals close to Mr. Baksht to mediate through and to clarify all issues regarding my representation of CDI and Mr Baksht individually.

2. At the meeting, Mr. Baksht admitted that he approved the litigation funding loan that Menachem Schneorson took out on behalf of CDI for my benefit in connection with this action.

3. Also at the meeting, it was clarified that Mr. Baksht filed a fraudulent email document, dated, Septemeber 25, 2012, from my email account falsely stating "i know menachem shneerson was never an officer of conslidated distributors inc and you are sole

officer."

4. Finally, at the meeting Mr. Baksht agreed to re-hire me as his attorney and the attorney of CDI.

5. As a result, on January 22, 2013, I filed a general appearance (Doc 250) as counsel for Consolidated Distributors, Inc. ("CDI") and Mr. Baksht.

6. I now understand that Mr. Baksht fraudulently induced me to file said general appearance on behalf of himself and CDI, because Mr. Baksht omitted to inform me that as he was instructing me to file a general appearance, he was simultaneously instructing another attorney to file a Chapter 11 petition for CDI in the Eastern District of New York.

7. Menachem Schneorson approved my retention for CDI without knowledge of Mr. Baksht's steps to put CDI into bankruptcy.

8. Contrary to my expectation on January 22, 2013, Mr. Baksht has not supplied formal corporate authority in support of my appearance in this action on behalf of CDI.

9. To understand Mr. Baksht's erratic conduct in this action the Court may wish to know, upon affiant's personal knowledge, for a period of several years prior to the formation of CDI, Mr. Baksht was a homeless person until Menachem Schneorson provided Mr. Baksht with an apartment in his former building at 719 Eastern Parkway, Brooklyn, NY.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of January 2013 at Brooklyn, NY.

_____
Moshe Mortner