# APPENDIX D

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MONSTER ENERGY COMPANY, f/k/a HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY,

Case No. 6:11-CV-329-ORL-22DAB

Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., and DAVID BAKSHT (a/k/a David Lipsker a/k/a David Bakshet a/k/a D Bakht a/k/a DM Schneerson a/k/a Abraham Shneorson),

Defendants.
_________________________________ /

**PROPOSED AMENDED VERDICT FORM**

We the jury, being first duly empanelled and sworn in the above entitled cause, return the following verdict:

Based on a preponderance of the evidence, we find as follows:

<u>Copyright Infringement</u>

1) Has Monster Energy proven that it owns a copyright that Defendant has infringed?

______ Yes (for Monster Energy) ______ No (for Defendant)

2) If you answered Yes to Question 1, do you find that Defendant's copyright infringement was willful? (If you answered No to Question 1, please skip to Question 5)

______ Yes (for Monster Energy) ______ No (for Defendant)

3) If you answered Yes to Question 1, please answer this question. Monster Energy may elect to receive Statutory Damages from Defendant for his copyright infringement. If you found that Defendant's copyright infringement was NOT willful you may award between $200 and $30,000 for each work infringed. If you found that Defendant's infringement was willful, you may award up to $150,000 for each work infringed.

Please write in the amount of the Statutory Damages that you award to Monster Energy:

Statutory Copyright Damages to be awarded to Monster Energy

$____________________

4) If you answered Yes to Question 1, please answer this question. As an alternative to Statutory Damages, Monster Energy may instead elect to receive the Defendant's profits obtained through his copyright infringement. Please write in the amount of Defendant's profits that should be awarded to Monster Energy, if any:

Defendant's Profits to be awarded to Monster Energy

$____________________

Baksht objects to the use of both questions 3 and 4. Plaintiff must make its election before trial so that Baksht can present an adequate defense, and there is no justification for submitting both questions to the jury which is overly suggestive. MEC disagrees because the Copyright Act expressly allows a copyright owner to make its election "at any time before final judgment is rendered." 17 U.S.C. § 504(c)(1).

<u>Trademark Infringement</u>

5) Has Monster Energy proven that Defendant infringed Monster Energy's federal trademark rights for the M Claw Trademark?

______ Yes (for Monster Energy)     ______ No (for Defendant)

6) If you answered Yes to Question 5, do you find that Defendant's trademark infringement was willful? (If you answered No to Question 5, please skip to Question 9)

______ Yes (for Monster Energy)     ______ No (for Defendant)

7) If you answered Yes to Question 5, please answer this question. Monster Energy is seeking Statutory Damages from Defendants for their trademark infringement. In order to award Statutory Damages, you must find that Defendant's version of the M Claw Trademark is a counterfeit of Monster

Energy's M Claw Trademark and that consumers were actually confused or deceived as a result of Defendant's conduct.  Do you find that Monster Energy is entitled to an award of Statutory Damages?

______ Yes (for Monster Energy)          ______ No (for Defendant)

8) If you answered Yes to Question 7, please answer this question (if you answered No to Question 7 please skip to Question 9).  If you find that Defendant used a counterfeit trademark but it was not intentional, you may award between $1,000 and $200,000 for each type of good sold by Defendant.  If you find that Defendant used a counterfeit trademark intentionally, you may award up to $2,000,000 for each type of good sold by Defendant.

Please write in the amount of the Statutory Damages that you award to Monster Energy:

Statutory Trademark Damages to be awarded to Monster Energy

$____________________

9) Has Monster Energy proven that Defendant caused dilution of Monster Energy's M Claw Trademark?

______ Yes (for Monster Energy)          ______ No (for Defendant)

10) If you answered Yes to Question 9, was Defendant's dilution willful? (if you answered No to Question 9 please skip to Question 11).

______ Yes (for Monster Energy)          ______ No (for Defendant)

11) Has Monster Energy proven that Defendant falsely designated the origin of his products with respect to the M Claw Trademark?

______ Yes (for Monster Energy)          ______ No (for Defendant)

12) Has Monster Energy proven that Defendant competed unfairly?

______ Yes (for Monster Energy)          ______ No (for Defendant)

13) If you answered Yes to any of Questions 5, 10, 11 or 12, please write in the amount of actual damages that should be awarded to Monster Energy, if any:

Actual Damages to be awarded to Monster Energy

$____________________

14) If you answered Yes to Question 12, do you find that Defendant acted with malice or reckless disregard of the rights of Monster Energy, entitling Monster Energy to an award of punitive damages? (If you answered No to Question 12, please skip to Question 16).

______ Yes (for Monster Energy) ______ No (for Defendant)

15) If you answered Yes to Question 14, please write in the amount of punitive damages that should be awarded to Monster Energy, if any:

Punitive Damages to be awarded to Monster Energy

$____________________

**YOU HAVE COMPLETED THIS FORM AND YOU SHOULD NOT PROCEED FURTHER EXCEPT TO SIGN AND DATE IT.**

**SO SAY WE ALL** this ______ day of _______, 2013.

_____________________________
FOREPERSON

14822255
021013