UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY,
d/b/a MONSTER BEVERAGE COMPANY,

        Plaintiff,

vs.                            Case No. 6:11-CV-329-ORL-22DAB

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., and DAVID
BAKSHT (a/k/a David Lipsker a/k/a
David Bakshet a/k/a D Bakht a/k/a DM
Schneerson a/k/a Abraham Schneorson),

        Defendants.
_____/

## MOTION TO WITHDRAW AS COUNSEL

The undersigned attorney, Lawrence A. Farese, pursuant to Local Rule 2.03(b), moves to withdraw as counsel for Defendants, Consolidated Distributors, Inc. ("CDI") and David Baksht, individually, and as grounds therefor states:

1. I am a partner in the Naples, Florida office of Robins, Kaplan, Miller & Ciresi L.L.P., a national law firm. I am admitted to practice in Florida and before this Court.

2. On January 22, 2013, my firm was engaged by CDI, acting through its President, David Baksht, and David Baksht, individually, to act as local counsel in this action. On the same date, the Law Offices of Elliot J. Blumenthal, PLLC was engaged as lead counsel for CDI and David Baksht. My role was to move the admission of Elliot Blumenthal *pro hac vice* to serve as lead counsel in this case, and I was to serve as local counsel.

3. Based upon circumstances previously explained to the Court in the Memorandum of Lawrence A. Farese (Doc. No. 255) and Declaration of Lawrence A. Farese in Response to Order to Show Cause (Doc. No. 261), my firm terminated its engagement agreement with CDI and Baksht on January 24, 2013, and gave Notice to CDI and Baksht at that time we would seek leave to withdraw as counsel in this case.

4. On January 24, 2013 (Doc. No. 255), and again on January 28, 2013 (Doc. No. 261), I gave notice to the Court and all parties of my desire to withdraw my Notice of Appearance on behalf of CDI and Baksht.

5. More than ten days have elapsed since notice was given to CDI, Baksht, and opposing counsel of my intent to withdraw. During that time, my firm has continued to act as counsel of record for CDI and Baksht in compliance with this Court's Order of January 30, 2013 (Doc. No. 270) and our professional responsibility to this Court.

6. However, circumstances have arisen which require that I withdraw as counsel. First, on February 12, 2013, the Motion of Defendants Consolidated Distributors, Inc. and David Baksht for *Pro Hac* Admission of Elliot J. Blumenthal (Doc. No. 264) was denied by the Court (Doc. No. 270). The Court found that CDI had failed to follow proper corporate formalities required for corporate governance in order for David Baksht to have authority to retain counsel on behalf of CDI. In addition, the Court found that Mr. Blumenthal's engagement letter did not contain the actual signature of Mr. Baksht but rather the symbols "/db/" transmitted by e-mail  The Court went on to hold: "Given the extensive problems with misrepresentations of allegations of doctored e-mails from Defendant Baksht as previously identified in this case (*see* Doc. 262 at 6-7),

the Court is not satisfied that Mr. Blumenthal has been appropriately retained to represent Mr. Baksht." (Doc. 270).

7. My professional responsibility requires that I disclose to the Court that my firm's engagement stands on similar footing, and suffers from the same deficiencies which led the Court to deny the *pro hac vice* admission of Mr. Blumenthal. Specifically, our firm was engaged to represent CDI by Mr. Baksht, who the Court has determined lacks authority to retain counsel for the corporation. Secondly, Mr. Baksht has declined to sign an engagement agreement by hand, despite repeated requests. Rather, he returned our engagement agreement by e-mail with the initials "/db/," as he did with Mr. Blumenthal. Rule 4-1.5(f), Florida Rules of Professional Conduct, requires that our engagement agreement in this case be "reduced to a written contract, *signed by the client*." (Emphasis added). Mr. Baksht will not explain to us why he refuses to sign an engagement agreement.

8. I entered my appearance before the 5:00 deadline imposed by this Court's Order of January 11, 2013 (Doc. No. 243), in order to protect the clients from having a default entered against CDI. I did so in reliance upon assurance Mr. Baksht gave to my firm at that time that he would sign and return the engagement agreement. His failure to do so renders my firm's engagement ineffective. Even if my firm were properly engaged by CDI and Baksht on January 22, 2013, we terminated our engagement with good cause on January 24, 2013. Thus, I do not feel that I have authority to represent either CDI or Baksht in this matter, and I am ethically required to withdraw.

9. In addition, without the assistance of experienced trademark litigation counsel who would serve as lead counsel in this case, I do not feel qualified to provide

3

competent representation to CDI or Baksht as required by Rule 4-1.1, Florida Rules of Professional Conduct. Thus, I feel I am required to withdraw by Rule 4-1.16(a), Florida Rules of Professional Conduct, unless ordered to continue by the Court.

10. In addition, CDI and Baksht have failed to fulfill financial obligations to my firm, which provides good cause for the firm to withdraw pursuant to Rule 4-1.16(b)(3), Florida Rules of Professional Conduct.

11. Finally, CDI and Baksht failed to disclose material facts to my firm at the time of its engagement, such as CDI's intent to file bankruptcy on the same day we were engaged, and have otherwise failed to cooperate with us in the defense of this case, which provides other good cause for the firm to withdraw pursuant to Rule 1-1.16(b)(5), Florida Rules of Professional Conduct.

WHEREFORE, the undersigned respectfully requests leave to withdraw as counsel for CDI and Baksht in this matter.

Dated this 14th day of February, 2013.

Respectfully submitted,

/s/ Lawrence A. Farese
Lawrence A. Farese
Florida Bar No. 252808
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
711 Fifth Avenue South, Suite 201
Naples, Florida 34102
(239) 430-7070 Telephone
(239) 213-1970 Facsimile
E-mail: LAFarese@rkmc.com

Counsel for Defendants, Consolidated Distributors, Inc. and David Baksht

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy has been furnished by the Court's CM/ECF system to the following:

| | |
|---|---|
| Richard E. Mitchell, Esq.<br>rick.mitchell@gray-robinson.com<br>GrayRobinson, P.A.<br>301 East Pine Street, Suite 1400<br>Orlando, Florida 32801<br><br>Local Counsel for Plaintiff, Monster Energy Company d/k/a Hansen Beverage Company d/b/a Monster Beverage Company | John B. Sganga, Jr., Esq.<br>john.sganga@kmob.com<br>Paul A. Stewart, Esq.<br>paul.stewart@kmob.com<br>Lauren K. Katzenellenbogen, Esq.<br>lauren.katzenellenbogen@kmob.com<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street, Fourteenth Floor<br>Irvine, California 92614<br><br>Lead Trial Counsel for Plaintiff, Monster Energy Company f/k/a Hansen Beverage Company d/b/a Monster Beverage Company |

I further certify that a copy of this Motion has been served by e-mail to David Baksht, individually and as President of Consolidated Distributors, Inc.

                                                             s/Lawrence A. Farese
                                                             Lawrence A. Farese

75329564.1