UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MONSTER ENERGY COMPANY,**

       **Plaintiff,**

v.                                                      Case No:  6:11-cv-329-Orl-22DAB

**CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC. and DAVID
BAKSHT,**

       **Defendants.**
_____/

**ORDER**

This cause comes before the Court *sua sponte*. After reviewing the docket and the parties' Amended Joint Pretrial Statement, Amended Proposed Jury Instructions, and Amended Proposed Joint Verdict Form, the Court finds that it is more appropriate to stay this case pending the resolution of Consolidated Distributors, Inc.'s ("CDI") bankruptcy proceedings.

Because of the general nature of Plaintiff's allegations in this case, the jury would need to resolve issues surrounding CDI's liability in order to determine Baksht's liability. For example, Plaintiff proposes various theories of infringement that require the jury to determine that CDI infringed Plaintiff's trademark and copyrights. (*See, e.g.*, (Doc. No. 269-3) at pp. 42-44, 62-64); (Doc. No. 269) at pp. 4-5, 63-64)). As well, Plaintiff claims that a contested issue of fact to be resolved is the significance of CDI as an entity. (Doc. No. 269 at pp. 56-57). Plaintiff also states that the Court must resolve legal issues such as the piercing of the corporate veil and corporate alter ego theory. (*Id.* at pp. 63-66).

In light of recent events involving CDI and its corporate status, before a jury can hear this case, the Court must resolve multiples issues regarding the relationship between Baksht and CDI

and resolve which Defendant did which action. In the case's current posture, it would be impossible for a jury to resolve the issues before the Court without addressing the liability of CDI, the bankrupt party.

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. The trial set for February 21, 2013 is **CANCELLED**.

2. All pending motions are **DENIED without prejudice** and with leave to refile these motions if appropriate and if this case is reinstated to active status.

3. Pursuant to the provisions of 11 U.S.C. § 362, this case is automatically **STAYED**

4. Plaintiff may reinstate this action to active status, upon proper motion at the conclusion of the bankruptcy proceedings, should this suit not be resolved by those proceedings. If this suit is resolved by the bankruptcy proceedings, Plaintiff shall promptly move for dismissal of this case.

5. The Clerk is **DIRECTED** to administratively close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2013.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record

2

Unrepresented Parties