# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MONSTER ENERGY COMPANY**
*d/b/a*
**Monster Beverage Company**
*f/k/a*
**Hansen Beverage Company**

                  **Plaintiff,**

**-vs-**                                                                  **Case No. 6:11-cv-329-Orl-22DAB**

**CONSOLIDATED DISTRIBUTORS, INC.;**
**METTEMP INC.; DAVID BAKSHT a/k/a**
**David Lipsker, a/k/a David Bakshet, a/k/a**
**David Bakht, a/k/a DM Shneerson, a/k/a**
**David Shneorson,**

                  **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Defendant David Bashkt's failure to respond to the Court's Order to Show Cause entered on October 2, 2013 (Doc. 293). Although Defendant Bashkt had previously retained counsel, the most recent private counsel for the corporate defendant Consolidated Distributors, Inc. and Baksht, Lawrence A. Farese, Esq., was allowed to withdraw on September 10, 2013, after Baksht failed to attend a Court hearing or respond to an order to show cause why the motion should not be granted. *See* Doc. 287. The Court's repeated concerns with Baksht's retention of counsel to represent him and the corporation he supposedly controlled – without following any corporate formalities – has been extensively detail in the Court's previous orders. See Docs. 233, 243, 252.

Mr. Farese previously moved to withdraw as counsel in this case, after finding out that he was retained (but not told) on the same day that the corporation filed for bankruptcy in New York on the eve of trial. See Doc. 253 (court informed of bankruptcy by a telephone call on January 23, 2013). Chief Judge Conway subsequently stayed the case and denied without prejudice all pending motions, including Mr. Farese's previous motion to withdraw (Doc. 271) while the corporate Defendant's bankruptcy was progressing. Doc. 273. On July 23, 2013, the bankruptcy court lifted the automatic stay for Plaintiff Monster Energy Company to pursue its claims against CDI. Doc. 277. Counsel for Plaintiff and for the Trustee for CDI represented at the hearing that Plaintiff and CDI (only) have reached a settlement in principle, but that Plaintiff's claims against Baksht remained pending. Doc. 287.

When Mr. Farese renewed his Motion to Withdraw from representing CDI and Defendant Baksht, the Court entered a Notice of Hearing and Order to Show Cause to David Baksht why Mr. Farese's Motion to Withdraw should not be granted, and ordered Baksht to respond to the show cause Order by the time of the hearing set for September 10, 2013. Doc. 282. Counsel was directed to use his best efforts to provide Mr. Baksht with a copy of the August 28 Order and file a certification as to those efforts. Doc. 282 at 2.

Mr. Farese stated at the hearing on September 10, 2013 that he had notified Baksht by email, Federal Express, and regular mail of the Court's order and response deadline. Baksht apparently *did* receive notice of the Court's Order, Notice of Hearing, and response deadline, telling Mr. Farese that he objected to his withdrawal. Mr. Farese made efforts to arrange for Baksht to appear by phone at the hearing (as Mr. Farese and the attorney for the CDI Bankruptcy Trustee did), but to no avail. Doc. 287.

On September 10, 2013, following the hearing on the Motion to Withdraw, the Court allowed Lawrence A. Farese to withdraw as counsel for CDI[1] and Baksht. Doc. 287. At that time, the Court admonished Defendant Baksht that the granting of the Motion to Withdraw meant that he would be proceeding without counsel in the case unless he retained new counsel and he would be personally responsible for the presentation of the case, including meeting all deadlines and cooperating with Plaintiff's counsel in preparing and filing a joint proposed schedule for trial by October 1. Docs. 286, 287. Defendant Baksht was further admonished that "Failure to cooperate with Plaintiff's counsel will result in DEFAULT being entered against David Baksht individually." Doc. 287 (capitalization in original).

On October 1, 2013, Defendant Baksht moved for reconsideration of the Court's granting Mr. Farese's Motion to Withdraw. Doc. 292. In Baksht's Motion, he acknowledged that he received notice of the September 10 hearing from Mr. Farese via email before the hearing, thus, he could have participated in the hearing by telephone to state any objection to counsel's withdrawal, but he chose not to participate. Doc. 293. Baksht chose not to attend the Telephonic Hearing despite Mr. Farese's efforts to arrange for it and despite the Court's efforts warning Baksht of the consequences of failing to file or voice an objection at the hearing on the Motion to Withdraw. Doc. 293. Because Baksht failed to cite to any matter not already considered by the Court, the Motion was denied on October 2, 2013. Doc. 293. For the **third** time a the sixty-day period, the Court admonished Defendant Baksht that he was "**personally responsible for the presentation of the case, including meeting all deadlines and complying with the Federal Rules of Civil Procedure, the Local Rules, and Court Orders to prepare for trial.**" Doc. 293 (bold font in original). Defendant Baksht was ordered to show cause by October 21, 2013 why a default judgment should not be entered against him for his bad

---

[1]The interests of the corporation are represented by the Bankruptcy Trustee, who has retained counsel.

faith failure to follow Court orders and participate in preparing the schedule for trial, as set forth in Doc. 290.

Though the time to respond has now run, and despite the admonishment of default judgment being entered against him, Defendant Baksht has failed to file *any* response to the Court's October 2, 2013 Order to Show Cause. Therefore, it is respectfully **RECOMMENDED** that a default be entered against Defendant Baksht for his bad faith failure to follow Court orders and participate in preparing the schedule for trial. Plaintiff should be directed to submit an appropriate motion for entry of judgment upon the default within 14 days of any order adopting this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 29, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy