**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MONSTER ENERGY COMPANY, f/k/a HANSEN BEVERAGE COMPANY, d/b/a MONSTER BEVERAGE COMPANY,

Case No. 6:11-cv-329-Orl-22DAB

Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS, INC., METTEMP, INC., and DAVID BAKSHT (a/k/a David Lipsker a/k/a David Bakshet a/k/a D Bakht a/k/a DM Schneerson a/k/a Abraham Shneorson),

Defendants.
_________________________________ /

**PLAINTIFF MEC'S RESPONSE TO DEFENDANT DAVID BAKSHT'S "OPPOSITION TO MAGISTRATE BAKERS [*sic*] RECOMMENDATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BAKSHT" (Doc. No. 299)**

Plaintiff Monster Energy Company ("MEC") respectfully submits this response to Defendant David Baksht's ("Baksht") Opposition (Doc. No. 299) to the Report and Recommendation of Magistrate Judge Baker (Doc. No. 298). In that Report, Magistrate Judge Baker recommended that default be entered against Baksht, and that this Court invite a motion for default judgment against Baksht, because of Baksht's repeated failure to obey this Court's Orders. Baksht's Opposition raises no justification for his repeated failure to obey this Court's Orders, nor does it identify any errors in Magistrate Judge Baker's analysis. Accordingly, the Court should

adopt Magistrate Judge Baker's Recommendation, enter default against Baksht, and invite the filing of a motion for default judgment.[1]

## BACKGROUND

On August 23, 2013, Baksht's most recent counsel in this case, Lawrence Farese, filed a renewed Motion to Withdraw as counsel for Baksht. *See* Doc. No. 279. On August 28, 2013, Magistrate Judge Baker issued an Order to Show Cause, requiring Baksht to explain why Mr. Farese's Motion to Withdraw should not be granted, and requiring Baksht to appear at a hearing on September 10, 2013. *See* Doc. No. 282. The next day, Mr. Farese filed a Certificate of Service, certifying that he had sent the Order to Show Cause to Baksht by e-mail, First Class Mail, and FedEx. *See* Doc. No. 283. In the same filing, Mr. Farese reported that Baksht had responded to the email service by stating: "please notifu the court that i am opposed to the granting of themotion thank you, david baaksht [sic]." *Id*. Despite the Order to Show Cause, Baksht did not submit any papers to the Court explaining why Mr. Farese's Motion to Withdraw should be denied. Nor did Baksht appear for the September 10 hearing, either in person or telephonically. *See* Doc. Nos. 287, 304 (each recounting this history).

---

[1] MEC and Defendant Consolidated Distributors, Inc. ("CDI") have entered into a fully executed settlement agreement, settling all claims between them in this case. The settlement agreement must be approved by the Bankruptcy Court for the Eastern District of New York before dismissal papers are filed in this Court. Thus, subject to this contingency, Baksht is the only remaining defendant in this case, and entry of a default judgment against Baksht would fully resolve this case.

Accordingly, on September 10, 2013, the Court granted Mr. Farese's motion to withdraw as Baksht's counsel. *See* Doc. No. 287 at 2. That Order gave notice to Baksht that unless he retained new counsel, "he is personally responsible for the presentation of the case, including meeting all deadlines and cooperating with Plaintiff's counsel in preparing a joint proposed schedule for trial." *Id.* at 2-3. The Court expressly warned Baksht that: "**Failure to cooperate with Plaintiff's counsel will result in DEFAULT being entered against David Baksht individually.**" *Id.* at 3 (emphasis in original).

By separate Order also issued on September 10, 2013, the Court directed MEC and Baksht "to file by October 1, 2013 a proposed schedule for filing any of the remaining or revised preparations for trial (pursuant to the Case Management and Scheduling Order requirements), and a proposed trial date." Doc. No. 286 at 1. MEC served the Court's September 10th Orders on Baksht by U.S. First Class Mail and email on September 10 and September 11, 2013, respectively. *See* Doc. No. 288.

