# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MONSTER ENERGY COMPANY**
*d/b/a* **Monster Beverage Company**
*f/k/a* **Hansen Beverage Company,**

        **Plaintiff,**

**v.**                                       **Case No:  6:11-cv-329-Orl-22DAB**

**CONSOLIDATED DISTRIBUTORS, INC.;**
**METTEMP INC.; DAVID BAKSHT a/k/a**
**David Lipsker, a/k/a David Bakshet, a/k/a**
**David Bakht, a/k/a DM Shneerson, a/k/a**
**David Shneorson,**

        **Defendants.**

_____/

## ORDER

      This cause is before the Court on Magistrate Judge Baker's Report and Recommendation. (Doc. No. 298). On October 2, 2013, the Magistrate Judge issued an Order to Show Cause requiring Defendant David Baksht ("Defendant") to show cause "by 10/21/13 why a default judgment should not be entered against him for his bad faith failure to follow Court orders and participate in preparing the schedule for trial." (Doc. No. 293). After Defendant failed to respond to the Order to Show Cause, Magistrate Judge Baker entered his report recommending that a default be entered against Defendant.

      After an independent *de novo* review of the record in this matter, including the objections filed by Defendant (Doc. No. 299) and Plaintiff Monster Energy Company's ("Plaintiff") response thereto (Doc. No. 305), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

## I.  BACKGROUND

Although the Court assumes the parties' familiarity, a recitation of the relevant facts and

procedural background of this case is warranted:

> On February 14, 2013, counsel Lawrence A. Farese, Esq. for Defendant
> Consolidated Distributors, Inc. and Defendant David Baksht moved to withdraw
> as counsel in this case. Among other reasons, Mr. Farese requested withdrawal
> after finding out that he was retained on the same day Defendant Consolidated
> Distributors, Inc. filed for bankruptcy in New York. However, after learning of
> the pending bankruptcy, the Court stayed the case and denied all pending motions
> without prejudice, including Mr. Farese's Motion to Withdraw. On July 23, 2013,
> the bankruptcy court lifted the automatic stay effective August 22, 2013, to allow
> this case to proceed to its conclusion. On August 23, 2013, Mr. Farese renewed
> his Motion to Withdraw.
>
> Thereafter, on August 28, 2013, Magistrate Judge Baker entered a Notice of
> Hearing and Order to Show Cause as to Defendant, requiring him to show cause
> why Mr. Farese's Motion to Withdraw should not be granted.[1] The Order
> required Defendant to appear at a hearing on September 10, 2013, and stated that,
> "[a]ny objection to Mr. Farese's withdrawal must be raised at the hearing." The
> Court ordered Mr. Farese to use his "best effort to provide Mr. Baksht with a copy
> of [the Show Cause] Order and [to] file a certification as to those efforts."
>
> On August 29, 2013, Mr. Farese filed a Certificate of Service with the Court,
> certifying that he sent copies of the Show Cause Order to Defendant by e-mail,
> First Class Mail, and FedEx. In the same filing, Mr. Farese stated that Defendant
> responded to the e-mail by stating: "please notifu the court that i am opposed to
> the granting of themotion thank you, david baaksht [sic]."
>
> At the September 10, 2013, hearing, where Defendant did not appear, Mr. Farese
> reiterated his efforts to provide Defendant with the Court's Show Cause Order,
> Notice of Hearing, and response deadline. Magistrate Judge Baker stated that it
> appeared Defendant had notice of the hearing because of the e-mail quoted above.
> Judge Baker also noted the efforts of Mr. Farese and the Bankruptcy Trustee to
> procure Defendant's attendance at the hearing telephonically, but to no avail.
> Magistrate Judge Baker then granted Mr. Farese's Motion to Withdraw.

