# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MONSTER ENERGY COMPANY, f/k/a
HANSEN BEVERAGE COMPANY,
d/b/a MONSTER BEVERAGE
COMPANY,

        Plaintiff,

vs.

CONSOLIDATED DISTRIBUTORS,
INC., METTEMP, INC., and DAVID
BAKSHT (a/k/a David Lipsker a/k/a
David Bakshet a/k/a D Bakht a/k/a DM
Schneerson a/k/a Abraham
Shneorson),

        Defendants.
_____/

Case No. 6:11-cv-329-Orl-22DAB

**PLAINTIFF MEC'S REPLY BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT DAVID BAKSHT**

On December 26, 2013, Plaintiff Monster Energy Company ("MEC"), at the direction of this Court, filed a motion for entry of default judgment against Defendant David Baksht.  *See* Doc. No. 314.  By Local Rule, Baksht's opposition brief was due 14 days later.  *See* Local Rule 3.01(b).  Baksht was entitled to three additional days to respond because service was effectuated by email and regular mail, rather than by personal service.  *See* Fed. R. Civ. P. 6(d).  Accordingly, Baksht's opposition brief was due on Monday January 13, 2014.  Baksht never filed or served any opposition brief.  This Court therefore should enter judgment on the terms requested by MEC.

While MEC's Motion for Default Judgment was pending, Baksht filed two additional motions of his own. *See* Doc. Nos. 316 & 317. Neither of these motions responds to MEC's arguments in its Motion, nor do Baksht's untimely motions raise any impediment to the entry of default judgment.

First, on January 6, 2014, Baksht filed a motion to dismiss, claiming he has never been served with the Complaint. *See* Doc. No. 316. This motion is baseless for at least two reasons. As an initial matter, Baksht has waived any defense based on service. Baksht was required to plead lack of service in his original Answer or in a motion to dismiss filed before any Answer. *See* Fed. R. Civ. P. 12(h)(1)(B); *see also* Fed. R. Civ. P. 12(b)(5). He did not do so. To the contrary, he actively participated in this case for more than two years, without ever raising lack of service as a defense. This conduct is patently inconsistent with that of a party who has not been served.

In addition, Baksht was properly served. As explained in the sworn Affidavit of Service of Randy Barona, MEC's process server, Mr. Barona attempted to personally serve Baksht with the Summons and First Amended Complaint on four occasions from July 13, 2011 through July 15, 2011 at Baksht's residence in Brooklyn. *See* Doc. No. 89 at 1-2. Mr. Baksht, however, did not respond to any of these efforts to serve him. *Id.* Accordingly, Mr. Barona then served Baksht in the manner set forth by New York state law, as allowed by Fed. R. Civ. P. 4(e)(1). Specifically, on July 15, 2011, in accordance with New York Civil Practice Law and Rules Section 308(4), Mr. Barona personally affixed the Summons and First

Amended Complaint on Baksht's door. Doc. No. 89 at 2. Mr. Barona then mailed an additional copy of the documents to Baksht at the same address, as required by Section 308(4). *Id.* Thus, Baksht was properly served. *See* N.Y. C.P.L.R. 308(4) (authorizing service "by affixing the summons to the door of either the actual place of business, dwelling place, or usual place of abode within the state of the person to be served and by . . . mailing the summons to such person at his or her last known residence").

In fact, this Court already concluded that Baksht was properly served when it entered a default against Baksht two years ago. *See* Doc. No. 104 at 3-4. Baksht later moved successfully to set aside that default. But his challenge was not based on improper service. To the contrary, Baksht expressly conceded that he "received notice of the action" shortly after it was filed in March 2011. Doc. No. 110 at 2. At no point in moving to set aside the default, or at any point until now, did Baksht challenge service.

Second, also on January 6, 2014, Baksht filed a motion for summary judgment on the grounds that (a) this Court allegedly lacks personal jurisdiction over Baksht, and (b) that Baksht has no personal liability because he allegedly "was not the moving, active, conscious force behind the alleged infringement." *See* Doc. No. 317 at 1. This motion is meritless for numerous reasons.

With respect to personal jurisdiction, Baksht again has waived this defense. Indeed, this Court very recently explained that Baksht had waived any defense of personal jurisdiction in response to a nearly identical motion filed by Baksht two

3

months ago. *See* Doc. No. 311 at 2-3. In addition, as this Court also explained, Baksht's previous personal jurisdiction motion was untimely. *Id.* at 3. The current motion is even more untimely.