Between September 10 and October 1, MEC made numerous attempts to confer with Baksht in an effort to prepare a joint pre-trial and trial schedule. *See* Doc. No. 290 at 2-6. MEC repeatedly warned Baksht that his failure to cooperate in the joint process could result in a default being entered against him. *Id.* Yet, Baksht failed to cooperate, in any way, in the joint schedule process. *Id.*

On October 2, 2013, the Court Ordered Baksht to Show Cause by October 21, 2013, why default "should not be entered against him for his bad faith

failure to follow Court orders and participate in preparing the schedule for trial." Doc. No. 293 at 3. The Court warned Baksht:

> For the third time in the last 60 days, **the Court admonishes Defendant Baksht that he is personally responsible for the presentation of the case, including meeting all deadlines and complying with the Federal Rules of Civil Procedure, the Local Rules, and Court Orders to prepare for trial.**

*Id.* (emphasis in original).

Baksht did not submit any response to this Order to Show Cause either by the October 21 deadline, or thereafter. Nor did Baksht retain counsel, as urged by the Court. Instead, Baksht, proceeding without counsel, filed 1) two requests for reconsideration, 2) the instant objections, 3) a motion to dismiss for alleged lack of personal jurisdiction, and 4) a notice of appeal to the Eleventh Circuit. *See* Doc. Nos. 289, 295, 299, 302, and 296. In short, Baksht filed the papers he wanted to file, not the papers he was ordered to file. Accordingly, on October 29, 2013, Magistrate Judge Baker issued his Report and Recommendation that default should be entered against Baksht.

## ARGUMENT

Baksht failed to follow Court orders and participate in the joint pretrial scheduling process. He failed to present any justification for disregarding court orders either before Magistrate Judge Baker or before this Court. Moreover, Baksht does not articulate any faults in Magistrate Judge Baker's Recommendation. Rather, Baksht's Opposition entirely ignores the findings and reasoning in Magistrate Judge Baker's Report and Recommendation that default be entered against him.

That Recommendation was based on Baksht's failure "to file *any* response to the Court's October 2, 2013 Order to Show Cause" why default should not be entered against Baksht, which, in turn, was ordered because of Baksht's "bad faith failure to follow Court orders and participate in preparing the schedule for trial, as set forth in Doc. 290." *See* Doc. No. 298 at 3-4 (emphasis in original).

Baksht instead focuses his Opposition on unrelated issues: Baksht's claim that Magistrate Judge Baker improperly permitted Baksht's former counsel, Mr. Farese, to withdraw; and Baksht's claim that he has meritorious defenses to MEC's claims against him. Baksht entirely avoids the issue of his failure to participate in the joint scheduling process and his failure to respond to the Order to Show Cause that resulted in Magistrate Judge Baker's Recommendation.

**A. Legal Standard For Objections To A Report And Recommendation Of A Magistrate Judge**

Baksht does not identify any legal basis for his Opposition. Federal Rule of Civil Procedure 72(b) permits a party to object to the findings and recommendation of a magistrate judge on a dispositive matter. Under Rule 72(b) the district judge is to review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3). The district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

**B. The Withdrawal of Baksht's Counsel Is Not Relevant To Magistrate Judge Baker's Recommendation Of Default**

Rather than address the issues leading to Magistrate Judge Baker's Recommendation of default, Baksht focuses instead on Magistrate Judge Baker's decision to permit Mr. Farese to withdraw as Baksht's counsel. However, this Court recently upheld that decision. *See* Doc. No. 304. Baksht's disagreement with a correct decision obviously provides no justification for his failure to follow other distinct orders of the Court.

Baksht also fails to identify how his proceeding without counsel excuses his complete failure to participate in the joint scheduling process, and his failure to respond in any way to the Order to Show Cause. Nor could he. Baksht has demonstrated that he is able to participate in this litigation without counsel, at least when he wants to. In the two months since Mr. Farese's withdrawal, Baksht has filed 1) two requests for reconsideration, 2) the instant objections, 3) a motion to dismiss, and 4) a notice of appeal to the Eleventh Circuit. *See* Doc. Nos. 289, 295, 299, 302, and 296. In addition, Baksht describes himself as an "expert" in trademark law. *See* Declaration of Paul A. Stewart, Ex. 1 at 33:1-3; *see also id.* at 29:10-21; Ex. 2 at 107:11-19; Ex. 3 at 14:13.