(Doc. No. 304 at pp. 1-2) (citations omitted). In the Order granting Mr. Farese's Motion to

Withdraw, Judge Baker again admonished Defendant that he would be proceeding without

---

1 In the Same Notice of Hearing and Order to Show Cause, Judge Baker stated: "Defendant Baksht is admonished
that the granting of this motion will mean that he will be proceeding without counsel in this case unless he retains
new counsel. That will mean he is personally responsible for the presentation of the case, including meeting all
deadlines." (Doc. No. 282 at p. 2).

counsel, unless Defendant retained new counsel. (Doc. No. 287 at p. 2). The Court reminded Plaintiff that he would be personally responsible for the presentation of the case, including meeting deadlines and cooperating with Plaintiff's counsel in preparing a joint proposed trial schedule by October 1, 2013. (*Id.* at pp. 2-3). In the same Order, Judge Baker warned: **Failure to cooperate with Plaintiff's counsel will result in DEFAULT being entered against David Baksht individually**. (*Id.* at p. 3) (emphasis in original).

On October 1, 2013, Defendant moved for reconsideration of the Order permitting Mr. Farese to withdraw as counsel. (Doc. No. 289). Judge Baker denied the motion for reconsideration and for the "third time in a sixty-day period" admonished Defendant that he was "**personally responsible for the presentation of the case, including meeting all deadlines and complying with the Federal Rules of Civil Procedure, the Local Rules, and Court Orders to prepare for trial.**" (Doc. No. 293 at p. 3) (emphasis in original).[2] Further, Judge Baker ordered Defendant to show cause by October 21, 2013, why a "default judgment should not be entered against him for his bad faith failure to follow Court orders and participate in preparing the schedule for trial, as set forth in Doc. 290." (*Id.*).

Despite the Court's previous admonishments that a default could be entered against him, Defendant failed to respond to the Court's Order to Show Cause. As a result, Magistrate Judge Baker entered his report recommending that a default be entered against Defendant. (Doc. No. 298).

## II.  <u>LEGAL STANDARD</u>

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v.*

---

2 Defendant also appealed Magistrate Judge Baker's September 10, 2013 Order (Doc. No. 295), which this Court denied. (*See* Doc. No. 304).

*Federal Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam). The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b)(3).

### III.  DISCUSSION

#### A.  *Defendant's Objections*

Defendant raises various objections, none of which directly address Judge Baker's report. First, Defendant argues that a default should not be entered against him because he has a "meritorious defense" in this case. (Doc. No. 299 at p. 2). However, this argument does nothing to explain "why a default judgment should not be entered against him for his bad faith failure to follow Court orders and participate in preparing the schedule for trial." (*See* Doc. No. 293). Indeed, permitting a litigant to disregard court Orders and subsequently use a "meritorious defense" to evade consequence would create havoc in the court system. This is why the Eleventh Circuit has held that "the probable merit of a litigant's case does not preclude the imposition of a default judgment sanction against that litigant." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (upholding Fed. R. Civ. P. 37(b) sanction of striking defendant's answer and entering default judgment based on defendant's failure to comply with discovery orders). Despite the Court admonishing Defendant three previous times that he was personally responsible for the presentation of the case, including meeting all deadlines and complying with the Federal Rules of Civil Procedure, the Local Rules, and Court Orders to prepare for trial,

Defendant still failed to respond to the Court's Order to Show Cause. This remains true regardless of whether or not Defendant has a "meritorious defense."

Next, Defendant objects that he had no notice of the hearing regarding Mr. Farese's Motion to Withdraw. (Doc. No. 299 at p. 1). Defendant states that he "only received an email that there was a hearing, but has received nothing about the contents or purpose of the hearing." (*Id.*). Of course, this matter has already been litigated. On September 10, 2013, Judge Baker granted Mr. Farese's request to withdraw in the Order on Motion to Withdraw as Attorney. (Doc. No. 287). Plaintiff requested that Judge Baker reconsider his decision (Doc. No. 289), which Judge Baker denied. (Doc. No. 293). Thereafter, Plaintiff appealed the magistrate's decision (Doc. No. 295), which this Court denied. (Doc. No. 304). Finally, Plaintiff filed a Notice of Interlocutory Appeal to the Eleventh Circuit Court of Appeals. (Doc. No. 296). The Court of Appeals dismissed the appeal for failure to prosecute. (Doc. No. 310).