Baksht's claim that he was not the "moving, active, conscious force" behind the infringement is also untimely. The deadline for filing summary judgment motions was October 1, 2012. *See* Doc. No. 121 at 1. On October 4, 2012, Baksht filed a motion for leave to file a late summary judgment motion, raising exactly this same issue. *See* Doc. No. 179; Doc. No. 179-1 at 10-12. This Court denied Baksht's request to file an untimely summary judgment motion. *See* Doc. No. 183. Now, well over a year later, Baksht's attempt to raise the same issue by summary judgment is plainly even more untimely and more improper.

Moreover, Baksht's motion raises no new issues that were not raised in his prior untimely motion. Nor does Baksht explain why he could not have raised these issues at an earlier time – before the entry of default.

In addition, Baksht's assertion that he was not the moving force behind the infringement is simply belied by the evidence. Baksht concedes on this very motion that his company, Consolidated Distributors Inc. ("CDI"), formed a joint venture with Joe Cool, Inc. to sell the infringing products. *See* Doc. No. 317 at 2. Thus, CDI was plainly an active participant in the infringement. And Baksht has repeatedly stated in three different courts (including this Court) that he was the "moving force," "driving force," and "sole active voice" behind CDI. *See* Doc. No. 237-1 ¶ 8 (Baksht "was and still is the moving force behind [CDI]"); *id.* ¶ 17 (Baksht "was the prime mover of

4

[CDI]"); Doc. No. 309-1 ¶ 15 (Baksht was the "sole voice and active driving force of [CDI]"); Doc No. 309-2 at 169:23-24 (Baksht is the "driving force behind CDI"); *id.* at 243:19-20 ("moving force"); Doc No. 309-3 at 10:11-12 (Baksht "make[s] all decisions" for CDI). In short, it is beyond dispute that Baksht personally committed CDI's acts of infringement and was the moving force behind CDI's actions. Accordingly, Baksht's summary judgment motion is without factual basis.

Finally, MEC notes that neither of Baksht's two pending motions raises any challenge to the specific relief requested by MEC in its Motion for Default Judgment. Baksht makes no claim that the terms of the proposed injunction are inappropriate, that the modest monetary relief sought is improper, or that the proposed order for the destruction of infringing goods should not be entered. Instead, Baksht's two motions focus on issues not raised by MEC's Motion, and issues which this Court has already rejected either on the merits, as waived, or as untimely.

For these reasons, this Court should enter default judgment on the terms requested by MEC.

Respectfully submitted,

Dated: January 17, 2014      By:  /s/ *Paul A. Stewart*
　　　　　　　　　　　　　　　JOHN B. SGANGA, JR. ESQ.
　　　　　　　　　　　　　　　(Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　john.sganga@kmob.com
　　　　　　　　　　　　　　　PAUL A. STEWART, ESQ.
　　　　　　　　　　　　　　　paul.stewart@kmob.com
　　　　　　　　　　　　　　　(Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　LAUREN K. KATZENELLENBOGEN, ESQ.
　　　　　　　　　　　　　　　(Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　lauren.katzenellenbogen@kmob.com
　　　　　　　　　　　　　　　KNOBBE, MARTENS, OLSON & BEAR, LLP
　　　　　　　　　　　　　　　2040 Main Street, Fourteenth Floor

Irvine, California  92614
(949) 760-0404  Telephone
(949) 760-9502  Facsimile

Lead Trial Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

– and –

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida  32801
(407) 843-8880  Telephone
(407) 244-5690  Facsimile

Local Counsel for Plaintiff,
MONSTER ENERGY COMPANY f/k/a
HANSEN BEVERAGE COMPANY d/b/a
MONSTER BEVERAGE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2014, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record. I further certify a copy of the foregoing document was served via U.S. Mail and electronic mail on the following parties:

David Baksht
719 Eastern Parkway, Apt. #3
Brooklyn, New York 11213
davidlipsker@gmail.com

Counsel for the Trustee:
Howard P. Magaliff
RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, NY 10173
hmagaliff@r3mlaw.com

                                                 /s/ *Paul A. Stewart*
                                                   Paul A. Stewart