Thus, Baksht's lack of representation did not cause him to ignore this Court's orders and admonishments. Rather, Baksht deliberately chose not to comply.[2]

[2] Baksht makes passing reference in his Opposition to his alleged health issues. *See* Doc. No. 299 at 2. MEC previously addressed that issue in response to Baksht's most recent motion for reconsideration of Magistrate Judge Baker's Order

**C. Entry Of Default Is Proper Despite Baksht's Claim He Has Substantive Defenses To MEC's Claims Of Trademark And Copyright Infringement**

Baksht asserts that he has defenses to MEC's claims of trademark infringement and copyright infringement. However, Baksht does not explain how that is relevant to the Magistrate Judge's Recommendation. Baksht cites no authority indicating that entry of default is proper only when a party's defense has no merit, and MEC is unaware of any. In fact, the law is directly to the contrary. As the Eleventh Circuit has explained, "the probable merit of a litigant's case does not preclude the imposition of a default sanction against that litigant." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993). Court orders "must be obeyed even by those foreseeing ultimate success in the district court." *Id.* (quoting *United States v. $239,500 in U.S. Currency,* 764 F.2d 771, 773 (11th Cir. 1985)).

In light of *Malautea*, the only defense that might properly concern the Court is Baksht's assertion that this Court lacks jurisdiction over him, because jurisdiction is a threshold issue. However, as this Court has already held, Baksht waived the defense of personal jurisdiction when he was still represented by counsel.[3] *See* Doc. No. 183 at 3-4.

---

permitting Mr. Farese to withdraw. MEC respectfully refers the Court to that discussion. *See* Doc. No. 300 at 7-8.

[3] Baksht has filed a separate Motion to Dismiss based upon his theory that this Court lacks jurisdiction over him. *See* Doc. No. 302. MEC will be responding to that Motion shortly. In its response, MEC will explain Baksht's waiver in detail, and will also explain affirmatively why this Court does in fact have jurisdiction over Baksht.

**D. <u>Entry Of Default, And Ultimately Entry Of A Default Judgment, Are The Appropriate Remedies For Baksht's Repeated Failure To Follow Court Orders</u>**

Rule 16(f)(1) of the Federal Rules of Civil Procedure authorizes this Court to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(vi), in turn, authorizes this Court to issue an order "rendering a default judgment against the disobedient party." "The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (affirming dismissal of all claims as a sanction).

Similarly, this Court has the authority under its inherent powers to enter a default judgment against a party for failure "to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 51 (1991) (explaining that courts possess the inherent authority to impose sanctions for litigation misconduct because the courts must manage their "own affairs so as to achieve the orderly and expeditious disposition of cases.").

Here, Magistrate Judge Baker has recommended entry of default against Baksht, the first procedural step toward entry of a default judgment. Entry of a default is appropriate under Rule 16(f)(1) and under this Court's inherent powers.

A default judgment "should be imposed only after balancing the policy of giving the [defaulting party] his or her day in court against the policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." 3 *Moore's Federal Practice* § 16.92[5][a][iii] (3d ed. 2013). In addition, there should be "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (quoting *Goforth*, 766 F.2d at 1535). *See also* 3 *Moore's Federal Practice* § 16.92[5][a][viii] (3d ed. 2013). Under these standards, entry of a default, and ultimately a default judgment, are appropriate.

First, Baksht has effectively waived the policy that favors giving him his "day in court." This Court ordered Baksht to specify what day he would like to appear in Court, and he refused to say. He rebuffed all of MEC's efforts to obtain his input into a pre-trial and trial schedule. Thus, there is little or nothing to balance against the policies of preventing undue delay and preserving respect for Court orders. Those important policies are clearly implicated here. Baksht has already delayed trial by refusing to comply with this Court's order that he participate in preparing a case schedule. He has likewise delayed this case by failing to respond to this Court's Order to Show Cause. And he has shown a complete lack of respect for that order, the order to cooperate with MEC's counsel, and the order to participate in preparing a joint case schedule.