Although not clearly stated, Defendant seems to be implicitly arguing that he was unable to respond to the Court's Order to Show Cause or participate in the joint scheduling process because he did not have counsel to represent him. This argument is belied by the record. The Court consistently cautioned Defendant that it was his responsibility to meet Court deadlines and participate in this case. (*See* Doc. No. 293 at p. 3 (stating for the "third time in a sixty-day period" that Defendant was "**personally responsible for the presentation of the case, including meeting all deadlines and complying with the Federal Rules of Civil Procedure, the Local Rules, and Court Orders to prepare for trial.**") (emphasis in original)). Regardless of the Court's admonitions though, Defendant has shown on multiple occasions that he is quite capable of participating in the proceedings when he chooses to. Since Mr. Farese withdrew from this case, Defendant has moved for reconsideration, appealed a magistrate's order, filed a notice

of appeal with the Eleventh Circuit, objected to the instant report and recommendation, and filed a motion to dismiss. (*See* Doc. Nos. 289, 295, 296, 299, 302). Instead of responding to the Court's Order as to why a default should not be entered against him for his failure to participate in preparing the schedule for trial, Defendant was busy preparing various motions and appeals that he deemed more important; he chose not to respond or participate. Therefore, the only conclusion this Court is left with is that Defendant willfully and in bad faith failed to comply with Judge Baker's Order to Show Cause. (Doc. No. 293).[3]

### B.  Sanctions

Federal Rules of Civil Procedure 16(f) and 37(b)(2) empower the court to sanction a party for failure to obey a scheduling order or other pretrial order, including striking an answer or issuing a default order against the offending party. Rule 16(f)(1) provides that: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order." Sanctions under Rule 37(b)(2)(A) include striking the pleadings in whole or in part, and "rendering a default judgment against the disobedient party."

Generally, the sanction of default is considered a drastic remedy that should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (citations omitted). The district court must find that less drastic sanctions would not be equally effective in achieving compliance with the court's orders. *Id.* (citing *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481-82 (11th Cir. 1982)). However, when the noncompliant party demonstrates "a

---

3 The Court again rejects Defendant's argument that he is unable to travel "because of acute cellulitis." (Doc. No. 299 at p. 2). Because he has displayed an ability to participate in these proceedings when he deems it important, Defendant's alleged inability to travel does not explain his failure to participate in the scheduling process or comply with the Order to Show Cause.

flagrant disregard for the court and the discovery process," the "severe" sanction is not an abuse of discretion. *Aztec Steel Co.*, 691 F.2d at 481. The Eleventh Circuit has held that *pro se* litigants are subject to the *Federal Rules of Civil Procedure*, including sanctions for misconduct and for failure to comply with court orders. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

In this case, the sanction of default is warranted. As discussed in detail above, Defendant has shown a willful and flagrant disregard of both the trial schedule process and the Court's Show Cause Order. Defendant does not suggest that his failure to respond or comply was a result of simple negligence, misunderstanding, or inability to comply, nor is there any evidence pointing towards that conclusion. (*See* discussion *infra* III.A.).

The Court also finds that a less drastic sanction would not be equally effective to achieve compliance with this Court's orders. Certainly, monetary sanctions or anything less would not promote compliance with the Court's orders when the threat of more serious consequences— entry of default—went completely ignored. In the Order permitting Mr. Farese to withdraw, the Court warned Defendant that "**Failure to cooperate with Plaintiff's counsel will result in DEFAULT being entered against David Baksht individually.**" (Doc. No. 287 at p. 3) (emphasis in original). Defendant did not cooperate in the joint proposed schedule process. (*See* Doc. No. 290). Thereafter, Judge Baker ordered Defendant to show cause "by 10/21/13 why a default judgment should not be entered against him for his bad faith failure to follow Court orders and participate in preparing the schedule for trial." (Doc. No. 293). Despite express notice that a default could be entered against him if he did not respond, Defendant still failed to respond. A lesser sanction is inappropriate.

## IV.  CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation filed October 29, 2013 (Doc. No. 298), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendant's objections (Doc. No. 299) are **OVERRULED.**

3. Defendant David Baksht's Answer and Affirmative Defenses to Second Amended Complaint (Doc. No. 137), filed on June 6, 2012, is hereby **STRICKEN**.

4. The Clerk is **DIRECTED** to enter default against Defendant David Baksht.

5. Plaintiff is **DIRECTED** to move for a default judgment within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on December 12, 2013.


ANNE C. CONWAY
United States District Judge


Copies furnished to:

Counsel of Record
Unrepresented Parties