Second, there is a clear record of delay and willful contempt, dating all the way back to the beginning of this case. Baksht dodged service in this case for a full

year, making his first appearance in this case only when the Clerk entered default against him and MEC moved for a default judgment. *See* Doc. No. 104 (describing Baksht's evasion of service and directing entry of default); Doc. No. 112 (MEC's motion for entry of default judgment); Doc. No. 108 (BakSht's first appearance). Baksht then delayed the originally scheduled February 2013 trial in this matter by directing CDI to file for bankruptcy on the eve of trial. *See* Doc. No. 254 (suggestion of bankruptcy). This strategy of delay worked, causing this Court to stay all proceedings in this case for six months. *See* Doc. No. 273 (staying this case in its entirety as of February 15, 2013); Doc. No. 282 (lifting the stay effective August 28, 2013). Once the stay was lifted, Baksht again engaged in delay through his repeated refusal to respond to MEC's attempts to work with him on a schedule. Similarly, Baksht's complete failure to respond to the Order to Show Cause again reflects delay. Indeed, this Court has already observed that "the machinations CDI and Baksht have engaged in during this litigation" have served only "to prevent resolution of this matter." Doc. No. 262 at 7 n.6.

Moreover, Baksht's conduct shows a willful contempt for this Court's orders. Baksht acknowledges that he received all of MEC's emails attempting to negotiate a joint schedule. Doc. No. 291 ¶ 9. Yet, after receipt of each of those emails, Baksht defied this Court's orders requiring him (1) to participate in the preparation of a joint schedule, and (2) to cooperate with MEC's counsel. *See* Doc. No. 286; Doc. No. 287 at 3. Moreover, Baksht completely ignored this Court's Order to Show Cause which directed him to explain why a default should not be entered against

him. Doc. No. 293. In addition, while ignoring this Court's orders, Baksht was busy preparing his own motion for reconsideration, which he ironically filed on the due date for the submission of the joint proposed schedule. *See* Doc. No. 289. Thus, Baksht's violation of this Court's orders was not due to illness or incapacity. It was due to the fact that Baksht deemed other matters in this very same case to be more important than compliance with Court orders.

Finally, lesser sanctions would be inadequate. This Court explicitly warned Baksht that his failure to cooperate with MEC's counsel would result in a default judgment. Doc. No. 287 at 3. Baksht did not cooperate. This Court then ordered Baksht to show cause why default judgment should not be entered. Doc. No. 293. Baksht did not respond. Thus, the threat of a default judgment was insufficient to get Baksht's attention and get him to participate in this case. A lesser sanction, such as a monetary penalty, is highly unlikely to exert any influence over Baksht.

**CONCLUSION**

Baksht's Opposition offers no explanation for his failure to participate in the joint scheduling process and his failure to respond to the Order to Show Cause why default should not be entered against him. Accordingly, Baksht's instant Request should be denied and the Court should adopt Magistrate Judge Baker's Report and Recommendation, enter default against Baksht, and invite the filing of a motion for default judgment against Baksht.

Respectfully submitted,

Dated: November 22, 2013 By: /s/ *Paul A. Stewart*

JOHN B. SGANGA, JR. ESQ.
(Admitted *Pro Hac Vice*)
john.sganga@kmob.com
PAUL A. STEWART, ESQ.
paul.stewart@kmob.com
(Admitted *Pro Hac Vice*)
LAUREN K. KATZENELLENBOGEN, ESQ.
(Admitted *Pro Hac Vice*)
lauren.katzenellenbogen@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, California 92614
(949) 760-0404 Telephone
(949) 760-9502 Facsimile

Lead Trial Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

– and –

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile

Local Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November, 2013, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record. I further certify a copy of the foregoing document was served via U.S. Mail and electronic mail on the following parties:

David Baksht
719 Eastern Parkway, Apt. #3
Brooklyn, New York 11213
davidlipsker@gmail.com

Counsel for the Trustee:
Howard P. Magaliff
RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
hmagaliff@r3mlaw.com

*/s/ Paul A. Stewart*
Paul A. Stewart